## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF LOUISIANA—MONROE DIVISION

PHILLIP CALLAIS, LLOYD PRICE, )
BRUCE ODELL, ELIZABETH ERSOFF, )
ALBERT CAISSIE, DANIEL WEIR, )
JOYCE LACOUR, CANDY CARROLL )
PEAVY, TANYA WHITNEY, MIKE )
JOHNSON, GROVER JOSEPH REES, )
ROLFE MCCOLLISTER, )
 ) Case No. 3:24-cv-00122-DCJ-CES-RRS
 Plaintiffs, )
 )
v. ) District Judge  David C. Joseph
 ) Circuit Judge Carl E. Stewart
NANCY LANDRY, IN HER OFFICIAL ) District Judge  Robert R. Summerhays
CAPACITY AS LOUISIANA )
SECRETARY OF STATE, ) Magistrate Judge Kayla D. McClusky
 )
 Defendant. )

### PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Phillip Callais, Lloyd Price, Bruce Odell, Elizabeth Ersoff, Albert Caissie, Daniel Weir, Joyce LaCour, Candy Carroll Peavy, Tanya Whitney, Mike Johnson, Grover Joseph Rees, and Rolfe McCollister, by and through their counsel, respectively move this Court to: (1) enjoin Defendant Secretary of State Nancy Landry from implementing the congressional redistricting map set out in Congress Act 2 (SB8) enacted by the State of Louisiana in January 2024 to administer any elections, and (2) order Defendant to implement the congressional redistricting map set out in Exhibit A to administer future elections. A preliminary injunction is justified for the reasons set forth in the memorandum of law, exhibits, declarations, and expert reports attached to this motion.

Plaintiffs meet the traditional factors to compel preliminary injunctive relief. Plaintiffs are likely to prevail on the merits, Plaintiffs face irreparable harm, the balance of equities favors Plaintiffs, and the public interest is not disserved by injunctive relief.

1

First, Plaintiffs are likely to prevail on the merits of both their claims: racial gerrymandering in violation of the Fourteenth Amendment and abridgement of voting rights in violation of the Fourteenth and Fifteenth Amendments. Plaintiffs will likely succeed on the racial gerrymandering claim because they can show that race predominated in the State's redistricting decisions and the State cannot satisfy strict scrutiny— the "most rigorous and exacting standard of constitutional review." *Miller v. Johnson*, 515 U.S. 900, 920 (1995). Plaintiffs will also likely prevail on their voter abridgement claim because they can show that the State intentionally abridged their right to vote on the basis of race.

Second, Plaintiffs face irreparable harm. The current congressional map violates—and will continue to violate in upcoming elections—Plaintiffs' fundamental constitutional rights under the Fourteenth and Fifteenth Amendments. This harm is irreparable absent injunctive relief. *BST Holdings, LLC v. OSHA*, 17 F.4th 604, 618 (5th Cir. 2021) ("[T]he loss of constitutional freedoms . . . 'unquestionably constitutes irreparable injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976))); *League of United Latin Am. Citizens v. Abbott*, 601 F. Supp. 3d 147, 182 (W.D. Tex. 2022) (holding that alleged violations of voters' Fourteenth Amendment equal protection rights and Fifteenth Amendment voting rights from Texas' redistricting map constituted irreparable harm); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014) ("Courts routinely deem restrictions on fundamental voting rights irreparable injury." (citing *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012); *Williams v. Salerno*, 792 F.2d 323, 326 (2d Cir. 1986); *Alt. Political Parties v. Hooks*, 121 F.3d 876 (3d Cir.1997))).

Finally, the balance of equities favors Plaintiffs, and the public interest is advanced by awarding an injunction. The current map is "likely unconstitutional" so "[a]ny interest" Defendant "may claim in enforcing [it] is illegitimate." *See BST Holdings*, 17 F.4th at 618; *see also*

*Ingebrigtsen v. Jackson Public Sch. Dist.*, 88 F.3d 274, 280 (5th Cir. 1996) (holding that where an enactment is unconstitutional, "the public interest [is] not disserved by an injunction preventing its implementation").

Additionally, Plaintiffs request a waiver of security otherwise required by Federal Rule of Civil Procedure 65(c). This is a "a matter for the discretion of the trial court," which "may elect to require no security at all." *Kaepa, Inc. v. Achilles Corp*., 76 F.3d 624, 628 (5th Cir. 1996) (quotation omitted); *see also Planned Parenthood Gulf Coast, Inc. v. Kliebert*, 141 F. Supp. 3d 604, 652 (M.D. La. 2015). Courts often do so when constitutional rights are at stake, or when plaintiffs seek to protect the public interest. *See Thomas v. Varnado*, 511 F. Supp. 3d 761, 766 n.1 (E.D. La. 2020); *see also Schultz v. Medina Valley Indep. Sch. Dist*., 2011 WL 13234770, at *2 (W.D. Tex. June 1, 2011) ("Because this suit seeks to enforce fundamental constitutional norms, it is further ORDERED that the security requirement of Federal Rule of Civil Procedure 65(c) is waived  . . . .").

Dated this 7th day of February, 2024       Respectfully submitted,

       **PAUL LOY HURD, APLC**
       */s/ Paul Loy Hurd*
       Paul Loy Hurd
       Louisiana Bar No. 13909
       Paul Loy Hurd, APLC
       1896 Hudson Circle, Suite 5
       Monroe, Louisiana 71201
       Tel.: (318) 323-3838
       paul@paulhurdlawoffice.com
       *Attorney for Plaintiffs*

       *And*

**GRAVES GARRETT GREIM LLC**
*/s/ Edward D. Greim*
Edward D. Greim
Missouri Bar No. 54034
*Pro Hac Vice Pending*
Jackson Tyler
Missouri Bar No. 73115
*Pro Hac Vice Pending*
Matthew Mueller
Missouri Bar No. 70263
*Pro Hac Vice Pending*
GRAVES GARRETT GREIM LLC
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
Tel.: (816) 256-3181
Fax: (816) 256-5958
edgreim@gravesgarrett.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 7th day of February 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record. Additionally, copies of all pleadings and other papers filed in this action to date or to be presented to the Court at the hearing have been mailed to the adverse party.

*/s/ Paul Loy Hurd*
Paul Loy Hurd