## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| PHILLIP CALLAIS, LLOYD PRICE, BRUCE ODELL, ELIZABETH ERSOFF, ALBERT CAISSIE, DANIEL WEIR, JOYCE LACOUR, CANDY CARROLL PEAVY, TANYA WHITNEY, MIKE JOHNSON, GROVER JOSEPH REES, and ROLFE MCCOLLISTER, | Civil Action No. 3:24-cv-00122 |
| *Plaintiffs*, | Judge David C. Joseph |
| v. | Circuit Judge Carl E. Stewart |
| NANCY LANDRY, in her official capacity as Secretary of State for Louisiana, | Judge Robert R. Summerhays |
| *Defendant*. | |

## [PROPOSED] ANSWER OF INTERVENOR-DEFENDANTS TO PLAINTIFFS' COMPLAINT

Proposed Intervenor-Defendants Press Robinson, Alice Washington, Clee Ernest Lowe, Ambrose Sims, Edgar Cage, Dorothy Nairne, Davante Lewis, Edwin René Soulé, Martha Davis, Louisiana State Conference of the NAACP, and Power Coalition for Equity and Justice hereby answer the Complaint of Plaintiffs Phillip Callais, Lloyd Price, Bruce Odell, Elizabeth Ersoff, Albert Caissie, Daniel Weir, Joyce Lacour, Candy Carroll Peavy, Tanya Whitney, Mike Johnson, Grover Joseph Rees, and Rolfe McCollister and assert their Affirmative Defenses as follows:

## INTRODUCTION

1. Intervenor-Defendants admit the allegations in Paragraph 1 of the Complaint.

2. Intervenor-Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Intervenor-Defendants admit that the image below Paragraph 3 represents the map enacted through S.B. 8 but deny the remaining allegations in Paragraph 3.

4. Intervenor-Defendants deny the allegations in Paragraph 4, except to refer to the published decision in *Hays v. Louisiana*, 936 F. Supp. 360 (W.D. La. 1996), for its contents, and deny that *Hays* has any application here.

5. Intervenor-Defendants deny the allegations in Paragraph 5 of the Complaint.

### JURISDICTION

1. The allegations in Paragraph 1 constitute legal conclusions to which no response is required.[1] To the extent a response is required, Intervenor-Defendants admit that 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4) confer jurisdiction over the claims asserted in the Complaint but lack knowledge or information sufficient to form a belief as to whether this case raises a case or controversy under Article III of the U.S. Constitution.

2. The allegations in Paragraph 2 constitute legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants admit the allegations in Paragraph 2.

3. The allegations in Paragraph 3 constitute legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 3, except lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations concerning the districts in which the Plaintiffs reside.

4. The allegations in Paragraph 4 constitute legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants admit that the Court has

---

[1] Paragraph numbering in the Complaint restarts at 1 in each section. In addition, all of the sections are numbered "I". The paragraphs in this [Proposed] Answer are numbered in accordance with the paragraph in the complaint to which they respond.

authority to award declaratory and injunctive relief under the statutes identified in Paragraph 4 but deny that Plaintiffs are entitled to such relief.

**PARTIES**

1. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

3

11. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Intervenor-Defendants admit the allegation in Paragraph 13 that Defendant Nancy Landry is the Secretary of State of Louisiana. The remaining allegations in Paragraph 13 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are admitted, except to refer to the statutes and cases cited for their contents.

14. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation concerning the districts in which the Plaintiffs reside, and Intervenor-Defendants deny the remaining allegations in Paragraph 15.

16. Intervenor-Defendants deny the allegations in Paragraph 16.

17. Intervenor-Defendants deny the allegations in Paragraph 17.

18. Intervenor-Defendants deny the allegations in Paragraph 18.

19 Intervenor-Defendants deny the allegations in Paragraph 19.

**STATEMENT OF FACTS**

1. Intervenor-Defendants admit the allegations in Paragraph 1.

2. Intervenor-Defendants admit the allegations in Paragraph 2.

3. Intervenor-Defendants admit the allegations in Paragraph 3.

4. Intervenor-Defendants admit the allegations in Paragraph 4.

5. Intervenor-Defendants deny the allegations in Paragraph 5 except admit that the State of Louisiana opposed a motion for a preliminary injunction filed by the plaintiffs in *Robinson v. Ardoin*, a federal court challenge to the congressional plan filed on March 30, 2022, refer to the State's brief in opposition to the preliminary injunction for its contents, and deny the substance of the quoted language. *Intervenor-Defendant the State of Louisiana's Combined Opposition to Plaintiffs' Motions for Preliminary Injunction*, *Robinson v. Ardoin*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 29, 2022), ECF 108.

6. Intervenor-Defendants deny the allegations in Paragraph 6.

7. Intervenor-Defendants deny the allegations in Paragraph 7, refer to the State's submissions in the *Robinson* litigation for their contents, admit that the State's briefing in the *Robinson* litigation included the language quoted in Paragraph 7, and deny the substance of the quoted language.

8. Intervenor-Defendants deny the allegations in Paragraph 8, except to refer to the State's submissions in the *Robinson* litigation for their complete and accurate contents, and deny the substance of the arguments to which Paragraph 8 refers.

9. Intervenor-Defendants deny the allegations in Paragraph 9.

10. Intervenor-Defendants deny the allegations in Paragraph 10, except admit that the District Court for the Middle District of Louisiana granted a preliminary injunction in favor of the plaintiffs in *Robinson*, and refer to the decisions and orders of the district court, the Fifth Circuit, and the Supreme Court for their contents.

11. Intervenor-Defendants admit the allegations in Paragraph 11.

12. Intervenor-Defendants admit the allegations in Paragraph 12.

5

13. Intervenor-Defendants deny the allegations in Paragraph 13, except admit that Governor Landry called a special legislative session on his first day in office, and that redistricting Louisiana's congressional districts was one of the stated objectives for which the special session was called.

14. Intervenor-Defendants deny the allegations in Paragraph 14, except to refer to Governor Landry's statement for its contents.

15. Intervenor-Defendants deny the allegations in Paragraph 15, except admit that Senator Womack introduced S.B. 8 during the special session and that S.B. 8 was a bill to redistrict Louisiana's congressional districts, and refer to Senator Womack's statements during the special session for their contents.

16. Intervenor-Defendants admit the allegations in Paragraph 16.

17. Intervenor-Defendants admit the allegations in Paragraph 17.

18. Intervenor-Defendants deny the allegations in Paragraph 18.

19. Intervenor-Defendants admit the allegations in Paragraph 19.

20. Intervenor-Defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 20.

21. Intervenor-Defendants deny the allegations in Paragraph 21.

22. Intervenor-Defendants admit that S.B. 8's enacted District 6 includes parts of Shreveport, Lafayette, Alexandria, and Baton Rouge. Intervenor-Defendants deny the remaining allegations in Paragraph 22.

23. Intervenor-Defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 23 concerning the Legislature's intent in drafting Districts 6 and 2 and in

6

the second sentence and image contained in Paragraph 23. Intervenor-Defendants deny the remaining allegations in Paragraph 23.

24. Intervenor-Defendants admit that Baton Rouge and Shreveport are slightly less than 250 miles apart. Intervenor-Defendants deny the remaining allegations in Paragraph 24.

25. Intervenor-Defendants deny the allegations contained in Paragraph 25, except to refer to the map adopted pursuant to S.B. 8 for its contents.

26. Intervenor-Defendants deny the allegations contained in Paragraph 26, except to refer to the map adopted pursuant to S.B. 8 for its contents.

27. Intervenor-Defendants admit that District 6 contains ten parishes, and that it includes parts of Caddo, De Soto, Rapides, Lafayette, Avoyelles, and East Baton Rouge Parishes, deny the remaining allegations contained in Paragraph 27, and refer to the map adopted pursuant to S.B. 8 for its contents.

28. Intervenor-Defendants admit that District 2 includes parts of Ascension, St. Charles, Jefferson, St. Bernard, and Orleans Parishes, deny the remaining allegations contained in Paragraph 28, and refer to the 2024 First Extraordinary Session, Act No. 2 (S.B. 8) for its contents.

29. Intervenor-Defendants deny the allegations in Paragraph 29, except admit that four of the six congressional districts created by S.B. 8 are majority-white.

30. The allegations in Paragraph 30 constitute a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 30.

31. Intervenor-Defendants deny the allegations in Paragraph 31, except to refer to the map adopted pursuant to S.B. 8 for its contents.

7

32. Intervenor-Defendants deny the allegations in Paragraph 32, except to refer to the map adopted pursuant to S.B. 8 for its contents.

33. Intervenor-Defendants deny the allegations in Paragraph 33, except to refer to the map adopted pursuant to S.B. 8 for its contents.

34. Intervenor-Defendants admit that the Polsby-Popper score for District 6 is .05. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Polsby-Popper scores of the remaining districts in S.B. 8, and deny the remaining allegations in Paragraph 34.

35. Intervenor-Defendants deny the allegations in Paragraph 35.

36. Intervenor-Defendants deny the allegations in Paragraph 36.

37. Intervenor-Defendants deny the allegations in Paragraph 37.

38. Intervenor-Defendants admit the allegation in Paragraph 38 that the racial composition of the districts in S.B. 8 differs from the racial composition of the districts in the State's 2022 enacted map, and deny the remaining allegations in Paragraph 38.

39. Intervenor-Defendants admit the allegations in Paragraph 39.

40. Intervenor-Defendants admit the allegations in Paragraph 40.

41. Intervenor-Defendants admit that the largest change in Black VAP occurred in Congressional District 6, but otherwise deny the allegations in Paragraph 41.

42. Intervenor-Defendants admit the allegations in Paragraph 42.

43. Intervenor-Defendants admit the allegations in Paragraph 43 that the non-Black VAP increased in S.B. 8's Congressional Districts 1, 3, 4, and 5 and decreased in District 6 in comparison to the congressional map enacted in 2022, but otherwise deny the allegations in Paragraph 43.

8

44. Intervenor-Defendants admit the allegations in Paragraph 44.

45. Intervenor-Defendants admit the allegations in Paragraph 45.

46. Intervenor-Defendants deny the allegations in Paragraph 46, except to refer to Senator Womack's statements for their complete and accurate contents.

47. Intervenor-Defendants deny the allegations in Paragraph 47, except to refer to Senator Womack's statements for their complete and accurate contents.

48. Intervenor-Defendants deny the allegations in Paragraph 48.

49. Intervenor-Defendants deny the allegations in Paragraph 49, except to refer to Senator Womack's and Senator Morris's statements for their complete and accurate contents.

50. Intervenor-Defendants deny the allegations in Paragraph 50, except to refer to Senator Womack's statements for their complete and accurate contents.

51. Intervenor-Defendants deny the allegations in Paragraph 51, except to refer to Senator Womack's and Senator Morris's statements for their complete and accurate contents.

52. Intervenor-Defendants deny the allegations in Paragraph 52, except to refer to Senator Womack's and Senator Morris's statements for their complete and accurate contents.

53. Intervenor-Defendants deny the allegations in Paragraph 53, except to refer to Senator Carter's and Congressman Carter's statements for their complete and accurate contents.

54. Intervenor-Defendants deny the allegations in Paragraph 54, except to refer to Senator Jackson's statements for their complete and accurate contents.

55. Intervenor-Defendants deny the allegations in Paragraph 55, except to refer to Senator Jackson's statements for their complete and accurate contents.

56.  Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 concerning what Senator Duplessis was referring to in

his statement and deny the remaining allegations in Paragraph 56, except to refer to Senator Duplessis's statements for their complete and accurate contents.

57. Intervenor-Defendants deny the allegations in Paragraph 57, except to refer to Senator Pressly's statements for their complete and accurate contents.

58. Intervenor-Defendants admit the allegations in Paragraph 58.

59. Intervenor-Defendants admit the allegations in Paragraph 59.

60. Intervenor-Defendants deny the allegations in Paragraph 60, except to refer to Representative Beaullieu's statements for their complete and accurate contents.

61. Intervenor-Defendants deny the allegations in Paragraph 61, except to refer to Representative Marcelle's statements for their complete and accurate contents.

62. Intervenor-Defendants deny the allegations in Paragraph 62, except to refer to Representative Beaullieu's and Representative Amedee's statements for their complete and accurate contents.

63. Intervenor-Defendants admit that St. Bernard Parish is divided between Districts 1 and 2 in S.B. 8. Intervenor-Defendants deny the remaining allegations in Paragraph 63, except to refer to Representative Bayham's statements for their complete and accurate contents.

64. Intervenor-Defendants lack information or knowledge sufficient to admit or deny Paragraph 64. Intervenor-Defendants deny Paragraph 64 to the extent it suggests that the complete statements of any of the representatives quoted are included in the Complaint.

65. Intervenor-Defendants admit the allegations in Paragraph 65.

66. Intervenor-Defendants admit the allegations in Paragraph 66.

67. Intervenor-Defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 67 concerning Representative Willard's statements to the media.

Intervenor-Defendants admit that Representative Willard is the chair of the House Democratic Caucus. Intervenor-Defendants deny the remaining allegations in Paragraph 67.

68. Intervenor-Defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 68.

69. Intervenor-Defendants admit that Congressman Carter held a press conference on January 15, 2024 and that he issued a press release containing the quoted statements, and refer to the press release for its complete and accurate contents. Intervenor-Defendants lack information or knowledge sufficient to admit or deny Paragraph 69's allegations concerning Congressman Carter's purpose in holding the press conference. Intervenor-Defendants otherwise deny the allegations in Paragraph 69.

70. Intervenor-Defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 70, except admit that Congressman Carter currently represents Congressional District 2.

71. Intervenor-Defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 71.

72. Intervenor-Defendants admit the allegations in Paragraph 72.

73. Intervenor-Defendants admit the allegations in Paragraph 73.

74. Intervenor-Defendants admit the allegations in Paragraph 74 to the extent that there were eight days, inclusive, from the introduction of S.B. 8 in the Senate on the first day of the Special Session until the Governor signed S.B. 8, as amended, into law. Intervenor-Defendants lack information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 74.

## COUNT I

11

75. Intervenor-Defendants incorporate their responses to the above paragraphs by reference as if set forth fully herein.

76. Intervenor-Defendants admit that the Fourteenth Amendment to the U.S. Constitution provides that "[n]o State shall . . . deny any person within its jurisdiction the equal protection of the laws." Intervenor-Defendants deny the remaining allegations in Paragraph 76.

77. Paragraph 77 contains legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 77.

78. Paragraph 78 contains legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants admit the allegations in Paragraph 78.

79. Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 79.

80. Intervenor-Defendants deny the allegations in Paragraph 80.

81. Intervenor-Defendants deny the allegations in Paragraph 81.

82. Intervenor-Defendants deny the allegations in Paragraph 82.

83. Intervenor-Defendants deny the allegations in Paragraph 83, except to refer to Senator Womack's and Representative Beaulieu's statements for their complete and accurate contents.

84. Intervenor-Defendants deny the allegations in Paragraph 84, except to refer to Representative Beaulieu's statements for their complete and accurate contents.

85. Intervenor-Defendants deny the allegations in Paragraph 85.

86. Intervenor-Defendants deny the allegations in Paragraph 86, except to refer to Senator Womack's statements for their complete and accurate contents.

87. Intervenor-Defendants deny the allegations in Paragraph 87, except to refer to the statements by Senator Pressly, Senator Duplessis, Senator Carter, and Representative Marcelle for their complete and accurate contents.

88. Intervenor-Defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 88 regarding Senator Carter's or Senator Duplessis's concerns. Intervenor-Defendants deny the remaining allegations in Paragraph 88, except to refer to the statements by Senator Carter and Senator Duplessis for their complete and accurate contents.

89. Intervenor-Defendants deny the allegations in Paragraph 89, except to refer to the statements by Senator Pressly, Representative Bayham, Senator Morris, and Senator Womack for their complete and accurate contents.

90. Intervenor-Defendants deny the allegation in the first sentence in Paragraph 90. Intervenor-Defendants deny the allegations in Paragraph 90 purporting to represent Governor Landry's litigation position in the *Robinson* litigation, except to refer to the State's submissions in the *Robinson* litigation for their complete and accurate contents.

91. Intervenor-Defendants deny the allegations in Paragraph 91.

92. Intervenor-Defendants deny the allegations in Paragraph 92.

93. Intervenor-Defendants deny the allegations in Paragraph 93, except to refer to the map adopted by S.B. 8 for its contents.

94. Intervenor-Defendants deny the allegations in Paragraph 94.

95. Intervenor-Defendants deny the allegations in Paragraph 95.

96. Intervenor-Defendants admit that District 6 splits six parishes, but deny that District 2 divides seven parishes. Intervenor-Defendants deny the remaining allegations in Paragraph 96.

97. Intervenor-Defendants deny the allegations in Paragraph 97.

98. Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 98, except to refer to the *Shaw II* opinion and other relevant cases and authorities for their contents.

99. Paragraph 99 contains legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants admit that compliance with Section 2 of the VRA is a compelling state interest but deny that compliance with Section 2 does not allow for race-conscious districting or even racially predominant districting narrowly tailored to achieve compliance with Section 2. Intervenor-Defendants deny the remaining allegations in Paragraph 99, except to refer to the cited cases and other relevant legal authorities for their complete and accurate contents.

100. Paragraph 100 contains legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 100 except to refer to the cited cases and other relevant legal authorities for their complete and accurate contents.

101. Paragraph 101 contains legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 101.

102. Intervenor-Defendants deny the allegations in Paragraph 102, except to refer to the State's submissions in the *Robinson* litigation for their contents.

103. Intervenor-Defendants deny the allegations in Paragraph 103.

104. Intervenor-Defendants deny the allegations in Paragraph 104.

105. Paragraph 105 contains legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 105.

106. Intervenor-Defendants deny the allegations in Paragraph 106.

14

107. Intervenor-Defendants deny the allegations in Paragraph 107.

108. Intervenor-Defendants deny the allegations in Paragraph 108.

## COUNT II

109. Intervenor-Defendants incorporate their responses to the above paragraphs by reference as if set forth fully herein.

110. Intervenor-Defendants deny the allegations in Paragraph 110, except to refer to the cited cases and other relevant legal authorities for their complete and accurate contents.

111. Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 111, except to refer to the cited cases and other relevant legal authorities for their complete and accurate contents.

112. Paragraph 112 contains legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 112.

113. Paragraph 113 contains legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 113, except to refer to the cited cases and other relevant legal authorities for their complete and accurate contents.

114. Paragraph 114 contains legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 114.

115. Paragraph 115 contains legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 115.

116. Intervenor-Defendants deny the allegations in Paragraph 116.

117. Intervenor-Defendants deny the allegations in Paragraph 117.

118. Intervenor-Defendants deny the allegations in Paragraph 118.

119. Intervenor-Defendants deny the allegations in Paragraph 119.

120. Intervenor-Defendants deny the allegations in Paragraph 120.

## INTERVENOR-DEFENDANTS' AFFIRMATIVE DEFENSES

1. *First Affirmative Defense*: Plaintiffs fail to state a claim upon which relief may be granted.

2. *Second Affirmative Defense*: Plaintiffs have not been deprived of any federal constitutional rights because the plan adopted and approved by the Louisiana State Legislature on January 22, 2024 does not violate the United States Constitution.

3. *Third Affirmative Defense*: The State's compelling interest in achieving compliance with Section 2 of the Voting Rights Act of 1965 required the State to draw a plan with two congressional districts in which Black Louisianans can elect candidates of their choice.

4. *Fourth Affirmative Defense*: Plaintiffs are unable to establish the elements required for injunctive or declaratory relief.

5. Intervenor-Defendants reserve the right to amend their defenses and to add additional ones including lack of subject matter jurisdiction based on the mootness or ripeness doctrines, as further information becomes available in discovery or on any other basis permitted by the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE Intervenor-Defendants pray that this court dismiss Plaintiffs' claims in their entirety, with prejudice, and award Intervenor-Defendants such other and further relief, including attorney's fees, as the Court deems necessary and proper.

16

DATED:  February 7, 2024                    Respectfully submitted,

By:  /s/ *Tracie L. Washington*             By: */s/ John Adcock*
Tracie L. Washington                        John Adcock
LA. Bar No. 25925                           Adcock Law LLC
Louisiana Justice Institute                 3110 Canal Street
8004 Belfast Street                         New Orleans, LA 70119
New Orleans, LA 70125                        Tel: (504) 233-3125
Tel: (504) 872-9134                         jnadcock@gmail.com
tracie.washington.esq@gmail.com


*Counsel for Proposed Intervenor-*          *Counsel for Proposed Intervenor-Defendants*
*Defendants Dorothy Nairne, Martha*
*Davis, Clee Earnest Lowe, and Rene*
*Soule*


17

Stuart Naifeh (pro hac vice forthcoming)
Kathryn Sadasivan (pro hac vice forthcoming)
Victoria Wenger (pro hac vice forthcoming)
NAACP Legal Defense and
    Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
snaifeh@naacpldf.org
ksadasivan@naacpldf.org
vwenger@naacpldf.org

R. Jared Evans
LA. Bar No. 34537
I. Sara Rohani (pro hac vice forthcoming)
NAACP Legal Defense and Educational Fund,
Inc.
700 14th Street N.W. Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
jevans@naacpldf.org
srohani@naacpldf.org

Sarah Brannon (pro hac vice forthcoming)*
Megan C. Keenan (pro hac vice forthcoming)
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

Nora Ahmed
NY Bar No. 5092374 (pro hac vice
forthcoming)
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org

Robert A. Atkins (pro hac vice forthcoming)
Yahonnes Cleary (pro hac vice forthcoming)
Jonathan H. Hurwitz (pro hac vice
forthcoming)
Amitav Chakraborty (pro hac vice forthcoming)
Adam P. Savitt (pro hac vice forthcoming)
Arielle B. McTootle (pro hac vice forthcoming)
Robert Klein (pro hac vice forthcoming)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue Of The Americas
New York, NY 10019
Tel.: (212) 373-3000
Fax: (212) 757-3990
ratkins@paulweiss.com
ycleary@paulweiss.com
jhurwitz@paulweiss.com
achakraborty@paulweiss.com
asavitt@paulweiss.com
amctootle@paulweiss.com
rklein@paulweiss.com

Sophia Lin Lakin (pro hac vice forthcoming)
Dayton Campbell-Harris (pro hac vice
forthcoming)*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org

T. Alora Thomas-Lundborg (pro hac vice
forthcoming)
Daniel Hessel (pro hac vice forthcoming)
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
(617) 495-5202
tthomaslundborg@law.harvard.edu
dhessel@law.harvard.edu

*Additional counsel for Proposed Intervenor-Defendants*

*Practice is limited to federal court.