IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA—MONROE DIVISION

| | |
|---|---|
| PHILLIP CALLAIS, LLOYD PRICE, BRUCE ODELL, ELIZABETH ERSOFF, ALBERT CAISSIE, DANIEL WEIR, JOYCE LACOUR, CANDY CARROLL PEAVY, TANYA WHITNEY, MIKE JOHNSON, GROVER JOSEPH REES, ROLFE MCCOLLISTER, <br><br>*Plaintiffs,* <br><br>v. <br><br>NANCY LANDRY, in her official capacity as Secretary of State of Louisiana, <br><br>*Defendant.* | Case No. 3:24-cv-00122-DCJ-CES-RRS <br><br>*District Judge David C. Joseph* <br>*Circuit Judge Carl E. Stewart* <br>*District Judge Robert R. Summerhays* <br><br>*Magistrate Judge Kayla D. McClusky* |

### THE STATE OF LOUISIANA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO INTERVENE

The State of Louisiana, by and through Attorney General Elizabeth Murrill, moves to intervene pursuant to Federal Rule of Civil Procedure 24. The Court should grant the State's motion to intervene because it satisfies the requirements of intervention as of right and of permissive intervention under Federal Rule of Civil Procedure 24. The State contacted counsel for Plaintiffs and the Secretary of State, and neither party opposes the State's intervention.

### BACKGROUND

This case arises out of the decennial reapportionment and redistricting of the United States congressional districts in Louisiana. On February 18, 2022, the Legislature passed HB 1 and SB 5—redistricting congressional districts—during the First Extraordinary Session. On March 9, 2022, the Governor vetoed the bills. On March 30, 2022, the Louisiana Legislature convened in a veto session and voted to override the Governor's veto to HB 1 of the 2022 First Extraordinary Session.

1

Two sets of Plaintiffs (both proposed Intervenor-Defendants here) challenged the congressional redistricting plan exclusively under Section 2 of the Voting Rights Act. *See* Complaint, *Robinson, et al. v. Ardoin*, No. 3:22-cv-211 (M.D. La.) (ECF No. 1) *consolidated with* Complaint, *Galmon, et al. v. Ardoin*, No. 3:22-cv-214 (M.D. La) (ECF No. 1). The State of Louisiana, and the then Speaker and President Pro Tempore of the Louisiana legislature, moved for and were permitted intervention. *Robinson v. Ardoin*, No. 22-211, 2022 WL 1154607 (W.D. La Apr. 19, 2022). After expedited briefing and subsequent hearing on Plaintiffs' Motions for Preliminary Injunction, Judge Dick of the United States District Court for the Middle District of Louisiana preliminarily enjoined Louisiana's Congressional map. *See generally Robinson v. Ardoin*, 605 F. Supp. 3d 759 (M.D. La 2022). An appeal and request for stay followed, initially at the United States Court of Appeals for the Fifth Circuit and then at the Supreme Court of the United States, with the Supreme Court granting a stay pending resolution of another redistricting matter that was then pending at the Court. *Ardoin v. Robinson*, No. 22-303333 (U.S. June 28, 2022). Upon the resolution of *Merrill v. Milligan*, the Supreme Court dismissed the State's appeal, vacated the stay, and returned the matter to the Fifth Circuit for that court's review "in the ordinary course and in advance of the 2024 congressional elections in Louisiana." *Ardoin v. Robinson*, 143 S. Ct. 2654 (2023).

At that point, the appeal returned to the Fifth Circuit, and the trial court proceeded towards a trial, as well as remedial hearing for the then-preliminary enjoined congressional map. On appeal, the Fifth Circuit held that the district court did not err in its finding that plaintiffs were likely to succeed on the merits of their Section 2 claim, yet vacated the district court's preliminary injunction so that the Louisiana legislature would have a fair opportunity to pass a new law creating congressional districts should it wish or, if the Legislature did not pass a new map, a trial on the merits could proceed. *See Robinson v. Ardoin*, 86 F.4th 574, 601–02 (5th Cir. 2023). While, as the Fifth Circuit's order made clear, it was under no obligation to do so, the new Governor (and former Attorney General) of

2

Louisiana, Jeff Landry, called for a special session of the legislature so that a new law for Louisiana's congressional districts (among other things) could be considered. The Legislature then passed, and the Governor signed, S.B. 8. This litigation followed.

## ARGUMENT

Federal Rule of Civil Procedure 24(a) requires a federal court to permit intervention of a non-party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Rule 24(b) permits a federal court to allow intervention of non-parties when "a claim or defense . . . shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Rule 24 is to be liberally construed" in favor of intervention. *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014). "The inquiry is a flexible one, and a practical analysis of the facts and circumstances of each case is appropriate." *Id.* at 341 (internal quotation marks omitted). "Intervention should generally be allowed where no one would be hurt and greater justice could be attained." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).

### I.   Louisiana Satisfies the Requirements for Intervention as of Right.

Under Rule 24, "[a] party seeking to intervene as of right must satisfy four requirements: (1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Brumfield*, 749 F.3d at 341 (citation omitted). The State satisfies each of these conditions.

#### A.   The State's Application Is Timely.

This intervention motion is timely. The Complaint was filed on January 31, 2024, mere days

ago, the deadline for responsive pleadings has not yet passed, and no meaningful case events have occurred other than a very recently filed motion for preliminary injunction, *see* (ECF No. 17). As a result, "timeliness is not at issue." *Brumfield*, 749 F.3d at 342; *see also Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996) (finding that delays of "only 37 and 47 days . . . are not unreasonable"); *Mullins v. De Soto Securities Co.*, 3 F.R.D. 432, 433 (W.D. La. 1944) (finding motion to intervene timely during the initial pleading stage).

> **B.     The State Has the Requisite Interest in the Subject of this Case.**

The State "has a 'direct, substantial, legally protectable interest in the proceedings.'" *Edwards*, 78 F.3d at 1004 (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)). "A 'legally protectable' right" for intervention purposes "is not identical to a 'legally enforceable' right, such that 'an interest is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor . . . would not have standing to pursue her own claim.'" *DeOtte v. Nevada*, 20 F.4th 1055, 1068 (5th Cir. 2021) (citations omitted). Rather, "[a] movant found to be a 'real party in interest' generally establishes sufficient interest." *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 187 (5th Cir. 1989) ("LULAC, Council No. 4434"). "[A] 'real party in interest' may be ascertained by determining whether that party caused the injury and, if so, whether it has the power to comply with a remedial order of the court." *Id.* at 187.

Liz Murrill is the duly elected Attorney General for the State of Louisiana. As the State's "chief legal officer," she is charged with "the assertion and protection of the rights and interests" of the State and its taxpayers and citizens, and she has a sworn duty to uphold the State's Constitution and laws. La. Const. art. IV., § 8. The Louisiana Constitution gives her authority "to . . . *intervene* in any civil action or proceeding." *Id.* (emphasis added). The State's intervention is necessary here as a matter of right, through its constitutionally designated officer, Attorney General Liz Murrill, to defend the State's newly enacted congressional plan.

4

The Attorney General also has a right under state and federal law to defend the legality and constitutionality of state laws. When a state statute has been challenged, article 1880 of the Louisiana Code of Civil Procedure requires certification of the issue to the state attorney general. The Federal Rules of Civil Procedure require the same. *See* Fed. R. Civ. P. 5.1(B)(2) (requiring parties to "serve the notice and paper on . . . the state attorney general if a state statute is questioned"). Here, Plaintiff's complaint calls into question the constitutionality of state law.

Additionally, the Louisiana Attorney General maintains a longstanding history of defending the State in Voting Rights litigation in Louisiana.[1] *See, e.g.*, *Chisom v. Edwards*, No. 2:86-cv-4075 (E.D. La. 1986); *Clark v. Edwards*, No. 86-cv-435 (M.D. La. 1986); *Prejean v. Foster*, No. 99-30360 (M.D. La. 1999); *Hall v. Louisiana*, No. 3:12-cv-0657 (M.D. La. 2012); *Terrebonne Par. Branch NAACP v. Jindal*, No. 3:14-cv-0069 (M.D. La. 2014); *La. State Conf. of the NAACP v. Louisiana*, No. 3:19-cv-00479 (M.D. La. 2019).

In short, the State of Louisiana, through Attorney General Liz Murrill, has the requisite interest in the subject of this case, and has a right to intervene as a matter of law to protect its interests.

### C. The Disposition of this Case May Substantially Impair or Impede the State's Interests.

Without intervention, disposition of this case will impair the State of Louisiana's ability to protect its interests, and it will impair and impede the Attorney General from carrying out her constitutional duties to defend and uphold the laws of the State of Louisiana.

Plaintiffs mount serious allegations against the State that the State cannot defend without intervening. Plaintiffs allege that Louisiana was not justified in creating a second majority-Black congressional district. *See, e.g.,* Complaint, ECF No. 1 at 28, ¶ 107. Plaintiffs allege that the State has

---

[1] Attorneys general routinely defend their states against challenges to electoral methods for public offices. *See Houston Lawyers Ass'n v. Att'y Gen. of Tex.*, 501 U.S. 149 (1991) (Texas attorney general); *Thornburg v. Gingles*, 478 U.S. 30 (1986) (North Carolina attorney general); *S. Christian Leadership Conf. of Ala. v. Sessions*, 56 F.3d 1281 (11th Cir. 1995) (en banc) (Alabama attorney general); *LULAC v. Clements*, 999 F.2d 831 (5th Cir. 1993) (en banc) (Texas attorney general).

5

undertaken efforts to discriminate against Black and non-Black Louisianans in violation of the U.S. Constitution. *See id.* at 3-4, ¶ 5. These are very serious allegations directed against the State and its components. The State has both a right and obligation to defend against them.

In addition to her duties outlined above, the State of Louisiana provides the Attorney General of Louisiana with an active role in elections, which also warrants intervention as a matter of right. The Attorney General is required by State law to approve election forms prepared by the Louisiana Secretary of State, *see* La. R.S. 18:18(A)(3); is statutory counsel for each parish's Registrar of Voters, *see* La. R.S. 18:64; and is statutory counsel for each Parish Board of Election Supervisors, *see* La. R.S. 18:423(G). Additionally, she serves as a member on the State's Board of Election Supervisors. *See* La. R.S. 18:23(A)(3).

The Attorney General also carries out other election responsibilities for the State of Louisiana as established in the Louisiana Election Code, including approving summaries of constitutional amendments, *see* La. R.S. 18:431(C); initiating actions against convicted felons running for office, *see* La. R.S. 18:495; enforcing laws regarding the establishment of precincts and precinct boundaries, *see* La. R.S. 18:537; initiating actions to declare an office vacant, *see* La. R.S. 18:671(C); making appointments to the Voting System Commission, *see* La. R.S. 18:1362.1; collecting election expenses, *see* La. R.S. 18:1400.6; receiving allegations of election fraud, *see* La. R.S. 18:1412; preparing the election offense packet for candidates, *see* La. R.S. 18:1472; and initiating criminal actions for campaign finance violations, *see* La. R.S. 18:1511.6.

Disposing of this case without the State's participation will impair the State's interests in providing a defense to Plaintiffs' claims. Further, the Court's determination could have long lasting impacts on the State.

**D.     The State's Interests are Inadequately Represented by the Existing Parties.**

The State's interests are inadequately represented by the existing parties to the suit. The Attorney General has an interest in defending the injury to the State itself that would result from an injunction against, or changes to, the challenged congressional plans, and/or a determination that the current plan passed by the State Legislature is unlawful.

In *Miller v. Vilsack,* the Fifth Circuit discussed two presumptions that must be considered when determining if representation by the current parties is inadequate. No. 21-11271, 2022 WL 851782 (5th Cir. Mar. 22, 2022). The first presumption is that the burden by the proposed intervenor is minimal. *Id*. (citing *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994)). This burden, however, "cannot be treated as so minimal as to write the requirement completely out of the rule." *Id*. The first presumption applies "when the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Id.* The second presumption applies in cases where a party "is presumed to represent the interests of all of its citizens," *Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994) (per curiam), such as "when the putative representative is a governmental body or officer charged by law with representing the interests of the [intervenor]," *Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015) (quotation omitted). This presumption is limited, however, to "suits involving matters of interest." *Edwards*, 78 F.3d at 1005.

There is no reason to believe that the State's sovereign interests will be represented by existing parties. This is not a case where "the would-be intervenor has the same ultimate objective as a party to the lawsuit." *See Entergy Gulf States La., LLC v. EPA*, 817 F.3d 198, 203 (5th Cir. 2016) (citation omitted). The Defendant Secretary of State's objective is in the orderly implementation of whatever election rules are in force. The Attorney General is a separately elected official tasked specifically with defending the laws and sovereign interests of the State of Louisiana. The Attorney General intends to defend the challenged law, the policies undergirding it, and the sovereign interests of the State.

The State has unique sovereign interests not shared by the other parties. Any proposed judgment involving injunctive relief or federal oversight would have future consequences for the State and necessarily involve the State's sovereign interests. The Supreme Court has long held that "[r]eapportionment is primarily the duty and responsibility of the State." *Chapman v. Meier,* 420 U.S. 1, 27 (1975); *see also Voinovich v. Quilter,* 507 U.S. 146, 156–57 (1993); *Growe v. Emison,* 507 U.S. 25, 34 (1993). Electoral districting is a most difficult subject for legislatures, and so the States must have discretion to exercise the political judgment necessary to balance competing interests. Plaintiffs have alleged that the congressional redistricting plan for Louisiana is invalid and unconstitutional. Plaintiffs have recently requested an injunction enjoining the Secretary of State from enforcing or giving effect to boundaries of the congressional districts and from conducting congressional elections in accordance with that plan. It is necessary that Louisiana's Chief Legal Officer be allowed to intervene to make sure that the State's interests are adequately protected.

**II.     In the Alternative, the State Should be Granted Permissive Intervention.**

The Attorney General fulfills the requirements for permissive intervention. Federal Rule of Civil Procedure 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Permissive intervention under Rule 24(b) "is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987). Intervention is appropriate when: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not

unduly delay or prejudice the adjudication of the rights of the original parties." *See Frazier v. Wireline Solutions, LLC*, 2010 WL 2352058, at *4 (S.D. Tex. June 10, 2010) (citation omitted); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 229 F.R.D. 126, 131 (S.D. Tex. 2005).

As discussed above, the intervention is timely; the Attorney General's claims or defense and the main action have a question of law or fact in common; and the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. Moreover, the Attorney General's intervention will facilitate an equitable result. The Attorney General can provide a crucial perspective on the important issues implicated by the Complaint. This case has significant implications, and, therefore, it is essential that all arguments attacking the continued viability of the congressional plan receive full attention. For the reasons stated above, this Court should grant this motion permissively, if it does not grant it as of right.

## CONCLUSION

The Court should grant the State of Louisiana's Motion to Intervene, and Louisiana Attorney General Liz Murrill should be allowed to fulfill her constitutional duty to represent the State's interests.

Dated: February 20, 2024                                                Respectfully submitted,

<div style="display:flex">
Jason B. Torchinsky (DC 976033)*  
Phillip M. Gordon (DC 1531277)*  
Brennan A.R. Bowen (AZ 036639)*  
Holtzman Vogel Baran  
Torchinsky & Josefiak, PLLC  
15405 John Marshall Highway  
Haymarket, VA 20169  
(540) 341-8808 phone  
(540) 341-8809 fax  
jtorchinsky@holtzmanvogel.com  
pgordon@holtzmanvogel.com  
bbowen@holtzmanvogel.com  

\* *pro hac vice motion forthcoming*
</div>

*/s/ Morgan Brungard*  
Morgan Brungard (LSBA No. 40298)  
Carey Tom Jones (LSBA No. 07474)  
Amanda M. LaGroue (LSBA No. 35509)  
Office of the Attorney General  
Louisiana Department of Justice  
1885 N. Third St.  
Baton Rouge, LA 70802  
(225) 326-6000 phone  
(225) 326-6098 fax  
JonesCar@ag.louisiana.gov  
BrungardM@ag.louisiana.gov  
LaGroueA@ag.louisiana.gov  

*Counsel for Proposed Intervenor-Defendant State of Louisiana*

9

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 20th day of February 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

*/s/ Morgan Brungard*
Morgan Brungard