IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA—MONROE DIVISION

| | |
|---|---|
| PHILLIP CALLAIS, LLOYD PRICE, BRUCE ODELL, ELIZABETH ERSOFF, ALBERT CAISSIE, DANIEL WEIR, JOYCE LACOUR, CANDY CARROLL PEAVY, TANYA WHITNEY, MIKE JOHNSON, GROVER JOSEPH REES, ROLFE MCCOLLISTER,<br><br>*Plaintiffs,*<br><br>v.<br><br>NANCY LANDRY, in her official capacity as Secretary of State of Louisiana,<br><br>*Defendants.* | Case No. 3:24-cv-00122-DCJ-CES-RRS<br><br>*District Judge David C. Joseph*<br>*Circuit Judge Carl E. Stewart*<br>*District Judge Robert R. Summerhays*<br><br>*Magistrate Judge Kayla D. McClusky* |

### [PROPOSED] INTERVENOR-DEFENDANT THE STATE OF LOUISIANA'S ANSWER AND AFFIRMATIVE DEFENSES

Proposed Intervenor-Defendant State of Louisiana (the "State") answers and asserts its affirmative defenses as follows:

### INTRODUCTION[1]

1. Admit.

2. Admit that one purpose behind S.B. 8 was to create two majority-Black congressional districts in Louisiana in response to pending litigation in *Robinson v. Ardoin*, No. 3:22-cv-00211-SDD-SDJ (M.D. La.), but deny the remaining allegations.

---

[1] The State of Louisiana reproduces Plaintiffs' section headings herein for consistency and readability. The section headings are not material to which any responses are required. To the extent any responses are required, they are all denied. Furthermore, the State also reproduces the numbering system used by Plaintiffs where the paragraph numbers restart after every section. Unless otherwise stated, any answer referring to a specific paragraph number refers to that number within the section the specific answer is found.

1

3. Admit that the image depicted in Paragraph 3 is a true and accurate depiction of the map enacted via S.B. 8 but deny the remaining allegations.

4. Admit that the map depicted and the quoted excerpts in Paragraph 4 appear in *Hays v. Louisiana*, 936 F. Supp. 360 (W.D. La. 1996). To the extent Paragraph 4 calls for a legal conclusion, deny. To the extent any further response is required, deny.

5. Admit that one purpose behind S.B. 8 was to create two majority-Black congressional districts in Louisiana in response to pending litigation in *Robinson v. Ardoin*, No. 3:22-cv-00211-SDD-SDJ (M.D. La.). To the extent Paragraph 5 calls for a legal conclusion, deny. To the extent any further response is required, deny.

## JURISDICTION

1. Deny that 28 U.S.C. § 1343(a)(4) confers any jurisdiction here as the legislative enactment challenged here is the Louisiana State Legislature's and not Congress's. Admit the remainder of the paragraph.

2. Admit.

3. Admit that venue is proper in this district under 28 U.S.C. § 1391(b)(2). Deny the remaining allegations.

4. Admit.

## PARTIES

1. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 and demands strict proof thereof.

2. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 and demands strict proof thereof.

3. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and demands strict proof thereof.

2

4. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and demands strict proof thereof.

5. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 and demands strict proof thereof.

6. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 and demands strict proof thereof.

7. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and demands strict proof thereof.

8. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 and demands strict proof thereof.

9. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and demands strict proof thereof.

10. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and demands strict proof thereof.

11. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and demands strict proof thereof.

12. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 and demands strict proof thereof.

13. Admit that Nancy Landry is the Louisiana Secretary of State, who is sued in her official capacity. The remaining allegations in Paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, deny.

14. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and demands strict proof thereof.

15. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 at this time. To the extent Paragraph 15 calls for a legal conclusion, deny. To the extent any further response is required, deny.

16. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 at this time. To the extent Paragraph 16 calls for a legal conclusion, deny. To the extent further response is required, deny.

17. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 at this time. To the extent Paragraph 17 calls for a legal conclusion, deny. To the extent any further response is required, deny.

18. The State lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18.

19. Admit that this Court has jurisdiction to issue declaratory and injunctive relief if appropriate. The allegations in Paragraph 19 are legal conclusions to which no response is required. To the extent any response is required, deny.

## STATEMENT OF FACTS

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit that the quoted excerpts appear in the State's Motion in *Robinson v. Ardoin*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 29, 2022), ECF 108. The State admits that it believed these statements to be true when they were made, which was before a series of decisions by the Middle District of Louisiana and the United States Court of Appeals for the Fifth Circuit. The State denies

that it made any legal admission regarding future, not-then-existing congressional maps in its April 29, 2022, response brief in opposition to a preliminary injunction. To the extent further response is required, deny.

6. Admit that one purpose behind S.B. 8 was to create two majority-Black congressional districts in Louisiana in response to pending litigation in *Robinson v. Ardoin*, No. 3:22-cv-00211-SDD-SDJ (M.D. La.). To the extent further response is required, deny.

7. Admit that the quoted excerpts appear in the State's Motion in *Robinson*, No. 3:22-cv-00211-SDD-SDJ, ECF 108. Paragraph 7 otherwise contains a legal conclusion to which no response is required. To the extent a response is required, deny.

8. Admit that the cited arguments appear in the State's Motion in *Robinson*, No. 3:22-cv-00211-SDD-SDJ, ECF 108. Paragraph 8 otherwise contains a legal conclusion to which no response is required. To the extent a response is required, deny.

9. Admit.

10. Admit that the "United States District Court for the Middle District of Louisiana granted a preliminary injunction," *see Robinson*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 29, 2022), ECF 173, the merits of which were upheld by the Fifth Circuit though it vacated the injunction, *see Robinson v. Ardoin*, 86 F.4th 574 (5th Cir. 2023). To the extent any further response is required, deny.

11. Admit.

12. Admit.

13. Admit that redistricting Louisiana's congressional districts was one of the stated objectives for the First Extraordinary Session in 2024. To the extent a further response is required, deny.

14. The statement of Governor Landry speaks for itself, and no response is required. The State refers to the Governor's full statement for its complete and accurate contents. To the extent any further response is required, deny.

15. The statement of Senator Glen Womack speaks for itself, and no response is required. The State refers to Senator Womack's full statement for its complete and accurate contents. To the extent any further response is required, deny.

16. Admit.

17. Admit.

18. Deny.

19. Admit that the image depicted in Paragraph 19 is a true and accurate depiction of the map enacted via S.B. 8.

20. The State lacks information or knowledge sufficient to verify the information or methodology used to create the map in Paragraph 20, therefore deny.

21. Deny.

22. Admit that S.B. 8's enacted District 6 includes parts of Shreveport, Lafayette, Alexandria, and Baton Rouge. To the extent Paragraph 22 calls for a legal conclusion, deny. To the extent any further response is required, deny.

23. Admit that Districts 2 and 6 encompass enough Black voters to constitute two majority-Black congressional districts because of the opinions produced by the United States District Court for the Middle District of Louisiana and the United States Court of Appeals for the Fifth Circuit. *See Robinson*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 29, 2022), ECF 173; *Robinson*, 86 F.4th 574 (5th Cir. 2023). The State lacks information or knowledge sufficient to verify the information

or methodology used to create the map in Paragraph 23, therefore deny. To the extent any further response is required, deny.

24. Admit that Baton Rouge and Shreveport are roughly 250 miles apart. To the extent any further response is required, deny.

25. Admit that District 6 narrows in some areas. To the extent any further response is required, deny.

26. Admit that District 6 narrows in some areas. Any *characterizations* of the presented information are not factual assertions to which a response is required. To the extent a response if required to any characterization, deny.

27. Admit District 6 splits certain parishes. Any *characterizations* of the presented information are not factual assertions to which a response is required. To the extent a response is required, deny.

28. Admit District 2 splits certain parishes. Any *characterizations* of the presented information are not factual assertions to which a response is required. To the extent a response is required, deny.

29. Admit that S.B. 8 contains two majority-Black, and four majority-non-Black, congressional districts because of the opinions produced by the United States District Court for the Middle District of Louisiana and the United States Court of Appeals for the Fifth Circuit. *See Robinson*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 29, 2022), ECF 173; *Robinson*, 86 F.4th 574 (5th Cir. 2023). To the extent any further response is required, deny.

30. Paragraph 30 states a legal conclusion to which no response is required. To the extent a response is required, deny.

31. Admit that all districts in S.B. 8, including District 5, are contiguous. Deny the remaining allegations contained in Paragraph 31, except to refer to the map adopted pursuant to S.B. 8 for its contents.

32. Admit that S.B. 8 contains two majority-Black congressional districts because of the opinions produced by the United States District Court for the Middle District of Louisiana and the United States Court of Appeals for the Fifth Circuit. *See Robinson*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 29, 2022), ECF 173; *Robinson*, 86 F.4th 574 (5th Cir. 2023). Deny that Districts 5 and 6 "divide Baton Rouge purely based on race." To the extent any further response is required, deny.

33. Deny, except to refer to the map adopted pursuant to S.B. 8 for its contents.

34. The State is without sufficient information to admit or deny the allegations in Paragraph 34 at this time. To the extent a response is required, deny.

35. The State is without sufficient information to admit or deny the allegations in Paragraph 35 at this time. To the extent a response is required, deny.

36. Deny.

37. Deny.

38. Admit that S.B. 8 altered the percentages of voting age populations in each district. To the extent any further response is required, deny.

39. Admit.

40. Admit.

41. Admit the factual information presented in Paragraph 41. Any *characterizations* of the presented information are not factual assertions to which a response is required. To the extent a response to any characterization is required, deny.

42. Admit.

43. Admit the factual information presented in Paragraph 43. Any *characterizations* of the presented information are not factual assertions to which a response is required. To the extent a response to any characterization is required, deny.

44. Admit.

45. Admit.

46. The statement of Senator Womack speaks for itself, therefore no response is required. The State refers to Senator Womack's full statement for its complete and accurate contents. To the extent a response is required, deny.

47. The statement of Senator Womack speaks for itself, therefore no response is required. The State refers to Senator Womack's full statement for its complete and accurate contents. Admit that S.B. 8 contains two majority-Black congressional districts because of the opinions produced by the United States District Court for the Middle District of Louisiana and the United States Court of Appeals for the Fifth Circuit. *See Robinson*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 29, 2022), ECF 173; *Robinson*, 86 F.4th 574 (5th Cir. 2023). To the extent a response is required, deny.

48. Deny.

49. The statements of Senators Womack and Morris speak for themselves, and no response is required. The State refers to Senators Womack and Morris's full statements for their complete and accurate contents. To the extent any response is required, deny.

50. Deny. Senator Womack stated that District 6 "travels up the I-49 corridor[.]" Senate Archive[2], at 9:55–10:00.

51. The statements of Senators Womack and Morris speak for themselves, therefore no response is required. The State refers to Senators Womack and Morris's full statements for their complete and accurate contents. To the extent any response is required, deny.

---

[2] "Senate Archive" refers to Louisiana State Senate, *Senate Chamber 1ES Day 3* (Jan. 17, 2024), https://senate.la.gov/s_video/VideoArchivePlayer.aspx?v=senate/2024/01/011724SCHAMB.

52. The statements of Senators Womack and Morris speak for themselves, therefore no response is required. The State refers to Senators Womack and Morris's full statements for their complete and accurate contents. To the extent any response is required, deny.

53. The statements of Senator Carter and Congressman Carter speak for themselves, therefore no response is required. The State refers to Senator Carter's and Congressman Carter's full statements for their complete and accurate contents. To the extent any response is required, deny.

54. The statement of Senator Jackson speaks for itself, therefore no response is required. The State refers to Senator Jackson's full statement for its complete and accurate contents. To the extent any response is required, deny.

55. The statement of Senator Jackson speaks for itself, therefore no response is required. The State refers to Senator Jackson's full statement for its complete and accurate contents. To the extent any response is required, deny.

56. The statement of Senator Duplessis speaks for itself, therefore no response is required. The State refers to Senator Duplessis's full statement for its complete and accurate contents. To the extent any response is required, deny.

57. The statement of Senator Pressly speaks for itself, therefore no response is required. The State refers to Senator Pressly's full statement for its complete and accurate contents. To the extent any response is required, deny.

58. Admit.

59. Admit.

60. The statement of Representative Beaullieu speaks for itself, therefore no response is required. The State refers to Representative Beaullieu's full statement for its complete and accurate contents. Admit that S.B.8 was sponsored in the House of Representatives by Representative Beaullieu and

that S.B. 8 contains two majority-Black congressional districts because of the opinions produced by the United States District Court for the Middle District of Louisiana and the United States Court of Appeals for the Fifth Circuit. *See Robinson*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 29, 2022), ECF 173; *Robinson*, 86 F.4th 574 (5th Cir. 2023). To the extent any further response is required, deny.

61. The statement of Representative Marcelle speaks for itself, and no response is required. The State refers to Representative Marcelle's full statement for its complete and accurate contents. Admit that S.B. 8 contains two majority-Black congressional districts because of the opinions produced by the United States District Court for the Middle District of Louisiana and the United States Court of Appeals for the Fifth Circuit. *See Robinson*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 29, 2022), ECF 173; *Robinson*, 86 F.4th 574 (5th Cir. 2023). To the extent any further response is required, deny.

62. The statements of Representatives Beaullieu and Amedee speak for themselves, therefore no response is required. The State refers to Representative Beaullieu's and Amedee's full statements for their complete and accurate contents. Admit that S.B. 8 contains two majority-Black congressional districts because of the opinions produced by the United States District Court for the Middle District of Louisiana and the United States Court of Appeals for the Fifth Circuit. *See Robinson*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 29, 2022), ECF 173; *Robinson*, 86 F.4th 574 (5th Cir. 2023). To the extent any further response is required, deny.

63. The statement of Representative Bayham speaks for itself, therefore no response is required. The State refers to Representative Bayham's full statement for its complete and accurate contents. To the extent any response is required, deny.

64. The State lacks information or knowledge sufficient to admit or deny Paragraph 64.

11

65. Admit.

66. Admit.

67. The State lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 67 concerning Representative Willard's statements to the media. Admit that Representative Willard is the chair of the House Democratic Caucus. To the extent any further response is required, deny.

68. The State lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 68, therefore deny.

69. Admit that Congressman Carter held a press conference on January 15, 2024 and that he issued a press release containing the quoted statements. The State refers to the press release for its complete and accurate contents. The State lacks information or knowledge sufficient to admit or deny Paragraph 69's allegations concerning Congressman Carter's purpose in holding the press conference. To the extent any further response is required, deny.

70. The State lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 70, except admit that Congressman Carter currently represents Congressional District 2 and that his statements were read on the Senate floor before the vote for S.B. 8's passage. To the extent further response is required, deny.

71. Admit that the quoted language appears in an article on the Louisiana Illuminator's website. Piper Hutchinson, *'I'm livid': High-profile Democrats clash over Louisiana congressional map*, LA. Illuminator (Jan. 19, 2024), https://lailluminator.com/2024/01/19/im-livid-high-profile-democrats-clash-overlouisiana-congressional-map/. The State refers to Tres Bernhard's full statement for its complete and accurate contents. To the extent any further response is required, deny.

72. Admit.

73. Admit.

74. Admit that S.B. 8 was introduced in the First Extraordinary Session and then was signed by the Governor in eight days. To the extent further response is required, deny.

## COUNT I

75. The State incorporates by reference each of its preceding admissions, denials, and statements as if fully set forth herein.

76. Paragraph 76 states a legal conclusion to which no response is required. To the extent a response is required, deny.

77. Paragraph 77 states a legal conclusion to which no response is required. To the extent a response is required, deny.

78. Paragraph 78 states a legal conclusion to which no response is required. To the extent a response is required, deny.

79. Paragraph 79 states a legal conclusion to which no response is required. To the extent a response is required, deny.

80. Amit that S.B. 8 contains two majority-Black congressional districts because of the opinions produced by the United States District Court for the Middle District of Louisiana and the United States Court of Appeals for the Fifth Circuit. *See Robinson*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 29, 2022), ECF 173; *Robinson*, 86 F.4th 574 (5th Cir. 2023). To the extent further response is required, deny.

81. Deny.

82. Deny.

83. The statements of Senator Womack and Representative Beaullieu speak for themselves, and no response is required. The State refers to Senator Womack and Representative Beaullieu's full

statements for their complete and accurate contents. To the extent any further response is required, deny.

84. The statement of Representative Beaullieu speaks for itself, and no response is required. The State refers to Representative Beaullieu's full statement for its complete and accurate contents. To the extent any further response is required, deny.

85. Admit that S.B. 8 contains two majority-Black congressional districts because of the opinions produced by the United States District Court for the Middle District of Louisiana and the United States Court of Appeals for the Fifth Circuit. *See Robinson*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 29, 2022), ECF 173; *Robinson*, 86 F.4th 574 (5th Cir. 2023). Paragraph 85 states a legal conclusion to which no response is required. To the extent a response to the legal conclusion is required, deny. The statement of Senator Womack speaks for itself, and no response is required. The State refers to Senator Womack's full statement for its complete and accurate contents. To the extent a response is required, deny.

86. Paragraph 86 states a legal conclusion to which no response is required. To the extent a response to the legal conclusion is required, deny. The statement of Senator Womack speaks for itself, and no response is required. The State refers to Senator Womack's full statement for its complete and accurate contents. To the extent any further response is required, deny.

87. Paragraph 87 states a legal conclusion to which no response is required. To the extent a response to the legal conclusion is required, deny. The statements of the referenced Legislators speak for themselves, and no response is required. The State refers to the Legislators' statements for their complete and accurate contents. To the extent any further response is required, deny.

88. Paragraph 88 states a legal conclusion to which no response is required. To the extent a response to the legal conclusion is required, deny. The statements of the referenced Legislators speak

for themselves, and no response is required. The State refers to the Legislators' statements for their complete and accurate contents. To the extent any further response is required, deny.

89. Paragraph 89 states a legal conclusion to which no response is required. To the extent a response to the legal conclusion is required, deny. The statements of the referenced Legislators speak for themselves, and no response is required. The State refers to the Legislators' statements for their complete and accurate contents. To the extent any further response is required, deny.

90. Admit in part that the quoted excerpts appear in the State's Motion in *Robinson*, No. 3:22-cv-00211-SDD-SDJ, ECF 108. Admit that S.B. 8 contains two majority-Black congressional districts because of the opinions produced by the United States District Court for the Middle District of Louisiana and the United States Court of Appeals for the Fifth Circuit. *See Robinson*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 29, 2022), ECF 173; *Robinson*, 86 F.4th 574 (5th Cir. 2023). Paragraph 90 states a legal conclusion to which no response is required. To the extent a response to the legal conclusion is required, deny. To the extent further response is required, deny.

91. Deny.

92. Deny.

93. That the "districts are not compact" is a legal conclusion to which no response is required. To the extent a response is required, deny. The borders of the districts in S.B. 8 are the best evidence of themselves, and the State refers to S.B. 8 for its complete and accurate contents. To the extent any further response is required, deny.

94. Deny.

95. Paragraph 95 states a legal conclusion to which no response is required. To the extent any response is required, deny.

96. Paragraph 96 states a legal conclusion to which no response is required. To the extent any response is required, deny.

97. Admit that S.B. 8 contains two majority-Black congressional districts because of the opinions produced by the United States District Court for the Middle District of Louisiana and the United States Court of Appeals for the Fifth Circuit. *See Robinson*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 29, 2022), ECF 173; *Robinson*, 86 F.4th 574 (5th Cir. 2023). To the extent any further response is required, deny.

98. Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is required, deny.

99. Paragraph 99 contains legal conclusions to which no response is required. To the extent a response is required, deny.

100. Paragraph 100 contains legal conclusions to which no response is required. To the extent a response is required, deny.

101. Paragraph 101 contains legal conclusions to which no response is required. To the extent a response is required, deny.

102. Admit that the quoted excerpts appear in the State's Motion in *Robinson*, No. 3:22-cv-00211-SDD-SDJ, ECF 108. Deny that the State made any legal admission regarding future, nonexistent congressional maps in its April 29, 2022, response brief in opposition to a preliminary injunction. The remainder of Paragraph 102 contains legal conclusions to which no response is required. To the extent a response is required, deny.

103. Paragraph 103 contains legal conclusions to which no response is required. To the extent a response is required, deny.

104. Paragraph 104 contains legal conclusions to which no response is required. To the extent a response is required, deny.

105. Paragraph 105 contains legal conclusions to which no response is required. To the extent a response is required, deny.

106. Paragraph 106 contains legal conclusions to which no response is required. To the extent a response is required, deny.

107. Paragraph 107 contains legal conclusions to which no response is required. To the extent a response is required, deny.

108. Deny.

## COUNT II

109. The State incorporates by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

110. Paragraph 110 contains legal conclusions to which no response is required. To the extent a response is required, deny except to refer to the cited cases and other relevant legal authorities for their complete and accurate contents.

111. Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is required, deny except to refer to the cited cases and other relevant legal authorities for their complete and accurate contents.

112. Paragraph 112 contains legal conclusions to which no response is required. To the extent a response is required, deny.

113. Paragraph 113 contains legal conclusions to which no response is required. To the extent a response is required, deny except to refer to the cited cases and other relevant legal authorities for their complete and accurate contents.

114. Paragraph 114 contains legal conclusions to which no response is required. To the extent a response is required, deny.

115. Paragraph 115 contains legal conclusions to which no response is required. To the extent a response is required, deny.

116. Paragraph 116 contains legal conclusions to which no response is required. To the extent a response is required, deny.

117. Admit that S.B. 8 contains two majority-Black congressional districts because of the opinions produced by the United States District Court for the Middle District of Louisiana and the United States Court of Appeals for the Fifth Circuit. *See Robinson*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. Apr. 29, 2022), ECF 173; *Robinson*, 86 F.4th 574 (5th Cir. 2023). To the extent further response is required, deny.

118. Deny.

119. Paragraph 119 is a legal conclusion to which no response is required. To the extent a response is required, deny.

120. Deny.

## PRAYER FOR RELIEF

To the extent a response is required to Plaintiffs' prayer for relief, it is denied.

## STATE'S AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. Plaintiffs have not been deprived of their federal constitutional rights because S.B. 8 does not violate the United States Constitution.

3. To the extent Plaintiffs seek relief before the next congressional elections in Louisiana, such relief should be denied. *See Purcell v Gonzales*, 549 U.S. 1 (2006).

4. Plaintiffs are unable to establish the elements required for injunctive or declaratory relief.

5. The State reserves the right to amend its defenses and to add additional ones—including lack of subject matter jurisdiction based on standing, mootness, or ripeness—as further information becomes available in discovery or on any other basis permitted by the Federal Rules of Civil Procedure.

## STATE'S PRAYER FOR RELIEF

WHEREFORE the State prays that this Court dismiss Plaintiffs' claims in their entirety, with prejudice.

Dated: February 20, 2024

Respectfully submitted,

Jason B. Torchinsky (DC 976033)*
Phillip M. Gordon (DC 1531277)*
Brennan A.R. Bowen (AZ 036639)*
Holtzman Vogel Baran
Torchinsky & Josefiak, PLLC
15405 John Marshall Highway
Haymarket, VA 20169
(540) 341-8808 phone
(540) 341-8809 fax
jtorchinsky@holtzmanvogel.com
pgordon@holtzmanvogel.com
bbowen@holtzmanvogel.com

*pro hac vice motion forthcoming*

/s/ Morgan Brungard
Morgan Brungard (LSBA No. 40298)
Carey Tom Jones (LSBA No. 07474)
Amanda M. LaGroue (LSBA No. 35509)
Office of the Attorney General
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70802
(225) 326-6000 phone
(225) 326-6098 fax
JonesCar@ag.louisiana.gov
BrungardM@ag.louisiana.gov
LaGroueA@ag.louisiana.gov

*Counsel for Intervenor-Defendant State of Louisiana*

## **CERTIFICATE OF SERVICE**

I do hereby certify that, on this 20th day of February 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

*/s/ Morgan Brungard*
Morgan Brungard