IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PHILLIP CALLAIS, LLOYD PRICE, BRUCE ODELL, ELIZABETH ERSOFF, ALBERT CAISSIE, DANIEL WEIR, JOYCE LACOUR, CANDY CARROLL PEAVY, TANYA WHITNEY, MIKE JOHNSON, GROVER JOSEPH REES, ROLFE MCCOLLISTER,<br><br>Plaintiffs,<br><br>v.<br><br>NANCY LANDRY, in her official capacity as Louisiana Secretary of State,<br><br>Defendant. | CIVIL ACTION NO. 3:24-cv-00122<br><br>**ANSWER TO COMPLAINT** |

Defendant Nancy Landry in her official capacity as Louisiana Secretary of State ("Defendant") answers Plaintiffs' Complaint as follows.

**"Violations of Civil Rights Protected by the Fourteenth and Fifteenth Amendments of the United States Constitution; 42 U.S.C. § 1983;**

**Three-Judge Court Requested Under 28 U.S.C. § 2284**

**I.     Introduction"**

1.     Defendant admits the allegations of paragraph 1.

2.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2.

3.     Defendant admits that paragraph 3 appears to include a picture of the congressional districts established by SB8 and that the shapes of the districts speak for themselves. In all other respects, Defendant denies the allegations of paragraph 3.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.

5. Defendant admits that briefs filed in the case *Robinson v. Ardoin* speak for themselves. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 6.

**"I.     Jurisdiction"**

1. Defendant admits the allegations of paragraph 1.

2. Defendant admits the allegations of paragraph 2.

3. Defendant admits the allegations of paragraph 3.

4. Defendant admits the allegations of paragraph 4.

**"I.     Parties"**

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 6,

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12.

13. Defendant admits that the cases cited by plaintiffs speak for themselves and that paragraph 13 makes legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to forma belief about the truth of the allegations of paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14.

15. Defendant admits that the cases cited by plaintiffs speak for themselves and that paragraph 15 makes legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15.

16.     Defendant admits that the cases cited by plaintiffs speak for themselves and that paragraph 16 makes legal conclusions to which no response is required. In all other respects, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16.

17.     Defendant admits that the cases cited by plaintiffs speak for themselves and that paragraph 17 makes legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17.

18.     Defendant admits that paragraph 18 makes legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18.

19.     Defendant admits that paragraph 19 makes legal conclusions to which no response is required.

"I.     Statement of Facts"

1.     Defendant admits the allegations of paragraph 1.

2.     Defendant admits that under the 2020 decennial census Louisiana's Black Voting Age Population ("BVAP") is 31.25%. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2.

3.     Defendant admits the allegations of paragraph 3.

4.     Defendant admits the allegations of paragraph 4.

5.     Defendant admits that pleadings filed by the Attorney General in the case of *Robinson v. Ardoin* speak for themselves, and that paragraph 5 makes legal conclusions to which

no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5.

6. Defendant admits that SB8 establishes two majority black districts and that paragraph 6 makes legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to forma belief about the truth of the allegations of paragraph 6.

7. Defendant admits that the statute, case, and pleading cited by plaintiffs in paragraph 7 speak for themselves and that paragraph 7 makes legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7.

8. Defendant admits that the pleading cited in paragraph 8 speaks for itself and that paragraph 8 makes legal conclusions to which no response is required. In all other respects, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9.

10. Defendant admits the allegations of paragraph 10 and that the preliminary injunction granted by the United States District Court for the Middle District of Louisiana was vacated by the Fifth Circuit.

11. Defendant admits the allegations of paragraph 11.

12. Defendant admits the allegations of paragraph 12.

13. Defendant admits the allegations of paragraph 13.

14. Defendant admits that any statements by Governor Landry speak for themselves. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14.

15. Defendant admits the allegations of paragraph 15.

16. Defendant admits the allegations of paragraph 16.

17. Defendant admits the allegations of paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18.

19. Defendant admits that paragraph 19 appears to include a map of the congressional districts established by SB8.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21.

22. Defendant lacks knowledge or information sufficient to from a belief about the truth of the allegations of paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23.

24. Defendant admits that Baton Rouge and Shreveport are roughly 250 miles apart. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26.

27. Defendant admits the allegations of paragraph 27.

28. Defendant admits the allegations of paragraph 28.

29. Defendant admits that SB8 establishes 4 majority white districts. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29.

30. Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 30.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 31.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 32.

33. The locations of district lines for Congressional Districts 4 and 6 as established by SB8 is a matter of public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 33.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 34.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 35.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 36.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 37.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 38.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 39.

40. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 40.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 41.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 42.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 43.

44. Defendant admits the allegations of paragraph 44.

45. Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 45.

46. Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 46.

47. Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 47.

48. Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 48.

49. Defendant admits that the legislative record for SB8 is a matter of public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 49.

50. Defendant admits that the legislative record for SB8 is a matter of public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 50.

51. Defendant admits that the legislative record for SB8 is a matter of public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 51.

52. Defendant admits that the legislative record for SB8 is a matter of public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 52.

53. Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 53.

54.     Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 54.

55.     Defendant admits that the legislative record foe SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 55.

56.     Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the allegations of paragraph 56.

57.     Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation of paragraph 57.

58.     Defendant admits the allegations of paragraph 58.

59.     Defendant admits the allegations of paragraph 59.

60.     Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 60.

61.     Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 61.

62.     Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 62.

63. Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 63.

64. Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 64.

65. Defendant admits the allegations of paragraph 65.

66. Defendant admits the allegations of paragraph 66.

67. Defendant admits that the statements cited in paragraph 67 speak for themselves. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 67.

68. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 68.

69. Defendant admits that the statements cited in paragraph 69 speak for themselves. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 69.

70. Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 70.

71. Defendant admits that the statement cited in paragraph 71 speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 71.

72. Defendant admits the allegations of paragraph 72.

73. Defendant admits the allegations of paragraph 73.

74. Defendant admits the allegations of paragraph 74.

**"Count I: Racial Gerrymandering in Violation of the Fourteenth Amendment"**

75. Defendant incorporates and realleges her responses to the above paragraphs.

76. Defendant admits that the constitutional provisions cited in paragraph 76 speak for themselves. In all other respects, Defendant denies the allegations of paragraph 76.

77. Defendant admits that the case cited in paragraph 77 speaks for itself and that paragraph 76 makes legal conclusions to which no response is required. In all other respects, Defendant denies the allegations of paragraph 77.

78. Paragraph 78 makes legal conclusions to which no response is required. In all other respects, Defendant denies the allegations of paragraph 78.

79. Defendant admits that the case cited in paragraph 79 speaks for itself and that paragraph 79 makes legal conclusions to which on response is required. In all other respects, Defendant denies the allegations of paragraph 79.

80. Paragraph 80 makes legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 80.

81. Paragraph 81 makes legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 81.

82. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 82.

83. Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 83.

84. Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 84.

85. Defendant admits that the case cited in paragraph 85 speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 85.

86. Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 86.

87. Defendant admits that the cases cited in paragraph 87 speak for themselves and that paragraph 87 makes legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 87.

88. Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 88.

89. Defendant admits that the legislative record for SB8 is a public record which speaks for itself. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 89.

90. Defendant admits that statements made in pleadings filed in the case of *Robinson v. Ardoin* and the case cited by plaintiffs speak for themselves. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 90.

91. Paragraph 91 makes legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 91.

92. Defendant admits that the cases cited by plaintiffs speak for themselves and that paragraph 92 makes legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 92.

93. Defendant admits that the cases cited by plaintiffs speak for themselves and that paragraph 93 make legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 93.

94. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 94.

95. Defendant admits that the case cited by plaintiffs speaks for itself and that paragraph 95 makes legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 95.

96. Defendant admits that the cases cited by plaintiffs speak for themselves. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 96.

97. Paragraph 97 makes legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 97.

98. Defendant admits that the case cited by plaintiffs speaks for itself and that paragraph 98 makes legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 98.

99. Defendant admits that the statute and case cited by plaintiffs speak for themselves and that paragraph 99 makes legal conclusions to which no response is required.

100. Defendant admits that the cases cited by plaintiffs speak for themselves and that paragraph 100 makes legal conclusions to which no response is required.

101. Defendant admits that the statute and case cited by plaintiffs speak for themselves and that paragraph 101 makes legal conclusions to which no response is required. In all other respects, Defendant denies the allegations of paragraph 101.

102. Defendant admits that pleadings from the case of *Robinson v. Ardoin* and the case cited by plaintiffs speak for themselves and that paragraph 102 makes legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 102.

103. Defendant admits that the legislative record for SB8 is a public record which speaks for itself and that paragraph 103 makes legal conclusions to which no response is required. In all

other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 103.

104. Defendant admits that the case cited by plaintiffs speaks for itself and that paragraph 104 makes legal conclusions for which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 104.

105. Defendant admits that the case cited by plaintiffs speaks for itself and that paragraph 105 makes legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 105.

106. Defendant admits that the cases cited by plaintiffs speak for themselves and that paragraph 106 makes legal conclusions for which no response is required. In all other respects, Defendant lacks knowledge or information sufficient t0o form a belief about the truth of the allegations of paragraph 106.

107. Defendant admits that the cases cited by plaintiffs speak for themselves and that paragraph 107 makes legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 107.

108. Defendant denies the allegations of paragraph 108.

**"Count II: Plaintiffs' Votes Are Abridged in Violation of the Fourteenth and Fifteenth Amendments"**

109. Defendant incorporates and realleges her responses to the above paragraphs.

110. Defendant admits that the constitutional provisions and cases cited by plaintiffs speak for themselves and that paragraph 110 makes legal conclusions to which no response is required.

111. Defendant admits that the case cited by plaintiffs speaks for itself and that paragraph 111 makes legal conclusions to which no response is required. In all other respects, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 111.

112. Defendant admits that the case cited by plaintiffs speaks for itself and that paragraph 112 makes legal conclusions to which no response is required. In all other respects, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 112.

113. Defendant admits that the constitutional provision and cases cited by plaintiffs speak for themselves and that paragraph 113 makes legal conclusions to which no response is required. In all other respects, Defendant denies the allegations of paragraph 113.

114. Defendant admits that the case cited by plaintiffs speaks for itself and that paragraph 114 makes legal conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 114.

115. Defendant admits that the cases cited by plaintiffs speak for themselves and that paragraph 115 makes legal conclusions to which no response is required. In all other respects, Defendant denies the allegations of paragraph 115.

116. Defendant admits that the cases cited by plaintiffs speak for themselves, that SB8 establishes two majority black congressional districts, and that paragraph 116 makes legal

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd of February, 2024 the foregoing document was filed via the Court's CM/ECF system which sent notice of the same to all counsel of record in this matter.

/s/ John C. Walsh
John C. Walsh (Louisiana Bar Roll No. 24903)
john@scwllp.com
**SHOWS, CALI & WALSH, L.L.P.**
P.O. Box 4046
Baton Rouge, LA 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-5561

Phillip J. Strach* (Lead Counsel)
phillip.strach@nelsonmullins.com
Thomas A. Farr*
tom.farr@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799

*Admitted Pro Hac Vice*

*Counsel for Defendant NANCY LANDRY, in her official capacity as Louisiana Secretary of State*

4863-4228-9061

Phillip J. Strach* (Lead Counsel)
phillip.strach@nelsonmullins.com
Thomas A. Farr*
tom.farr@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799

*Admitted Pro Hac Vice*

*Counsel for Defendant NANCY LANDRY, in her official capacity as Louisiana Secretary of State*

conclusions to which no response is required. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 116.

117. Defendant denies the allegations of paragraph 117.

118. Defendant admits that the case cited by plaintiffs speaks for itself and that SB8 created two majority black congressional districts. In all other respects, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 118.

119. Paragraph 119 makes legal conclusions to which no response is required. In all other respects, Defendant denies the allegations of paragraph 110.

120. Defendant denies the allegations of paragraph 120.

## "Prayer for Relief"

Defendant denies that Plaintiffs are entitled to any relief and requests that Plaintiffs' Complaint be dismissed with prejudice, and that Defendant be awarded her costs.

## AFFIRMATIVE DEFENSE

It is presumed that the legislature acted in good faith and that SB8 is constitutional. Defendant is bound to administer elections under SB8 and intends to do so unless and until this court or any other court of competent jurisdiction enjoins its enforcement.

Respectfully submitted this the 22nd day of February, 2024.

By: /s/ John C. Walsh
John C. Walsh (Louisiana Bar Roll No. 24903)
john@scwllp.com
**SHOWS, CALI & WALSH, L.L.P.**
P.O. Box 4046
Baton Rouge, LA 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-5561

18