UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **PHILLIP CALLAIS, et al** | **CIVIL DOCKET NO. 3:24-CV-00122-DCJ-CES-RRS** |
| **VERSUS** | |
| **NANCY LANDRY, in her official capacity as Louisiana Secretary of State** | **THREE-JUDGE COURT** |

## ORDER

Before the Court is a MOTION TO INTERVENE [Doc. 10] filed by Edward Galmon, Sr., Ciara Hart, Norris Henderson, and Tramelle Howard (collectively, the "*Galmon* movants") on February 6, 2024, and a MOTION TO INTERVENE AS DEFENDANTS AND TRANSFER[1] [Doc. 18] filed by Press Robinson, Edgar Cage, Dorothy Nairne, Edwin Rene Soule, Alice Washington, Clee Earnest Lowe, Davante Lewis, Martha Davis, Ambrose Sims, the National Association for the Advancement of Colored People Louisiana State Conference ("LA NAACP"), and the Power Coalition for Equity and Justice (collectively, the "*Robinson* movants") on February 7, 2024.[2] Plaintiffs, Phillip Callais, Lloyd Price, Bruce Odell, Elizabeth Ersoff, Albert Caissie, Daniel Weir, Joyce LaCour, Candy Carroll Peavy, Tanya Whitney, Mike Johnson, Grover

---

[1] In their Reply brief, the *Robinson* movants respectfully withdrew their Motion to Transfer. [Doc. 76, p. 2].

[2] Both sets of movants were parties to a suit in the Middle District, *Robinson v. Ardoin*, No. 3:22-cv-02111-SDD-SDJ, in which parties litigated whether HB1, a prior iteration of Louisiana's Congressional districting map, violated Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301.

Joseph Rees, and Rolfe McCollister (collectively, the "*Callais* plaintiffs") oppose the Motions. [Doc. 33].

Additionally, before the Court is an unopposed Motion to Intervene filed by the State of Louisiana, by and through its Attorney General, Elizabeth Murrill, on February 20, 2024. [Doc. 53].

I. **Motions to Intervene**

   a. **Legal Standard**

All movants claim that intervention as a matter of right is proper under Federal Rule of Civil Procedure 24(a) or in the alternative, permissive intervention under Federal Rule of Civil Procedure 24(b) is appropriate.

Federal Rule of Civil Procedure 24(a) provides that on "timely motion" the court must permit intervention by anyone who is either: (1) given an unconditional right to intervene by federal statute; or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." To intervene as a matter of right under Rule 24(a)(2), a proposed intervenor must meet the following four requirements:

> (1) The application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

Page **2** of **9**

*New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (quoting *International Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978). The applicant must satisfy each factor in order to show a right to intervene. *Guenther v. BP Retirement Accumulation Plan*, 50 F.4th 536, 542-43 (5th Cir. 2022). The inquiry under Rule 24(a)(2) "is a flexible one, which focuses on the particular facts and circumstances surrounding each application," and "intervention of right must be measured by a practical rather than technical yardstick." *Edwards v. City of Hous.*, 78 F.3d 983, 999 (5th Cir.1996).

Federal Rule of Civil Procedure Rule 24(b) provides that a "court may permit anyone to intervene who: … has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention is "wholly discretionary with the [district] court … even though there is a common question of law or fact, or the requirements for Rule 24(b) are otherwise satisfied. *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987); s*ee also United States v. Texas E. Transmission Corp.*, 923 F.2d 410, 416 (5th Cir. 1991); s*ee also New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir.1984) (en banc) (quoting Wright & Miller, Federal Practice and Procedure: Civil § 1913 at 551 (1972)), *cert. denied*, 469 U.S. 1019, 105 S. Ct. 434, 83 L.Ed.2d 360 (1984). In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). In reviewing a motion for permissive intervention, a court can weigh, among other things, "whether the intervenors' interests are adequately represented by other

parties" and whether they "will significantly contribute to full development of the underlying factual issues in the suit." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984).

   **b. Analysis**

   **i.  *Robinson* Movants**

In regard to the *Robinson* movants, the Court finds that the first three factors required for intervention as a matter of right are met and that the only factor at issue is the fourth factor – the adequacy of representation. "The applicant has the burden of demonstrating inadequate representation, but this burden is 'minimal.'" *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir.2014) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir.1994)). The applicant's burden is satisfied if he shows that the existing representation "may be inadequate;" the showing "need not amount to certainty." *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 535, 543 (5th Cir. 2022).

However, the burden "cannot be treated as so minimal as to write the requirement completely out of the rule." *Haspel & Davis Milling & Planting Co. v. Bd. Of Levee Commissioners of The Orleans Levee Dist. & State of Louisiana*, 493 F.3d 570, 578 (5th Cir. 2007). A movant must overcome two presumptions so that this requirement "ha[s] some teeth." *Brumfield*, 749 F.3d at 345. The first only arises if "one party is a representative of the absentee by law" — which is inapplicable to this case. *Id.* The second "arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Id.* To overcome this presumption, the movant must establish "adversity of interest, collusion, or nonfeasance on the part of the

existing party." *Id.* An intervenor shows adversity of interest if it demonstrates that its interests "diverge from the putative representative's interests in a manner germane to the case." *Guenther,* 50 F.4th at 543. Differences of opinion regarding an existing party's litigation strategy or tactics used in pursuit thereof, without more, do not rise to an adversity of interest. *Lamar v. Lynaugh*, 12 F.3d 1099, 1099 n.4 (5th Cir. 1993) (per curiam); *accord SEC v. LBRY, Inc.*, 26 F.4th 96, 99–100 (1st Cir. 2022) ("A proposed intervenor's desire to present an additional argument or a variation on an argument does not establish inadequate representation."); *United States v. City of New York*, 198 F.3d 360, 367 (2d Cir. 1999); *United States v. Territory of Virgin Islands*, 748 F.3d 514, 522 (3d Cir. 2014); *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987); *Jenkins by Jenkins v. Missouri*, 78 F.3d 1270, 1275 (8th Cir. 1996) ("A difference of opinion concerning litigation strategy or individual aspects of a remedy does not overcome the presumption of adequate representation.")

Here, the second presumption applies. In this case, the Secretary of State is sued in her official capacity, thus the State through the Attorney General is implicated as well. Broadly, the Attorney General's job is to represent the State of Louisiana in lawsuits and defend the laws of the state – that is the oath she made to the state and what she was elected by the citizens of Louisiana to do. In this case, the State must defend SB8 as a constitutionally drawn Congressional redistricting map. This is the same ultimate objective movants would have and interest they would defend at this stage of the proceedings. Further, at this time, the Court finds no indication of the likelihood of collusion or nonfeasance on behalf of the State.

Because they failed to establish adversity of interest, collusion, or nonfeasance on the part of the State at this time, movants have not overcome the second presumption of adequate representation. Therefore, the Court does not find grounds for intervention as a matter of right under Rule 24(a) and turns to whether the *Robinson* movants may intervene under Rule 24(b) permissive intervention.

Permissive intervention is a two-stage process. First, the district court must decide whether "the applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). If this threshold requirement is met, the court must then exercise its discretion in deciding whether intervention should be allowed. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977).

To be clear – SB8 is not the Congressional districting map of the proposed *Robinson* and *Galmon* intervenors. It is the Congressional districting map of the State of Louisiana – passed by both Houses of the Louisiana Legislature and signed into law by the Governor. The *Robinson* and *Galmon* movants have neither a greater nor lesser interest in ensuring that this map does not run afoul of the 14th Amendment to the United States Constitution than any other citizen of the State of Louisiana. However, the Court does agree with movants' contention that they have an interest in furthering their litigation objectives when, or if, the litigation enters any remedial phase. A remedial phase would implicate the main objective movants fought for in the *Robinson* case, two Black-majority Congressional districts as they allege is required by the Voting Rights Act and provide an opportunity to introduce the same or similar evidence and maps as in that case.

Imposing reasonable conditions on intervention is a "firmly established principle" in the federal courts. *Beauregard, Inc. v. Sword Servs., LLC*, 107 F.3d 351, 352-53 (5th Cir. 1997); s*ee also Stringfellow*, 480 U.S. at 378 (limitations upon intervention do not constitute a denial of the right to participate). It is undisputed that virtually any condition may be attached to a grant of permissive intervention. *Beauregard, Inc.,* 107 F.3d at 353 (5th Cir. 1997); *cf. United Nuclear Corp. v. Cranford Ins. Co.,* 905 F.2d 1424 (10th Cir.1990); *Fox v. Glickman Corp.,* 355 F.2d 161, 164 (2d Cir.1965); Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d, § 1913, § 1922 (1986) ("Since the court has discretion to refuse intervention altogether, it also may specify the conditions on which it will allow the applicant to become a party."). Thus, the Court grants the *Robinson* movants' motion to intervene for the limited purpose of partaking in the remedial phase of trial, should the case advance to such stage. The Court will allow the *Robinson* movants to be present at all hearings, and movants may seek reconsideration of this ruling if they can establish adversity or collusion by the State.

### ii. *Galmon* Movants

The *Galmon* movants' motion merits the same analysis as the *Robinson* movants. However, since the Court is allowing the *Robinson* movants to intervene, albeit in a limited role, the Court does not find it necessary to also allow the *Galmon* movants to intervene. Their interests and objectives will be adequately represented by the *Robinson* movants. Further, the *Robinson* movants constitute the plaintiffs in the lead case of *Robinson v. Ardoin*, No. 3:22-cv-02111-SDD-SDJ, with which the suit

filed by the *Galmon* plaintiffs was consolidated. Ultimately, because their interests will be adequately represented by the *Robinson* intervenors in any remedial phase, the Court denies the *Galmon* movants' motion to intervene.

### iii. State of Louisiana

Lastly, as stated above, SB8, the map challenged by plaintiffs in this suit, was formulated and passed by the Louisiana Legislature and signed into law by the Governor. The State of Louisiana clearly has a compelling interest in defending the Congressional redistricting map formulated and passed by its own legislators, alongside its Secretary of State, in her official capacity. Therefore, the State's unopposed Motion to Intervene is granted. The Secretary of State and the State of Louisiana, as defendants, shall confer with each other to consolidate their briefings so as to avoid duplicative arguments. *See WildEarth Guardians v. Jewell*, 320 F.R.D. 1,6, 96 Fed. R. Serv. 3d 1469 (D.D.C. 2017) (allowing Colorado, Wyoming, and Utah to intervene as defendants in an action regarding the approval of oil and gas leases on public lands, but limiting the length of Colorado and Utah's briefing in phase of litigation involving leases in Wyoming, and directing the states to "confer with one another to consolidate their briefing and avoid duplicative arguments"); s*ee also Fisher-Borne v. Smith*, 14 F. Supp. 3d 699, 710, 89 Fed. R. Serv. 3d 1676 (M.D. N.C. 2014 (limiting potential pleadings of proposed intervenors).

## II. Conclusion

Accordingly,

IT IS HEREBY ORDERED that the *Robinson* movants' Motion to Intervene [Doc. 18] is GRANTED but limited only to the remedial phase, if one is needed, later in this suit, and the *Galmon* movants' Motion to Intervene [Doc. 10] is DENIED.

IT IS FURTHER ORDERED that the State of Louisiana's Motion to Intervene [Doc. 53] is GRANTED.

THUS, DONE AND SIGNED on this 26th day of February 2024.

/s/ Carl E. Stewart
CARL E. STEWART
CIRCUIT JUDGE
UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

ROBERT S. SUMMERHAYS
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF LOUISIANA

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF LOUISIANA