# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF LOUISIANA, MONROE DIVISION

| | |
|---|---|
| PHILLIP CALLAIS, LLOYD PRICE, BRUCE ODELL, ELIZABETH ERSOFF, ALBERT CAISSIE, DANIEL WEIR, JOYCE LACOUR, CANDY CARROLL PEAVY, TANYA WHITNEY, MIKE JOHNSON, GROVER JOSEPH REES, ROLFE MCCOLLISTER, <br><br> *Plaintiffs*, <br><br> v. <br><br> NANCY LANDRY, in her official capacity as Secretary of State for Louisiana, <br><br> *Defendant*. | Civil Action No. 3:24-cv-00122 <br><br> Judge David C. Joseph <br><br> Circuit Judge Carl E. Stewart <br><br> Judge Robert R. Summerhays |

**MEMORANDUM IN SUPPORT OF REQUEST FOR
LEAVE TO FILE AMICUS BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

*Robinson* plaintiffs Press Robinson, Edgar Cage, Dorothy Nairne, Edwin Rene Soule, Alice Washington, Clee Earnest Lowe, Davante Lewis, Martha Davis, Ambrose Sims, National Association for the Advancement of Colored People Louisiana State Conference ("Louisiana NAACP"), and Power Coalition for Equity and Justice (collectively, the "Proposed Amici"), by and through undersigned counsel, respectfully request permission to file an Amicus Brief in Opposition to Plaintiffs' Motion for a Preliminary Injunctive Relief.  Proposed Amici's brief is attached as Exhibit A.

## BACKGROUND

The Proposed Amici are Black Louisiana voters and civil rights organizations that are currently parties in the pending action of *Robinson* v. *Landry*, No. 3:22-cv-02111-SDD-SDJ (M.D. La.), which involves claims asserted under Section 2 of the Voting Rights Act. Proposed Amici previously sought leave to intervene in these proceedings on the grounds that they have strong interests in defending the *Robinson* court's "core factual findings and legal conclusions" and ensuring that "a map with a second congressional district in which Black voters have an opportunity to elect the candidate of their choice remains in place for the 2024 congressional election." Mot. to Intervene, ECF No. 18, at 7.

This Court granted the Motion to Intervene in part—permitting intervention if and when the litigation enters any remedial phase—and denied it in part—declining to permit movants to participate in the merits phase. *See* Intervention Order, ECF No. 79, at 6. In so holding, the Court recognized that Proposed Amici had the requisite interest in the subject of the action and that disposition of the action may "impair or impede" Proposed Amici's ability to protect that interest. *Id.* at 2. The Court denied the Motion to Intervene solely on the ground that the interest of the Proposed Amici would be adequately defended by the Secretary of State and Attorney General.

Proposed Amici respectfully request leave to file an amicus brief in opposition to Plaintiffs' motion for a preliminary injunction to assist this Court in its analysis of the issues presented, and in particular to address the interaction between Section 2 of the Voting Rights Act and Plaintiffs' constitutional claims. District courts regularly grant motions for amicus participation in voting rights cases raising similarly complex legal and factual issues. Here, Proposed Amici bring the unique perspective of litigants in a recent challenge to a Louisiana congressional map on the ground that it violated Section 2 of the Voting Rights Act, and are likely to highlight evidence in

the record and present legal arguments that differ from the other litigants in these proceedings. Proposed Amici have attempted to obtain consent from all parties in this action. Plaintiffs and the Defendant-Intervenor State of Louisiana do not oppose the motion, and the Defendant Secretary of State had not responded with a position at the time of filing.

## ARGUMENT

District courts have broad inherent authority to appoint or deny amici. *See Waste Mgmt. of Pennsylvania, Inc.* v. *City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995). Amicus briefs are normally allowed when, among other grounds, "the amicus has unique information or perspective that can help the Court beyond the help that lawyers for the parties are able to provide." *Hard Drive Prods., Inc.* v. *Doe*, 892 F. Supp. 2d 334, 337 (D.D.C. 2012) (citation and internal quotation marks omitted). Amicus briefs are regularly permitted in complex voting rights cases like the proceedings before the Court. *See, e.g.*, *Clark* v. *Roemer*, 751 F. Supp. 586, 587 (M.D. La. 1990) (three-judge court permitting four amici), *rev'd on other grounds*, 500 U.S. 646 (1991); *Alpha Phi Alpha Fraternity* v. *Raffensperger*, 587 F. Supp. 3d. 1222, 1238–39 nn.2, 4 (N.D. Ga. Feb. 28, 2022) (granting leave to two amici); *Democratic Nat'l Comm.* v. *Bostelmann*, 488 F. Supp. 3d 776, 799 n.17, 816–17 (W.D. Wis. 2020) (two proposed amici each had "a unique perspective, or information, that can assist the court" (citing *Nat'l Org. for Women, Inc.* v. *Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000))).

*Terrebonne Parish Branch NAACP* v. *Jindal* is particularly instructive. Civ. Action No. 14-69, 2016 WL 2743525, at *6 (M.D. La. May 11, 2016). There, the district court denied a motion by the Terrebonne Parish Consolidated Government to intervene, but granted the movant leave to file an amicus brief instead. The court held that the proposed intervenor "merely underlines issues of law already raised by the primary parties" and therefore can "contribute

3

usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention." *Id.* (quoting *Bush* v. *Viterna*, 740 F.2d 350, 359 (5th Cir. 1984)).

The grounds for amicus participation are even stronger here than in *Terrebonne Parish Branch NAACP* v. *Jindal*. The brief of Proposed Amici will provide the Court with the specialized perspective of litigants who have actively and successfully pursued claims under Section 2 of the Voting Rights Act ("VRA") in a challenge to the previously enacted congressional map, HB1. Proposed Amici will show that the Legislature had a strong basis in evidence, based on the robust record Proposed Amici built in *Robinson*, for creating a second district to provide Black Louisianans an opportunity to elect candidates of their choice and that, based on the legislative record supporting SB8, consideration of politics, not race, led to SB8's final district configuration. The litigation and legislative record further demonstrate, as Proposed Amici will argue, that race did not predominate in the creation of SB8, and that in any event consideration of race was amply justified under well-settled law by the State's compelling interest in compliance with the VRA and the rulings of two federal courts. Proposed Amici will therefore explain why, based on this record, the Plaintiffs are unlikely to prevail on their Fourteenth and Fifteenth Amendment claims.

Proposed Amici expect that their submission will offer useful and meaningfully different merits arguments from those of the other litigants in this case. Proposed Amici contend, on the basis of extensive factual and legal support, that alternatives to SB8 that include only a single majority-Black district are likely to violate the Voting Rights Act. The other parties are unlikely to provide extensive argumentation on this point. Indeed, both Defendant Secretary of State and Defendant-Intervenor State of Louisiana were adverse to the Proposed Amici in the long-running prior litigation. The State has spent two years litigating against Proposed Amici to resist a map with two majority-Black districts and Governor Landry has made clear that the State adopted SB8

only after "exhaust[ing] ALL legal remedies."[1]  Moreover, as of this filing, the Secretary of State has filed a summary response to the Plaintiffs' preliminary injunction motion that does not engage with Plaintiffs' arguments in support of a preliminary injunction and that expressly takes no position on whether a preliminary injunction should be granted.  *See* Defs.' Resp. to Pls.' Preliminary Injunction Mot., ECF No. 82.

## CONCLUSION

For the reasons set out above, Proposed Amici respectfully request leave to file an amicus brief in opposition to Plaintiffs' motion for a preliminary injunction in the form submitted herewith as Exhibit A.

DATED:  February 27, 2024                                Respectfully submitted,

By: /s/ *Tracie L. Washington*                          By: /s/ *John Adcock*
Tracie L. Washington                                    John Adcock
LA. Bar No. 25925                                       Adcock Law LLC
Louisiana Justice Institute                             3110 Canal Street
8004 Belfast Street                                     New Orleans, LA 70119
New Orleans, LA 70125                                   Tel: (504) 233-3125
Tel: (504) 872-9134                                     jnadcock@gmail.com
tracie.washington.esq@gmail.com

*Counsel for Proposed Amici Dorothy*                    *Counsel for Proposed Amici*
*Nairne, Martha Davis, Clee Earnest*
*Lowe, and Rene Soule*

---

[1] Office of the Governor, *Governor Jeff Landry Opens First Special Session on Court Ordered Redistricting* (Jan. 16, 2024), https://gov.louisiana.gov/news/governor-jeff-landry-opens-first-special-session-on-court-ordered-redistricting (asking the Louisiana Legislature to enact a new congressional map to avoid a map drawn "by some heavy-handed member of the Federal Judiciary").

Stuart Naifeh (admitted pro hac vice)
Kathryn Sadasivan (admitted pro hac vice)
Victoria Wenger (admitted pro hac vice)
NAACP Legal Defense and
    Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
snaifeh@naacpldf.org
ksadasivan@naacpldf.org
vwenger@naacpldf.org

R. Jared Evans
LA. Bar No. 34537
I. Sara Rohani (admitted pro hac vice)
NAACP Legal Defense and Educational Fund, Inc.
700 14th Street N.W. Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
jevans@naacpldf.org
srohani@naacpldf.org

Sarah Brannon (pro hac vice forthcoming)
Megan C. Keenan (pro hac vice forthcoming)
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

Nora Ahmed
NY Bar No. 5092374 (pro hac vice forthcoming)
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org

Robert A. Atkins (admitted pro hac vice)
Yahonnes Cleary (admitted pro hac vice)
Jonathan H. Hurwitz (admitted pro hac vice)
Amitav Chakraborty (admitted pro hac vice)
Adam P. Savitt (admitted pro hac vice)
Arielle B. McTootle (admitted pro hac vice)
Robert Klein (admitted pro hac vice)
Neil Chitrao (admitted pro hac vice)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue Of The Americas
New York, NY 10019
Tel.: (212) 373-3000
Fax: (212) 757-3990
ratkins@paulweiss.com
ycleary@paulweiss.com
jhurwitz@paulweiss.com
achakraborty@paulweiss.com
asavitt@paulweiss.com
amctootle@paulweiss.com
rklein@paulweiss.com
nchitrao@paulweiss.com

Sophia Lin Lakin (pro hac vice forthcoming)
Dayton Campbell-Harris (pro hac vice forthcoming)*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org

T. Alora Thomas-Lundborg (pro hac vice forthcoming)
Daniel Hessel (admitted pro hac vice)
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
(617) 495-5202
tthomaslundborg@law.harvard.edu
dhessel@law.harvard.edu

*Additional counsel for Proposed Amici*

*Practice is limited to federal court.

6

## CERTIFICATE OF SERVICE

I, John Adcock, counsel for Proposed Amici, hereby certify that on February 27, 2024, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and that service will be provided through the CM/ECF system.

By: */s/ John Adcock*
John Adcock
Adcock Law LLC
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
jnadcock@gmail.com


*Counsel for Proposed Amici*