IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA—MONROE DIVISION

| | |
|---|---|
| PHILLIP CALLAIS, LLOYD PRICE, BRUCE ODELL, ELIZABETH ERSOFF, ALBERT CAISSIE, DANIEL WEIR, JOYCE LACOUR, CANDY CARROLL PEAVY, TANYA WHITNEY, MIKE JOHNSON, GROVER JOSEPH REES, ROLFE MCCOLLISTER, <br><br>*Plaintiffs,* <br><br>v. <br><br>NANCY LANDRY, in her official capacity as Secretary of State of Louisiana, <br><br>*Defendant.* | Case No. 3:24-cv-00122-DCJ-CES-RRS <br><br>District Judge David C. Joseph <br>Circuit Judge Carl E. Stewart <br>District Judge Robert R. Summerhays <br><br>Magistrate Judge Kayla D. McClusky |

**THE STATE OF LOUISIANA'S RESPONSE TO *GALMON* MOVANTS' MOTION TO RECONSIDER ORDER DENYING INTERVENTION**

The State of Louisiana opposes the *Galmon* Movants' Motion to Reconsider Order Denying Intervention ("Motion for Reconsideration"). *See* ECF No. 96. The State, however, does not oppose the *Galmon* Movants' Motion to Expedite the briefing on their Motion for Reconsideration, *see* ECF No. 100, and therefore submits this opposition in accordance with their requested briefing schedule.

"While the court has broad discretion to decide a Rule 54(b) motion to reconsider and the standard imposed is less exacting, courts consider factors that inform the Rule 59 and Rule 60 analysis." *Adams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada, Local 198*, 495 F. Supp. 3d 392, 395 (M.D. La. 2020). Those factors include whether (1) "the judgment is based upon a manifest error of fact or law"; (2) "newly discovered or previously unavailable

1

evidence exists"; (3) "the initial decision was manifestly unjust"; (4) "counsel engaged in serious misconduct"; and (5) "an intervening change in law alters the appropriate outcome." *Id.* The *Galmon* Movants neither list, nor allege the final two factors. *See* ECF No. 96-1 at 5.

Because "a motion for reconsideration is an extraordinary remedy [that] should be used sparingly in the interest of finality and conservation of judicial resources, . . . 'rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration.'" *Adams*, 495 F. Supp. 3d at 395 (quoting *Broyles v. Cantor Fitzgerald & Co.*, No. 10-854, 2015 U.S. Dist. LEXIS 13803, 2015 WL 500876, at *1 (M.D. La. Feb. 5, 2015)). The *Galmon* Movants' have presented no such substantial reasons for reconsideration here.

In their Motion for Reconsideration, the *Galmon* Movants ostensibly request relief under Rule 24(a)(2) (intervention by right) and Rule 24(b) (permissive intervention), but they only brief Rule 24(a)(2), *see generally* EFC No. 96-1, and the State responds in kind. The *Galmon* Movants' failure to raise any new arguments under Rule 24(b) warrants automatic denial of their request for permissive intervention. *See Adams*, 495 F. Supp. 3d at 396 ("The court should deny a motion for reconsideration when the movant rehashes legal theories and arguments that were raised or could have been raised before the entry of the judgment.").

Under Rule 24(a)(2), a party is entitled to intervention if (1) "application for intervention [is] timely; (2) the applicant has "an interest relating to the property or transaction which is the subject of the action"; (3) the applicant is "situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect

that interest:" and (4) the applicants interests are "inadequately represented by the existing parties to the suit." *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022) (citation omitted). Because the Court previously ruled against the *Galmon* Movants on the fourth factor, *see* ECF No 79 at 4–7, they now ask the Court to reconsider whether the State can adequately represent their interests. ECF No. 9-1 at 5–6. It has, can, and will.

The Court should deny the Motion for Reconsideration because the State adequately represents the interests of the *Galmon* Movants. As this Court explained when it denied *Galmon* Movants' Motion to Intervene, the State has a constitutional obligation to defend its laws. *See* ECF No. 79 at 5. And Court correctly found that the *Galmon* Movants and the State have the "same ultimate objective." *See* ECF No. 79 at 4–5, 7 (citing *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014)).

Because the Court found that the *Galmon* Movants and the State of Louisiana share the "same ultimate objective," it ruled that *Galmon* Movants "must establish adversity of interest, collusion, or nonfeasance on the part of the existing party." ECF No. 79 at 4–5 (citation omitted) (internal quotation marks omitted). But it explained that "[d]ifferences of opinion regarding an existing party's litigation strategy or tactics used in pursuit thereof, without more, do not rise to an adversity of interest." *See* ECF No. 79 at 5 (citing unpublished per curiam opinion); *accord SEC v. LBRY, Inc.*, 26 F.4th 96, 99–100 (1st Cir. 2022) ("A proposed intervenor's desire to present an additional argument or a variation on an argument does not establish inadequate representation.")).

3

The *Galmon* Movants do not argue that the State has not defended SB 8 but instead take issue with *how* the State is choosing to defend it.[1] *See, e.g.*, ECF No. 86 at 9 (agreeing with the State "that the Legislature's racial motivations survive constitutional scrutiny," but contending that the *Galmon* Movants would make additional arguments and that this difference somehow "leaves the *Galmon* [M]ovants' interests vulnerable"). In essence, the *Galmon* Movants are not satisfied with the State's argument that the motivations behind SB 8 satisfy strict scrutiny. *Id.* Thus, they contend, the State should have argued race was not the predominant factor in the passage of SB 8. *See id.* at 9–10. However, this concern is a difference in litigation strategy. It shows neither a dereliction of the State's duty to defend SB 8 nor evidence of collusion or nonfeasance. The State must be allowed to try its case as it sees fit, regardless of the *Galmon* Movants' opinions on its strategy and motivations. *See* ECF No. 79 at 5 (citing *Lamar v. Lynaugh*, 12 F.3d 1099, 1099 n.4 (5th Cir. 1993) (per curiam)).

Moreover, the *Galmon* Movants' protestations about Dr. Hefner strain credulity. *See* ECF No. 96-1 at 9 (insinuating that the State is somehow "reluctance to undermine its own redistricting expert" or that the "State is conflicted out of challenging the credibility of Plaintiffs' sole expert"). What the *Galmon* Movants fail to explain is how little the State relied on Dr. Hefner in the *Robinson* litigation. The State cited Dr. Hefner a total of five times in its opposition to a preliminary injunction request. *See generally Robinson v. Ardoin*, No. 3:22-cv-211, (M.D. La. April 29, 2022), ECF No 108. What's more, the State did not "call Hefner as a witness at the [preliminary injunction] hearing"; his

---

[1] It must be noted that the State's defense strategy is not yet finalized in this fast-moving litigation and, to the extent it is finalized, counsel for the State is under no duty—in fact quite the opposite—to share such strategy with the *Galmon* proposed intervenors or the Court. Therefore, nothing in this brief should be construed as any waiver of any defense, affirmative or otherwise, with respect to Plaintiff's claims.

"report[] w[as] not offered as substantive evidence at the hearing"; and because the court concluded that his report was "hearsay, and there was no opportunity for cross-examination," "the Court did not consider" it. *Robinson*, No. 3:22-cv-211, (M.D. La. June 6, 2022), ECF No. 173 at 79. Indeed, the State never utilized Dr. Hefner for the remainder of the *Robinson* litigation. His involvement began and ended with a handful of citations to his expert report in preliminary injunction briefing. Put simply, there were numerous experts upon which the State extensively relied in *Robinson*—from the preliminary injunction stage, to the remedial phase, to preparing for a trial on the merits—but Dr. Hefner was not one of them.

Truly, the interests of the State and the interests of the *Galmon* Movants ultimately remain aligned; both the State and the *Galmon* Movants want this Court to uphold SB 8. *See generally* ECF No. 86. Nothing has changed since the Court issued its order denying the *Galmon* Movants' intervention. *See generally* ECF No. 79.

The State has defended SB 8 against legal challenge and remains committed to fulfilling its constitutional duty to defend the law. Therefore, the Court should deny the *Galmon* Movants' Motion for Reconsideration.

Alternatively, if the Court finds that the *Galmon* Movants should be permitted to intervene, this Court should do as it did with the *Robinson* Intervenors and limit their intervention to the remedial phase (if there is one—and there should not be). As the Court stated, the remedy phase implicates the "the main objective" on which the *Robinson* case focused. ECF No. 79 at 6. However, the State agrees with the Court's previous conclusion that the *Robinson* Plaintiffs will adequately represent the *Galmon* Movants at the remedial stage as well. *See id.* at 7–8. As a result, the State maintains

that the *Galmon* Movants' Motion for Reconsideration should be denied in its entirety, at the merits stage (and the remedial phase if it comes to that).

## CONCLUSION

For the reasons stated above, the Court should deny the *Galmon* Movants' Motion for Reconsideration.

Dated: March 11, 2024                                   Respectfully submitted,

Jason B. Torchinsky (DC 976033)*             */s/ Morgan Brungard*
Phillip M. Gordon (VA Bar No. 95621)*        Morgan Brungard (LSBA No. 40298)
Brennan A.R. Bowen (AZ 036639)*                  *Deputy Solicitor General*
Zack Henson (NY Bar No. 5907340)*            Carey Tom Jones (LSBA No. 07474)
Holtzman Vogel Baran                         Office of the Attorney General
Torchinsky & Josefiak, PLLC                  Louisiana Department of Justice
15405 John Marshall Highway                  1885 N. Third St.
Haymarket, VA 20169                          Baton Rouge, LA 70804
(540) 341-8808 phone                         (225) 326-6000 phone
(540) 341-8809 fax                           (225) 326-6098 fax
jtorchinsky@holtzmanvogel.com                brungardm@ag.louisiana.gov
pgordon@holtzmanvogel.com                    jonescar@ag.louisiana.gov
bbowen@holtzmanvogel.com

*\* pro hac vice motion forthcoming*         *Counsel for Intervenor-Defendant State of Louisiana*

6

**CERTIFICATE OF SERVICE**

I do hereby certify that, on this 11th day of March 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

*/s/ Morgan Brungard*
Morgan Brungard