IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **PHILLIP CALLAIS,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **NANCY LANDRY, in her official capacity as Louisiana Secretary of State,** <br><br> **Defendant.** | Case No. 3:24-cv-00122-DCJ-CES-RRS |

*GALMON* **MOVANTS' REPLY IN SUPPORT OF THEIR MOTION TO RECONSIDER ORDER DENYING INTERVENTION**

Edward Galmon, Sr., Ciara Hart, Norris Henderson, Tramelle Howard, and Ross Williams (collectively, "*Galmon* Movants") hereby reply in support of their motion to reconsider this Court's order denying intervention. *Galmon* Movants are entitled to intervene as of right and qualify for permissive intervention for the reasons already set forth in their motion to intervene, ECF No. 10, reply in support of the same, ECF No. 75, and memorandum in support of their motion for reconsideration, ECF No. 96-1. In response, neither the Plaintiffs nor the State of Louisiana provide reason to find otherwise. The Court should grant the motion for reconsideration and permit the *Galmon* Movants to participate in this matter as defendants.

I.  **Plaintiffs and the State of Louisiana fail to rebut *Galmon* Movants' right to intervene.**

The responses to the motion for reconsideration from Plaintiffs and the State of Louisiana fail to directly respond to the myriad of arguments and authorities that the *Galmon* Movants pointed to in moving for reconsideration of their motion to intervene. But this failure to rebut that authority and those arguments is understandable—the plain text of Rule 24, the full weight of Fifth Circuit precedent, and—perhaps most importantly, from the perspective of this motion for reconsideration—the litigation positions taken by the existing parties in this litigation all lead to only one conclusion: the *Galmon* Movants are entitled to intervene to protect their important legal interests, which stand to be impeded by this litigation.

Plaintiffs' primary opposition continues to turn on Plaintiffs' disagreement with *Galmon* Movants on the merits. Specifically, from the outset, Plaintiffs have operated from the erroneous position that political motivations cannot justify districting decisions. *See* Pls.' Mem. in Resp. to Mots. to Interv. & Transfer at 1, ECF No. 33-1 (opposing intervention on this basis); Pls.' Opp'n to *Galmon* Movants' Mot. to Reconsider Order Denying Interv. ("Pls.' Resp.") at 6–7, ECF No. 105-1 (same). But this is incorrect. *See, e.g.*, *Easley v. Cromartie*, 532 U.S. 234, 242–43 (2001)

1

(politically motivated districting is not unconstitutional); *Cooper v. Harris*, 581 U.S. 285, 308 (2017) (similar). And as *Galmon* Movants have explained, political considerations explain the map that Plaintiffs challenge. Mem. in Supp. of Mot. to Reconsider at 3, 5–6, ECF No. 96-1. Yet it is not a basis upon which the State of Louisiana will provide a robust defense.

While Plaintiffs no doubt would strongly prefer to litigate this matter without having to contend with the extensive evidence that the issues they complain of in the map were politically motivated (as well as any number of other arguments that would address the considerable doctrinal problems that defeat their claims), the substantive dispute over the nature of the Legislature's motivations illustrates precisely why *Galmon* Movants' participation is essential: effective adjudication requires an adversarial process where *all* of the relevant facts and law are presented for the Court's consideration. Without the participation of *Galmon* Movants, arguments about the political motivation of the Legislature will not be adequately litigated. When a proposed defendant previews obvious defects in the complaint, plaintiffs cannot defeat intervention merely by ushering the Court away from the contested issues and urging it to pay them no mind.

The State's cursory opposition, in turn, largely seeks to rehabilitate its own half-hearted defense of S.B. 8, but it does so with empty rhetoric rather than concrete explanation. For example, the State reiterates that it has a "constitutional obligation to defend its laws," *see* State of La.'s Response to *Galmon* Movants' Mot. to Reconsider Order Denying Interv. ("State Resp.") at 3, ECF No. 104, but it never acknowledges (let alone answers for) the glaring omission in its defense—namely, the lack of defense of the map on political grounds. The reluctance to present this defense may reflect the State's strictly apolitical nature, but whatever the reason for it, the fact that the State is unable or unwilling to highlight the explicitly partisan and political interests that legislators repeatedly broadcast and which were determinative in their districting decisions, only

underscores the necessity of the *Galmon* Movants' intervention here—to make the arguments and present to the Court the facts that the State will not. Failure to present these defenses is alone reason to find that the State does not adequately represent the *Galmon* Movants' interests in maintaining the current map. And if the Court rules in favor of Plaintiffs without having a party in the proceedings that is willing and able to make these arguments and present this evidence and to test and counter Plaintiffs' theory in discovery from that vantagepoint, it will not only severely injure *Galmon* Movants' legally protectable interests, but will have made a decision based on an artificially cramped record.

This is squarely illustrated by the State's conspicuous failure to robustly respond to and challenge the opinions of Mr. Michael Hefner (whom the State misidentifies as "Dr." Hefner) in response to Plaintiffs' motion for preliminary injunction. *See* Mem. in Supp. of Mot. to Reconsider at 5–6, ECF No. 96-1. As *Galmon* Movants noted in their motion for reconsideration, Mr. Hefner serves as the State's own expert in ongoing parallel congressional districting litigation and now is the Plaintiffs' expert in this case. *Id*. The State's response fails to justify its deferential treatment of an opposing party's expert, and the most natural interpretation of why the State has pulled its punches remains the one that *Galmon* Movants identified: The State is reluctant to undermine Mr. Hefner because he is the State's *own expert* in related ongoing congressional districting litigation. *Id.* The State's interest in protecting Mr. Hefner's reputation is therefore yet another reason why the State does not and cannot adequately represent the *Galmon* Movants' interest—indeed, it is directly at odds with *Galmon* Movants' interests.

The State's sole response is that it did not heavily rely on Mr. Hefner's analysis in related litigation, citing him "a total of five times in its opposition to a preliminary injunction request." State Resp. at 4. But even assuming that five citations is a small amount, there is no *de minimis*

3

exception to the principle that parties have no interest in undermining expert witnesses that they have retained in active litigation. Thus, in addition to and separate from the State's refusal to cite legislators' stated political intent in a case challenging legislative intent, the State's refusal to contest Plaintiffs' sole expert witness provides additional and independent grounds to find that the State does not adequately represent *Galmon* Movants' interests.

Perhaps most glaringly of all, neither Plaintiffs nor the State mention (let alone distinguish) the long line of binding precedent reversing denials of intervention where the district court mistakenly believed that a government defendant adequately represented a private intervenor's interests. *See, e.g.*, Mem. in Supp. of Mot. to Reconsider at 4–5, ECF No. 96-1; *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538–39 (1972); *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 308–09 (5th Cir. 2022); *Miller v. Vilsack*, No. 21-11271, 2022 WL 851782, *2–3 (5th Cir. Mar. 22, 2022); *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016); *Texas v. United States*, 805 F.3d 653, 662–63 (5th Cir. 2015); *Brumfield v. Dodd*, 749 F.3d 339, 345–46 (5th Cir. 2014); *Sierra Club v. Espy*, 18 F.3d 1202, 1207–08 (5th Cir. 1994).

*Lamar v. Lynaugh*, 12 F.3d 1099, 1099 n.4 (5th Cir. 1993) (per curiam), cited by both the Plaintiffs (at 5) and the State (at 5) does not hold otherwise. First, the Plaintiffs and State do not rely on any holding of the Fifth Circuit itself in that case. The language upon which they rely is drawn from a parenthetical description of a Sixth Circuit decision in a footnote to an unpublished, non-precedential, one-page per curiam order, where the appellant was a state inmate with a history of frivolous pro se litigation. *See Lamar*, 12 F.3d at 1099 (citing *Bradley v. Milliken*, 828 F.2d 1186, 1188–93 (6th Cir. 1987)). Moreover, neither *Lamar* nor the Sixth Circuit decision it cites analyzed whether a governmental defendant adequately represented a private proposed intervenor—the key dispute here. *See Lamar*, 12 F.3d at 1099; *Bradley*, 828 F.2d at 1188–93.

4

This Court should follow the holdings of on-point, published precedent where the issue of adequate representation by state actors was fully considered. Those decisions consistently emphasize that government interests and private interests regularly diverge sufficiently to support intervention as of right, even where the government and proposed intervenor purport to share the same ultimate objective of upholding a challenged law or policy. *See* Mot. to Interv. at 9–11, ECF No. 10; Reply in Supp. of Mot. to Interv. at 5–6, ECF No. 75; Mem. in Supp. of Mot. to Reconsider at 3–7, ECF No. 96-1. Because that is the case here, intervention should be granted.

**II.     Plaintiffs and the State of Louisiana fail to identify compelling arguments against reconsideration.**

The remainder of objections raised by the Plaintiffs and the State have no merit and require little attention. *Galmon* Movants respond briefly to each below, and otherwise rest on the arguments and citations presented in their previously filed intervention and reconsideration papers.

**A.     *Galman* Movants' motion for reconsideration was appropriate.**

In denying the motion to intervene, this Court said that it "will allow the *Robinson* movants to be present at all hearings, ***and movants*** may seek reconsideration of this ruling if they can establish adversity or collusion by the State." ECF No. 79 at 7 (emphasis added). Plaintiffs now quarrel as to whether the Court meant by this to allow the *Galmon* Movants to seek reconsideration if they could later establish adversity or collusion. *See* Pls.' Resp. at 5. A fair reading of the Court's order is that it did. The first clause plainly applies to "*Robinson* movants" by naming them specifically, and the second clause, which does not differentiate between "movants," naturally would be read to apply to all movants whose motions the Court was disposing of in the order. This includes the *Galmon* Movants. ECF No. 79 at 7–8. In any event, Plaintiffs do not identify any rule precluding unsolicited motions to reconsider, as there is none.

5

### B. *Galmon* Movants did not forfeit their request for permissive intervention.

The State attempts to avoid the substance of the *Galmon* Movants' arguments with its request that the Court "automatic[ally] den[y]" "their request for permissive intervention" based on *Galmon* Movants' alleged "failure to raise any new arguments under Rule 24(b)." State Resp. at 2. This, too, misreads the Court's order.

The only reasons provided for the denial of *Galmon* Movants' motion to intervene were the purported adequate representation provided by the Secretary of State, the State, and the *Robinson* Movants (who were permitted intervention only at the remedial stage). ECF No. 79 at 5–8. Those are the very arguments addressed in the motion to reconsider, where *Galmon* Movants explained that the State's response to the preliminary injunction motion reveals only a halfhearted defense, and the Court's identification of *Robinson* Movants as "lead" plaintiffs in the Middle District litigation misconceived the nature of those proceedings. *See* Mem. in Supp. of Mot. to Reconsider 3–9, ECF No. 96-1. Moreover, *Robinson* Movants are not permitted to intervene in the liability stage and cannot in any case adequately represent *Galmon* Movants in those proceedings. Because *Galmon* Movants sought reconsideration of the reasons the Court gave for denying their requests for both intervention as of right and permissive intervention, each of those requests remain live.

### C. Leave for *Galmon* Movants to participate as amicus curiae would be insufficient.

Participation as amicus would be insufficient to protect *Galmon* Movants' interests. If *Galmon* Movants are excluded from participating in this litigation as parties, they will not be permitted to compile and present to the Court an evidentiary record that can be properly tested through these adversarial proceedings, and much of their defense may necessarily be limited to the public sources that Plaintiffs deem inferior. *See* Pls.'s Resp. at 2 (miscasting arguments about the

6

political bases for the map "rumors from newspaper articles and blogs"). This legislative intent case will necessarily turn on evidence from legislators, and the only way that Plaintiffs can probe and compile that evidence for the Court is by exercising the discovery rights afforded to parties. For all of the reasons that Plaintiffs regard public reporting as inadequate evidence, it is important that *Galmon* Movants have access to the tools of discovery—including depositions and subpoenas—that are generally reserved for parties.[1]

### D. Motions filed by *Robinson* Movants do not defeat *Galmon* Movants' right to intervene.

Finally, Plaintiffs argue that *Robinson* Movants oust *Galmon* Movants' right to participate because of their allegedly overlapping interests. But this argument remains devoid of any legal citations. There is simply no support for the notion that a movant who fully satisfies the criteria for intervention as of right when it moves to intervene—and again when it seeks reconsideration of the denial of intervention—loses its rights when a later-in-time motion for intervention (or reconsideration) is docketed. Rule 24 requires intervention as of right where a movant satisfies various elements uncontested here, "unless *existing parties* adequately represent [its] interest." Fed. R. Civ. P. 24(a)(2) (emphasis added). The test does *not* provide that intervention may be denied where the movant's interests are represented by hypothetical parties, proposed parties, or future parties.

When *Galmon* Movants sought intervention, the existing parties were Plaintiffs and the Secretary of State, neither of which opposes Plaintiffs' motion for preliminary injunction and, thus, neither of which can adequately represent *Galmon* Movants' interests in preserving S.B. 8's

---

[1] As *Galmon* Movants proposed in their motion to expedite briefing on the motion for reconsideration, as an alternative to expedited consideration of their Motion for Reconsideration they would welcome the opportunity to participate in discovery while that motion is pending. *See* ECF No. 100-1 at 2.

7

districting configuration. When *Galmon* Movants sought reconsideration of the order denying its intervention (and still today), the only additional party in the liability phase—Plaintiffs' designated battlefield for challenging the scope of the State's Section 2 obligations, *see* ECF No. 101 at 19, which strikes at the heart of *Galmon* Movants' interests—is the State. As *Galmon* Movants have explained, the State also does not adequately represent their interests. *See* Mem. in Supp. of Mot. to Reconsider, ECF No. 96-1 at 3–7. Because no existing party to the liability phase adequately represents *Galmon* Movants' interests, the Federal Rules require *Galmon* Movants' motion to be granted. *See* Fed. R. Civ. P. 24(a).

While the *Robinson* Movants have been granted party status in any remedial phase that would shift S.B. 8's districting lines, it is that phase where *Robinson* Movants' and *Galmon* Movants' interests are most likely to diverge. Individuals in the two sets of movants reside in different regions of Louisiana, and they will therefore have different interests regarding which parishes and which voters are assigned to Black-opportunity districts. Ultimately, in either the liability phase or the remedial phase, the appropriate way to avoid duplicative briefing and argument is to order parties to avoid duplicative briefing and argument—not to altogether exclude parties that are entitled to intervention.

## CONCLUSION

The Court should reconsider its Order denying intervention and grant Proposed Intervenors' motion to intervene as a matter of right under Rule 24(a)(2), or, in the alternative, permit them to intervene under Rule 24(b).

Respectfully submitted this March 12, 2024.

| | |
|---|---|
| *s/ J.E. Cullens, Jr.* | *s/ Abha Khanna* |
| J. E. Cullens, Jr. (LA # 23011) | Abha Khanna* (# 917978) |

8

| | |
|---|---|
| Andrée Matherne Cullens (LA # 23212)<br>Stephen Layne Lee (LA # 17689)<br>WALTERS, THOMAS, CULLENS, LLC<br>12345 Perkins Road, Bldg. One<br>Baton Rouge, LA 70810<br>(225) 236-3636<br>cullens@lawbr.net<br>acullens@lawbr.net<br>laynelee@lawbr.net | ELIAS LAW GROUP LLP<br>1700 Seventh Ave., Suite 2100<br>Seattle, WA 98101<br>(206) 656-0177<br>akhanna@elias.law<br><br>Lalitha D. Madduri* (# 917979)<br>Jacob D. Shelly* (# 917980)<br>Daniel Cohen* (# 917976)<br>Qizhou Ge* (# 917977)<br>ELIAS LAW GROUP LLP<br>250 Massachusetts Ave. NW, Suite 400<br>Washington, DC 20001<br>(202) 968-4490<br>lmadduri@elias.law<br>jshelly@elias.law<br>dcohen@elias.law<br>age@elias.law<br><br>* Admitted *pro hac vice*<br><br>Counsel for *Galmon* Movants |

## CERTIFICATE OF SERVICE

      I hereby certify that on March 12, 2024, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and that service will be provided through the CM/ECF system.

*s/ Abha Khanna*
Abha Khanna

Counsel for *Galmon* Movants
