**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA, MONROE DIVISION**

| | |
|---|---|
| PHILLIP CALLAIS, LLOYD PRICE, BRUCE ODELL, ELIZABETH ERSOFF, ALBERT CAISSIE, DANIEL WEIR, JOYCE LACOUR, CANDY CARROLL PEAVY, TANYA WHITNEY, MIKE JOHNSON, GROVER JOSEPH REES, ROLFE MCCOLLISTER, | Civil Action No. 3:24-cv-00122 |
| *Plaintiffs*, | Judge David C. Joseph |
| v. | Circuit Judge Carl E. Stewart |
| NANCY LANDRY, in her official capacity as Secretary of State for Louisiana, | Judge Robert R. Summerhays |
| *Defendant*. | |

***ROBINSON* INTERVENORS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
IMPROPER REBUTTAL EXPERT TESTIMONY OF DR. BEN OVERHOLT,
OR IN THE ALTERNATIVE TO PERMIT INTERVENORS TO PRESENT
RESPONSIVE EXPERT TESTIMONY**

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

PRELIMINARY STATEMENT ......................................................................................... 1

SUMMARY OF RELEVANT FACTS ............................................................................... 2

ARGUMENT ...................................................................................................................... 5

CONCLUSION ................................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alabama Legislative Black Caucus* v. *Alabama*,
    231 F. Supp. 3d 1026 (M.D. Ala. 2017) .................................................................8

*Alabama Legislative Black Caucus* v. *Alabama*,
    575 U.S. 254 (2015) ...............................................................................................2, 8

*Baldwin Graphics Sys., Inc.* v. *Siebert, Inc.*,
    No. 03-CV-7713, 2005 WL 1300763 (N.D. Ill. Feb. 22, 2005) ..............................6

*Bethune-Hill v. Virginia State Bd. of Elections*,
    580 U.S. 178 (2017) ..............................................................................................8, 9

*Blake* v. *Securitas Sec. Servs., Inc.*,
    292 F.R.D. 15 (D.D.C. 2013) ..................................................................................7

*Cage* v. *City of Chi.*,
    No. 09–C–3078, 2012 WL 5557410 (N.D. Ill. Nov. 14, 2012) ...............................6

*Cates* v. *Sears, Roebuck & Co.*,
    928 F.2d 679 (5th Cir. 1991) ...................................................................................6

*Daubert v. Merrell Dow Pharms., Inc.*,
    509 U.S. 579 (1993) .................................................................................................8

*Garris* v. *Midea USA, Inc.*,
    2014 WL 12719497 (E.D. La. Mar. 6, 2014) ..........................................................5

*La. Health Care Self Ins. Fund v. United States*,
    2014 WL 3720526 (M.D. La. July 25, 2014) ..........................................................5

*Larson* v. *Wis. Ctr. Ltd.*,
    No. 10–C–446, 2012 WL 368379 (E.D. Wis. Feb.3, 2012) ....................................6

*Marmo* v. *Tyson Fresh Meats, Inc.*,
    457 F.3d 748 (8th Cir. 2006) ...................................................................................6

*Mitchell* v. *Ford Motor Co.*,
    318 Fed. Appx. 821 (11th Cir. 2009).......................................................................7

*Norden* v. *Samper*,
    544 F. Supp. 2d 43 (D.D.C. 2008) ..........................................................................7

*Peals* v. *Terre Haute Police Dep't,*
  535 F.3d 621 (7th Cir. 2008) ................................................... 6

*Reese* v. *Herbert,*
  527 F.3d 1253 (11th Cir. 2008) ................................................ 5

*Sil-Flo, Inc.* v. *SFHC, Inc.,*
  917 F.2d 1507 (10th Cir. 1990) ................................................ 6

*STS Software Sys., Ltd.* v. *Witness Sys., Inc.,*
  No. 04-CV-2111, 2008 WL 660325 (N.D. Ga. Mar. 6, 2008) .............. 6

**Statutes**

Voting Rights Act ............................................................. 2, 8, 9

**Other Authorities**

Fed. R. Civ. P. 26(a)(2) ......................................................... 5

Fed. R. Civ. P. 26(a)(2)(D)(ii) ............................................ 1, 5, 7

Fed. R. Civ. P. 37(c)(1) ....................................................... 6, 7

Fed. R. Civ. P. 702 .............................................................. 8

Fed. R. Civ. P. 702(a) ........................................................... 8

Defendant-Intervenors Press Robinson, Edgar Cage, Dorothy Nairne, Edwin Rene Soule, Alice Washington, Clee Earnest Lowe, Davante Lewis, Martha Davis, Ambrose Sims, the National Association for the Advancement of Colored People Louisiana State Conference, and the Power Coalition for Equity and Justice (the "*Robinson* Intervenors") submit this memorandum in support of their motion (i) to exclude expert testimony by Dr. Ben Overholt proffered by Plaintiffs on the ground that it was not disclosed in timely fashion, constitutes improper rebuttal testimony, and is, in any event, irrelevant; or, in the alternative, (ii) to permit the *Robinson* Intervenors to produce a report by an expert witness responsive to Dr. Overholt's report by no later than Friday, April 5, 2024 and to present expert testimony by the responsive expert at the trial of this matter.

## PRELIMINARY STATEMENT

Dr. Overholt's testimony should be excluded because it was not timely disclosed by the Court-imposed deadline for the submission of expert reports and because it is improper rebuttal testimony. Plaintiffs produced no report by Dr. Overholt by the Court's March 22, 2024 deadline for the disclosure of experts. Instead, Plaintiffs produced his report only on April 1, 2024—a week before trial—on the parties' agreed deadline for the disclosure of Plaintiffs' rebuttal reports. But Dr. Overholt's opinions are not proper rebuttal. His principal opinion is that Congressional District 6 ("CD 6") in SB 8, although it has a Black voting age majority, will not "perform" for the Black voters in that district—that is, that Black voters in that district will not be able to elect representatives of their choice. That opinion, however, does not "contradict or rebut evidence on the same subject matter" offered by any opposing expert. Fed. R. Civ. P. 26(a)(2)(D)(ii). On the contrary, none of the expert witnesses offered by the *Robinson* Intervenors opined about the performance of CD 6 or any other Congressional district. (Defendants have not disclosed any expert witnesses.) Plaintiffs should not be permitted to

1

present Dr. Overholt's belatedly disclosed opinions about that subject.  In the alternative, the *Robinson* Intervenors should be permitted to produce a report on that subject by their own expert no later than this Friday, April 5, and to present rebuttal testimony from that expert at trial.

Dr. Overholt's testimony should also be excluded as irrelevant.  As discussed in the *Robinson* Intervenor's Motion in Limine, filed April 2, 2024, Doc. 144, the Constitution in the context of this case requires only that the State establish that the Legislature had "good reasons to believe" that consideration of race is required to avoid violating the Voting Rights Act.  *Ala. Legis. Black Caucus* v. *Alabama*, 575 U.S. 254, 278 (2015).  Dr. Overholt's post-hoc opinions about the likely performance of CD 6—an analysis that was not considered by the Legislature in adopting SB 8—does not shed light on whether the Legislature had such good reasons or on the Legislature's purpose in adopting the enacted plan.

## SUMMARY OF RELEVANT FACTS

The Court and the parties have established a firm schedule in this expedited proceeding for the exchange of expert designations and expert reports.  In its Scheduling Order entered on February 21, 2024, the Court ruled that "[e]xpert designation and reports shall be exchanged among the parties" by March 22, 2024.  Doc. 63, at 1.  Thereafter, in light of the fact that the Court first permitted the *Robinson* Intervenors on March 15, 2024, to participate in the initial phase of the case in addition to any remedial phase, the parties agreed that the deadline for *Robinson* Intervenors' affirmative expert reports and rebuttal reports would be Wednesday, March 27, and Plaintiffs' "rebuttal reports" would be due Monday, April 1.  Ex. 1.

Plaintiffs produced expert reports on March 22, 2024.  Plaintiffs' experts were (i) Michael C. Hefner, a demographer, who offered opinions about whether SB 8 complied with traditional redistricting criteria and who offered an illustrative Congressional plan that he opined was drawn in a "race-neutral" manner; (ii) Dr. D. Stephen Voss, purportedly an expert in

2

quantitative analysis with knowledge of Louisiana politics and history, who offered opinions based principally on computer-generated districting simulations, that Louisiana's African-American population is not sufficiently large and compact to form two majority-Black districts, and that SB 8 represents a racial gerrymander; and (iii) Dr. Jeffrey D. Sadow, a professor of political science, who offered opinions regarding the history of redistricting in Louisiana and opined that CD 6 of SB 8 violates the State's practice of protecting communities of interest. (Plaintiffs have since withdrawn their designation of Dr. Sadow.)  Plaintiffs did not produce a report by Dr. Overholt.

Consistent with the parties' agreement, the *Robinson* Intervenors submitted expert reports on March 27, 2024.  In particular, the *Robinson* Intervenors produced reports by the following experts:

- Anthony E. Fairfax, a demographer and mapping consultant with thirty years' experience working, drawing, and analyzing redistricting plans and testifying as an expert witness about redistricting.  Mr. Fairfax provided opinions in response to the reports submitted by Plaintiffs' experts, and concluded, among other things, that none of Plaintiffs' experts established that race predominated in the creation of SB 8 and that it is possible to create a Congressional district plan in Louisiana including two districts with majority Black voting age populations consistent with traditional redistricting principles.  Ex. 2.

- Dr. Cory McCartan, a statistician with a focus on the application of statistical methodology to problems in the social sciences, including redistricting.  Dr. McCartan opined that Dr. Voss's simulation analysis is inappropriate to evaluate the

3

existence or likelihood of Black-majority districts drawn in either a "race-neutral" or "race-conscious" setting.  Ex. 3.

- Dr. Michael S. Martin, a professor of history at the University of Louisiana at Lafayette, who offered opinions about the political goals animating the creation of the Congressional district plan adopted by SB 8.  Ex. 4.

(The other Defendants did not submit any expert reports.)

None of the expert reports submitted by the *Robinson* Intervenors addressed the expected performance of District 6 or any other Congressional district.  That is, none of them offered any opinions about whether Black voters in that district will generally be able to elect their candidates of choice.

That issue, however, is the focus of the report by Dr. Ben Overholt purportedly in response to the reports by Mr. Fairfax and Dr. McCartan.  Plaintiffs produced Dr. Overholt's report by email shortly after 10 pm CT on April 1, 2024.  Ex. 5.

Dr. Overholt purports to cast his report as responsive to the opinions of Mr. Fairfax and Dr. Voss by asserting that the design of the SB 8 plan "can be explained as an effort to maximize racial performance because it has superior performance to the other legislatively-considered maps" those experts considered.  *Id.* at 2.  But the focus of his report is on an entirely separate issue: *not* a comparison of whether SB 8 performs for Black voters better or worse than the other maps the Legislature considered, but instead whether SB 8 and the other maps perform for Black voters *at all*.  Dr. Overholt's report summarizes these opinions as follows:

> I found that SB8, and the group of proposed alternative maps for Louisiana, *all fail to provide a second functioning majority-minority district*, and in the process, they weaken the previously existing majority-minority district. Although each plan includes a second district which is nominally majority black by voting age population (VAP), when turnout and voter preferences are considered, *these districts will generally fail to elect the candidate supported by most black voters*.

4

*Id.* (emphasis added).  In particular, Dr. Overholt purports to show that both SB 8 and other maps with two majority-Black districts that he considered "would have failed to elect the candidates supported by most black voters in probative elections with black candidates at least 60% of the time." *Id*.  *See also id*. at 16 ("All of the redistricting plans I reviewed would fail to deliver on their promise of a second majority-minority US Congressional district in Louisiana.").  None of these opinions responds in any way to any opinion offered by the *Robinson* Intervenors' experts.

## ARGUMENT

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of affirmative and rebuttal expert opinions.  The Rule requires an expert witness to produce a report which contains, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B).  The Rule "is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Reese* v. *Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (quotation omitted).

After the parties' initial disclosures of proposed expert testimony, opposing parties may disclose rebuttal expert witnesses who will offer evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii); *La. Health Care Self Ins. Fund v. United States*, 2014 WL 3720526, at *1 (M.D. La. July 25, 2014).  "The function of rebuttal is to explain, repel, counteract or disprove evidence of the adverse party." *Garris* v. *Midea USA, Inc.*, Civ. No 10-1569, 2014 WL 12719497, at *1 (E.D. La. Mar. 6, 2014); *see also Peals* v. *Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008) (same); *Marmo* v. *Tyson Fresh Meats, Inc*., 457 F.3d 748, 759 (8th Cir. 2006) (same).

Thus, "[a] rebuttal expert report is not the proper place for presenting new arguments, unless presenting those arguments is substantially justified and causes no prejudice." *STS*

5

*Software Sys., Ltd*. v. *Witness Sys., Inc*., No. 04-CV-2111, 2008 WL 660325, at *2 (N.D. Ga. Mar. 6, 2008) (cleaned up); *see also Cates* v. *Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991) (affirming lower court's exclusion of expert testimony because a rebuttal "is not to be used as a continuance of the case-in-chief."); *Cage* v. *City of Chi*., No. 09–C–3078, 2012 WL 5557410, at *2 (N.D. Ill. Nov. 14, 2012) (finding that a party cannot "offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief"); *Sil-Flo, Inc*. v. *SFHC, Inc*., 917 F.2d 1507, 1515 (10th Cir. 1990) (where trial court properly excluded plaintiffs' expert's rebuttal testimony where the "proffered rebuttal testimony was really an attempt by Sil-Flo, Inc. to introduce or interpret exhibits more properly part of its case in chief"); *Larson* v. *Wis. Cent. Ltd*., No. 10–C–446, 2012 WL 368379, at *4 (E.D. Wis. Feb.3, 2012) (finding rebuttal expert report "cannot be used to advance new arguments or new evidence to support plaintiff's expert's initial opinions").  As one court explained:

> A party presents its arguments as to the issues for which it has the burden of proof in its initial expert report. And in its rebuttal expert report, it presents expert opinions refuting the arguments made by the opposing party in its initial expert report. The rebuttal expert report is no place for presenting new arguments, unless presenting those arguments is substantially justified and causes no prejudice.

*Baldwin Graphics Sys., Inc*. v. *Siebert, Inc*., No. 03-CV-7713, 2005 WL 1300763, at *2 (N.D. Ill. Feb. 22, 2005).

Under Rule 37(c)(1), if a party fails to comply with its obligations to timely disclose a witness, "the party is not allowed to use that  . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "Rule 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant."  *Norden* v. *Samper*, 544 F. Supp. 2d 43, 49 (D.D.C. 2008).  "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party."  *Mitchell* v. *Ford Motor Co*., 318 Fed. App'x. 821, 824 (11th Cir. 2009).

"The overwhelming weight of authority is that preclusion is required and mandatory absent some unusual or extenuating circumstances—that is, a substantial justification." *Blake* v. *Securitas Sec. Servs., Inc.*, 292 F.R.D. 15, 19 (D.D.C. 2013) (quoting *Elion* v. *Jackson*, No. 05–992, 2006 WL 2583694, at *1 (D.D.C. Sep. 8, 2006)) (cleaned up).

Under these standards, Dr. Overholt should not be permitted to testify about whether CD 6 in SB 8 or majority-Black districts in the other maps he analyzed allow the Black voters in those districts to elect the representatives of their choice. That testimony is not proper rebuttal and is untimely under the Court's schedule as an initial expert report. As noted, none of the Plaintiffs' experts addressed the performance of CD 6 or any other district under SB 8 or any other map, and it was not addressed in the reports of any of the *Robinson* Intervenors' experts. Dr. Overholt's opinions about that subject thus does not "contradict or rebut evidence on the same subject matter" identified by any other party. Fed. R. Civ. P. 26(a)(2)(D)(ii).

Plaintiffs cannot establish that their failure to disclose Dr. Overholt's opinions together with their other opening expert reports was substantially justified. Plaintiffs commenced this action more than two months ago. They could and should have disclosed Dr. Overholt's opinions in a report provided to the *Robinson* Intervenors on the date the Court established for the disclosure of their affirmative experts. As discussed above, nothing in the expert reports submitted by any other party included any analysis or opinions addressing whether the majority-Black districts in SB 8 or any alternative Congressional district map allowed the Black voters in those districts to elect the representatives of their choice. There can be no substantial justification (or any justification) for Plaintiffs' strategic choice to hold back on their disclosure of Dr. Overholt's opinions in violation of the Court-imposed deadline, and attempt by doing so to deprive the *Robinson* Intervenors (or Defendants) of an opportunity to respond.

7

Plaintiffs also cannot establish that permitting Dr. Overholt to testify would cause no prejudice.  To the contrary, in this highly expedited proceeding, it would be gravely prejudicial to the *Robinson* Intervenors to have to analyze an expert report addressing entirely new issues that no other expert has previously addressed, produced only a week before trial, and to be deprived of the opportunity to proffer testimony by an opposing expert.  Plaintiffs should not be permitted to sandbag the *Robinson* Intervenors in this fashion.

Dr. Overholt's opinions also should be excluded as irrelevant.  Rule 702 requires expert testimony to be relevant.  Fed. R. Civ. P. 702(a); *see also Daubert* v. *Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." (citation omitted)).

As discussed in the *Robinson* Intervenors' Motion in Limine, Doc. 144, the Constitution does not require the State to show that using race as a factor in drawing a district was "actually necessary" to avoid a violation of the Voting Rights Act.  *Bethune-Hill* v. *Va. State Bd. of Elections*, 580 U.S. 178, 194 (2017) (quotation omitted); *Ala. Legis. Black Caucus*, 575 U.S. at 278.  Instead, the State must show only that it has a "strong basis in evidence" for finding that the threshold conditions for liability under the Act are satisfied and that it had "'good reasons' to draft a district in which race predominated over traditional redistricting criteria."  *Ala. Legis. Black Caucus v. Alabama*, 231 F. Supp. 3d 1026, 1064 (M.D. Ala. 2017) (three-judge court) (quoting *Ala. Legis. Black Caucus*, 575 U.S. at 278.  As the Supreme Court has emphasized, to tie the Legislature precisely to the details of a potential Voting Rights Act claim would "afford state legislatures too little breathing room, leaving them 'trapped between the competing hazards of liability' under the Voting Rights Act and the Equal Protection Clause."  *Bethune-Hill*, 580 U.S. at 196 (quoting *Bush v. Vera*, 517 U.S. 952, 977 (1996)).

Here, Dr. Overholt's analysis does not show that the State lacked "good reasons" or a "strong basis in evidence" to conclude that the enactment of a Congressional district plan was necessary to avoid violating the Voting Rights Act and that SB 8 appropriately remedied that violation.  Plaintiffs have cited no evidence in the legislative record, and there is none, that the Legislature considered Dr. Overholt's performance analysis, or any analysis comparing the performance of SB 8 to the performance of any alternative maps.  Nor does it show that the Legislature had any evidence before it showing that SB 8 would not perform for Black voters in the enacted CD 6.  Dr. Overholt's opinions thus are entirely irrelevant to the issues presented by this case.

In the alternative, if the Court allows plaintiffs to present Dr. Overholt's testimony, it should grant the *Robinson* Intervenors (and Defendants, if they wish to do so) leave to submit an expert report by no later than April 5, 2024 responding to Dr. Overholt's testimony, and to present testimony at trial from the responsive expert.  The *Robinson* Intervenors have engaged an expert on this issue and the expert is prepared to submit a responsive report by the end of this week.  The Court should not permit Plaintiffs to present expert testimony while depriving the *Robinson* Intervenors of the opportunity to rebut that testimony.

## **CONCLUSION**

For the foregoing reasons, the Court should (i) exclude any testimony by Dr. Overholt about whether CD 6 in SB 8, or majority-Black districts in any other congressional district map, perform for Black voters, or the extent to which Black voters in those districts can elect their representatives of choice; or (ii) grant the *Robinson* Intervenors leave to offer expert testimony about those issues, provided that they produce a rebuttal expert report no later than April 5, 2024.

DATED: April 3, 2024

By: /s/ *Tracie L. Washington*
Tracie L. Washington
LA. Bar No. 25925
Louisiana Justice Institute
8004 Belfast Street
New Orleans, LA 70125
Tel: (504) 872-9134
tracie.washington.esq@gmail.com

By: /s/ *John Adcock*
John Adcock
Adcock Law LLC
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
jnadcock@gmail.com

*Counsel for* Robinson *Intervenors Dorothy Nairne, Martha Davis, Clee Earnest Lowe, and Rene Soule*

*Counsel for* Robinson *Intervenors*

10

Stuart Naifeh (admitted pro hac vice)
Kathryn Sadasivan (admitted pro hac vice)
Victoria Wenger (admitted pro hac vice)
NAACP Legal Defense and
    Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
snaifeh@naacpldf.org
ksadasivan@naacpldf.org
vwenger@naacpldf.org

R. Jared Evans
LA. Bar No. 34537
I. Sara Rohani (admitted pro hac vice)
NAACP Legal Defense and
Educational Fund, Inc.
700 14th Street N.W. Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
jevans@naacpldf.org
srohani@naacpldf.org

Sarah Brannon (admitted pro hac vice)
Megan C. Keenan (admitted pro hac vice)
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

Nora Ahmed
NY Bar No. 5092374 (pro hac vice
forthcoming)
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org

Robert A. Atkins (admitted pro hac vice)
Yahonnes Cleary (admitted pro hac vice)
Jonathan H. Hurwitz (admitted pro hac vice)
Amitav Chakraborty (admitted pro hac vice)
Adam P. Savitt (admitted pro hac vice)
Arielle B. McTootle (admitted pro hac vice)
Robert Klein (admitted pro hac vice)
Neil Chitrao (admitted pro hac vice)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Tel.: (212) 373-3000
Fax: (212) 757-3990
ratkins@paulweiss.com
ycleary@paulweiss.com
jhurwitz@paulweiss.com
achakraborty@paulweiss.com
asavitt@paulweiss.com
amctootle@paulweiss.com
rklein@paulweiss.com
nchitrao@paulweiss.com

Sophia Lin Lakin (admitted pro hac vice)
Dayton Campbell-Harris (pro hac vice
forthcoming)*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org

T. Alora Thomas-Lundborg (admitted pro hac
vice)
Daniel Hessel (admitted pro hac vice)
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
(617) 495-5202
tthomaslundborg@law.harvard.edu
dhessel@law.harvard.edu

*Additional counsel for* Robinson *Intervenors*

*Practice is limited to federal court.

<u>**CERTIFICATE OF SERVICE**</u>

I, John Adcock, counsel for the *Robinson* Intervenors, hereby certify that on April 3, 2024,

a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system,

and that service will be provided through the CM/ECF system.


By: *<u>/s/ John Adcock</u>*
John Adcock
Adcock Law LLC
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
jnadcock@gmail.com


*Counsel for* Robinson *Intervenors*

12