## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF LOUISIANA, MONROE DIVISION

| | |
|---|---|
| PHILLIP CALLAIS, LLOYD PRICE, BRUCE ODELL, ELIZABETH ERSOFF, ALBERT CAISSIE, DANIEL WEIR, JOYCE LACOUR, CANDY CARROLL PEAVY, TANYA WHITNEY, MIKE JOHNSON, GROVER JOSEPH REES, ROLFE MCCOLLISTER, <br><br>*Plaintiffs*, <br><br>v. <br><br>NANCY LANDRY, in her official capacity as Secretary of State for Louisiana, <br><br>*Defendant*. | Civil Action No. 3:24-cv-00122 <br><br> Judge David C. Joseph <br><br> Circuit Judge Carl E. Stewart <br><br> Judge Robert R. Summerhays |

I, Stuart C. Naifeh, declare as follows:

1. I am an attorney at the NAACP Legal Defense & Educational Fund, Inc.

2. I represent Press Robinson, Edgar Cage, Dorothy Nairne, Edwin Rene Soule, Alice Washington, Clee Earnest Lowe, Davante Lewis, Martha Davis, Ambrose Sims, National Association for the Advancement of Colored People Louisiana State Conference ("Louisiana NAACP"), and Power Coalition for Equity and Justice (collectively, the *Robinson* Intervenors) in the above-captioned litigation.

3. After *Robinson* Intervenors filed their Motion to Intervene in this case, the Court issued an order instructing the Plaintiffs to contact the parties and propose a schedule for resolving the motion to intervene and Plaintiffs' pending motion for a preliminary injunction. Plaintiffs failed to contact the *Robinson* Intervenors about setting a briefing schedule on

the Motion to Intervene or the Motion for Preliminary Injunction. Although the *Robinson* Intervenors were not in a technical sense "parties" at that stage of the case, Plaintiffs failure to consult them on the briefing schedule meant that *Robinson* Intervenors never had an opportunity to contest the expedited schedule or the request to consolidate the preliminary injunction and the trial or to propose an alternative schedule before the court ruled on the motions.

4. On or about March 7, 2024 – after being granted intervention in the remedial stage of the case – I emailed counsel for all parties and requested that they provide any discovery requests or responses and any initial disclosures that had been served to date and to serve any subsequent discovery on *Robinson* Intervenors. I explained that although our role was limited, we were now parties to the litigation and entitled to participate in discovery. Plaintiffs' counsel Edward Greim responded, assuring me that any discovery would be served on *Robinson* Intervenors when it was served on the other parties, leaving the impression that discovery had not yet commenced in the case. Mr. Greim did not contest my assertion that *Robinson* Intervenors were entitled to participate in discovery or in any way suggest that he believed Plaintiffs were entitled to withhold discovery requests that had already been served on other parties.

5. Subsequently, on or about March 18, 2024, when counsel for the Secretary of State served responses to a set of discovery requests from the Plaintiffs on all parties, including the *Robinson* Intervenors, I learned for the first time that discovery was ongoing and that Plaintiffs had not, despite their assurances, provided discovery that had already been served in this litigation.

6. On about March 22, 2024, the *Robinson* Intervenors served notice that they intended to take the deposition of one of the plaintiffs, Rolfe McCollister, the following Thursday, March 28, 2024. This date was selected to enable *Robinson* Intervenors to offer any admissions obtained in the deposition at trial through deposition designations. In email correspondence and during a meet and confer on or about March 23, 2024, Mr. Greim refused to make Mr. McCollister available. Later, in an email on or about March 28, 2024, during negotiations over depositions Mr. Greim wished to take of some of the *Robinson* Intervenors, Mr. Greim indicated that he *"was open to"* making Mr. McCollister available but only on April 1, 2024, the day deposition designations were due. Given that a deposition taken on that date would be useless to *Robinson* Intervenors unless they wished to use some of their limited trial time to call Mr. McCollister as a hostile witness, *Robinson* Intervenors withdrew the deposition notice.

7. Also on or about March 22, 2024, Plaintiffs served their expert reports on the *Robinson* Intervenors. Of the three expert reports Plaintiffs disclosed on March 22, 2024, two were from experts Plaintiffs were disclosing for the first time and had not relied on in support of their Motion for a Preliminary injunction, and the report from the expert who had previously provided a report included additional opinions. *Robinson* Intervenors had only 3 business days to respond to these reports.

8. Upon reviewing the reliance materials served along with those reports, Plaintiffs discovered that some of the code data relied upon by Plaintiffs' expert Dr. Stephen Voss was missing. That material was not provided until the evening of March 25, 2022.

9. On or about March 28, 2024, I served notices of deposition for each of Plaintiffs' three experts, to be taken during the week of April 1, 2024 for 4 hours each. In an email dated

March 28, 2024, Mr. Greim responded that he would make the experts available, but only for two hours each. In turn, Mr. Greim wished to depose each of *Robinson* Intervenors' three experts for two hours apiece *and* each of their fact witnesses for 90 minutes each. In the end, Mr. Greim would only agree to three-hour depositions of Plaintiffs' experts, despite the technically complex opinions they were offering and the limited trial time available to explore those opinions on cross examination.

10. On April 1, 2024, Plaintiffs served three additional expert reports including a report by a new expert, Dr. Ben Overholt. On April 4, 2024, during his deposition, Dr. Overholt revealed that he had relied on code to conduct his analysis that Plaintiffs' counsel had failed to turn over along with his report. Plaintiffs' counsel sent that code to *Robinson* Intervenor's counsel on April 5, 2024, the Friday before trial is set to commence.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6th of April 2024.

/s/ Stuart Naifeh
Stuart Naifeh