## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF LOUISIANA—MONROE DIVISION

PHILIP CALLAIS, LLOYD PRICE,     )
BRUCE ODELL, ELIZABETH ERSOFF,   )
ALBERT CAISSIE, DANIEL WEIR,     )
JOYCE LACOUR, CANDY CARROLL    )
PEAVY, TANYA WHITNEY, MIKE      )
JOHNSON, GROVER JOSEPH REES,   )
ROLFE MCCOLLISTER,           )
                               )    Case No. 3:24-cv-00122-DCJ-CES-RRS
       Plaintiffs,         )
                               )
v.                           )    District Judge  David C. Joseph
                               )    Circuit Judge Carl E. Stewart
NANCY LANDRY, IN HER OFFICIAL   )    District Judge  Robert R. Summerhays
CAPACITY AS LOUISIANA        )
SECRETARY OF STATE,          )    Magistrate Judge Kayla D. McClusky
                               )
       Defendant.        )

## DECLARATION OF EDWARD D. GREIM

I, Edward D. Greim, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     The parties, including Intervenors, held a joint meeting convened by Plaintiffs on March 21, 2024, at 2:00 p.m., before the March 22 initial conference with the Court. At that conference, the Robinson Intervenors did not push for a later trial date or more trial time. Nor did they complain that they were being treated unfairly or couldn't participate in discovery.

2.     After the Robinson Intervenors were admitted to the case on March 15 (Doc. 114), they served no additional written discovery on any party. As non-parties, the Robinson Intervenors had served requests for production of documents to Plaintiffs on March 14, demanding a response by March 22, 2024. The Plaintiffs complied, made a complete and on-time production, and worked in good faith with all parties to define discovery deadlines in the absence of a formal Rule 26 conference.

3.     Plaintiffs stood ready to engage in other written discovery. None was forthcoming.

4.      Even after the Plaintiffs served written discovery on the Intervenors on March 20, seeking responses by March 27 under the parties' agreement, the Intervenors declined to issue additional written discovery.

5.      Indeed, the Intervenors never requested any other written discovery, formally or informally, either from the Plaintiffs or the State.

6.      The Intervenors' one and only pursuit of factual discovery was a blind notice, issued Friday night, March 22, 2024, for the deposition of Plaintiff Rolph McCollister on Thursday, March 28, 2024. No pleading, brief, or party's Rule 26 disclosures identified McCollister, who is not a legislator, lobbyist, or expert, as having any particular knowledge on the legislature's intent or any other fact issue. Intervenors would not disclose and have never disclosed why the deposition was necessary, but claimed to want to designate his testimony rather than live questioning at trial— something the Court has repeatedly stated is disfavored. *See, e.g.*, Doc. 63, at 3 ("Deposition testimony is disfavored by the Court and will only be authorized for good cause shown."). Though Plaintiffs attempted to draw the Intervenors' attention to this Court instruction, they did not relent.

7.      Due to business meetings and certain religious holidays, McCollister and Plaintiff's counsel were unavailable until Monday, April 1. Given the press of time and the Court's instructions, Plaintiffs offered an alternative: to ensure his attendance at trial. Plaintiffs further offered to answer interrogatories or other written discovery probing McCollister's knowledge on 36 hours' notice so that Intervenors could decide whether McCollister was truly worth the time.

8.      Intervenors declined both offers, claiming it would reveal their strategy. They withdrew their notice after deciding they did not want to offer his testimony as a mere designation. From the parties' discussions to the present motion, Intervenors have never articulated what particularly useful information McCollister is supposed to have.

9.      Intervenors requested the parties share discovery with them before they were even parties to this portion of the case on March 7. Plaintiffs' counsel responded on March 12, still before Intervenors were parties to this portion of the case, thanking the Intervenors for reaching out and stating, "Plaintiffs will share discovery with the Robinson Intervenors once it has been produced." See Ex. A.

10.     Within days of being made parties, Intervenors received copies of all requests that had been made at that point. They received all of the existing parties' productions, and engaged in all discovery conferences on all matters, including serious disputes between the Plaintiffs and the State. They participated fully and on equal footing with all other parties.

11.     Intervenors and Plaintiffs negotiated timing for the receipt and exchange of expert reports, deals which Plaintiffs believed were satisfactory and which they hardly expected to later find cited as a form of oppression. It is true that Dr. Voss' data was not ready when his report was issued, but to account for this, Plaintiffs gave and Intervenors accepted an extra day for the expert—McCartan—they had designated as responding to the technical part of Dr. Voss's report. Such give-and-take is common in trial preparation.

12.     Intervenors also complain that Plaintiffs would not agree to much of their stipulations. Plaintiffs communicated expeditiously with the parties, including Intervenors, regarding stipulations and joint exhibits on March 21. See Ex. B, C. The Robinson Intervenors gave no response to Plaintiffs' draft, not even to suggest redlines, until March 28. That same day, Plaintiffs reviewed Intervenors' redlines and began responding. Intervenors had inserted many disputed facts to which Plaintiffs simply could not agree. In the end, the parties agreed to basic party facts and no more.

13.     Similarly, Plaintiffs attempted several times to rouse the Robinson Intervenors regarding joint exhibits, even circulating a draft joint exhibit list multiple times, beginning on March 21, 2024. Such attempts to work together to lessen the parties' burden were not well received. It was not until after this Court's final pre-trial conference on Thursday, April 4, that the Robinson Intervenors decided to work with Plaintiffs. Plaintiffs again circulated the exhibit list that same day—the same list Plaintiffs had originally circulated two weeks earlier, with no response.

Under penalty of perjury, I declare that the foregoing is true.

April 7, 2024

s/Edward D. Greim

Edward D. Greim