IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

PHILLIP CALLAIS, *et al.*,

      Plaintiffs,

  vs.

NANCY LANDRY, in her official capacity as Louisiana Secretary of State,

      Defendant.

Case No. 3:24-cv-00122-DCJ-CES-RRS

**MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* IN SUPPORT OF NEITHER PARTY AND TO EXCEED THE PAGE LIMIT**

Michael Mislove, Lisa J. Fauci, Robert Lipton, and Nicholas Mattei (the "Proposed *Amici*"), respectfully request leave to file the attached brief *amicus curiae* in support of neither party and, in doing so, to exceed the page limit for briefs in Local Rule 7.8. The brief addresses issues that are especially relevant for the remedial stage of this litigation,

and for the status conference regarding this remedial phase scheduled for May 6, 2024. Pursuant to Local Rule 7.4.1, counsel for Proposed *Amici* contacted counsel for all parties to attempt to obtain consent for the filing and granting of this motion. The Robinson Intervenors consent to this motion. The Plaintiffs do not consent to this motion. As of the time of this filing, Defendant Secretary of State Landry and Defendant-Intervenor the State of Louisiana have not provided their positions on this motion.

Proposed *Amici* are professors of mathematics and computer science at Louisiana State University and Tulane University. Proposed *Amici* were thrice allowed to file a

1

brief in support of neither party—twice during the liability phase of preliminary-injunction proceedings, and once in the remedial phase—during the related congressional districting litigation that took place in the Middle District of Louisiana. *See Robinson v. Ardoin*, No. 3:22-cv-0021 (M.D. La.), ECF Nos. 96, 210, 284.

Along with their brief, Proposed *Amici* offer the Court a proposed remedial map demonstrating how computational redistricting—using high-performance computers to draw maps that attempt to optimize multiple redistricting criteria—can produce a map that avoids both excessive race-consciousness and dilution of minority voting strength in violation of Section 2 of the VRA, 52 U.S.C. § 10301, while also complying with all other legal requirements and traditional districting principles. Proposed *Amici*'s attached brief explains why their proposed map presents the Court with a remedial proposal that cures the Equal Protection violations found by the Court, while also mitigating concerns raised by both sides.

*Amicus* briefs shall normally be allowed when, among other grounds, "the amicus has unique information or perspective that can help the Court beyond the help that the lawyers for the parties are able to provide." *Hard Drive Prods., Inc. v. Doe*, 892 F. Supp. 2d 334 (D.C. 2012) (citation and internal quotation marks omitted). *Amicus* participation is common in redistricting cases in federal district courts, especially when *amici curiae* can provide a unique perspective or information that the parties likely would not provide. *See, e.g.*, ECF Nos. 91, 92, 196 (allowing other *amici* to file briefs in this litigation); *Hays v. Louisiana*, 839 936 F. Supp. 360, 363-64 (W.D. La. 1996) (three-judge court) (noting that Court considered briefing and argument from *amici* in various stages of racial-

gerrymandering litigation). Indeed, active *amicus* participation is commonplace across the nation in voting-rights and redistricting cases, where the legal and factual complexities render additional perspectives especially valuable.[1]  Here, the unique perspectives and contributions of Proposed *Amici* on computational redistricting and their proposed remedial map make them particularly strong candidates for *amicus* participation.

Proposed *Amici*'s brief will not prejudice the parties. They seek to file this brief, and its accompanying proposed remedial map, three days after the issuance of this Court's injunction and prior to the status conference scheduled for May 6, 2024, to discuss the remedial stage of this trial. *See* ECF Nos. 198, 199. Based on this timing, the parties will have a full and fair opportunity to comment on the proposed brief if they wish.

Proposed *Amici* offer this brief, and their proposed remedial map, not in support of either party, but rather as a public service to assist the Court as it commences the remedial stage of this litigation.

---

[1] *See, e.g., De Grandy v. Wetherell*, 815 F. Supp. 1550, 1555 & n.2 (N.D. Fla. 1992) (listing multiple *amici*), *aff'd in part and rev'd in part sub nom. Johnson v. De Grandy*, 512 U.S. 997 (1994); *Alpha Phi Alpha Fraternity v. Raffensperger*, Nos. 1:21-CV-5337, 1:21-CV-5339, 1:22-CV-122, 2022 WL 633312, at \*5 nn.2, 4 (N.D. Ga. Feb. 28, 2022) (granting leave to two *amici*); *Democratic Nat'l Comm. v. Bostelmann*, 488 F. Supp. 3d 776, 799 n.17, 816–17 (W.D. Wis. 2020) (granting motions for leave to file *amicus* briefs after concluding that two proposed *amici* each had "a unique perspective, or information, that can assist the court … beyond what the parties are able to do" (citing *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000))); *Thomas v. Andino*, Nos. 3:20-cv-01552, 3:20-cv-01730, 2020 WL 2617329, at \*9, \*11–12 (D.S.C. May 25, 2020) (granting two motions for leave to file *amicus* briefs); *Baldus v. Members of Wis. Gov't Accountability Bd.*, 862 F. Supp. 2d 860, 862–63 (E.D. Wis. 2012) (granting two motions for leave to file *amicus* briefs); *Fletcher v. Lamone*, 831 F. Supp. 2d 887, 910 (D. Md. 2011) (granting motion for leave to file an *amicus* brief); *Perry-Bey v. City of Norfolk*, 678 F. Supp. 2d 348, 357, 390 (E.D. Va. 2009) (granting motion for leave to file an *amicus* brief and inviting *amicus* to participate in oral argument).

Dated: May 3, 2024

Sam Hirsch*
Jessica Ring Amunson*
Sophia W. Montgomery*
JENNER & BLOCK LLP
1099 New York Avenue, NW,
  Suite 900
Washington, D.C. 20001
(202) 639-6000
shirsch@jenner.com
jamunson@jenner.com
smontgomery@jenner.com

* *Pro hac vice* application pending

Respectfully submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso (La. Bar No. 2814)
Mithun B. Kamath (La. Bar No. 35504)
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, LA 70112
Tel: (504) 589-9700
Fax: (504) 589-9701
jbarrasso@barrassousdin.com
mkamath@barrassousdin.com

*Counsel for Proposed Amici*