IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA—MONROE DIVISION

| | |
|---|---|
| PHILLIP CALLAIS, LLOYD PRICE, BRUCE ODELL, ELIZABETH ERSOFF, ALBERT CAISSIE, DANIEL WEIR, JOYCE LACOUR, CANDY CARROLL PEAVY, TANYA WHITNEY, MIKE JOHNSON, GROVER JOSEPH REES, ROLFE MCCOLLISTER, <br><br>      Plaintiffs, <br><br>v. <br><br>NANCY LANDRY, IN HER OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE, <br><br>      Defendant. | Case No. 3:24-cv-00122 |

## THE STATE OF LOUISIANA'S SCHEDULING BRIEF

This morning, the Court held a Status Conference, at which it ordered the State of Louisiana to file a brief listing the plausible legislative procedures for enacting another congressional map. *See* ECF No. 216. Accordingly, the State submits this brief to explain that, if the Court permits the Legislature an opportunity to draw another map,[1] there are only two plausible avenues for the Legislature. First, the Legislature could amend a bill that already has been introduced in the current regular session—which started on March 11, 2024, and ends on June 3, 2024—as long

---

[1] Because the Court instructed the State not to make this brief "an advocacy piece," the State excludes any legal argument. Nothing in this brief, however, should be read to constitute a waiver of the State's position that the Legislature must be afforded a "reasonable opportunity" to draw a remedial map, *see In re Landry*, 83 F.4th 300, 303 (5th Cir. 2023) (quoting *Wise v. Lipscomb*, 437 U.S. 535, 540 (1978)), and the timelines provided herein do not constitute such an opportunity.

1

as the amendment is germane to that existing bill. Second, the Governor could call a special session in which new redistricting bills could be considered. That second option, however, is limited by the possibility of a special session to amend the Louisiana Constitution.

I.  **REGULAR SESSION**

The Legislature is currently in regular session, which is scheduled to end on June 3, 2024. *See* La. Const. art. III, § 2(A)(3)(a). The deadline for proposing new bills in the current session has passed, however. *See id.* ("No new matter intended to have the effect of law shall be introduced or received by either house after six o'clock in the evening of the twenty-third calendar day.").

Moreover, the Louisiana Constitution contains Single-Object and Germaneness Requirements that limit legislative enactments. *See* La. Const. art. III, § 15(A) ("Every bill, except the general appropriation bill and bills for the enactment, rearrangement, codification, or revision of a system of laws, shall be confined to one object.") (Single-Object Requirement); *id.* § 15(C) ("No bill shall be amended in either house to make a change not germane to the bill as introduced.") (Germaneness Requirement). Under these constitutional requirements, the Legislature could potentially amend an existing bill to address congressional redistricting, but the amendment's object (congressional redistricting) must be germane to the subject matter of the existing bill that it seeks to amend. *See id.* §§ 15(A), (C).

As Plaintiffs attested at this morning's Status Conference, there are currently bills before the Legislature that it might conceivably attempt to amend to enact a new

2

congressional map. *See, e.g.*, S. Bill 468, 2024 Reg Sess. (La. 2024) (relating to *Louisiana State Senate* redistricting). But attempting to use that bill for *congressional* redistricting would be subject to a germaneness challenge because it addresses *state senate* redistricting. *See La. Fedn. of Teachers v. State*, 118 So. 3d 1033, 1063–72 (La. 2013) ("The 'object' of a bill has been variously defined as the aim or purpose of the enactment, its general purpose, the matter or thing forming the groundwork of the bill."); *La. Pub. Facilities Auth. v. Foster*, 795 So. 2d 288, 299–301 (La. 2021) ("What is 'germane' is that which is in close relationship, appropriate, relevant, or pertinent to the general subject.")

## II. SPECIAL SESSION

Alternatively, the Governor could call a special session (also called an "extraordinary session") in which new bills could be considered. *See* La. Const. Art. III, § 2(B). If the Governor were to call a special session, the Legislators must be given "[a]t least seven calendar days [notice] prior to convening the legislature in extraordinary session." *Id.* And the bill must be read by title on three separate days in each house, and a committee of each chamber must hold public hearings and reports on the bill. *Id.* § 15(D) ("Each bill shall be read at least by title on three separate days in each house. No bill shall be considered for final passage unless a committee has held a public hearing and reported on the bill."); *see also* S. Rule 10.6. However, the obligation of the reading of the bill is waivable if approved by a majority of the Senate and two-thirds of the House. *See* S. Rule 15.2; H. Rule 13.2. Thus, if done via special session, the State would need at least twelve days to pass a new map, unless the rules were waived by the appropriate margins in each house.

### III.  CONSTITUTIONAL SESSION

It is important to note that both options (special or regular session) could be limited by another proposal that is currently pending in the Legislature, which calls for a constitutional session (*i.e.*, a session to amend the Louisiana Constitution). *See* H. Bill 800, 2024 Reg. Sess. (La. 2024). If that measure passes, the regular session would end on May 20, 2024, instead of June 3, 2024, and would foreclose the Governor from calling a special session for the duration of the constitutional session. *See generally id.*

## CONCLUSION

There are only two plausible avenues for the Legislature to draw a new map. First, the Legislature could amend a bill that already has been introduced in the current regular session as long as the amendment is germane to that existing bill. Second, the Governor could call a special session in which new redistricting bills could be considered. But calling a special session is limited by the possibility of a different special session to amend the Louisiana Constitution—a possibility that is currently pending in the Legislature.

Dated: May 6, 2024                                  Respectfully Submitted,

Jason B. Torchinsky (DC No. 976033)*         */s/ Morgan Brungard*
HOLTZMAN VOGEL BARAN                          Morgan Brungard (LSBA No. 40298)
TORCHINSKY & JOSEFIAK, PLLC                   *Deputy Solicitor General*
2300 N Street, NW                             Carey Tom Jones (LSBA No. 07474)
Suite 643A                                    Office of the Attorney General
Washington, DC 20037                          Louisiana Department of Justice
Tel: 202-737-8808                             1885 N. Third St.
Email: jtorchinsky@holtzmanvogel.com          Baton Rouge, LA 70804
                                              (225) 326-6000 phone

4

Phillip M. Gordon (VA No. 95621)*
Zachary D. Henson (NY No. 5907340)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
15405 John Marshall Hwy.
Haymarket, VA 20169
Telephone: (540) 341-8808
Facsimile: (540) 341-8809
Email: pgordon@holtzmanvogel.com
      zhenson@holtzmanvogel.com

Brennan A.R. Bowen (AZ No. 036639)*
Drew C. Ensign (DC No. 976571)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2575 East Camelback Rd, Ste 860
Phoenix, AZ 85016
602-388-1262
Email: bbowen@holtzmanvogel.com

    *admitted *pro hac vice*

(225) 326-6098 fax
BrungardM@ag.louisiana.gov
JonesCar@ag.louisiana.gov

*Counsel for Intervenor-Defendant State of Louisiana*

## CERTIFICATE OF SERVICE

I hereby declare that I served the foregoing document on counsel for all parties via email on May 6, 2024.

*/s/ Morgan Brungard*
Morgan Brungard
