UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| PHILLIP CALLAIS ET AL | CASE NO.   3:24-CV-00122-DCJ-CES-RRS |
| VERSUS | THREE-JUDGE COURT |
| NANCY LANDRY | |

**SCHEDULING ORDER**

Having issued our ruling on the merits, the Court now turns to an expedited schedule for the remedial phase of the case. "It is well settled that 'reapportionment is primarily the duty and responsibility of the State,'" *Miller v. Johnson*, 515 U.S. 900, 915 (1995); that "it is the domain of the States, and not the federal courts, to conduct apportionment in the first place," *Voinovich v. Quilter*, 507 U.S. 146, 156 (1993); that each State has a "sovereign interest in implementing its redistricting plan," *Bush v. Vera*, 517 U.S. 952, 978 (1996); that "drawing lines for congressional districts is one of the most significant acts a State can perform to ensure citizen participation in republican self-governance," *League of United Latin Am. Citizens v. Perry*, 548 U.S. 399, 416 (2006) (citation omitted); and that because "the Constitution vests redistricting responsibilities foremost in the legislatures of the States and in Congress, a lawful, legislatively enacted plan should be preferable to one drawn by the courts." *Id*.

Even when a federal court finds that a redistricting plan violates federal law, Supreme Court precedent dictates that the state legislature have the first opportunity to draw a new map. *See, e.g., North Carolina v. Covington*, 138 S. Ct. 2548, 2554 (2018); *White v. Weiser*, 412 U.S. 783, 794–95 (1973). Only when "those with legislative responsibilities do not respond, or the imminence of a state election makes it impractical for them to do so, [does] it become[] the unwelcome obligation of the federal court to devise and impose a reapportionment plan pending later legislative action." *Wise*, 437 U.S. at 540 (opinion of White, J.).

The Court notes that the Louisiana Legislature is in session through June 3, 2024, and this Court provides it with the opportunity to enact a new Congressional map during that time period. However, given the time limitations outlined by the Secretary of State [Doc. 217], this Court must concurrently proceed with the "unwelcome obligation" of drawing a remedial map to ensure that a compliant map is in place in time for the 2024 congressional election. To be clear, the fact that the Court is proceeding with the remedial phase of this case does not foreclose the Louisiana Legislature from exercising its "sovereign interest" by drawing a legally compliant map.

The Court has considered the arguments from the Louisiana Secretary of State that May 15, 2024, is the deadline by which they must receive a congressional map in order to prepare for the November elections. However, the Court is aware that in

oral arguments in a related case,[1] the same counsel for the Louisiana Secretary of State stated that they could be adequately prepared for that same November election at issue herein if they received a map by approximately the end of May.  As noted, the Louisiana Legislature is in session until June 3, 2024, and the Court finds it necessary to permit the Legislature a full opportunity to enact a new map while the Court simultaneously pursues the remedial phase. Accordingly, if the Louisiana Legislature fails to enact a new map by June 3, 2024, the Court intends to order the use of an interim remedial Congressional districting map on June 4, 2024.  During the remedial phase, the Court may employ a Court-appointed technical advisor, which will be disclosed to the parties by separate order.  After considering the positions of the parties, the Court imposes the following deadlines for the remedial phase of this litigation:

**DEADLINE:**

| | |
|---|---|
| May 17, 2024 | Each party, intervenor and amici may submit their proposal, which shall be limited to one map per party. The proposal shall include both evidence and argument supporting the map. The proposal and argument supporting the proposal shall be limited to twenty-five pages. Evidence in support of the proposal may be attached as exhibits. |
| May 24, 2024 | Each party may file a single response, responding to one or more of the other parties' proposed maps. Each response shall be limited to twenty-five pages per party. |

---

[1] *Robinson v. Ardoin*, Case Number 22-30333, oral argument before the Fifth Circuit Court of Appeals held on October 6, 2023.

| | |
|---|---|
| May 30, 2024, at 10:00 a.m. | The Court will hold a hearing in Courtroom 1, in Lafayette, Louisiana. No evidence will be introduced at the hearing, but parties may make arguments in support of their proposal and against any other party's proposal. Argument will be limited to forty-five minutes per party. |

THUS DONE in Chambers on this 7th day of May, 2024.

/s/ Carl E. Stewart
_____
CARL E. STEWART
UNITED STATES CIRCUIT JUDGE

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE