IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA, MONROE DIVISION

| | |
|---|---|
| PHILLIP CALLAIS, LLOYD PRICE, BRUCE ODELL, ELIZABETH ERSOFF, ALBERT CAISSIE, DANIEL WEIR, JOYCE LACOUR, CANDY CARROLL PEAVY, TANYA WHITNEY, MIKE JOHNSON, GROVER JOSEPH REES, ROLFE MCCOLLISTER, | Civil Action No. 3:24-cv-00122 |
| *Plaintiffs*, | Judge David C. Joseph |
| v. | Circuit Judge Carl E. Stewart |
| NANCY LANDRY, in her official capacity as Secretary of State for Louisiana, *et al.*, | Judge Robert R. Summerhays |
| *Defendants*. | |

*ROBINSON* AND *GALMON* INTERVENORS' MEMORANDUM IN SUPPORT OF
MOTION FOR CLARIFICATION AND RECONSIDERATION

This Court has directed the parties to propose interim remedial plans ahead of a court-ordered remedy on June 4, 2024 (assuming the Legislature does not pass a plan before its legislative session ends on June 3, 2024). *See generally* ECF No. 219. Under this schedule, each party, intervenor, and amicus may file a single proposed map by May 17, 2024, including "both evidence and argument supporting the map." *Id.* at 3. Each party may file a single response to the other parties' submissions by May 24, 2024. *Id*. The Court has announced that it will hold an oral argument on the proposals on May 30, 2024, in which each party "will be limited to forty-five minutes." *Id*. at 4.

Defendant-Intervenors Press Robinson, Edgar Cage, Dorothy Nairne, Edwin Rene Soule, Alice Washington, Clee Earnest Lowe, Davante Lewis, Martha Davis, Ambrose Sims, the National

Association for the Advancement of Colored People Louisiana State Conference, and the Power Coalition for Equity and Justice (the "*Robinson* Intervenors") and Edward Galmon, Sr., Ciara Hart, Norris Henderson, and Tramelle Howard ("*Galmon* Intervenors") (collectively, "Intervenors"), respectfully move the Court for clarification regarding its May 7, 2024 Scheduling Order, ECF No. 219, to establish the scope of supporting evidence the Court requires to make its remedial determination. Additionally, Intervenors respectfully move for reconsideration to permit each party to propose two interim remedial plans for the Court's consideration, and for guidance regarding the criteria that the Court intends to apply to select Louisiana's remedial congressional map.

**I. Intervenors Request Clarification to Ensure the Court Has Sufficient Information to Make its Remedial Determination.**

If it is forced to take on the "unwelcome obligation" of ordering a plan, *Connor v. Finch*, 431 U.S. 407, 415 (1977), this Court must ensure that the plan complies with federal constitutional and statutory requirements, including the Voting Rights Act, *see, e.g.*, *Abrams v. Johnson*, 521 U.S. 74, 79 (1997); JE2 (Joint Rule 21). The Court will benefit and be better positioned to meet its remedial obligations if the parties' submissions adhere to those requirements.

Intervenors seek clarification on whether this Court intends to adhere to the findings of the Middle District of Louisiana that the Voting Rights Act likely requires two congressional districts in which Black voters have the opportunity to elect their preferred candidates. *Robinson v. Ardoin*, 605 F. Supp. 3d 759, 766 (M.D. La.) ("*Robinson I*") ("The appropriate remedy [] is a remedial congressional redistricting plan that includes an additional majority-Black congressional district."). That conclusion was credited by a unanimous motions panel of the Fifth Circuit, *Robinson v. Ardoin*, 37 F.4th 208 (5th Cir. 2022) ("*Robinson II*"), and subsequently upheld by a unanimous merits panel of the Fifth Circuit, *Robinson v. Ardoin*, 86 F.4th 574 (5th Cir. 2023)

2

("*Robinson III*"). While this Court held that SB 8 does not comply with the Constitution, the Court's decision did not question the validity of the *Robinson* courts' holdings regarding § 2 of the Voting Rights Act.

Intervenors maintain that the conclusions from the *Robinson* case should be given effect in any remedial plan for Louisiana's congressional districts. *See, e.g.*, *Theriot* v. *Par. of Jefferson*, 185 F.3d 477, 490 (5th Cir. 1999) (holding that Black voters were not required to reestablish the *Gingles* preconditions at a remedial hearing arising from a racial gerrymandering challenge where the district had been drawn as a result of a court order finding a violation of Section 2). To avoid any doubt and to ensure that the parties' submissions assist the Court in adopting a remedial plan that complies with all requirements, Intervenors respectfully request that the Court confirm whether it intends to adhere to the *Robinson* decisions and require that any interim congressional plan "includes an additional majority-Black congressional district," *Robinson I*, 605 F. Supp. 3d at 766.

Intervenors respectfully submit that, if the Court instead intends to revisit the Middle District and Fifth Circuit's determination of the Voting Rights Act question, its current remedial schedule does not provide the parties a sufficient opportunity to address that question. "Section 2 vote dilution dispute[s] are determinations 'peculiarly dependent upon the facts of each case' that require 'an intensely local appraisal of the design and impact of the contested electoral mechanisms.'" *NAACP v. Fordice,* 252 F.3d 361, 364–65 (5th Cir. 2001) (quoting *Gingles*, 478 U.S. at 79). In the *Robinson* litigation, for example, the Middle District heard testimony from 21 witnesses—including 14 experts—and entered into evidence 244 exhibits over a five-day preliminary injunction hearing. *See Robinson I*, 605 F. Supp. 3d at 766; Docket Entries 152, 154, 155, 167–69, *Robinson v. Ardoin*, Case No. 22-cv-211 (M.D. La. Mar. 30, 2022). *Nairne v. Ardoin*,

involving a separate Section 2 challenge to Louisiana's legislative plans, took seven days, including 20 witnesses and 258 exhibits. *See* 2024 WL 492688, at *1 (M.D. La. Feb. 8, 2024); Docket Entries 186, 189, 191, 193, 195, 202–03, *Nairne v. Ardoin*, Case No. 22-cv-178 (M.D. La. Mar. 14, 2022); *see also Alpha Phi Alpha Fraternity Inc. v. Raffensperger*, 2023 WL 7037537, at *5 (N.D. Ga. Oct. 26, 2023) (eight-day Section 2 trial with 20 live witnesses, including 11 experts, and an additional 22 witnesses via deposition). The Court's current schedule, which does not provide for discovery or an evidentiary hearing and instead contemplates a ruling based on an extremely limited written record, does not permit the detailed factual development and legal analysis that would be required to review *de novo* the questions addressed in *Robinson*.

## II. Intervenors Request Reconsideration to Allow Each Party to Submit Two Maps and/or to Provide Guidance on Remedial Criteria.

Additionally, Intervenors move the Court to reconsider its decision limiting each party's remedial submission to one map. ECF No. 219, at 3. Intervenors respectfully submit that permitting additional maps will aid the Court as it undertakes the monumental task of imposing a remedial redistricting plan.

At the status conference on May 6, 2024, there was disagreement among the parties about which map should be considered the relevant baseline from which a remedial plan should start, and the State requested further guidance from the Court on the parameters and guiding principles for a proposed remedy. The Court declined to decide those issues in the context of a status conference. Allowing each party to submit an additional map will allow the Court to consider the issue with a full range of alternative maps.

Whether or not the Court permits additional maps, the parties' submissions are most likely to be helpful to the Court if the parties receive guidance on the criteria that the Court intends to evaluate when choosing between proposed maps, including guidance regarding the relative weight

4

the Court intends to apply to each criterion. For example, a range of potentially lawful maps could seek to maximize adherence to the Legislature's political priorities, or population equality, or district compactness and adherence to political boundaries. Because these various criteria are, to some degree, mutually exclusive, it would prejudice the parties—and disserve the Court—if map-drawers proceed to prepare their proposed maps with no guidance on or certainty as to the applicable rubric. Accordingly, Intervenors also request the Court instruct the parties about how it intends to evaluate the maps submitted by parties.

## CONCLUSION

Intervenors respectfully request that the Court clarify whether it intends to adhere to the Voting Rights Act determination from the *Robinson* litigation, and to reconsider its Scheduling Order, ECF No. 219, to permit each party to submit up to two proposed remedial plans and/or to provide further guidance on the criteria that will govern the Court's decision-making.

DATED:  May 9, 2024

By: /s/ *Tracie L. Washington*  
Tracie L. Washington  
LA. Bar No. 25925  
Louisiana Justice Institute  
8004 Belfast Street  
New Orleans, LA 70125  
Tel: (504) 872-9134  
tracie.washington.esq@gmail.com

By: /s/ *John Adcock*  
John Adcock  
Adcock Law LLC  
3110 Canal Street  
New Orleans, LA 70119  
Tel: (504) 233-3125  
jnadcock@gmail.com

*Counsel for* Robinson *Intervenors*  
*Dorothy Nairne, Martha Davis, Clee Earnest Lowe, and Rene Soule*

*Counsel for* Robinson *Intervenors*

Case 3:24-cv-00122-DCJ-CES-RRS   Document 224-1   Filed 05/09/24   Page 6 of 8 PageID #: 5252

Stuart Naifeh (admitted pro hac vice)
Kathryn Sadasivan (admitted pro hac vice)
Victoria Wenger (admitted pro hac vice)
NAACP Legal Defense and
　　Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
snaifeh@naacpldf.org
ksadasivan@naacpldf.org
vwenger@naacpldf.org

R. Jared Evans
LA. Bar No. 34537
I. Sara Rohani (admitted pro hac vice)
NAACP Legal Defense and
Educational Fund, Inc.
700 14th Street N.W. Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
jevans@naacpldf.org
srohani@naacpldf.org

Sarah Brannon (admitted pro hac vice)
Megan C. Keenan (admitted pro hac vice)
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

Nora Ahmed
NY Bar No. 5092374 (pro hac vice forthcoming)
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org

*Additional counsel for* Robinson *Intervenors*

*Practice is limited to federal court.

Robert A. Atkins (admitted pro hac vice)
Yahonnes Cleary (admitted pro hac vice)
Jonathan H. Hurwitz (admitted pro hac vice)
Amitav Chakraborty (admitted pro hac vice)
Adam P. Savitt (admitted pro hac vice)
Arielle B. McTootle (admitted pro hac vice)
Robert Klein (admitted pro hac vice)
Neil Chitrao (admitted pro hac vice)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Tel.: (212) 373-3000
Fax: (212) 757-3990
ratkins@paulweiss.com
ycleary@paulweiss.com
jhurwitz@paulweiss.com
achakraborty@paulweiss.com
asavitt@paulweiss.com
amctootle@paulweiss.com
rklein@paulweiss.com
nchitrao@paulweiss.com

Sophia Lin Lakin (admitted pro hac vice)
Dayton Campbell-Harris (pro hac vice forthcoming)*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org

T. Alora Thomas-Lundborg (admitted pro hac vice)
Daniel Hessel (admitted pro hac vice)
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
(617) 495-5202
tthomaslundborg@law.harvard.edu
dhessel@law.harvard.edu

7

<div style="display: flex;">

<div>

*s/ J.E. Cullens, Jr.*

J. E. Cullens, Jr. (LA # 23011)
Andrée Matherne Cullens (LA # 23212)
Stephen Layne Lee (LA # 17689)
WALTERS, THOMAS, CULLENS, LLC
12345 Perkins Road, Bldg. One
Baton Rouge, LA 70810
(225) 236-3636
cullens@lawbr.net
acullens@lawbr.net
laynelee@lawbr.net

</div>

<div>

*s/ Abha Khanna*

Abha Khanna* (# 917978)
ELIAS LAW GROUP LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0177
akhanna@elias.law

Lalitha D. Madduri* (# 917979)
Jacob D. Shelly* (# 917980)
Daniel Cohen* (# 917976)
Qizhou Ge* (# 917977)
ELIAS LAW GROUP LLP
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
(202) 968-4490
lmadduri@elias.law
jshelly@elias.law
dcohen@elias.law
age@elias.law

* Admitted *pro hac vice*

Counsel for *Galmon* Intervenors

</div>

</div>