# EXHIBIT 2

Nos. 24-109, 24-110

## In The
# Supreme Court of the United States

———————————

LOUISIANA, *Appellant*

*v.*

PHILLIP CALLAIS, *et al.*, *Appellees*

———————————

PRESS ROBINSON, *et al.*, *Appellants*

*v.*

PHILLIP CALLAIS, *et al.*, *Appellees*

———————————

**ON APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA**

———————————

**APPLICATION FOR ISSUANCE OF A COPY OF THE OPINION AND CERTIFIED COPY OF THE JUDGMENT FORTHWITH**

———————————

EDWARD D. GREIM
   *Counsel of Record*
MATTHEW MUELLER
KATHERINE E. MITRA
GRAVES GARRETT GREIM LLC
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
edgreim@gravesgarrett.com
(816) 256-3181

PAUL LOY HURD
PAUL LOY HURD, APLC
1896 Hudson Circle, Suite 5
Monroe, Louisiana 71201

*Counsel for Appellees*

**TO THE HONORABLE SAMUEL A. ALITO, JR., ASSOCIATE JUSTICE OF THE SUPREME COURT AND CIRCUIT JUSTICE FOR THE FIFTH CIRCUIT:**

Appellees Phillip Callais, *et al.*, respectfully request an order pursuant to Rule 45.3 of the Rules of this Court directing the Clerk of the Court to immediately send a copy of this Court's opinion and a certified copy of this Court's judgment to the Clerk of the United States District Court for the Western District of Louisiana. The Louisiana Secretary of State does not oppose this application; the Appellant State of Louisiana takes no position; and the Robinson Appellants oppose.

On April 29, 2026, this Court held that no compelling interest justified the State of Louisiana's use of race to draw an additional majority-minority congressional district under the SB8 map and that the SB8 map was an unconstitutional gerrymander. *Louisiana v. Callais, et al.*, 608 U.S. ___ (2026) (slip op. at 35). As such, use of the SB8 map for the 2026 congressional election would violate Appellees' constitutional rights. *Id.* Accordingly, the Court affirmed the judgment of the District Court and remanded to the District Court for further proceedings. *Id.* at 36. Under Rule 45.3, however, the Clerk of the Court will not direct a copy of the opinion and certified copy of the judgment to the District Court for at least 32 days after entry of judgment unless the Court or a Justice shortens the time for issuance.

Those 32 days could matter. Under Act 640 of the 2024 Regular Legislative Session of the Louisiana State Legislature, the congressional party primary will be held on May 16, 2026, and the second party primary (between the top two candidates from the first primary, if no candidate wins an absolute majority) will be held on June

2

27, 2026. However, it is Appellees' understanding that the Legislature is considering pushing back these deadlines substantially to allow for the 2026 congressional elections to occur under a remedial map. But even if primary elections are pushed back, and the Legislature moves the election back as far as November 2026 (a return to Louisiana's pre-Act 640 primary system), time is still of the essence.

Because it is for the District Court to either draw an interim remedial map or approve a legislative remedy, jurisdiction should be returned to the District Court as soon as possible so that it can oversee an orderly process and ensure that, in the event of a judicial remedy, all parties—which would include the State of Louisiana, the Louisiana Secretary of State, the Robinson Appellants, and another set of intervenors—are heard. A delay of 32 days might well endanger this process.

Finally, the requested relief will not prejudice Appellants. None have indicated a legal basis for seeking any renewed consideration from this Court, which at this stage is highly disfavored. U.S. SUP. CT. R. 44.1. Weighing in favor of this request are the interests of judicial economy; of limiting litigation costs to those reasonably necessary to resolve the merits; and of vindicating the long-unfulfilled rights of Appellees, along with thousands of Louisiana voters who suffered through one racially gerrymandered election in 2024 and face the looming prospect of another in 2026. The equities weigh strongly in favor of granting Appellees' request.

## CONCLUSION

For the foregoing reasons, Appellees request the Court order the Clerk of the Court to immediately issue the Court's opinion and a certified copy of the judgment

3

to the Clerk of the United States District Court for the Western District of Louisiana

pursuant to Rule 45.3.

April 29, 2026                                  Respectfully submitted,

<u>*/s/ Edward D. Greim*</u>
EDWARD D. GREIM
 *Counsel of Record*
MATTHEW MUELLER
KATHERINE E. MITRA
GRAVES GARRETT GREIM LLC
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
edgreim@gravesgarrett.com
(816) 256-3181

PAUL LOY HURD
PAUL LOY HURD, APLC
1896 Hudson Circle, Suite 5
Monroe, Louisiana 71201

*Counsel for Appellees*

4