**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA—MONROE DIVISION**

| | | |
|---|---|---|
| PHILLIP CALLAIS, LLOYD PRICE, BRUCE ODELL, ELIZABETH ERSOFF, ALBERT CAISSIE, DANIEL WEIR, JOYCE LACOUR, CANDY CARROLL PEAVY, TANYA WHITNEY, MIKE JOHNSON, GROVER JOSEPH REES, ROLFE MCCOLLISTER, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:24-cv-00122-DCJ-CES-RRS |
| v. | ) ) | District Judge  David C. Joseph |
| | ) | Circuit Judge Carl E. Stewart |
| NANCY LANDRY, IN HER OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE, | ) ) ) | District Judge  Robert R. Summerhays |
| | ) | Magistrate Judge Kayla D. McClusky |
| Defendant. | ) ) | |

**PLAINTIFFS' NOTICE OF COMPETING ACTION
FILED IN THE MIDDLE DISTRICT OF LOUISIANA**

1.    Plaintiffs hereby provide notice that late on April 30, 2026, a Democratic candidate for the Fifth Congressional District and another voter filed a putative class action in the United States District Court for the Middle District of Louisiana. *See* Complaint and Emergency Motion for Temporary Restraining Order and Preliminary Injunction, *Garcia, et al. v. Landry, et al.*, No. 3:26-cv-00471-SDD-RLB (M.D. La.) (the "Competing Action"), ECF 1. It is attached as Exhibit 1.

2.    The Competing Action seeks an emergency TRO and preliminary relief compelling Louisiana officials to hold the 2026 congressional elections under the existing map invalidated by this Court in an opinion affirmed by the United States Supreme Court on April 29, 2026, and to

1

require state officials to count all votes already cast under that map. *See* Ex. 1, Prayer for Relief, pp. 21-22; Ex. 2, pp. 4-5.

3.     Accordingly, the relief they seek is logically inconsistent with the imposition of a remedial congressional map in advance of the 2026 election.

4.     But the Competing Action goes even further. The theory of the Competing Action is that the remedy the Callais Plaintiffs seek in this Court—whether crafted by the Court itself or passed by the Louisiana State Legislature—will necessarily violate a bevy of federal constitutional rights. *See* Ex. 1, Complaint, pp. 16-20 (five of six theories would preclude even a legislative remedy that delays the primary so that it can be held under districts that remedy the racial gerrymander).

5.     Specifically, the Competing Action plaintiffs allege that any remedy that eliminates the snake-like District 6 in the wake of *Louisiana v. Callais*, 608 U.S. ___ (2026), will itself violate Section 2 of the Voting Rights Act ("VRA"), the Fourteenth Amendment, and the Fifteenth Amendment, notwithstanding the clear promise of *Louisiana v. Callais*. Ex. 1, Complaint, pp. 16-20. As such, under these plaintiffs' theory, not only is it impossible to conduct the 2026 election under a remedial map, there can never be a remedy for the unconstitutional gerrymander struck down by the U.S. Supreme Court.

6.     Accordingly, even preliminary relief in the Competing Action would eliminate the remedial authority of this Court for the 2026 elections. And permanent relief would eliminate this Court's remedial authority altogether.

7.     The Competing Action plaintiffs claim authority to unravel *Callais* by nestling into a short jurisdictional gap they have identified in *Callais* itself, arguing that if the U.S. Supreme Court does not issue its decision to the Clerk of this Court, this Court will not recover jurisdiction

until May 24, 2026—after the 2026 first primary will have already occurred. Ex. 1, Memorandum in Support, p. 32. Meanwhile, the Robinson parties seek to hold open this alleged gap for as long as possible by asking the U.S. Supreme Court to postpone issuing its decision for so that they can consider rehearing. They have urged the Supreme Court to keep its stay in place in the meantime. *See* Ex. 3. They have also notified the Supreme Court of this Court's order of April 30, 2026. *See* Ex. 4.

8.      Finally, the Competing Action seeks appointment of a three-judge panel precisely because its subject matter is the remedial apportionment at issue in *Callais*. The Competing Action plaintiffs forthrightly admit: "This action is causally and substantively connected to the congressional apportionment invalidated in Callais; the relief sought directly governs the conduct of federal elections under the existing apportionment." Ex. 1, Memorandum in Support, pp. 35-36.

9.      Given these circumstances, Plaintiffs respectfully suggest that principles of comity and the orderly administration of justice might well be considered by the Chief Judge of the United States Court of Appeals for the Fifth Circuit, who will likely be notified of the Competing Action by the initially assigned district judge under 28 U.S.C. § 2284(b)(1). Plaintiffs respectfully suggest that this Court contact the Chief Judge to provide notice of the recent filings in this Court and request the transfer of the Competing Action to this Court.

Dated this 1st day of May, 2026

PAUL LOY HURD, APLC
*/s/ Paul Loy Hurd*
Paul Loy Hurd
Louisiana Bar No. 13909
1896 Hudson Circle, Suite 5
Monroe, Louisiana 71201
Tel.: (318) 323-3838
paul@paulhurdlawoffice.com
*Attorney for Plaintiffs*

Respectfully submitted,

GRAVES GARRETT GREIM LLC
*/s/ Edward D. Greim*
Edward D. Greim
Missouri Bar No. 54034
*Admitted Pro Hac Vice*
Matthew Mueller
Missouri Bar No. 70263
*Admitted Pro Hac Vice*
Katherine E. Mitra
Missouri Bar No. 74671
*Admitted Pro Hac Vice*
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
Tel.: (816) 256-3181
Fax: (816) 256-5958
edgreim@gravesgarrett.com
mmueller@gravesgarrett.com
kmitra@gravesgarrett.com
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I do hereby certify that, on this 1st day of May, 2026, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

*/s/ Edward D. Greim*
Edward D. Greim
*Attorney for Plaintiffs*

4