# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

Lindsay Garcia, a qualified voter
and a candidate in the Democratic Party
for the 5th congressional district, and on behalf of
of all others similarly situated;
and Eugene Collins, a qualified voter
v.

JEFF LANDRY, in his official capacity as Governor
of the State of Louisiana; ELIZABETH B. MURRILL,
in her official capacity as Attorney General of the State
of Louisiana; and NANCY LANDRY, in her official
capacity as Secretary of State of the State of Louisiana.

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

## AND NEWLY DISCOVERED EVIDENCE

TO THE HONORABLE COURT:

Plaintiffs respectfully submit this Notice of Supplemental Authority and Newly Discovered Evidence to bring to the Court's attention an Order issued by the United States District Court for the Western District of Louisiana, sitting as a three-judge district court under 28 U.S.C. § 2284, after Plaintiffs filed their Verified Complaint and accompanying motions in this Court. Plaintiffs further respectfully submit that the new authority does not undermine, and in material respects reinforces, the relief Plaintiffs seek herein.

## I. THE NEW AUTHORITY

1. On April 30, 2026, the same day Plaintiffs' Verified Complaint, Emergency Motion for Temporary Restraining Order and Preliminary Injunction, and Motion to Convene a Three-Judge District Court were filed in this Court, the United States District Court for the Western District of Louisiana, Monroe Division, sitting as a three-judge court in Phillip Callais, et al. v. Nancy Landry, in her official capacity as Louisiana Secretary of State, Civil Docket No. 3:24-CV-

00122 DCJ-CES-RRS, issued an Order, Document Number 261. A true and correct copy of that Order, downloaded contemporaneously from the public PACER docket, is attached as Exhibit A and incorporated by reference.

2.      Plaintiffs and undersigned counsel discovered the existence of Document 261 only after Plaintiffs' filing in this Court. The Order was signed by The Honorable Carl E. Stewart, United States Circuit Judge; The Honorable Robert R. Summerhays, United States District Judge; and The Honorable David C. Joseph, United States District Judge. Plaintiffs bring it to this Court's attention promptly upon discovery in keeping with counsel's obligation of candor to the tribunal under Rule 3.3 of the Louisiana Rules of Professional Conduct and Rule 3.3 of the ABA Model Rules of Professional Conduct.

3.      Document 261 provides, in pertinent part:

*"1) This Court's ruling having been affirmed and the matter remanded by the Supreme Court, the permanent Injunction issued by this Court prohibiting the State of Louisiana 'from using SB8's map of congressional districts for any election' remains in effect. [Doc. 198]."*

*"2) The State of Louisiana will be afforded the opportunity to enact a Constitutionally compliant map consistent with the Supreme Court's opinion in Louisiana v. Callais, 608 U.S. ___ (2026) and this Court's Injunction. [Doc. 198]."*

*"3) The State of Louisiana shall file a brief outlining how the State intends to comply with the Supreme Court's opinion in Louisiana v. Callais and this Court's Injunction within three (3) days of receipt by this Court of a certified copy of the Supreme Court's Judgment. Any responses to the State of Louisiana's brief by other parties may be filed within three (3) days thereafter."*

## II. THE ORDER DOES NOT AUTHORIZE EXECUTIVE ORDER JML 26-038 OR THE CANCELLATION OF THE MAY 16, 2026 ELECTION.

4.      Document 261 does not order, authorize, ratify, bless, or even mention the suspension of any election. It does not order, authorize, ratify, bless, or even mention Executive Order Number JML 26-038 issued by Defendant Governor Jeff Landry on April 30, 2026. It does not order, authorize, ratify, bless, or even mention the certification of emergency under La. R.S. § 18:401.1(B) issued by Defendant Secretary of State Nancy Landry on the same date.

5.      Document 261 does two things and only two things material to this action: (a) it confirms that the Western District panel's prior permanent injunction prohibiting the State from using the SB8 map 'for any election' remains in effect; and (b) it sets a briefing schedule for the State to propose a remedial path. Neither of those judicial acts grants any state officer authority to suspend a federal congressional election, and the panel's Order is silent on the question of election timing altogether.

6.      The selectivity of Executive Order JML 26-038, which suspends only the United States House of Representatives primary, leaves intact the United States Senate primary, the Louisiana Supreme Court election, the Board of Elementary and Secondary Education election, the Public Service Commission contests, and the five proposed amendments to the Louisiana Constitution, and extends to the June 27, 2026 second primary, is not authorized, ordered, or required by Document 261. The selectivity is the Governor's own choice, predicated on a state-law emergency provision (La. R.S. § 18:401.1(B)) that, as applied to federal congressional elections, is preempted under the Elections Clause, U.S. Const. art. I, § 4, cl. 1; 2 U.S.C. §§ 1 and 7; and Foster v. Love, 522 U.S. 67 (1997).

## III. DOCUMENT 261 REINFORCES PLAINTIFFS' PENDING ARGUMENTS REGARDING SUPREME COURT RULE 45.3 FINALITY.

7.      Plaintiffs' Verified Complaint and supporting Memorandum (at Section IV.B) argue that the Supreme Court's judgment in Louisiana v. Callais is not yet final under Supreme Court Rule 44.1, and that the certified judgment has not been transmitted to the Western District of Louisiana under Supreme Court Rule 45.3. Document 261 expressly confirms that Rule 45.3 transmission has not occurred. Paragraph 3 of the Order conditions the State's compliance briefing

on a future event, 'receipt by this Court of a certified copy of the Supreme Court's Judgment', that has not yet occurred.

8.      The three-judge panel itself thus acknowledges that it is operating in advance of the formal jurisdictional return of this matter to its docket. The panel's willingness to set a contingent briefing schedule does not authorize state executive officers to act unilaterally in the interim, and certainly does not authorize the suspension of federal elections that the panel did not order, request, or bless.

## IV. PLAINTIFFS' PENDING RELIEF REMAINS PROPERLY BEFORE THIS COURT AND DOES NOT INTRUDE UPON THE WESTERN DISTRICT'S JURISDICTION.

9.      Plaintiffs' claims in this Court are distinct from the apportionment claims pending before the Western District panel. The Western District proceeding addresses the constitutionality of the State's congressional district map and the State's prospective remedial mapping process. This proceeding addresses the constitutionality of Executive Order JML 26-038, the certification under La. R.S. § 18:401.1(B), and the State's selective, mid-election cancellation of one federal contest while every other contest on the same ballot proceeds.

10.      Plaintiffs accept and respect the permanent injunction confirmed in Document 261. Plaintiffs do not seek from this Court any relief that would require the use of the SB8 congressional districts in derogation of the Western District panel's revived injunction. To the extent any aspect of Plaintiffs' originally requested relief could be construed as overlapping with the Western District panel's exclusive remedial authority over the map, Plaintiffs hereby clarify that their requested relief is properly understood and may, if necessary, be modified to read as follows:

  a. A declaration that Executive Order JML 26-038 and the certification of emergency under La. R.S. § 18:401.1(B) violate the First, Fourteenth, and Fifteenth Amendments to the United States Constitution; the Elections Clause; 2 U.S.C. §§ 1 and 7; Section 2 of the Voting Rights Act, 52 U.S.C. § 10301; the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. § 20301 et seq.; and Article I, §§ 3 and 10 of the Louisiana Constitution;

b. An injunction enjoining Defendants from giving any force or effect to Executive Order JML 26-038 or to the certification of emergency under La. R.S. § 18:401.1(B);

c. An order directing that all absentee ballots already cast in the May 16, 2026, election — including all ballots cast under La. R.S. § 18:1303 by elderly, disabled, hospitalized, student, and military voters and all ballots cast under the Uniformed and Overseas Citizens Absentee Voting Act, be counted in their entirety, with no contest race-severed, no portion voided, and no selective treatment as among the contests appearing on a single sealed ballot;

d. An order directing that the May 16, 2026, election proceed as to the United States Senate primary, the Louisiana Supreme Court election, the Louisiana Board of Elementary and Secondary Education election, the two Louisiana Public Service Commission contests, and the five proposed amendments to the Louisiana Constitution, without selective interference predicated upon Executive Order JML 26-038;

e. An order directing that any remedial process undertaken with respect to the United States House of Representatives primary be conducted under the supervision of the United States District Court for the Western District of Louisiana, in coordination with the schedule set by Document 261 of that Court, and in a manner that preserves the rights of all already-cast absentee ballots, all qualified candidates, and all qualified voters;

f. Such other and further relief as this Court deems just and proper.

11.     This clarified relief operates in harmony with, not in conflict with, Document 261. It defers to the Western District panel on the map. It addresses what only this Court can address: the constitutionality of the Governor's and the Secretary of State's unilateral cancellation, the integrity of absentee ballots already in the registrar's custody, and the selective treatment of one race on a multi-race ballot.

**V. CONCLUSION**

Plaintiffs respectfully submit Document 261 for the Court's consideration as supplemental authority discovered after the filing of Plaintiffs' Verified Complaint and supporting motions. The new authority does not displace, undermine, or moot any aspect of the relief Plaintiffs seek. To the contrary, Document 261 expressly confirms the Rule 45.3 finality argument set forth in Plaintiffs' Memorandum, and is silent on the executive-branch action that is the subject of Plaintiffs' constitutional claims. Plaintiffs' Verified Complaint, Emergency Motion for Temporary Restraining Order and Preliminary Injunction, and Motion to Convene a Three-Judge District Court remain properly before this Court and ripe for emergency consideration. Plaintiffs respectfully request that this Court proceed to consider those motions on the schedule previously requested.

RESPECTFULLY SUBMITTED,

/s/ Jamar Lanier Ennis
JAMAR LANIER ENNIS
La. Bar Roll #37455
**Ennis Law Firm, LLC**
412 N. 4th Street, Suite 102
Baton Rouge, Louisiana 70801
Phone: (225) 400-6600
Fax: (225) 308-2053

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April, 2026, a copy of the foregoing Notice of Supplemental Authority and Newly Discovered Evidence was served upon all counsel of record by the Court's CM/ECF system, and additionally by electronic mail upon the Office of the Governor of Louisiana, the Louisiana Department of Justice, and the Louisiana Department of State.

_____/s/Jamar Lanier Ennis_____

**EXHIBIT INDEX**

Exhibit A — True and correct copy of Document Number 261 entered in Phillip Callais, et al. v. Nancy Landry, in her official capacity as Louisiana Secretary of State, Civil Docket No. 3:24-CV-00122 DCJ-CES-RRS, in the United States District Court for the Western District of Louisiana, Monroe Division, signed April 30, 2026, by The Honorable Carl E. Stewart, United States Circuit Judge; The Honorable Robert R. Summerhays, United States District Judge; and The Honorable David C. Joseph, United States District Judge, sitting as a three-judge district court convened pursuant to 28 U.S.C. § 2284.