# EXHIBIT 3

Nos. 24-109 & 24-110

# In the Supreme Court of the United States

———————

STATE OF LOUISIANA,

*Appellant,*

v.

PHILLIP CALLAIS, ET AL.,

*Appellees.*

———————

PRESS ROBINSON, ET AL.,

*Appellants,*

v.

PHILLIP CALLAIS, ET AL.,

*Appellees.*

———————

**ROBINSON APPELLANTS' RESPONSE TO APPELLEES' APPLICATION FOR ISSUANCE OF A COPY OF THE OPINION AND CERTIFIED COPY OF THE JUDGMENT FORTHWITH**

———————

STUART NAIFEH
  *Counsel of Record*
NAACP LEGAL DEFENSE FUND
  & EDUCATIONAL FUND, INC.
40 Rector St., 5th Fl.
New York, NY 10006
(212) 965-2200
snaifeh@naacpldf.org

*Counsel for Appellants in No. 24-110*

*(additional counsel listed in signature block)*

**TO THE HONORABLE SAMUEL A. ALITO, JR., ASSOCIATE JUSTICE OF THE SUPREME COURT AND CIRCUIT JUSTICE FOR THE FIFTH CIRCUIT:**

The Robinson Appellants oppose Appellees' Application for expedited issuance of the Court's judgment in this matter (the "Application"). This Court should afford Appellants the opportunity to consider seeking rehearing in the ordinary course. *See* Supreme Court Rule 44.1 (allowing 25 days for a party to seek rehearing of any judgment of this Court).

Louisiana's congressional primary election is already under way, with vote-by-mail ballots having been mailed to overseas voters under the Uniformed and Overseas Citizen Absentee Voting Act ("UOCAVA") on or around April 2, 2026, *see* 52 U.S.C. 20310, and to certain other voters around April 24, 2026, see La. Rev. Stat. §§ 18:552, 18:1313.1. Appellants understand that many voters across the state have already voted and returned those ballots.

Under *Purcell v. Gonzalez*, 549 U.S. 1 (2006), federal courts may not disrupt a state's voting rules, including electoral maps, close to an election, much less when voters are already voting. *See Merrill v. Milligan*, 142 S. Ct. 879, 881 (2022) (Kavanaugh, J., concurring). Citing this principle, this Court stayed the lower court's order on May 15, 2024, in advance of the 2024 election. *See Robinson v. Callais*, 144 S. Ct. 1171 (2024). The principle applies *a fortiori* when voters have already cast votes in an election. *Cf. Abbott v. League of United Latin American Citizens,* 146 S. Ct. 418, 419 ("The District Court improperly inserted itself into an active primary campaign, causing much confusion and upsetting the delicate federal-state balance in

elections."); *cf. Bost v. Ill. State Bd. of Elections*, 146 S. Ct. 513, 521 (2026) (explaining that "[t]he democratic consequences" of late-breaking judicial changes to election rules "can be even more dire if courts intervene only after votes have been counted."). Issuing the judgment now would have the effect of lifting this Court's stay of the district court's injunction. The Court entered that stay precisely because federal courts must not interfere with state election processes this close to an election. *Id.* Enjoining the primary after ballots have already been cast would cause chaos in the election process and leave voters and candidates hopelessly confused, in clear violation of the principles this Court articulated in *Purcell* and subsequent decisions. *See, e.g.*, *Merrill*, 142 S. Ct. at 881 (Kavanaugh, J., concurring) ("changes [must] be feasible without significant cost, confusion, or hardship").

*Purcell* prevents this sort of "'[l]ate judicial tinkering' that 'can lead to disruption and to unanticipated and unfair consequences for candidates, political parties, and voters, among others.'" *Malliotakis v. Williams*, 146 S. Ct. 809, 811 (2026) (Alito, J., concurring) (citation modified). "The Court's precedents recognize a basic tenet of election law: When an election is close at hand, the rules of the road should be clear and settled....because running a statewide election is a complicated endeavor." *Democratic Nat'l Comm. v. Wis. State Legislature*, 141 S. Ct. 28, 31 (2020) (Kavanaugh, J., concurring).

Moreover, the Secretary of State has repeatedly made representations in this case concerning the time required to implement new districting maps. *See, e.g.*, Emergency Application of Nancy Landry, Louisiana Secretary of State, for Stay

2

Pending Appeal at 21, No. 23A1002 (May 10, 2024). Because it would be inappropriate for the district court's injunction to interfere with the ongoing Louisiana primary election, and because of the confusion that would be caused by changing the map after the primary has occurred, there is no urgency to issue the judgment or lift the stay before the 2026 general elections.

For this reason, in addition to denying Appellees' request, this Court should also stay the issuance of its judgment until after the 2026 elections are complete.

In its response to the Application, the State of Louisiana misreads the order, asserting that the stay terminated upon the issuance of this Court's opinion on April 29, 2026. *See* Louisiana's Response to Application for Issuance of Opinion and Judgment Forthwith at 2. The State erroneously bases this argument on the part of the order providing that the stay would terminate automatically, "[i]f the appeal is dismissed, or the judgment affirmed." *See id.* (citing *Robinson v. Callais*, 144 S. Ct at 1171). In context, however, that language applies to a summary affirmance or dismissal. The order plainly states that "if jurisdiction is noted," as it was in this case, "this order will remain in effect pending the sending down of the judgment of this Court." *Id.* As the court has not sent down its judgment, the stay remains in effect.

Based on the State's incorrect assertion that this Court's stay has been lifted, the Governor has already indicated that he intends to cancel the ongoing Republican and Democratic primary elections in which voters have already cast ballots and on which candidates have already heavily expended their money, time, and resources.

Such a drastic action is unnecessary and unwarranted. This Court should therefore clarify that the judgment has not issued and the stay remains in place until it does.

The application for issuance of the judgment forthwith should be denied.

Respectfully submitted,

/s/ Stuart Naifeh

Sarah Brannon
Adriel I. Cepeda Derieux
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
915 15th St. NW
Washington, DC 20005

Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004

Cecillia D. Wang
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104

Nora Ahmed
ACLU FOUNDATION
   OF LOUISIANA
1340 Poydras St., Suite 2160
New Orleans, LA 70112

T. Alora Thomas-Lundborg
Daniel Hessel
ELECTION LAW CLINIC
HARVARD LAW SCHOOL
6 Everett St., Suite 4105
Cambridge, MA 02138

John Adcock
ADCOCK LAW LLC
8131 Oak St., Unit 100
New Orleans, LA 70118

Janai Nelson
   *President & Director Counsel*
Samuel Spital
Stuart Naifeh
   *Counsel of Record*
Victoria Wenger
John S. Cusick
Colin Burke
NAACP LEGAL DEFENSE
   & EDUCATIONAL FUND, INC.
40 Rector St., 5th Floor
New York, NY 10006
(212) 965-2200
snaifeh@naacpldf.org

Deuel Ross
I. Sara Rohani
Kameron Johnston
NAACP LEGAL DEFENSE
   & EDUCATIONAL FUND, INC.
700 14th St. NW, Suite 600
Washington, DC 20005

Robert A. Atkins
Yahonnes Cleary
Pietro J. Signoracci
Amitav Chakraborty
Adam P. Savitt
Arielle B. McTootle
Robert Klein
Neil Chitrao
PAUL, WEISS, RIFKIND, WHARTON &
   GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

4

*Counsel for Appellants in No. 24-110*


Tracie Washington
LOUISIANA JUSTICE INSTITUTE
3157 Gentilly Blvd., Suite 132
New Orleans, LA 70122

> *Counsel for Appellants Dorothy Nairne, Martha Davis,*
> *Clee Earnest Lowe, and Rene Soule in No. 24-110*