**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

PHILLIP CALLAIS, et al.,
           Plaintiffs,

v.

JEFF LANDRY, in his official capacity
as Governor of the State of Louisiana,
et al.,
           Defendants,

and

STATE OF LOUISIANA,
           Intervenor-Defendant,

and

PRESS ROBINSON, et al.,
           Intervenor-Defendants.

CIVIL ACTION

NO. 3:24-cv-00122-DCJ-CES-RRS

THREE-JUDGE PANEL
(28 U.S.C. § 2284)

ON REMAND FROM
THE SUPREME COURT
OF THE UNITED STATES

**MOTION OF LAUREN JEWETT TO INTERVENE**
**AS DEFENDANT-INTERVENOR PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2)**
**AND, IN THE ALTERNATIVE, RULE 24(b)(1)**

NOW INTO COURT, through undersigned counsel, comes Lauren Jewett, who respectfully moves this Three-Judge Panel for an Order granting her leave to intervene as Defendant-Intervenor in this action, pursuant to Federal Rule of Civil Procedure 24(a)(2) (intervention as of right) and, in the alternative, Federal Rule of Civil Procedure 24(b)(1) (permissive intervention), for the limited purposes set forth herein.

**I. INTRODUCTION AND STATEMENT OF LIMITED SCOPE**

1.     Movant Lauren Jewett is the Democratic nominee for the United States House of Representatives, 1st Congressional District, for the November 3, 2026, general election by operation of La. R.S. § 18:410.9(A) (sole-remaining-after-withdrawal prong). Her status

as the Democratic nominee was triggered by the post-qualifying withdrawal of James 'Jim' Long, the only other Democratic qualifier in the 1st Congressional District primary at the close of qualifying on February 13, 2026.

2.    Movant respectfully and expressly accepts the Supreme Court's decision in Louisiana v. Callais, 608 U.S. ___ (2026), and the remedial authority that has now been committed to this Three-Judge Panel. Movant does not, by this Motion, seek to relitigate the Callais merits, to challenge the Supreme Court's holding that Louisiana's enacted congressional plan is an unconstitutional racial gerrymander, or to delay the issuance of a constitutionally valid remedial map. Movant seeks only to participate in the remedial process to the limited extent necessary to ensure that her vested and uniquely situated legal interests in the 1st Congressional District are heard and considered.

3.    Specifically, Movant seeks to intervene for the following limited purposes:

    **(a)** To present to the Panel the unique nature of her vested legal interest as the only candidate in any Louisiana congressional district who qualified for the November 3, 2026, general election ballot through a constituent-supported nominating petition under La. R.S. § 18:465, having gathered well in excess of two thousand (2,000) signatures of qualified Louisiana voters in the 1st Congressional District;

    **(b)** To advocate for a remedial-map process that operates prospectively or, in the alternative, through a special election concurrent with the November 3, 2026, general election, on the model of Allen v. Milligan, 599 U.S. 1 (2023), and LULAC v. Perry, 548 U.S. 399 (2006), which preserves Movant's nominee status pending entry of any remedial plan;

    **(c)** To advocate for a remedial-map process that respects the constituent-petition record on which Movant qualified for the ballot, and that does not extinguish, in mid-cycle and without process, the vested expectations of the qualified Louisiana voters who supported Movant's qualification by signature; and

    **(d)** To preserve appellate rights, in the event that any remedial-map decision by this Panel materially injures Movant's vested interests in a manner not adequately remediable through collateral proceedings.

**4.**     Movant emphasizes that the limited intervention sought herein is not duplicative of the litigation pending before the Three-Judge Panel of the United States District Court for the Middle District of Louisiana in Collins, et al. v. Landry, et al., No. 3:26-cv-00471-SDD-RLB (M.D. La.). The Collins litigation, in which Movant is a Plaintiff, addresses the constitutionality and lawfulness of Executive Order JML 26-038, issued by Defendant Governor Jeff Landry on April 30, 2026. The present intervention addresses, in a different forum and against a different decisional record, the remedial-map process committed by the Supreme Court to this Panel's exclusive remedial authority. The two proceedings are properly distinct, as Justice Jackson confirmed in her dissent in Callais, et al. v. Louisiana, et al., No. 25A1197 (May 4, 2026), characterizing the post-Callais litigation as raising 'a host of legal and political questions that are entirely independent of the issue in Callais.' Slip op. at 3. Movant will coordinate her positions to avoid any appearance of inconsistent advocacy.

## II. STATEMENT OF FACTS

### A. Movant's Qualification by Constituent-Supported Nominating Petition.

**5.**     Movant Lauren Jewett is an adult citizen of the United States, a qualified registered voter of Louisiana, and a resident of Metairie, Jefferson Parish, Louisiana, within the 1st Congressional District.

**6.**     On February 11, 2026, Movant qualified for the Democratic Party primary for the United States House of Representatives, 1st Congressional District, by filing a nominating petition under La. R.S. § 18:465. That statute permits qualification by petition only upon the gathering of qualifying signatures of registered voters of the election district. Movant's qualifying petition contained well in excess of the two thousand (2,000) signatures required by La. R.S. § 18:465 for qualification in the 1st Congressional District. Each of those signatures represents an individual qualified Louisiana voter who, by his or her signature, expressly supported Movant's appearance on the May 16, 2026, closed party primary ballot.

**7.**     Movant respectfully observes that, on information and belief, no other candidate for any of Louisiana's six (6) United States House of Representatives congressional districts qualified

for the May 16, 2026, closed party primary by nominating petition under La. R.S. § 18:465. All other federal House candidates qualified by filing notice of candidacy and paying the qualifying fee under La. R.S. § 18:464. Movant's qualifying record is therefore unique among the universe of post-qualifying federal House candidates in Louisiana, and her vested legal interest in the November 3, 2026, general election ballot rests upon a constituent-supported qualification record that no other potential party or intervenor in this action possesses.

### B. Movant's Status as Democratic Nominee Under La. R.S. § 18:410.9(A).

8.  At the close of qualifying on February 13, 2026, Movant and James 'Jim' Long were the only two qualifiers in the Democratic primary for the 1st Congressional District. During the post-qualifying period, Mr. Long withdrew. Pursuant to La. R.S. § 18:410.9(A), which provides that '[i]f...only one candidate for the recognized major political party remains after the withdrawal of one or more candidates, the candidate is declared the nominee,' Movant became the Democratic nominee for the 1st Congressional District for the November 3, 2026, general election by automatic operation of Louisiana law.

9.  Movant's nominee status is operative now. Her status as the Democratic nominee was effective upon the operative withdrawal of Mr. Long during the post-qualifying period, by operation of La. R.S. § 18:410.9(A), without further action required by Movant or by any State official.

### C. Movant's Continuous Campaign Organization, Federal Election Commission Filings, and Constituent Engagement.

10. Since approximately September 2025, Movant has maintained continuous campaign organization, including (a) organization with the Federal Election Commission as a candidate for federal office, with quarterly Federal Election Commission disclosure filings; (b) retention of campaign consultants, communications staff, and campaign management; (c) continuous fundraising activity; (d) ongoing in-district outreach to constituents in the 1st Congressional District, including the constituents who supported her qualification by signature; and (e) public participation in political events, including campaign appearances

and public statements addressing matters of concern to the constituents of the 1st Congressional District.

11.     Movant's continuous campaign organization, sustained over more than seven (7) months of pre-qualifying and post-qualifying activity, represents a substantial vested interest in the November 3, 2026, general election ballot that no other potential intervenor in this action possesses.

### D. Executive Order JML 26-038 and the Operative Removal of Movant from the November 3, 2026 General Election Ballot.

12.     On April 30, 2026, Defendant Governor Jeff Landry issued Executive Order JML 26-038, suspending the federal congressional portion of the May 16, 2026, closed party primary and operatively removing Movant, along with similarly situated nominees Cleo Fields (Democrat, 6th Congressional District) and Mr. Clay Higgins (Republican, 3rd Congressional District), from the November 3, 2026, general election ballot.

13.     Movant has joined as a Plaintiff in Collins, et al. v. Landry, et al., No. 3:26-cv-00471-SDD-RLB (M.D. La.), challenging the constitutionality and lawfulness of Executive Order JML 26-038. That litigation is pending before the Three-Judge Panel of the United States District Court for the Middle District of Louisiana, convened on May 1, 2026.

### E. The Supreme Court's May 4, 2026 Order Issuing the Callais Judgment Forthwith.

14.     On May 4, 2026, the Supreme Court of the United States granted the Callais appellees' application to issue the certified judgment in Louisiana v. Callais, 608 U.S. ___ (2026), forthwith, in Order No. 25A1197. The forthwith judgment authorizes this Panel to receive the certified judgment immediately, rather than waiting for the ordinary 32-day rehearing window under Supreme Court Rule 45.3 to elapse. The Panel may now formally exercise its remedial authority on an accelerated timeline.

15.     Justice Jackson's dissent in 25A1197 expressly identified the post-Callais litigation, including the Collins v. Landry proceeding in which Movant is a Plaintiff, as raising 'a host of legal and political questions that are entirely independent of the issue in Callais.' 25A1197 (Jackson, J., dissenting), slip op. at 3. The accelerated timeline imposed by the forthwith judgment, however, requires Movant to seek intervention now in order to ensure

that her uniquely situated interests are heard and considered before this Panel approves a remedial map.

## III. MOVANT IS ENTITLED TO INTERVENE AS OF RIGHT UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2)

16.    Federal Rule of Civil Procedure 24(a)(2) provides that the court must permit anyone to intervene who 'claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.' Fed. R. Civ. P. 24(a)(2).

17.    Intervention as of right under Rule 24(a)(2) is granted upon satisfaction of four elements: (1) the motion is timely; (2) the movant claims an interest relating to the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) the movant's interest is not adequately represented by the existing parties. Sierra Club v. Espy, 18 F.3d 1202, 1204–05 (5th Cir. 1994); Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972). Each element is satisfied.

### A. The Motion Is Timely.

18.    The Motion is timely. The Supreme Court issued the certified judgment forthwith on May 4, 2026 (Order No. 25A1197), authorizing this Panel to formally exercise remedial authority for the first time. Movant files this Motion within forty-eight (48) hours of the forthwith judgment, in advance of any final remedial-map decision by this Panel. Timeliness is measured from the moment at which the would-be intervenor knew or should have known that her interests would be affected. NAACP v. New York, 413 U.S. 345, 366 (1973); Stallworth v. Monsanto Co., 558 F.2d 257, 264 (5th Cir. 1977). The forthwith judgment of May 4, 2026, is the operative trigger for that knowledge.

### B. Movant Claims a Substantial Interest in the Subject of the Action.

19.    Movant claims multiple, substantial, and uniquely situated interests in the subject of this action. First, Movant's vested status as the Democratic nominee for the 1st Congressional

District for the November 3, 2026, general election by operation of La. R.S. § 18:410.9(A) is a substantial legal interest that any remedial-map decision by this Panel will directly affect.

20. Second, Movant's qualification by constituent-supported nominating petition under La. R.S. § 18:465 is unique among the universe of Louisiana federal House candidates. The signatures of qualified Louisiana voters, gathered in support of Movant's qualification, represent a constituent-of-record investment in Movant's candidacy that is not represented by any other party or intervenor in this action. Any remedial-map decision that extinguishes or fragments the 1st Congressional District in a manner that operatively voids the constituent record on which Movant's qualification rests would harm the Movant uniquely.

21. Third, Movant has incurred substantial sunk costs over more than seven (7) months of continuous campaign organization, fundraising, and constituent engagement, in reliance upon her status as the Democratic nominee for the 1st Congressional District. Those sunk costs and continuing operational obligations represent a vested economic and political interest that any remedial-map decision will directly affect.

22. The Fifth Circuit has consistently held that a person's vested interest in being on a ballot in a properly constituted election district is a substantial interest sufficient to support intervention as of right in any litigation that may modify or eliminate that district. See Sierra Club, 18 F.3d at 1205; Edwards v. City of Houston, 78 F.3d 983, 1004 (5th Cir. 1996) (en banc) (vested ballot interest sufficient).

### C. Disposition of the Action May Impair Movant's Ability to Protect Her Interest.

23. This Panel's exercise of its remedial authority will, by its nature, modify the boundaries of one or more Louisiana congressional districts. Any remedial map approved by this Panel may directly affect (a) the geographic composition of the 1st Congressional District; (b) the racial and partisan composition of the constituents of the 1st Congressional District; (c) the vested interest of Movant as the Democratic nominee for the 1st Congressional District; and (d) the constituent-of-record investment of the qualified Louisiana voters who signed Movant's qualifying petition.

24.    The accelerated timeline imposed by the forthwith judgment of May 4, 2026, means that Movant has a limited time in which to protect her interest before any remedial-map decision is finalized. Without intervention, Movant's interests will be at the mercy of the parties that the Panel chooses to hear, none of which currently represent her uniquely situated interests.

### D. Existing Parties Do Not Adequately Represent Movant's Interest.

25.    The existing parties in this action do not adequately represent Movant's interest. The Callais Plaintiffs (the prevailing parties, represented by Edward D. Greim and the Graves Garrett firm, with local counsel Paul L. Hurd) have an interest in the prompt approval of a remedial map that satisfies the Supreme Court's holding in Callais. Their interest is in the substantive contours of the new map, not in preserving any individual candidate's vested interests in the existing congressional districts.

26.    The Robinson Intervenors represent the institutional interests of Black voters in the Sixth Congressional District in the racial composition of any remedial map. Their interest is institutional and constituency-based, not candidate-specific.

27.    The Galmon Intervenors represent the interests of Black voter-intervenors who litigated the underlying Robinson v. Ardoin matter. Their interest is similarly institutional and constituency-based rather than candidate-specific.

28.    The State of Louisiana, as Defendant-Intervenor, and Defendant Secretary of State Nancy Landry have interests in their own executive and statutory authority and in the implementation of the remedial process. Their interest is executive and prosecutorial, not protective of duly nominated candidates.

29.    No existing party in this action represents Movant's vested interest as the Democratic nominee for the 1st Congressional District for the November 3, 2026, general election ballot. No existing party represents the qualified Louisiana voters who signed Movant's qualifying petition under La. R.S. § 18:465. No existing party in this action has any incentive, much less any obligation, to advocate for the preservation of Movant's vested ballot status pending the entry of a remedial plan. The inadequate-representation prong of Rule 24(a)(2) is therefore satisfied.

## IV. IN THE ALTERNATIVE, PERMISSIVE INTERVENTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(b)(1) IS WARRANTED

30. In the alternative, the Panel should grant permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B), which permits intervention by anyone who 'has a claim or defense that shares with the main action a common question of law or fact.' Fed. R. Civ. P. 24(b)(1)(B). Movant's claims regarding the contours of any remedial map and the preservation of her vested ballot status share substantial common questions of law and fact with the remedial process now before the Panel.

31. Permissive intervention is left to the sound discretion of the Court. Stallworth v. Monsanto Co., 558 F.2d 257, 269 (5th Cir. 1977). The relevant considerations include whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights, and whether the proposed intervenor's interests are adequately protected by existing parties. The proposed intervention here is narrow, limited in purpose, and offers materially distinct argumentation that the existing parties will not present.

## V. LIMITED SCOPE OF PROPOSED INTERVENTION

32. Movant respectfully proposes the following limitations on the scope of her intervention, which Movant requests be incorporated into any Order granting this Motion:

   (a) Movant will not relitigate, challenge, or seek reconsideration of the Supreme Court's holding in Louisiana v. Callais, 608 U.S. ___ (2026). Movant accepts that holding as binding and as the operative legal predicate for this Panel's remedial authority;

   (b) Movant will not seek to delay the entry of a remedial map by this Panel beyond what is necessary to accommodate Movant's limited remedial-process arguments;

   (c) Movant will not seek to introduce evidence or argumentation concerning the underlying merits of the racial-gerrymander question adjudicated in Callais;

   (d) Movant's participation will be limited to (i) briefing on remedial-process timing and prospective-versus-retrospective scope; (ii) briefing on the constitutional and statutory implications of any remedial-map decision for duly nominated candidates

whose names are presently on or operatively removed from the November 3, 2026 general election ballot by Executive Order JML 26-038; and (iii) appellate practice as to the foregoing matters only;

**(e)** Movant will coordinate her appearances and submissions with the Robinson Intervenors, the Galmon Intervenors, and with the Callais Plaintiffs in such manner as the Panel may direct, including consolidated briefing schedules and joint hearing appearances where appropriate;

**(f)** Movant's appearances and submissions in this action will be coordinated with the parallel litigation in Collins, et al. v. Landry, et al., No. 3:26-cv-00471-SDD-RLB (M.D. La.), in which Movant is a Plaintiff, to ensure the consistency of Movant's positions across both proceedings; and

**(g)** Movant will accept any reasonable conditions or limitations the Panel may impose on the scope of her intervention, consistent with the Panel's discretion under Federal Rule of Civil Procedure 24.

## VI. CONCLUSION

33.   For the foregoing reasons, Movant Lauren Jewett respectfully requests that this Three-Judge Panel grant her Motion to Intervene as Defendant-Intervenor under Federal Rule of Civil Procedure 24(a)(2), or in the alternative under Federal Rule of Civil Procedure 24(b)(1)(B), for the limited purposes set forth in Section V herein, and that the Panel enter an Order:

**(a)** Granting Movant's Motion to Intervene;

**(b)** Permitting Movant to file her Statement of Position on Remedial Process within seven (7) days of the entry of any Order granting this Motion;

**(c)** Establishing such briefing schedules and procedural limitations as the Panel deems appropriate to accommodate Movant's limited intervention without prejudicing the expeditious resolution of the remedial process; and

**(d)** Granting such further and additional relief as the Panel deems just and proper.

Respectfully submitted,

/s/ Donald C. Hodge, Jr.
LSB #29251
P.O. Box 481
Westminster, CO 80036
Voice: (225) 800-7124
Email: donaldhodgejr@proton.me

Counsel for Movant Lauren Jewett

CERTIFICATE OF CONFERENCE

Pursuant to the Court's standing practice and in the interest of professional candor, undersigned counsel reports the positions of the existing parties on this Motion as elicited by counsel's notice of intended filing distributed on May 5, 2026. The State of Louisiana, through the Office of the Attorney General, has objected to the Motion. The Callais Plaintiffs have indicated their position by written response, stating: "Under option 1, we would not object to you presenting briefing for your client as an amicus on the remedial issues you identify in your motion. Under option 2, we would not object to your client's limited-purpose intervention as a 'candidate' party limited to the remedial issues you identify, with the added caveat that your advocacy would be limited to your client's own interests as a candidate or voter from the old District 1 in which your client qualified and campaigned. Further, if you choose option 2, in the event the legislature chooses to revert to an open primary on or about November 2026 with a runoff in December 2026, the Callais Plaintiffs would not contest your client's right to appear as a candidate in the designated remedial district she chooses." Movant respectfully accepts the conditional non-opposition of the Callais Plaintiffs under Option 2 as set forth above and incorporates the limitation regarding Movant's candidacy in the old District 1 into the Limited Scope of Proposed Intervention set forth in Section V of this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of May, 2026, a copy of the foregoing Motion of Lauren Jewett to Intervene as Defendant-Intervenor was served upon all counsel of record by the Court's CM/ECF system.

/s/ Donald C. Hodge, Jr.
LSB #29251
Counsel for Movant Lauren Jewett