**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| PHILLIP CALLAIS, et al.,<br>　　　　　Plaintiffs,<br><br>v.<br><br>JEFF LANDRY, in his official capacity<br>as Governor of the State of Louisiana,<br>et al.,<br>　　　　　Defendants,<br><br>and<br><br>PRESS ROBINSON, et al.,<br>　　　　　Defendant-Intervenors. | CIVIL ACTION<br><br>NO. 3:24-cv-00122<br>(consol. with No. 3:22-cv-00211)<br><br>THREE-JUDGE PANEL<br>(28 U.S.C. § 2284)<br><br>ON REMAND FROM<br>THE SUPREME COURT<br>OF THE UNITED STATES |

**[PROPOSED] ORDER GRANTING MOTION OF LAUREN JEWETT**
**TO INTERVENE AS DEFENDANT-INTERVENOR PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 24**

THIS MATTER comes before the Three-Judge Panel on the Motion of Lauren Jewett to Intervene as Defendant-Intervenor Pursuant to Federal Rule of Civil Procedure 24(a)(2) and, in the Alternative, Rule 24(b)(1) (the 'Motion'), filed on May 5, 2026.

Having considered the Motion, the supporting memorandum, any responses or oppositions thereto, the procedural posture of this litigation following the Supreme Court's decision in Louisiana v. Callais, 608 U.S. ___ (2026), and the Supreme Court's Order of May 4, 2026 in No. 25A1197 issuing the certified judgment forthwith, the Panel finds that:

1.　　Movant Lauren Jewett is the Democratic nominee for the United States House of Representatives, 1st Congressional District, for the November 3, 2026 general election by automatic operation of La. R.S. § 18:410.9(A) (sole-remaining-after-withdrawal prong), having qualified for the Democratic primary by nominating petition under La. R.S. § 18:465 supported by signatures of qualified Louisiana voters in excess of two thousand (2,000), and having thereafter become the sole remaining qualifier following the post-qualifying withdrawal of James 'Jim' Long.

2. Movant has demonstrated, on the record presented, that she claims substantial and uniquely situated interests in the subject of this action, including (a) her vested status as the Democratic nominee for the 1st Congressional District for the November 3, 2026 general election by operation of state law; (b) her qualification by constituent-supported nominating petition, which is unique among the universe of Louisiana federal House candidates and which rests upon a documented record of constituent support that is not represented by any existing party in this action; and (c) the substantial sunk costs and continuing operational obligations associated with more than seven (7) months of continuous campaign organization, fundraising, and constituent engagement.

3. Movant has further demonstrated that disposition of this action may, as a practical matter, impair or impede her ability to protect those interests, in that any remedial map approved by this Panel may directly affect the geographic, racial, and partisan composition of the 1st Congressional District, the constituent record on which Movant qualified, and Movant's vested ballot status for the November 3, 2026 general election.

4. Movant has further demonstrated that no existing party in this action adequately represents her uniquely situated interests, in that (a) the Callais Plaintiffs have an interest in the prompt approval of a substantively compliant remedial map, not in the preservation of any individual candidate's vested ballot status; (b) the Robinson Intervenors represent the institutional interests of Black voters in the (former) Sixth Congressional District, which are constituency-based rather than candidate-specific; and (c) the State Defendants have an interest in their own executive and statutory authority that does not align with the protection of duly nominated candidates whose names have been operatively removed from the November 3, 2026 general election ballot by Executive Order JML 26-038.

5. Movant has expressly accepted the Supreme Court's holding in Louisiana v. Callais, 608 U.S. ___ (2026), and has expressly disclaimed any intent (a) to relitigate the Callais merits; (b) to challenge the Supreme Court's holding that Louisiana's enacted congressional plan is an unconstitutional racial gerrymander; or (c) to delay the issuance of a constitutionally valid remedial map by this Panel.

**6.**     Movant has further proposed seven (7) specific limitations on the scope of her intervention, set forth at Section V, paragraph 29 of the Motion, which the Panel finds appropriate and which the Panel incorporates into this Order.

**7.**     Movant's Motion is timely. The Supreme Court issued the certified judgment forthwith on May 4, 2026 in Order No. 25A1197, authorizing this Panel to formally exercise remedial authority on an accelerated timeline. Movant filed her Motion within forty-eight (48) hours of that Order, in advance of any final remedial-map decision by this Panel.

**8.**     The four elements required for intervention as of right under Federal Rule of Civil Procedure 24(a)(2), as articulated by the Fifth Circuit in Sierra Club v. Espy, 18 F.3d 1202, 1204–05 (5th Cir. 1994), are satisfied.

**9.**     In the alternative, the Panel finds that permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B) is warranted, in that Movant has a defense that shares with the main action common questions of law and fact regarding the proper contours of any remedial map, and that Movant's intervention, on the limited scope set forth herein, will not unduly delay or prejudice the adjudication of the original parties' rights.

**IT IS THEREFORE ORDERED that:**

1.  The Motion of Lauren Jewett to Intervene as Defendant-Intervenor Pursuant to Federal Rule of Civil Procedure 24(a)(2) and, in the Alternative, Rule 24(b)(1) is GRANTED.

2.  Movant Lauren Jewett is permitted to intervene in this action as Defendant-Intervenor for the limited purposes set forth in Section V, paragraph 29 of the Motion, namely:

> **(a)** To present to the Panel the unique nature of Movant's vested legal interest as a candidate qualified for the November 3, 2026 general election ballot through a constituent-supported nominating petition under La. R.S. § 18:465;

> **(b)** To advocate for a remedial-map process that operates prospectively or, in the alternative, through a special election concurrent with the November 3, 2026 general election, on the model of Allen v. Milligan, 599 U.S. 1 (2023), LULAC v. Perry, 548 U.S. 399 (2006), and the prior Robinson v. Ardoin remedial framework, which preserves Movant's nominee status pending entry of any remedial plan;

(c) To advocate for a remedial-map process that respects the constituent-petition record on which Movant qualified for the ballot;

(d) To preserve appellate rights as to the foregoing matters; and

(e) To participate in such briefing and argument as the Panel may direct, on the limitations and conditions set forth in Movant's Motion and in this Order.

3.  Movant's intervention shall be subject to the following specific limitations:

(a) Movant shall not relitigate, challenge, or seek reconsideration of the Supreme Court's holding in Louisiana v. Callais, 608 U.S. ___ (2026);

(b) Movant shall not seek to delay the entry of a remedial map by this Panel beyond what is reasonably necessary to accommodate Movant's limited remedial-process arguments;

(c) Movant shall not introduce evidence or argumentation concerning the underlying merits of the racial-gerrymander question adjudicated in Callais;

(d) Movant's participation shall be limited to (i) briefing on remedial-process timing and prospective-versus-retrospective scope; (ii) briefing on the constitutional and statutory implications of any remedial-map decision for duly nominated candidates whose names are presently on or operatively removed from the November 3, 2026 general election ballot by Executive Order JML 26-038; and (iii) appellate practice as to the foregoing matters only;

(e) Movant shall coordinate her appearances and submissions with the Robinson Intervenors and with the Callais Plaintiffs in such manner as the Panel may direct, including consolidated briefing schedules and joint hearing appearances where appropriate;

(f) Movant's appearances and submissions in this action shall be coordinated with the parallel litigation in Collins, et al. v. Landry, et al., No. 3:26-cv-00471-SDD-RLB (M.D. La.), in which Movant is a Plaintiff, to ensure the consistency of Movant's positions across both proceedings; and

(g) Movant shall comply with such further conditions or limitations as the Panel may impose by subsequent order.

4.  Movant shall file her Statement of Position on Remedial Process within seven (7) days of the entry of this Order. The Statement shall not exceed twenty (20) pages, exclusive of caption, tables of contents and authorities, signature blocks, and any exhibits.

5.  The existing parties may file responses to Movant's Statement of Position on Remedial Process within seven (7) days of its filing. Each response shall not exceed fifteen (15) pages, exclusive of caption, tables of contents and authorities, and signature blocks.

6.  Movant may file a reply to any response within three (3) days of its filing. Movant's reply shall not exceed ten (10) pages.

7.  The Clerk of Court is DIRECTED to add Movant Lauren Jewett to the case caption as Defendant-Intervenor in the consolidated captions of this action and to add undersigned counsel of record to the service list maintained in the Court's CM/ECF system.

8.  This Order is entered without prejudice to the Panel's subsequent imposition of additional procedural limitations on the scope of Movant's intervention as the remedial process may require.

THUS DONE AND SIGNED at _____, Louisiana, this _____ day of May, 2026.

_____
**UNITED STATES CIRCUIT JUDGE**
*Presiding*

_____
**UNITED STATES DISTRICT JUDGE**

_____
**UNITED STATES DISTRICT JUDGE**