UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| PHILLIP CALLAIS, et al., | ) | |
| | ) | Case No. 3:24-cv-00122-DCJ-CES-RRS |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | District Judge  David C. Joseph |
| | ) | Circuit Judge Carl E. Stewart |
| NANCY LANDRY, IN HER OFFICIAL | ) | District Judge  Robert R. Summerhays |
| CAPACITY AS LOUISIANA | ) | |
| SECRETARY OF STATE, et al., | ) | Magistrate Judge Kayla D. McClusky |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO MOTION TO INTERVENE**

Plaintiffs hereby provide notice that Proposed Intervenor Lauren Jewett's Motion to Intervene ("Motion"), Doc. 267, accurately represents their position on the Motion. Plaintiffs consented to the Motion so long as intervention met conditions under one of two options. Plaintiffs, by and through counsel, informed Proposed Intervenor's counsel:

> Under option 1, we would not object to you presenting briefing for your client as an amicus on the remedial issues you identify in your motion.
> Under option 2, we would not object to your client's limited-purpose intervention as a "candidate" party limited to the remedial issues you identify, with the added caveat that your advocacy would be limited to your client's own interests as a candidate or voter from the old District 1 in which your client qualified and campaigned. Further, if you choose option 2, in the event the legislature chooses to revert to an open primary on or about November 2026 with a runoff in December 2026, the Callais Plaintiffs would not contest your client's right to appear as a candidate in the designated remedial district she chooses.

Proposed Intervenor has indicated that she has chosen option 2. Doc. 267 at 11. Plaintiffs thereby do not object to her intervention so long as the Court requires her to comply with the conditions in option 2. By taking this position, Plaintiffs do not concede that Proposed Intervenor has Article III

1

standing to raise the asserted theories or that they state a claim for relief. Further, in taking this position, Plaintiffs have relied on all of the Proposed Intervenor's promises that the proposed intervention is for a limited scope and that the Proposed Intervenor will not impede or delay a speedy resolution to proceedings in this Court.

Dated this 6th day of May, 2026

Respectfully submitted,

PAUL LOY HURD, APLC
*/s/ Paul Loy Hurd*
Paul Loy Hurd
Louisiana Bar No. 13909
1896 Hudson Circle, Suite 5
Monroe, Louisiana 71201
Tel.: (318) 323-3838
paul@paulhurdlawoffice.com
*Attorney for Plaintiffs*

GRAVES GARRETT GREIM LLC
*/s/ Edward D. Greim*
Edward D. Greim
Missouri Bar No. 54034
*Admitted Pro Hac Vice*
Matthew Mueller
Missouri Bar No. 70263
*Admitted Pro Hac Vice*
Katherine E. Mitra
Missouri Bar No. 74671
*Admitted Pro Hac Vice*
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
Tel.: (816) 256-3181
Fax: (816) 256-5958
edgreim@gravesgarrett.com
mmueller@gravesgarrett.com
kmitra@gravesgarrett.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I do hereby certify that, on this 6th day of May, 2026, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

*/s/ Edward D. Greim*
Edward D. Greim
*Attorney for Plaintiffs*

2