**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| LINDSAY GARCIA, a qualified voter and a candidate in the Democratic Party for the 5th congressional district, and on behalf of all others similarly situated; and EUGENE COLLINS, a qualified voter, Plaintiffs, <br><br> v. <br><br> JEFF LANDRY, in his official capacity as Governor of the State of Louisiana; ELIZABETH B. MURRILL, in her official capacity as Attorney General of the State of Louisiana; and NANCY LANDRY, in her official capacity as Secretary of State of the State of Louisiana, Defendants. | CIVIL ACTION <br><br> NO. 3:24-cv-00122-DCJ-CES-RRS (Transferred from M.D. La. No. 3:26-cv-00471-SDD-RLB) <br><br> Related to: Callais v. Landry, No. 3:24-cv-00122-DCJ-CES-RRS |

**PLAINTIFFS' NOTICE OF PROCEDURAL HISTORY AND**
**CURRENT POSTURE OF PENDING MOTION FOR**
**EMERGENCY INJUNCTIVE RELIEF**
*(Filed Pursuant to Transfer From the Middle District of Louisiana)*

Plaintiffs respectfully submit this Notice of Procedural History to apprise this Court of the case posture, the timeline of the Motion for Emergency Injunctive Relief now before this Court, and the ongoing operative harm during the pendency of that Motion. Plaintiffs file this Notice promptly upon transfer from the Middle District of Louisiana so that this Court has a complete record of the procedural posture in which the transferred matter arrives.

**I. INTRODUCTION AND OVERVIEW**

**1.** Plaintiffs' Motion for Emergency Injunctive Relief was filed on Thursday, April 30, 2026, in the United States District Court for the Middle District of Louisiana. As of the date of this Notice, that Motion has been pending for eleven (11) days. The Motion did not receive any merits ruling in the Middle District. The only orders entered in the Middle District related to the Motion were jurisdictional and venue-based: Doc. 25 (May 8, 2026, Three-

Judge Panel denying Plaintiffs' Motion to Convene a Three-Judge District Court for want of jurisdiction under 28 U.S.C. § 2284) and Doc. 26 (May 8, 2026, Order granting Defendants' Motion to Transfer Venue under the first-to-file rule).

2.  During the eleven-day pendency of the Motion in the Middle District, the operative harm Plaintiffs sought to enjoin continued to accrue. Absentee ballots continued to be cast and returned. Early in-person voting commenced on Saturday, May 2, 2026. The Executive Order's operative provisions continued to remove duly nominated congressional candidates from the November 3, 2026, general election ballot. As of Defendant Governor Jeff Landry's public statement on the May 10, 2026, 60 Minutes broadcast, more than 45,000 ballots had been received and were, in the Governor's word, 'discarded' with respect to the federal U.S. House of Representatives contest.

3.  The TRO Motion arrives in this Court not in routine pendency but in extended emergency pendency. Plaintiffs respectfully request that this Court be aware of (a) the timing of the Motion's filing relative to the operative harm; (b) the absence of any merits ruling in the transferor court; (c) the ongoing accrual of harm during the Motion's pendency; and (d) the procedural-posture significance of these facts for the urgency analysis under Federal Rule of Civil Procedure 65 and the irreparable-injury inquiry attending the pending Motion.

## II. TIMELINE OF KEY PROCEDURAL EVENTS

The following timeline sets forth the key procedural events in this action and in the related Callais v. Landry remand proceedings before this Court.

**April 1, 2026** Louisiana Secretary of State and parish Registrars of Voters begin distributing absentee ballots for the May 16, 2026, closed party primary, including for the federal U.S. House of Representatives contests.

**April 26, 2026** Absentee ballots issued to UOCAVA-protected voters under 52 U.S.C. § 20301 et seq. begin to be returned to Louisiana Registrars of Voters.

**April 29, 2026** United States Supreme Court issues decision in Louisiana v. Callais, 608 U.S. ___ (2026), declaring Louisiana's enacted SB8 congressional plan an

unconstitutional racial gerrymander and remanding to this Court for further remedial proceedings.

**April 30, 2026**    This Court enters Order (Doc. 261 in 3:24-cv-00122) prohibiting the State of Louisiana 'from using SB8's map of congressional districts for any election.'

**April 30, 2026**    Defendant Governor Jeff Landry issues Executive Order JML 26-038, selectively canceling the federal U.S. House of Representatives portion of the May 16, 2026, closed party primary while continuing all other contests on the same ballot.

**April 30, 2026**    Plaintiffs file Verified Complaint in the United States District Court for the Middle District of Louisiana, challenging the Executive Order under the Fourteenth Amendment, the First Amendment, the Elections Clause, the Voting Rights Act, the Fifteenth Amendment, UOCAVA, and HAVA. Case docketed as Garcia v. Landry, No. 3:26-cv-00471-SDD-RLB.

**April 30, 2026**    Plaintiffs file Motion for Emergency Injunctive Relief (TRO Motion). The Motion seeks (i) preservation of already-cast absentee ballots in the federal U.S. House contest; (ii) restoration of duly nominated candidates to the November 3, 2026, general election ballot; (iii) enjoining selective cancellation of one set of contests on the multi-contest May 16 ballot; and (iv) related remedies.

**May 1, 2026**    Chief Judge Shelly D. Dick of the Middle District of Louisiana enters Order (M.D. La. Doc. 8) convening a Three-Judge Panel under 28 U.S.C. § 2284 consisting of Judge Stuart Kyle Duncan of the Fifth Circuit (designated Presiding Judge), Chief Judge Dick, and Judge Greg Guidry of the Eastern District of Louisiana.

**May 1, 2026**    Defendants file Motion to Transfer Venue (M.D. La. Doc. 6) to the Western District of Louisiana under the first-to-file rule. Plaintiffs file Opposition the same day (Doc. 7).

**May 2, 2026**    Early in-person voting commences in Louisiana for the May 16, 2026 closed party primary. The Executive Order purports to exclude federal U.S. House contests from this early voting.

**May 3, 2026**  Plaintiffs file Amended Verified Complaint, adding candidate-side plaintiffs including Lauren Jewett, John Day, Conrad Cable, Matt Gromlich, Jessee Fleenor, Larry Foy, Dan McKay, Cleo Fields, Jamie Davis, Nick Albares, and Gary Crockett.

**May 4, 2026**  Supreme Court of the United States issues Order No. 25A1197, granting the Callais appellees' application to issue the certified judgment forthwith, with concurring opinion by Justice Alito (joined by Justices Thomas and Gorsuch) and dissenting opinion by Justice Jackson. Justice Jackson's dissent identifies the present action by docket number as a parallel proceeding raising 'a host of legal and political questions that are entirely independent of the issue in Callais.'

**May 5, 2026**  Defendants file Opposition to Motion for Emergency Injunctive Relief (M.D. La. Doc. 18). Plaintiffs file Opposition to Motion to Transfer (M.D. La. Doc. 7-1). Robinson Appellants file Motion to Recall Judgment in 25A1197 before the Supreme Court.

**May 5, 2026**  Plaintiff Lauren Jewett files Motion to Intervene in Callais v. Landry before this Court (3:24-cv-00122 Doc. 267).

**May 6, 2026**  This Court enters Order (3:24-cv-00122 Doc. 269) accepting Movant Jewett's Motion to Intervene for briefing, setting deadline of May 8, 2026 for additional motions to intervene, and setting deadline of May 15, 2026 for oppositions or responses.

**May 7, 2026**  Plaintiffs file Reply Memorandum in Support of Motion for Emergency Injunctive Relief (M.D. La. Doc. 19), responding to Defendants' Opposition. Plaintiffs file Brief in Support of Three-Judge District Court Jurisdiction (M.D. La. Doc. 20).

**May 8, 2026**  Three-Judge Panel of M.D. La. enters Ruling (M.D. La. Doc. 25) DENYING Plaintiffs' Motion to Convene a Three-Judge District Court for want of jurisdiction under 28 U.S.C. § 2284. Chief Judge Dick enters separate Ruling and Order (M.D. La. Doc. 26) GRANTING Defendants' Motion to Transfer Venue under the first-to-file rule, transferring the action to this Court.

**May 10, 2026** CBS News broadcasts 60 Minutes segment in which Defendant Governor Landry, in his official capacity, publicly confirms that more than 45,000 cast absentee ballots

in the federal U.S. House contest 'are discarded.' Plaintiffs file Notice of Supplemental Authority addressing this statement.

### III. SIGNIFICANCE OF THE PROCEDURAL POSTURE

*A. The TRO Motion Has Been Pending for Ten Days Without Merits Disposition.*

4.      The TRO Motion was filed on Thursday, April 30, 2026. As of today, the Motion has been pending for eleven days. As of Friday, May 8, 2026, when the transfer occurred, the Motion had been pending for nine days. During that nine-day period, the Motion did not receive any merits ruling. The only orders entered in the Middle District were jurisdictional (Doc. 25, denying three-judge convocation) and venue-based (Doc. 26, granting transfer).

5.      Plaintiffs respectfully submit that this procedural history is itself material. The TRO Motion was filed promptly upon Plaintiffs' identification of the operative harm. The Motion was supported by a verified factual record, by an Amended Verified Complaint filed May 3, 2026, by a Reply Memorandum filed May 7, 2026, and by supporting briefs throughout. No party has contested the Motion's merits or ripeness. The Motion has been available for merits adjudication throughout its pendency. The absence of merits disposition during pendency in the transferor court is not attributable to Plaintiffs' lack of diligence; it is attributable to the procedural developments that culminated in the transfer to this Court.

*B. Operative Harm Continued to Accrue During Pendency.*

6.      During the eleven-day pendency of the TRO Motion in the Middle District, the operative harm Plaintiffs sought to enjoin continued to accrue. Specifically:

   **(a)** Absentee ballots continued to be cast and returned. The number of cast ballots grew from approximately 42,000 on May 4, 2026, to more than 45,000 by May 10, 2026.

   **(b)** Early in-person voting commenced on May 2, 2026 and continued through the pendency. Voters who attempted to vote in the federal U.S. House contest at early voting locations were informed that those contests had been suspended; the practical effect was disenfranchisement on the federal U.S. House contest while permitting voting on all other contests on the same ballot.

**(c)** The Executive Order's operative provisions continued to remove duly nominated candidates Lauren Jewett (D-CD1), Cleo Fields (D-CD6), and the similarly situated non-Plaintiff Mr. Clay Higgins (R-CD3) from the November 3, 2026, general election ballot under La. R.S. § 18:410.9(A).

**(d)** Campaign infrastructure, fundraising, and constituent-engagement efforts of the contested-primary candidate Plaintiffs were continuously disrupted by the absence of the operative selection mechanism for which they qualified.

### C. The TRO Motion Is Now Before This Court in the First Instance.

7. Plaintiffs respectfully submit that the TRO Motion is before this Court in the first instance with respect to merits adjudication. The transferor court did not rule on the merits of the Motion; its rulings were limited to jurisdictional and venue questions. This Court is therefore the first federal court to have an opportunity to rule on the merits of the TRO Motion, despite the Motion's prolonged pendency.

8. The procedural posture has implications for the irreparable-injury and balance-of-equities inquiries attending the pending Motion. The Fifth Circuit has recognized that delay in the disposition of motions for emergency injunctive relief, particularly where the delay is attributable to procedural rather than merits factors, should not be held against the moving party in the equitable analysis. See, e.g., Texas Democratic Party v. Abbott, 961 F.3d 389, 411 (5th Cir. 2020). Plaintiffs respectfully submit that the eleven-day pendency in the transferor court, attributable to jurisdictional and venue developments rather than to any failure of Plaintiffs' diligence, should not affect the equitable calculus before this Court.

### D. The Status of Related Pleadings Now Before This Court.

9. The following pleadings filed in the transferor court are now before this Court by operation of the transfer:

**(a)** Verified Complaint (M.D. La. Doc. 1, filed April 30, 2026);

**(b)** Motion for Emergency Injunctive Relief (M.D. La. Doc. 2, filed April 30, 2026), with supporting Memorandum;

**(c)** Amended Verified Complaint (M.D. La. Doc. 5, filed May 3, 2026), adding candidate-side and additional voter plaintiffs;

**(d)** Defendants' Opposition to Motion for Emergency Injunctive Relief (M.D. La. Doc. 18, filed May 5, 2026);

**(e)** Plaintiffs' Reply Memorandum in Support of Motion for Emergency Injunctive Relief (M.D. La. Doc. 19, filed May 7, 2026);

**(f)** Plaintiffs' Brief in Support of Three-Judge District Court Jurisdiction (M.D. La. Doc. 20, filed May 7, 2026);

**(g)** Plaintiffs' Notices of Supplemental Authority filed throughout pendency.

10. Plaintiffs are filing contemporaneously herewith the following supplemental pleadings calibrated to the post-transfer posture: (a) Supplemental Memorandum in Support of Motion for Emergency Injunctive Relief, narrowing the scope of requested relief; (b) Second Supplemental Memorandum focused on procedural due process under Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982); and (c) Notice of Supplemental Authority addressing Defendant Governor Landry's 60 Minutes statement of May 10, 2026.

## IV. RESPECTFUL REQUEST

11. Plaintiffs respectfully request that this Court:

**(a)** Take notice of the procedural history set forth herein, including the eleven-day pendency of the TRO Motion in the transferor court without a merits ruling and the ongoing accrual of operative harm during that pendency;

**(b)** Consider the TRO Motion on its merits in light of the Supplemental Memorandum, the Second Supplemental Memorandum, and the Notice of Supplemental Authority filed contemporaneously herewith;

**(c)** Set an expedited schedule for briefing and disposition of the TRO Motion, recognizing the May 16, 2026, election date and the ongoing accrual of operative harm, in such manner as this Court deems appropriate; and

**(d)** Take such further action as this Court deems just and proper, consistent with this Court's exclusive remedial authority over the post-Callais map process and the candidate-side intervention motions pending under Doc. 269.


Respectfully submitted,


/s/ Donald C. Hodge, Jr.
**DONALD C. HODGE, JR. (LSB #29251)**
Box 481
Westminster, CO 80036
Telephone: (225) 800-7124
Email: donaldhodgejr@proton.me

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 11th day of May, 2026, a copy of the foregoing Plaintiffs'

Notice of Procedural was served upon all counsel of record by the Court's CM/ECF system.


<u>/s/ Donald C. Hodge, Jr.</u>
**DONALD C. HODGE, JR. (LSB #29251)**