IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

PHILLIP CALLAIS, et al.,          )
                                  )        Case No. 3:24-cv-00122-DCJ-CES-RRS
              Plaintiffs,          )
                                  )
v.                                )        District Judge  David C. Joseph
                                  )        Circuit Judge Carl E. Stewart
NANCY LANDRY, IN HER OFFICIAL      )        District Judge Robert R. Summerhays
CAPACITY AS LOUISIANA              )
SECRETARY OF STATE, et al.,        )        Magistrate Judge Kayla D. McClusky
                                  )
              Defendants.          )

## PLAINTIFFS' UNOPPOSED MOTION TO DEFER MOTION FOR ATTORNEYS' FEES

Plaintiffs respectfully ask the Court to order any motion for attorneys' fees to be due no earlier than 21 days after the Court's approval of a remedial plan. In support of this motion, Plaintiffs allege as follows:

1.      On April 30, 2024, this Court granted Plaintiffs' motion for injunctive relief. Doc. 198 at 59.

2.      In its order, this Court noted that the "remedial stage of this trial" was just beginning, and the Court would hold a status conference to discuss that phase of the ongoing litigation. *Id*. at 59-60.

3.      But before the Court could reach the remedial stage, the Defendants and Intervenors moved for a stay of the Court's injunction in the U.S. Supreme Court.

4.      The U.S. Supreme Court granted the stay on May 15, 2024.

5.      The U.S. Supreme Court noted probable jurisdiction on November 4, 2024.

1

6. After one round of briefing and oral argument on March 24, 2025, the Supreme Court restored the cases to the calendar for reargument and supplemental briefing on June 27, 2025.

7. The parties filed supplemental briefs and reargued the case on October 15, 2025.

8. On April 29, 2026, the Supreme Court affirmed this Court's injunction and remanded the case but did not yet send down its decision to this Court pursuant to Supreme Court Rule 45.3.

9. On April 30, 2026, this Court noted that its ruling was affirmed and the matter was remanded so the injunction entered two years prior remains in effect. Doc. 261. The Court further noted that as part of the remedial phase of the case, the State of Louisiana would have an opportunity to enact a compliant map. *Id*. The Court then ordered a briefing schedule. *Id*.

10. On Monday, May 4, 2026, the Supreme Court granted Plaintiffs' application to issue the judgment forthwith, and this Court received a certified copy of the Supreme Court's judgment affirming the judgment of this Court and remanding for further proceedings consistent with the Supreme Court's opinion. Doc. 265.

11. The State Defendants and Plaintiffs then filed their briefs in accordance with the Court's scheduling order. The Parties are now in the midst of the remedial phase of this litigation.

12. Plaintiffs plan to file a motion for an award of attorneys' fees pursuant to 42 U.S.C. § 1988. A motion for attorneys' fees under § 1988 must be made within a reasonable period of time, but the statute does not impose a specific time limit.

13. A period of 21 days from this Court's approval of a remedial plan is reasonable. It allows Plaintiffs and the State to focus on the remedial issues before this Court in the next few weeks rather than working on the important—but collateral—issue of fees. It also allows them to

2

meet and confer on fees and scheduling, and to propose a short schedule for briefing after the Plaintiffs' initial filing is due if they are unable to reach agreement.

14. Given the exigencies of redistricting litigation, courts often allow for schedules just like this. For example, in *Milligan v. Allen*, No. 2:21-cv-01530-AMM (N.D. Ala.), after the Supreme Court affirmed the district court's injunction and remanded, parties represented by counsel for the Robinson and Galmon Intervenors, by and through counsel, moved for an order to defer any deadline for motions for attorneys' fees until "21 days after the Court's approval of a remedial plan or 21 days after July 28, 2023, if no Plaintiff files an objection to a new plan enacted by the Alabama Legislature on or before July 21, 2023." Plaintiffs' Unopposed Motion to Defer Motions for Attorneys' Fees 1-2, *Milligan v. Allen*, No. 2:21-cv-01530-AMM (N.D. Ala. June 22, 2023) (ECF 170), attached as Exhibit A.

15. The State of Alabama did not oppose, and the Northern District of Alabama District Court granted their requests as well as their multiple requests for extensions of time. *Id.*; Order, *Milligan* (June 23, 2023) (ECF 171) (granting initial request); Order, *Milligan* (Oct. 25, 2023) (ECF 315) (granting motion to amend scheduling order); Order, *Milligan* (Jan. 23, 2024) (ECF 327) (granting request for extension of time); Order, *Milligan* (May 22, 2025) (ECF 492) (granting request for extension of time).

16. The same process should apply here. Plaintiffs seek a reasonable amount of time to file their motion for fees, similar to what the plaintiffs sought in *Milligan*.

17. Plaintiffs, by and through counsel, emailed counsel for all other parties requesting their positions on this motion. The State of Louisiana takes no position on Plaintiffs' motion. Counsel for the Robinson and Galmon Intervenors did not respond to Plaintiffs' request for their positions.

18.     Plaintiffs propose this schedule because they want to ensure, out of an abundance of caution, that their forthcoming motion for fees is considered timely by this Court and all other Parties. At the same time, Plaintiffs believe that the Parties' time in the coming few weeks would best be spent on the merits of remedying the State's constitutional violations in advance of the 2026 elections rather than on negotiating fees and preparing fee applications.

Dated this 14th day of May, 2026

PAUL LOY HURD, APLC
*/s/ Paul Loy Hurd*
Paul Loy Hurd
Louisiana Bar No. 13909
1896 Hudson Circle, Suite 5
Monroe, Louisiana 71201
Tel.: (318) 323-3838
paul@paulhurdlawoffice.com
*Attorney for Plaintiffs*

Respectfully submitted,

GRAVES GARRETT GREIM LLC
*/s/  Edward D. Greim*
Edward D. Greim,* Mo. Bar No. 54034
Matthew Mueller,* Mo. Bar No. 70263
Katherine E. Mitra,* Mo. Bar No. 74671
Sarah R. Pineau,* Mo. Bar No. 74483
*Admitted Pro Hac Vice*
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
Tel.: (816) 256-3181
Fax: (816) 256-5958
edgreim@gravesgarrett.com
mmueller@gravesgarrett.com
kmitra@gravesgarrett.com
spineau@gravesgarrett.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I do hereby certify that, on this 14th day of May, 2026, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

*/s/ Edward D. Greim*
Edward D. Greim
*Attorney for Plaintiffs*

4