CCRHB842 3645 5430

### CONFERENCE COMMITTEE REPORT

**HB 842**                          **2026 Regular Session**                          **Beaullieu**

May 13, 2026

To the Honorable Speaker and Members of the House of Representatives and the Honorable President and Members of the Senate.

Ladies and Gentlemen:

We, the conferees appointed to confer over the disagreement between the two houses concerning House Bill No. 842 by Representative Beaullieu, recommend the following concerning the Reengrossed bill:

1.    That the set of Senate Committee Amendments by the Senate Committee on Senate and Governmental Affairs (#2527) be adopted.

2.    That the following amendments to the Reengrossed bill be adopted:

AMENDMENT NO. 1

On page 1, line 2, after "reenact" and before "55(D)," delete "R.S. 18:53(B)(2)(b)," and insert "R.S. 18:2(9), 53(B)(2)(b),"

AMENDMENT NO. 2

On page 1, line 3, after "(D)(1) and" and before "192(B)(1)(a)," delete "(3)," and insert "(3) and (F)(8),"

AMENDMENT NO. 3

On page 1, line 5, after "(4)," and before "562(B)(2)," insert "551(B)(2)(introductory paragraph),"

AMENDMENT NO. 4

On page 1, line 7, after "paragraph)," and before "1300.3(A)(1)(b)," insert "1300.2(C)(1),"

AMENDMENT NO. 5

On page 2, line 25, after "amendments;" and before "to correct" insert the following:

"to provide relative to the secretary of state's duties related to recall petitions; to provide for the designation of party primary offices; to provide for the election of candidates for representative in the United States Congress in 2026; to provide that votes cast for candidates for representative in the United States Congress in the May 16, 2026, and June 27, 2026, party primary election be void and not counted; to provide that cancelled votes are not subject to the Public Records Law; to provide for the conduct of the 2026 fall elections; to provide for qualifying for the 2026 fall open primary elections; to provide for nominating petitions for candidates for representative in the United States Congress for the 2026 fall open primary elections;"

AMENDMENT NO. 6

On page 3, line 1, after "(4)," and before "562(B)(2)," insert "551(B)(2)(introductory paragraph),"

CCRHB842 3645 5430

AMENDMENT NO. 7

On page 3, line 3, after "paragraph)," and before "1300.3(A)(1)(b)," insert "1300.2(C)(1),"

AMENDMENT NO. 8

On page 15, between lines 25 and 26, insert the following:

"§551.  Ballots
*      *      *
B.  Titles of offices.
*      *      *
(2)  ~~Below any party primary offices, the~~ Except as provided in Paragraph (1) of this Subsection, titles of the offices to be voted on in a primary or general election shall be listed on the ballot in the following order:
*      *      *"

AMENDMENT NO. 9

On page 22, between lines 14 and 15, insert the following:

"§1300.2.  Petition for recall election; campaign finance disclosure
*      *      *
C.(1)  Prior to the entering of any signatures on a petition, the chairman designated to represent the petitioners shall file with the secretary of state a copy of the recall petition which will be used and copies of a picture identification that contain the name and signature of the chairman and vice chairman, respectively, or copies of current utility bills, bank statements, government checks, paychecks, or other government documents that show the name and address of the chairman and vice chairman, respectively.  Upon receipt of the recall petition, the secretary of state shall provide to the chairman and vice chairman, respectively, a document prepared by the secretary of state in conjunction with the Louisiana Registrars of Voters Association, subject to approval as to content by the attorney general, providing general information on petition requirements and deadlines.  Upon receipt of the recall petition, the secretary of state shall ~~endorse~~ certify thereon the fact and the date of filing, and this unsigned copy of the recall petition shall be a public record.  A copy shall be transmitted by the secretary of state to the registrar of voters for each parish in which the recall election is to be held.  The chairman shall list on the petition every parish that is wholly or partially within the voting area where the recall election is to be held.  The petition shall be considered filed when it is received in the office of the secretary of state.  Upon receipt of the recall petition, the secretary of state shall produce a report of the number of qualified electors in the voting area wherein the recall election is sought effective on the date of receipt of the recall petition and shall notify the registrar of voters in each parish in the voting area of the number of qualified electors of the voting area in the parish for issuance of the certification.
*      *      *"

AMENDMENT NO. 10

On page 29, line 3, after "witness's" and before "mailing" insert "printed name or"

AMENDMENT NO. 11

On page 30, line 6, after "provide his" and before "address" insert "printed name or"

AMENDMENT NO. 12

On page 35, between lines 28 and 29 insert the following:

CCRHB842 3645 5430

"Section 5. R.S. 18:2(9) and 154(F)(8) are hereby amended and reenacted to read as follows:

§2.  Definitions

As used in this Code, the following words and terms shall have the meanings hereinafter ascribed to each, unless the context clearly indicates another meaning:
*　　　*　　　*

(9)  "Party primary office" means an office of senator ~~or representative~~ in the United States Congress, justice of the supreme court, the State Board of Elementary and Secondary Education, and the Public Service Commission.
*　　　*　　　*

§154.  Records open to inspection; copying; exceptions
*　　　*　　　*

F.  Notwithstanding any provision of this Section to the contrary, the registrar, the clerk of court, and the Department of State shall be prohibited from disclosing the following:
*　　　*　　　*

(8)  Votes that are void because of the death of a candidate pursuant to R.S. 18:469, withdrawal of a candidate pursuant to R.S. 18:502, resignation of a public officer subject to a recall election pursuant to R.S. 18:1300.7, ~~or~~ disqualification of a candidate pursuant to R.S. 18:1410<u>, or cancellation of an election for an office or proposition</u>.
*　　　*　　　*

Section 6.  R.S. 18:2(9) is hereby amended and reenacted to read as follows:

§2.  Definitions

As used in this Code, the following words and terms shall have the meanings hereinafter ascribed to each, unless the context clearly indicates another meaning:
*　　　*　　　*

(9)  "Party primary office" means an office of senator <u>or representative</u> in the United States Congress, justice of the supreme court, the State Board of Elementary and Secondary Education, and the Public Service Commission.
*　　　*　　　*

Section 7.(A)(1)  The May 16, 2026, and June 27, 2026, party primary elections for representative in the United States Congress are hereby cancelled. Notwithstanding any provision of the Louisiana Election Code to the contrary, votes cast in the May 16, 2026, or June 27, 2026, party primary election for representative in the United States Congress shall be void and not counted. No election official, as defined in R.S. 18:1466, shall disclose votes cast in the May 16, 2026, or June 27, 2026, party primary election for representative in the United States Congress.

(2)  The secretary of state shall remit to each candidate the state portion of the qualifying fee, as provided for in R.S. 18:464(B)(1), and the additional qualifying fee, as provided for in R.S. 18:464(B)(5), that the candidate paid to qualify for the May 16, 2026, and June 27, 2026, party primary elections for representative in the United States Congress. The secretary of state shall cancel any nominating petition received for the May 16, 2026, and June 27, 2026, party primary elections for representative in the United States Congress.

(B)  Candidates for representative in the United States Congress shall be elected at the open primary election to be held on November 3, 2026, and the open general election to be held on December 12, 2026.

(C)(1)  Notwithstanding the provisions of R.S. 18:467, the qualifying period for all candidates in the 2026 fall primary election, including candidates for representative in the United States Congress, shall begin on August 5, 2026. The qualifying period for such candidates shall close at 4:30 p.m. on August 7, 2026.

(2)  Notwithstanding the provisions of R.S. 18:465(C)(3)(b), the number of qualified voters who must timely sign a nominating petition for a candidate for representative in the United States Congress for the 2026 congressional election shall be two hundred fifty. Notwithstanding the provisions of R.S. 18:465(D), the

CCRHB842 3645 5430

nominating petition shall not be required to set forth the congressional district for which a candidate for representative in the United States Congress seeks to qualify until the petition is submitted to the registrar of voters. A qualified voter may sign the nominating petition beginning on the effective date of this Section. The nominating petition shall be submitted to the registrar of voters no later than July 9, 2026."

AMENDMENT NO. 13

On page 35, at the beginning of line 29, change "Section 5." to "Section 8."

AMENDMENT NO. 14

On page 36, at the beginning of line 2, delete "(D)  Section 4" and insert the following:

"(D)  Section 6 of this Act shall become effective January 1, 2027.
(E)  Sections 4, 5, and 7"

AMENDMENT NO. 15

On page 36, line 6, after "legislature," and before "and this" delete "Section 4" and insert "Sections 4, 5, and 7"

Respectfully submitted,

_____          _____
Representative  Gerald "Beau" Beaullieu, IV          Senator  Caleb Seth Kleinpeter


_____          _____
Representative  Polly Thomas          Senator  Gregory A. Miller


_____          _____
Representative  Roger Wilder III          Senator  Glen Womack

CCRHB842 3645 5430

---

DIGEST

The digest printed below was prepared by House Legislative Services.  It constitutes no part of the legislative instrument.  The keyword, one-liner, abstract, and digest do not constitute part of the law or proof or indicia of legislative intent.  [R.S. 1:13(B) and 24:177(E)]

---

**CONFERENCE COMMITTEE REPORT DIGEST**

**HB 842**                    **2026 Regular Session**                    **Beaullieu**

**Keyword and oneliner of the instrument as it left the House**

ELECTION CODE:  Makes revisions to the Louisiana Election Code

**Report adopts Senate amendments to:**

1.    Remove the requirement that the proclamation providing for a special election to fill a vacancy in certain party primary offices include the date for a primary election other than the party primary election.

2.    Provide for the procedure for protests and objections to the solicitation or award of a contract for the procurement of voting systems.

**Report amends the bill to:**

1.    Provide for the cancellation of the 2026 party primary election for representative in Congress and provide that votes cast in such election shall be void and not counted.

2.    Provide for the cancellation of the nominating petitions and remittance of qualifying fees for candidates for representative in Congress for the 2026 party primary election.

3.    Provide for the open primary election of representative in Congress during the fall 2026 elections, only, and for qualifying and nominating petitions for candidates for representative in Congress for the 2026 fall open primary election.

4.    Move the qualifying dates for *all* candidates to be elected in the 2026 fall open primary election from July 29, 2026, through July 31, 2026, to Aug. 5, 2026, through Aug. 7, 2026.

5.    Provide for the confidentiality of votes made void because of the cancellation of an election.

6.    Provide for the order of the ballot during a general election for a party primary office.

7.    Provide for the secretary of state's duty to certify, rather than endorse, a recall petition.

8.    Prohibit the failure to include a witness's printed name on an absentee ballot certificate from serving as grounds to challenge an absentee by mail ballot or serving as a deficiency requiring cure.

**Digest of the bill as proposed by the Conference Committee**

**Registrars of Voters**

Present law (R.S. 18:53) provides grounds for removal of a registrar of voters.  Provides that if the commissioner of elections raises allegations that the parish registrar has engaged in

conduct for which a registrar may be removed, the State Board of Election Supervisors shall schedule a hearing on the allegations brought by the commissioner of elections within 30 days of the receipt thereof.  Proposed law retains present law.

Present law (R.S. 18:55 and 59) provides that the parish portion of the salary for each registrar of voters, chief deputy registrar, and confidential assistant shall be paid monthly by the parish governing authority.

Proposed law retains present law and further provides that the parish portion of the salary may also be paid biweekly or semimonthly.

Present law (R.S. 18:62) provides that no registrar of voters, deputy registrar, or other employee of a registrar who is in the unclassified *state* service shall participate or engage in certain political activity.

Proposed law retains present law and further extends the prohibition to registrars of voters, deputy registrars, and other employees of a registrar who are in the unclassified civil service of *any* civil service system.

Present law further provides that all deputy registrars and other employees of a registrar who are in the classified *state* service shall be subject to the constitution and laws, and the regulations adopted pursuant thereto, affecting political activities by persons in the classified state service.

Proposed law retains present law and further provides that deputy registrars and other employees of a registrar who are in the classified civil service of *any* civil service system shall be subject to the constitution and laws, and the regulations adopted pursuant thereto, affecting political activities by persons in the classified civil service.

### Voter Registration

Present law (R.S. 18:108) provides that if a registrant's application for registration indicates that the applicant previously registered as a voter in any other parish, and if the previous notice of registration is available, then before making a new registration the registrar shall require the applicant to surrender his previous notice for cancellation and the registrar shall promptly notify the registrar of the parish in which the applicant has registered previously of the present registration.

Proposed law removes the requirement that the applicant surrender his previous notice for cancellation.

Present law provides that in such instances, the other registrar shall verify the cancellation of the voter's registration in the other parish.  Proposed law removes the requirement that the other registrar verify the cancellation and instead requires the registrar to cancel the prior registration in the other parish.

Present law (R.S. 18:110) provides that a change of registration based upon a change of residence within a parish received after the closing of registration for a primary election shall become effective the day after the general election or special general election when a special primary election is held in conjunction with a general election.  Present law provides exceptions for when registration is cancelled or changed under certain specific circumstances.

Proposed law retains present law and further provides that a change of registration based upon a change of residence within a parish received after the closing of registration for a closed party primary election shall become effective the day after the second party primary election.

Present law provides that in a regularly scheduled general election where the only candidate's election appearing on any ballot in the parish is a special primary election, a change in registration shall become effective prior to the special primary election.

CCRHB842 3645 5430

Proposed law further provides that such a change shall become effective for the special primary election if made prior to the close of registration for the general election.

Present law provides that in a regularly scheduled or special general election, where the change of registration does not change any issues or candidate offices upon which the voter was entitled to vote prior to the change, the change shall become effective prior to the regularly scheduled or special general election.

Proposed law further provides that such a change shall become effective for the general election if made prior to the close of registration for the general election.

Proposed law (R.S. 18:106.1) provides that if a registered voter, subsequent to his registration, is no longer capable of signing his name or making a mark due to a physical disability, he shall file with the registrar of voters an alternative signature attestation to authorize another person to sign documents required by the Election Code on his behalf. Requires the voter to include a letter signed by a physician stating that the voter is unable to provide his signature or mark due to a physical disability and that the voter is capable of providing consent for another person to sign on his behalf.

Proposed law imposes requirements on the individual assisting the applicant and provides for information that shall be included on the form.

Proposed law provides that the individual authorized to assist the voter shall be an elector of the state and shall not be a candidate, the voter's employer or employer's agent, or the voter's union agent.  Provides that the individual authorized to assist the applicant shall also sign and print his own name and residential address on any document for which the individual assists the applicant.

Proposed law further provides that if a registered voter who is no longer capable of signing his name or making a mark due to a physical disability appears in person to vote on election day or during early voting, he shall verbally or otherwise convey his consent for the commissioner or deputy registrar to sign the precinct register, early voting register, and any other forms required by the Election Code and the commissioner or deputy registrar shall sign on behalf of the voter in the presence of at least one witness.

Present law (R.S. 18:154) provides, generally, that the records of each registrar are public records and at all times during office hours shall be open to inspection, except the early voting confirmation sheets of voters.  Further provides that the name and address of a law enforcement officer shall not be subject to disclosure if the registrar has received certification from the law enforcement agency employing the officer that the officer is engaging in hazardous activities and it is necessary for his name and address to be kept confidential. Provides that any agency employing a law enforcement officer whose records are made confidential shall also issue a decertification notice to the registrar of voters when the officer is no longer engaging in hazardous activities.

Proposed law retains present law and further provides that the law enforcement officer may submit written notice to the registrar of voters that it is no longer necessary for his name and address to be kept confidential.

Proposed law provides that upon receipt of a notification from either the employing agency or the law enforcement officer, the registrar shall remove the indication of certification for the affected law enforcement officer from the state voter registration computer system.

Present law (R.S. 18:192), requires the Dept. of State to conduct two separate annual canvasses of registered voters, one occurring no later than July 31st, and another occurring no later than June 30th.  Proposed law provides that the department is not required to conduct either canvass in a calendar year when there is less than 60 days between a regularly scheduled or special election date and the opening of qualifying for a regularly scheduled or special primary election.

CCRHB842 3645 5430

When conducting the annual canvass, present law requires the Dept. of State to use address data obtained pursuant to a written agreement from another state or federal governmental agency or private vendor that provides voter registration eligibility or address data to verify the names and addresses of the registrants in all precincts in the state.  Proposed law retains present law.

Present law requires the Dept. of State to use information available in the state voter registration computer system to conduct the annual canvass and identify registrants whose name does not appear with a corrected address provided by the United States Postal Service (USPS) or its licensee.

Proposed law provides that the Dept. of State shall use information provided pursuant to the written agreement provided for in present law, instead of information provided by the USPS or its licensee.

Present law (R.S. 18:193) provides for the placement of registrants on the inactive list of voters when the registrar has reason to believe that the registrant is no longer qualified to be registered, or that a registrant has changed his residence.  Proposed law retains present law.

Present law provides that the registrant shall not be placed on the inactive list of voters if there is address information available to the registrar from the USPS or its licensee. Proposed law instead provides the registrant shall not be placed on the inactive list of voters if there is address information available to the registrar.

Present law provides for the use of an address confirmation notice to confirm the address of a registered voter.  Present law (R.S. 18:191.1) provides that the address confirmation notice shall include a postage prepaid and preaddressed return notice sent by forwardable mail and shall inform the registrant about his voting rights under the address confirmation process.

Proposed law retains present law.

Present law requires registered voters who appear at a polling location on election day to confirm their address using an address confirmation notice.  Proposed law (R.S. 18:196(B), 562(B), 565(B), 571, 573, 1315(D)(2), and 1333) instead requires such voters to confirm their address using an address confirmation *form*.

Present law provides that if a registrant whose name is on the inactive list of voters votes absentee by mail or during early voting, the registrar shall transfer the registrant's name to the official list of voters and make any necessary corrections in the registrant's registration records if the information on the address confirmation notice or the residential address provided in an application to vote by mail so indicates.

Proposed law requires the same if a registrant whose name is on the inactive list of voters applies to vote absentee by mail.  Further requires the registrar to change the registrant's registration address to the residential address provided on the address confirmation form or application to vote by mail.

Present law (R.S. 18:197) provides that no registrar shall cancel the registration of any voter in his parish between any primary election and the subsequent general election occurring in that parish, except for those fraudulently placed upon the registration records or canceled pursuant to the annual canvass conducted by the registrar.

Proposed law instead places a limitation on cancellations between any *open* primary and subsequent general election, except that if the registration was illegally or fraudulently placed upon the registration records, the registrant is no longer qualified to be registered for a reason other than a change of residence or address, or the registrant has deliberately given an incorrect address.

Present law (R.S. 18:107) provides that an applicant for registration who declares party affiliation as "Independent" or with the "Independent Party" shall have his party affiliation entered as "No Party".

CCRHB842 3645 5430

Proposed law retains present law and further provides that on and after Sept. 1, 2026, that a person who is registered as or who applies for registration as "unaffiliated" shall have his party affiliation changed to "no party".

Present law (R.S. 18:154) prohibits circulating on a commercial list or otherwise disclosing the voter registration application and any information contained on the voter registration application of any person who is 16 or 17 years of age.

Proposed law retains present law except to provide that the voter registration information of a person who is 17 years of age may appear in a precinct register when that person will be 18 years of age within seven days before an election day.

Present law (R.S. 18:1303.3) provides procedures for the certification of signatures on a recall petition.  Present law provides that the registrar of voters for each parish in the voting area may request and accept the assistance of employees of the Dept. of State and registrars and deputy registrars of voters from other parishes to complete the certification of the recall petition.  Proposed law retains present law.

Present law provides that each person offering such assistance shall be considered a deputy registrar of the requesting parish registrar for that purpose only.  Proposed law repeals present law.

## Election Emergencies

Present law (R.S. 18:401.1) provides that the governor may, upon issuance of an executive order declaring a state of emergency or impending emergency, suspend or delay any qualifying of candidates, early voting, or elections. Provides that a vacancy in a party primary office that may not be filled by appointment, designation, or in accordance with the timeframes required by law shall constitute an emergency, and the governor may proclaim a state of emergency for purposes of calling a special election to fill the vacancy.

Proposed law retains present law.

Present law provides that the proclamation ordering the special election shall include the dates for qualifying, early voting, the primary election, the general election, and at least one party primary election.

Proposed law removes the requirement that the proclamation include the date for a primary election other than the party primary election.

## Election Administration, Generally

Present law (R.S. 18:402) provides for prohibited election days.  Provides that if the date of any fall election falls on any prohibited day, the election shall be held on the same *weekday* of the preceding week.  Proposed law instead provides that the election shall be held on the same *day* of the preceding week.

Present law (R.S. 18:402(G)(1)) as amended and reenacted by Act No. 640 of the 2024 R.S. of the Legislature of La. provides that the fall gubernatorial and congressional election dates shall be the regularly scheduled statewide elections for purposes of voting on constitutional amendments.  Proposed law retains present law.

Present law (R.S. 18:433) provides that the parish board of election supervisors shall meet at 10:00 a.m. on the second Friday in January of each year to select commissioners-in-charge, or if the course of instruction for commissioners-in-charge is delayed, at 10:00 a.m. on or before the fifth day after completion of the course.

Proposed law instead requires that the parish board meet on or before the second Friday in Jan. and removes the requirement that the parish board meet at 10:00 a.m in either circumstance.

CCRHB842 3645 5430

Present law (R.S. 18:1314) provides that the parish board of election supervisors shall meet at 10:00 a.m. on the fifth day before a primary election and at 10:00 a.m. on the fifth day before a general election to select parish board commissioners necessary to count absentee and early voting ballots.  Proposed law removes the requirement that the parish board meet at 10:00 a.m in either circumstance and allows the board to meet on or before the fifth day for each circumstance.

Present law (R.S. 18:564 and 1309.3) provides that a voter needing assistance on election day or early voting, along with the person assisting the voter, shall complete a voter assistance form and provide the name, address, and relationship to the voter of the person, including a commissioner, assisting the voter and attest whether the person, other than a commissioner, assisting the voter was paid to provide assistance.

Proposed law provides that only the person assisting the voter, and not the voter, shall complete the voter assistance form.

Present law (R.S. 18:574) requires the parish board of election supervisors, immediately after the completion of the verification by the clerk of court and the counting and tabulation of provisional ballots for federal office, to publicly prepare two compiled statements of the election returns as shown by the record of the votes made by the clerk of court.  Requires that the parish board mail one copy of the compiled statement to the secretary of state and that the clerk transmit the other copy to the secretary of state.

Proposed law instead requires the parish board to prepare one compiled statement and requires the clerk to transmit an electronic copy to the secretary of state.

Present law (R.S. 18:602, 604, 621) requires the secretary of state, within 24 hours of receiving a proclamation ordering a special election to fill a vacancy, to notify all election officials having any duty in connection with a special election to fill such vacancy, including the parish boards of election supervisors for the parish or parishes in which the vacancy occurred.

Proposed law instead requires the secretary of state to provide the notice immediately.

Present law (R.S. 18:532, 532.1, and 1922.2) provides for the establishment of precincts and changing of boundaries and other reapportionment plans.  Requires the parish governing authority or local governing body, prior to adoption, to submit proposed precincts or boundaries to the clerk and registrar to confirm the ability to conduct an election on the proposed plan.

Proposed law requires the clerk and registrar to submit their confirmation in writing and requires the parish governing authority or local governing body to submit the confirmation to the secretary.

Present law (R.S. 18:1259) prescribes the arrangement of the ballot.  Provides that certain information shall appear directly to the left of the names of the presidential and vice presidential candidates.  Proposed law requires that the information instead appear in addition to the names of the candidates.

Present law (R.S. 18:551) provides that party primary offices shall be listed first on a ballot in a *primary* election for a party primary office. Proposed law retains present law.

Present law further provides that on any ballot including a party primary office, including the *general* election for a party primary office, that all other offices be listed after the party primary offices. Proposed law removes the requirement that other offices be listed after the party primary offices in the general election for a party primary office, and that the party primary office will instead be placed in the regular ballot order.

Present law (R.S. 18:1309) provides for early voting commissioners.  Provides that a person may serve as an early voting commissioner only if he has received a certificate of instruction and attended a course of instruction for early voting commissioners.

CCRHB842 3645 5430

Proposed law also requires a person serving as an early voting commissioner to be a qualified voter who is able to perform the essential duties of a commissioner.

Present law further provides specific criteria for which a person is disqualified from serving as an early voting commissioner.

Proposed law instead provides that an early voting commissioner shall meet the same qualifications as an election day commissioner.

Present law provides that a list of early voting watchers shall be filed with the registrar of voters before 4:30 p.m. on the 14th business day before the first day of early voting. Proposed law instead requires the list to be filed before 4:30 p.m. on the 10th business day before the first day of early voting.

Present law (R.S. 18:1300.2) provides that the secretary of state shall, upon receipt of a recall petition, *endorse* thereon the fact and date of filing.

Proposed law instead provides that the secretary of state shall *certify* the fact and date of filing.

Present law (R.S. 18:1413) provides that if a time interval provided in present law (Election Code) ends on a Sunday or other legal holiday, then noon of the next legal day shall be deemed to be the end of the time interval.

Proposed law changes the end of the time interval to 4:30 p.m. on the next legal day.

### Procurement and Delivery of Voting Machines

Present law (R.S. 18:1367.2) provides that any person who is aggrieved in connection with the solicitation or award of a contract of a voting system or system components issued by the applicable chief procurement officer shall protest to the chief procurement officer.  Provides that protests with respect to a solicitation shall be submitted in writing at least 10 days prior to the opening of bids.

Proposed law retains present law.

Present law provides that in addition to any other relief, when the protest is administratively or judicially sustained and the protesting bidder or proposer should have been awarded the contract but is not, the protesting bidder or proposer shall be entitled to the reasonable costs incurred in connection with the solicitation, including bid or proposal preparation costs other than attorney fees, provided that any administrative determination of such costs shall be subject to the written concurrence of the attorney general.

Proposed law repeals present law and instead provides that a protestant who timely protests a solicitation or an award may apply for a stay at least 10 days prior to the opening of bids to protest a solicitation or an award.  Provides that the protest bond and stay application shall be conducted in the manner provided in present law (La. Procurement Code).

Present law (R.S. 18:1367.11) provides that actions objecting to the solicitation or award of a contract shall be tried summarily, without a jury, and in open court.  The trial shall begin no later than 14 days after suit is filed.

Proposed law provides that the action shall be heard summarily on the administrative record.

Present law (R.S. 18:1371) provides for the secretary of state to contract for the delivery of voting machines and equipment through the method of advertising and letting according to present law (La. Procurement Code).

Proposed law instead authorizes the secretary of state to contract for such services in accordance with present law (La. Procurement Code), without regard to a specific method of procurement.

CCRHB842 3645 5430

Present law requires the secretary of state to provide notice of invitations to be in a specific manner not otherwise provided for in present law (La. Procurement Code) when seeking to award a contract by competitive sealed bid.  Proposed law retains present law.

### Candidate Qualifying and Withdrawal

Present law (R.S. 18:465) provides that each voter who signs a nominating petition shall date his signature and shall provide the ward and precinct in which he is registered to vote, his residence address, including the municipal number, the apartment number, if any, the rural route and box number, or any other physical description that will identify his actual place of residence.  Additionally requires that the name of each voter who signed the nominating petition to be typed or legibly written on the petition, and each signature on the nominating petition to be dated and witnessed by the candidate or the person who obtained the signature on his behalf.

Proposed law instead requires each voter who signs the petition to provide the information generally required for petitions submitted to the registrar, which includes the voter's signature or mark, the date that the voter signed the petition, his year of birth, the address at which he is registered to vote, his name either typed or legibly written, the printed name of the person who witnessed and who obtained the signature either typed or legibly written, and the month, day, and year on which the person witnessed and obtained the signature.

Proposed law authorizes the registrar for each parish that is required to certify a nominating petition to request and accept the assistance of employees of the Dept. of State and registrars and deputy registrars of voters from other parishes to complete the certification of the nominating petition.

Present law (R.S. 18:469) provides that when a candidate that has opposition in a primary election for a public office dies after the close of the qualifying period and before the time for closing the polls on the day of the primary election, the qualifying period for candidates in the primary election for that office shall reopen for candidates on the day after the death and shall close on the third day after notice of the death.

Proposed law provides that the qualifying period shall reopen on the day after the secretary of state receives actual notice of the death.

Present law (R.S. 18:1405 and 1413) provides that an action objecting to candidacy shall be instituted not later than 4:30 p.m. of the seventh day after the close of qualifications for candidates in the primary election.  After the expiration of the time period, no further action shall be commenced objecting to candidacy based on the grounds for objections to candidacy.  Provides that computation of time intervals shall include Sundays and other legal holidays.  However, if the time interval ends on a Sunday or other legal holiday, then noon of the next legal day shall be deemed to be the end of the time interval.  Present law (R.S. 18:493) reiterates the same provisions.

Proposed law retains present law as it appears in R.S. 18:1405 and 1413, and repeals the reiteration of present law contained in R.S. 18:493.

Present law (R.S. 18:501) provides that if the number of candidates remaining in a primary election, second party primary election, or general election for a public office is one more than the number of persons to be elected to the office, the secretary of state shall accept a notice of withdrawal that is filed prior to 4:30 p.m. on the second day prior to the first day of early voting.

Proposed law provides that the secretary of state shall accept a notice received on the second *business* day prior to the first day of early voting.

Present law (R.S. 18:1254) provides for nominating petitions for the office of presidential elector.  Requires that petitions shall be in the form prescribed for nominating petitions generally, which requires that each sheet of the petition include the candidate's name and domiciliary address.  Further requires that the petition for presidential elector include the

CCRHB842 3645 5430

names of the candidate for president and the candidate for vice president whom the candidates for elector support.

Proposed law removes the requirement that each sheet include the candidate's name and domiciliary address and instead provides that each sheet of the petition include the names of the candidate for president and the candidate for vice president whom the candidates for elector support.

**Absentee by Mail and Early Voting**

Present law (R.S. 18:1303) authorizes certain persons to vote absentee by mail. Provides that qualified voters who are employees of the secretary of state or a registrar of voters for a parish other than the parish where the person is registered to vote may vote absentee by mail if he submits to his parish registrar of voters a copy of a state employee identification card or identification card showing employment with the registrar of voters.

Proposed law additionally authorizes such qualified voters employed by the Dept. of State to submit a letter from his supervisor on secretary of state letterhead confirming his employment, or a paystub; and a qualified voter employed by a registrar of voters to submit a letter from the registrar of voters confirming his employment, or a paystub.

Present law (R.S. 18:1310) provides for the marking of an absentee by mail ballot. Proposed law provides that in order to cast a vote on an absentee by mail ballot, a voter must make a selection for a candidate or for or against a proposition by completely filling in the oval to the right of a selection and returning the ballot to the registrar of voters as provided in this Section within the applicable deadline set forth by law. If a voter makes selections for more than the number of candidates to be elected for an office or makes selections for and against the same proposition, the selections for that office or proposition will be void.

Present law (R.S. 18:1313 and 1313.1) provides that absentee by mail and early voting ballots shall be counted at a time fixed by the parish board of election supervisors which shall be on election day no later than 8:00 p.m.

Proposed law retains present law and further provides that if the time selected by the parish board of election supervisors to count absentee by mail and early voting ballots is after 4:00 p.m. on election day, the start time must be submitted to the commissioner of elections for approval no later than the fourth day prior to election day.

Present law (R.S. 18:1315(A)) provides for the challenge of an absentee by mail or early voting ballot may be filed with the registrar no later than the fourth day before the election. Proposed law limits present law to apply only to the challenge of absentee by mail ballots, and instead provides that early voting ballots may be challenged prior to the person casting an early voting ballot, in which case the voter shall cast his vote on a paper ballot instead of on an early voting machine.

Present law (R.S. 18:1315(B)) provides that failure to include a witness's mailing address on an absentee ballot certificate shall not be grounds to challenge an absentee by mail ballot.

Proposed law retains present law.

Present law (R.S. 18:1316) provides for the parish board to reject an absentee by mail or early voting ballot having distinguishing marks; provides for circumstances that shall lead to the rejection of a ballot and for certain ballots that shall not be considered as having distinguishing marks.

Proposed law retains present law and authorizes the secretary of state to adopt rules necessary to effectuate present law.

Present law (R.S. 18:1317) provides for the curing of absentee mail ballot deficiencies. Proposed law retains present law and provides that the failure of a witness to provide his

CCRHB842 3645 5430

printed name or address on the absentee by mail certificate shall not be deemed a deficiency requiring cure.

Present law (R.S. 18:1333) provides for the nursing home early voting program authorizing qualified voters who reside in a nursing home to vote early during the period extending two weeks prior to the beginning day for early voting through the last day for early voting, which is seven days prior to the scheduled election.

Proposed law extends the nursing home early voting period to end on the fourth day before election day.

**Election Contests**

Present law (R.S. 18:1401) provides for election contests and challenges, including actions objecting to candidacy, actions brought by a candidate or person in interest contesting an election, actions objecting to the calling of a special election to fill a vacancy, actions contesting the certification of a recall petition, and actions contesting a recall election.

Proposed law retains present law and authorizes a qualified elector to bring an action objecting to the placement of a constitutional amendment on a ballot.

Present law (R.S. 18:1402) provides for the proper parties to the various actions contesting an election.

Proposed law retains present law and provides that the secretary of state is a proper party, in his official capacity, in an action objecting to the placement of a constitutional amendment on the ballot.

Present law (R.S. 18:1405) provides for the timing for the commencement of election contests.

Present law provides for the deadlines to file an action objecting to candidacy, an action contesting any election involving election to office, an action contesting an election submitting certain propositions to the voters, an action objecting to the calling of a special election, and an action contesting any election involving the recall of a public officer, but does not provide for the first day such actions can be filed.

Proposed law provides that an action objecting to candidacy shall be instituted no earlier than the day the candidate submits his notice of candidacy to the qualifying official.

Proposed law provides that an action contesting any election involving election to office, an action contesting an election submitting certain propositions to the voters, or an action contesting any election involving the recall of a public officer shall be instituted no earlier than the day after the date of the election.

Proposed law provides that an action objecting to the calling of a special election shall be instituted no earlier than the date the election is called.

Proposed law provides that an action objecting to the placement of a constitutional amendment on the ballot shall be instituted no earlier than the date of the final passage of the joint resolution calling the election and no later than 4:30 p.m. of the 30th day after final passage of the legislative instrument calling the election.

**Election for Representative in U.S. Congress in 2026**

Present law provides that representative in Congress is a party primary office. Proposed law, for 2026 only, provides that representative in Congress is not a party primary office.

Proposed law provides that the May 16, 2026, and June 27, 2026, party primary elections for representative in Congress are cancelled. Votes cast in the May 16, 2026, or June 27, 2026, party primary election for representative in Congress shall be void and not counted. No

election official shall disclose votes cast in the May 16, 2026, or June 27, 2026, party primary election for representative in Congress.

Proposed law provides that the secretary of state shall remit to each candidate the state portion of the qualifying fee and the additional $25 qualifying fee that the candidate paid to qualify for the May 16, 2026, and June 27, 2026, party primary elections for representative in Congress. The secretary of state shall cancel any  nominating petition received  for the May 16, 2026, and June 27, 2026, party primary elections for representative in Congress.

Proposed law provides that candidates for representative in Congress shall be elected at the open primary election to be held on Nov. 3, 2026, and the open general election to be held on Dec. 12, 2026.

Present law provides that the qualifying period for all candidates for the Nov. 3, 2026, fall primary election is July 29, 2026, through 4:30 p.m. on July 31, 2026. Proposed law instead provides that the qualifying period for *all* candidates in the 2026 fall primary election, including candidates for representative in the United States Congress, shall begin on Aug. 5, 2026. The qualifying period for such candidates shall close at 4:30 p.m. on Aug. 7, 2026.

Present law provides that the number of qualified voters who much timely sign a nominating petition for representative in Congress shall be 750 from within the district. Proposed law instead provides that, the number of qualified voters who must timely sign a nominating petition for a candidate for representative in the United States Congress for the 2026 congressional election shall be 250.

Present law provides that each page of the nominating petition shall set forth the office for which the signers nominate him. Proposed law provides that the nominating petition shall not be required to set forth the congressional district for which a candidate for representative in Congress seeks to qualify until the petition is submitted to the registrar of voters.

Proposed law provides that a qualified voter may sign the nominating petition upon the effective date of proposed law (governor's signature). Provides that the nominating petition shall be submitted to the registrar of voters no later than July 9, 2026.

**Effectiveness**

Provisions of proposed law changing unaffiliated registration to "no party" are effective Sept. 1, 2026.  Provisions of proposed law relative to registration information of seventeen-year-olds are effective Feb. 1, 2027.  Provisions of proposed law relative to Act No. 640 of the 2024 Regular Session of the Legislature and the elections for representative in Congress in 2026 are effective on signature of governor or lapse of time for gubernatorial action. Remaining provisions of proposed law are effective Aug. 1, 2026.

(Amends R.S. 18:2(9), 53(B)(2)(b), 55(D), 59(F), 62, 108(A), 110(B)(3), 154(C)(1)(h) and (D)(1) and (3) and (F)(8), 192(B)(1)(a), 193(A), 196(B) and (C)(2)(a), 197, 401.1(H), 402(A)(1), 433(B)(1), 465(B) and (D), 469(A), 491(B), 493, 495(B), 501(C), 532(F), 532.1(C)(1) and (4), 551(B)(2)(intro. para.), 562(B)(2), 564(B)(5)(b), 565(B) and (C), 571(A)(8), 573(E), 574(A)(2) and (3), 602(E)(2)(d), 604(B)(2)(c), 621(B), 1254(C), 1259(B)(2)(intro. para.), 1300.2(C)(1), 1300.3(A)(1)(b), 1303(K) and (L), 1309(D)(2), (K), and (N)(5),1309.3(B)(4)(b), 1313(C)(1) and (H)(3) and (5), 1313.1(C)(2) and (I)(2), 1314(B)(2) and (C)(2)(a) and (3), 1315(A)(1) and (2)(intro. para.), (B), and (D)(2), 1317, 1333(B) and (G)(1) and (7), 1367.2(F), 1367.11(A), 1371(A)(1) and (2)(intro. para.), 1401(G), 1402(B)(1)(a), 1405, 1413, and 1922.2(B)(2); Adds  R.S. 18:106.2, 107(H), 110(B)(1)(c), 192(C), 465(E)(3), 1310(A)(3), 1316(D), 1401(H), and 1922.2(B)(3))