# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA

Phillip Callais, Lloyd Price, Bruce Odell,
Elizabeth Ersoff, Albert Caissie, Daniel
Weir, Joyce LaCour, Candy Carroll
Peavy, Tanya Whitney, Mike Johnson,
Grover Joseph Rees, Rolfe McCollister,

     Plaintiffs,

v.

NANCY LANDRY, in her official
capacity as Secretary of State of the
State of Louisiana.

     Defendant.

Civil Action: 3:24-cv-00122

Hon. Carl E. Stewart
Hon. Robert R. Summerhays
Hon. David C. Joseph

# THE STATE'S OPPOSITION TO
# LAUREN JEWETT'S MOTION TO INTERVENE

# TABLE OF CONTENTS

TABLE OF CONTENTS...............................................................................................ii

TABLE OF AUTHORITIES ......................................................................................iii

INTRODUCTION ....................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND........................................................ 1

ARGUMENT .............................................................................................................. 3

    I.    THE COURT SHOULD DENY THE MOTION AS UNNECESSARY AND DUPLICATIVE. ... 3

    II.   THE COURT SHOULD DENY THE MOTION AS PREMATURE. ................................... 4

        A.    Jewett's Claims Are Not Ripe.................................................................. 4

        B.    Jewett Lacks Standing to Intervene........................................................ 6

        C.    Jewett Has Ample Opportunity to Raise Her Concerns with the Legislature Now and this Court at a Later Time...................................... 8

    III.  THE COURT SHOULD DENY THE MOTION FOR FAILURE TO SATISFY RULE 24. ...... 8

        A.    The Motion Is Untimely.......................................................................... 9

        B.    Jewett Lacks a Direct, Substantial, Legally Protectable Interest............ 9

        C.    Disposition of This Proceeding Will Not Impair Jewett's Ability to Protect Any Cognizable Interest. ........................................................... 10

        D.    The Secretary Adequately Represents the Relevant Interests, and Permissive Intervention Would Only Delay the Remedial Process......... 11

CONCLUSION........................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Abbott Lab'ys v. Gardner*,
  387 U.S. 136 (1967) ............................................................................................... 6

*Bernard v. Landry*,
  No. 3:26-cv-487 (M.D. La) ..................................................................................... 2

*Christoff v. Inglese*,
  No. 2:20-cv-546, 2022 WL 1131605 (M.D. Fla. Mar. 10, 2022) ................................. 4

*Collins v. Landry*,
  No. 3:26-cv-00471 (M.D. La. May 8, 2026) ........................................................ 2, 11

*Edwards v. City of Houston*,
  78 F.3d 983 (5th Cir. 1996) ................................................................................. 10

*Illinois v. City of Chicago*,
  137 F.3d 474 (7th Cir. 1998) .............................................................................. 7, 8

*Jordan v. Landry*,
  No. C-777837 (La. 19th Jud. Dist. Ct.) .................................................................. 2

*League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*,
  659 F.3d 421 (5th Cir. 2011) ................................................................................. 6

*Los Lunas Pub. Sch. Bd. of Educ. v. Aragon*,
  No. 03-cv-299, 2003 WL 27384758 (D.N.M. Dec. 23, 2003) ..................................... 4

*Louisiana v. Callais*,
  No. 24–109, 2026 WL 1153054 (U.S. Apr. 29, 2026), *judgment entered*, 2026 WL
  1209010 (U.S. May 4, 2026) .................................................................................. 1

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) .............................................................................................. 7

*Mayfield v. Texas*,
  206 F. Supp. 2d 820 (E.D. Tex. 2001) ................................................................. 5, 7

*Nat'l Council of Jewish Women v. Landry*,
  No. C-777814 (La. 19th Jud. Dist. Ct.) .................................................................. 2

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*,
    732 F.2d 452 (5th Cir. 1984) ............................................................... 10

*Prestage Farms, Inc. v. Bd. of Sup'rs of Noxubee Cty.*,
    205 F.3d 265 (5th Cir. 2000) ................................................................. 7

*Reule v. Jackson*,
    114 F.4th 360 (5th Cir. 2024) ................................................................ 7

*Roark & Hardee LP v. City of Austin*,
    522 F.3d 533 (5th Cir. 2008) ................................................................. 5

*Ruiz v. Estelle,*
    161 F.3d 814 (5th Cir. 1998) ................................................................. 6

*Sims v. Landry*,
    No. C-777816 (La. 19th Jud. Dist. Ct.) .................................................. 2

*Stallworth v. Monsanto Co.*,
    558 F.2d 257 (5th Cir. 1977) ................................................................. 9

*Susan B. Anthony List v. Driehaus*,
    573 U.S. 149 (2014) ............................................................................... 7

*Texas v. United States*,
    523 U.S. 296 (1998) ........................................................................... 5, 6

*Texas v. United States*,
    805 F.3d 653 (5th Cir. 2015) ................................................................. 9

*United States v. Bd. of Cnty. Comm'rs of Hamilton Cnty.*,
    No. 1:02-CV-00107 (S.D. Ohio June 3, 2009) ........................................ 4

*United States v. Texas*,
    No. 24-50149, 2026 WL 1122127 (5th Cir. Apr. 24, 2026) ..................... 7

*Whitmore v. Arkansas*,
    495 U.S. 149 (1990) ............................................................................... 7

*Yungk v. Campbell Hausfeld/Scott Fetzer Co.*,
    No. 3:06-CV-00120, 2007 WL 2100114 (D. Conn. July 17, 2007) ........... 4

**Rules**

Fed. R. Civ. P. 24 ...................................................................................... 8, 9, 10

## INTRODUCTION

The State opposes Lauren Jewett's intervention for three independent reasons. (I) Intervention is unnecessary and duplicative because she is a plaintiff in a parallel proceeding that has been transferred to this Court. (II) Her claims are moot, and she lacks standing. (III) She does not satisfy the requirements of Rule 24. The Court should deny the motion for any or all of these reasons.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Two years ago, this Court enjoined Louisiana's congressional redistricting map, SB8, as an unconstitutional racial gerrymander. ECF 198. A little over two weeks ago, the Supreme Court affirmed that ruling. *Louisiana v. Callais*, No. 24–109, 2026 WL 1153054 (U.S. Apr. 29, 2026), *judgment entered*, 2026 WL 1209010 (U.S. May 4, 2026). The next day, this Court renewed its prior injunction. ECF 261. Within hours, the Secretary of State declared an election emergency and the Governor signed Executive Order JML 26-038, suspending the closed-party primary elections for the May 16 and June 27, 2026 congressional election cycles and "encourag[ing]" the Legislature "to enact new Congressional maps and schedule those elections as soon as practical." *See* ECF 271-1, 271-2. The Legislature is currently in session until June 1, 2026, and yesterday, the Governor signed into law Act 7, which reverts to the prior "jungle primary" system for the 2026 congressional election. ECF 283-1 (Act 7).

Rather than allowing the State's elected representatives to craft and implement a lawful congressional map in time for the 2026 election, various

---

[1] Given the Court's familiarity with the procedural history and for the Court's convenience, the State provides only a brief overview to situate this motion.

1

individuals and entities have filed a rash of lawsuits seeking to invalidate the Executive Order and force the use of the unconstitutional SB8 map for this election cycle.[2] Jewett (and others) filed one such lawsuit in the Middle District of Louisiana in which she raises "a § 1983 challenge" to invalidate the Executive Order. *See* Ruling & Order 5, *Collins v. Landry*, No. 3:26-cv-00471 (M.D. La. May 8, 2026), ECF 26.

At the same time, Jewett moved to intervene as a defendant in this action. She seeks to participate in briefing on (1) "remedial-process timing and prospective-versus-retrospective scope" and (2) "the constitutional and statutory implications of any remedial-map decision for duly nominated candidates whose names are presently on or operatively removed from the November 3, 2026 general election ballot by Executive Order JML 26-038." ECF 267 at 9−10. She acknowledges her "parallel litigation" in *Collins* and promises to coordinate her positions for "consistency … across both proceedings." *Id.* at 10.

The Middle District has now transferred *Collins* to this Court because the "core issue" in both cases is "whether the existing SB8 congressional map can be lawfully used" and maintaining parallel proceedings would risk "conflicting judgments between two coequal district courts." *See* Ruling & Order 5, 6, *Collins*, No. 3:26-cv-00471 (M.D. La. May 8, 2026), ECF 26. The Middle District observed that the relief Jewett seeks in *Collins*—enjoining the Executive Order and requiring the elections to proceed before the Legislature can enact a new map—"in effect asks [the Middle

---

[2] *See Bernard v. Landry*, No. 3:26-cv-487 (M.D. La) (motion to transfer to this Court pending); *Nat'l Council of Jewish Women v. Landry*, No. C-777814 (La. 19th Jud. Dist. Ct.) (denying TRO) *Sims v. Landry*, No. C-777816 (La. 19th Jud. Dist. Ct.) (denying TRO); *Jordan v. Landry*, No. C-777837 (La. 19th Jud. Dist. Ct.) (denying preliminary injunction as moot in light of Act 7).

District] to mandate use of the SB8 map." *Id.* at 8. The Middle District declined to do so because it would "constitute a duplicative application of judicial resources, trench upon [this Court's] exclusive authority over the remedial scheme prompted by *Callais*, and provide a piecemeal approach to an issue that calls for a uniform result, one which [this Court] has dedicated significant judicial resources to craft." *Id.* The Middle District thus concluded that this Court is the proper forum to "adjudicate[e] challenges to the State's chosen mechanism for adhering to the Supreme Court's *Callais* decision," transferred *Collins* "in its entirety" to this Court, and directed the Middle District Clerk of Court to "take such steps as are needed to effectuate th[e] transfer." *Id.* at 8–9. Accordingly, Jewett is now or soon will be a plaintiff in a parallel proceeding in this Court.

**ARGUMENT**

### I.   THE COURT SHOULD DENY THE MOTION AS UNNECESSARY AND DUPLICATIVE.

Federal Rule of Civil Procedure 24 provides a mechanism for nonparties to join existing litigation. By its terms, it presupposes that the movant is not already a party to the action. Accordingly, courts have consistently denied motions to intervene where consolidation or transfer has made the movant a party. For instance, in *Christoff v. Inglese*, the court denied a motion to intervene after consolidation rendered the proposed intervenor a party, reasoning that intervention was unnecessary because the movant already had the ability to participate in the proceedings. No. 2:20-cv-546, 2022 WL 1131605, at *1 (M.D. Fla. Mar. 10, 2022).

Numerous other courts have reached the same conclusion. Here are a few: Opinion & Order, *United States v. Bd. of Cnty. Comm'rs of Hamilton Cnty.*, No. 1:02-

3

CV-00107 (S.D. Ohio June 3, 2009), ECF 357; *Yungk v. Campbell Hausfeld/Scott Fetzer Co.*, No. 3:06-CV-00120, 2007 WL 2100114, at *2 (D. Conn. July 17, 2007); *Los Lunas Pub. Sch. Bd. of Educ. v. Aragon*, No. 03-cv-299, 2003 WL 27384758, at *1 (D.N.M. Dec. 23, 2003).

This Court should do the same here. The Middle District's transfer has made Jewett a plaintiff in a parallel proceeding before this Court. Including Jewett as a defendant here is thus unnecessary and duplicative. The Court should deny the motion.

## II.   THE COURT SHOULD DENY THE MOTION AS PREMATURE.

### A.  Jewett's Claims Are Not Ripe.

Even if the Motion were not mooted by the transfer of *Collins* to this Court, Jewett's claims are not ripe for adjudication, and she lacks Article III standing to intervene. Jewett's concerns center on the outcome of the legislative process. She asserts that she has invested considerable time and resources into running for and qualifying as the Democratic candidate for the First Congressional District race, including obtaining a constituent-supported nominating petition. ECF 267 at 4−7. She fears the legislative process will frustrate her efforts by changing the boundaries of that district. But her claims are not ripe because it remains entirely uncertain if or how the Legislative process may affect her interests.

Ripeness is a justiciability doctrine that "separates matters that are premature for review because the injury is speculative and may never occur, from those cases that are appropriate for federal court action." *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544 n.12 (5th Cir. 2008) (citation omitted). "A claim is not ripe for

adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (cleaned up).

Courts have invoked ripeness in the redistricting context when plaintiffs seek to have the federal courts preemptively intervene in state redistricting efforts. In *Mayfield v. Texas*, for example, the court dismissed a redistricting challenge as unripe where the state legislature had not yet had the opportunity to craft legislative maps. 206 F. Supp. 2d 820, 823–24 (E.D. Tex. 2001). Plaintiffs there sued while the Texas legislature was "engaged in formulating a redistricting plan based on [] new figures." *Id.* at 824. Because "the State of Texas has not been allowed to respond to the new census figures and because there is no reason to believe that the Texas Legislature [would] fail to do so," the court "conclude[d] that resolution of th[e] case 'rest[ed] upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* (quoting *Texas*, 523 U.S. at 300).

So too here. This Court has "afforded [the State] the opportunity to enact a Constitutionally compliant map consistent with the Supreme Court's opinion … and this Court's Injunction." ECF 261. In response, the Secretary of State declared an election emergency (ECF 271-1), and the Governor suspended use of the enjoined congressional map. ECF 271-2. The Legislature is actively preparing a new, constitutionally compliant map. It is yet to be seen whether any future map will alter the First Congressional District, in which Jewett has qualified, and, if so, how it might affect her candidacy. Her claimed injuries thus depend on "contingent future

5

events that may not occur as anticipated." *Texas*, 523 U.S. at 300. Resolving her motion at this stage would involve the Court in precisely the kind of "premature adjudication" and "abstract disagreements" that the ripeness doctrine is designed to prevent. *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148–49 (1967). The Court should deny her motion on ripeness grounds.

### B. Jewett Lacks Standing to Intervene.

For much the same reason, Jewett lacks Article III standing to bring her "unique" claims. ECF 267 at 2, 4 & 6. She requests, among other things,[3] the "preservation of her vested ballot status," and special consideration for the First Congressional District in approving a remedial map, both forms of relief not sought by another party. *Id.* at 2, 9. Because she is "not seeking any relief that is 'also being sought by at least one subsisting party with standing to do so," Jewett must establish her standing to seek that relief. *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 428 (5th Cir. 2011) (quoting *Ruiz v. Estelle,* 161 F.3d 814, 830 (5th Cir. 1998)). She cannot do so.

To establish standing, Jewett must show (among other elements) an "injury in fact." *Reule v. Jackson*, 114 F.4th 360, 366 (5th Cir. 2024). If the claimed injury is merely a threat of future harm, it must be "real and immediate; not conjectural or hypothetical"—*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 583 (1992)—meaning "certainly impending," *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990). "Federal

---

[3] Including what amounts to a brazen request for the Court to leave the current, unconstitutional congressional map in place. *See* Mot. Intervene 2 (seeking "a remedial-map process that operates prospectively" and "does not extinguish, in mid-cycle and without process, the vested expectations of the qualified Louisiana voters who supported Movant's qualification by signature").

courts consistently deny standing when claimed anticipated injury has not been shown to be more than uncertain potentiality." *Prestage Farms, Inc. v. Bd. of Sup'rs of Noxubee Cty.*, 205 F.3d 265, 268 (5th Cir. 2000). Under this rule, the mere enactment of a statute plaintiffs perceive to unlawfully restrict their activities is not enough to confer standing—they must show "circumstances that render the threatened enforcement sufficiently imminent." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014); *see, e.g.*, *United States v. Texas*, No. 24-50149, 2026 WL 1122127, at *5 (5th Cir. Apr. 24, 2026) (county lacked standing to challenge state immigration law that had been enjoined from its enactment because "any assumption about how the law will be enforced is highly speculative").

Here, any injury to Jewett is entirely speculative. Since no new map has even been enacted, *a fortiori,* she lacks standing. Article III does not "permit federal courts to referee hypothetical disputes"—"[o]therwise people could litigate about laws not yet enacted." *Illinois v. City of Chicago*, 137 F.3d 474, 477 (7th Cir. 1998); *see also Mayfield*, 206 F. Supp. 2d at 823 (holding that deleterious scenarios plaintiffs envisioned if the Texas legislature failed to act did not satisfy the injury-in-fact requirement because they were "nothing more than an 'uncertain potentiality'") (citation omitted)). Jewett's claimed injury is just the same because it depends on the content of a map that does not yet exist. Whether the eventual map will alter the First Congressional District, how it might affect Jewett's candidacy, and how the resulting electoral process will affect her nominee status under state law all depend on future, as yet unknown, actions of the Legislature. Article III does not permit such

7

challenges to "laws not yet enacted." *Chicago*, 137 F.3d at 477. The Court should deny

the motion for lack of standing.

### C. Jewett Has Ample Opportunity to Raise Her Concerns with the Legislature Now and this Court at a Later Time

The redistricting process is currently taking place in the Legislature where it

belongs. *See* ECF 261; *Growe v. Emison*, 507 U.S. 25, 34 (1993) *(*"Absent evidence that

the[] state branches will fail timely to [redistrict], a federal court must neither

affirmatively obstruct state reapportionment nor permit federal litigation to be used

to impede it."). Jewett is free to raise her concerns and advocate for favorable election

procedures before that body, which is the appropriate forum at this stage. The Court

should deny the motion. The Court may issue that denial without prejudice or,

alternatively, hold Jewett's motion in abeyance pending final action by the

Legislature, after which Jewett's claims and their justiciability can be re-evaluated.

### III.    THE COURT SHOULD DENY THE MOTION FOR FAILURE TO SATISFY RULE 24.

On the merits, Jewett's motion fails to satisfy Rule 24 several times over.

Intervention as of right requires a timely motion, a direct and legally protectable

interest, impairment of that interest, and inadequate representation by existing

parties. Fed. R. Civ. P. 24(a)(2); *Texas v. United States*, 805 F.3d 653, 657 (5th Cir.

2015). Permissive intervention likewise requires a timely motion and a common

question of law or fact, and courts must deny intervention when it would delay or

prejudice adjudication of the existing parties' rights. Fed. R. Civ. P. 24(b)(1)(B), (b)(3).

Jewett cannot satisfy either path.

8

## A.  The Motion Is Untimely.

For the same reasons as above (*see* Section II(A)–(B) *supra*), Jewett's motion is untimely. Rule 24 timeliness is a practical inquiry that considers the posture of the case, prejudice to existing parties, prejudice to the movant, and unusual circumstances. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263–66 (5th Cir. 1977). Here, the posture of the case cuts decisively against intervention. This Court has just afforded the Legislature the opportunity to enact a lawful map, the Legislature is still in session, and no remedial map has yet been enacted. Allowing Jewett to intervene now would require the Court and parties to litigate candidate-specific objections to hypothetical maps before those issues exist.

That timing would prejudice the State and the remedial process. The State is working within a compressed election calendar to replace an unconstitutional congressional map. Intervention now would inject collateral disputes about a single candidate's preferred election posture before the Legislature has completed its work and before the Court has any final remedial mechanism to review. By contrast, denial will not prejudice Jewett because she can present any concrete, non-speculative objection in her transferred *Collins* case after the Legislature acts. The untimeliness of her motion warrants denial.

## B.  Jewett Lacks a Direct, Substantial, Legally Protectable Interest.

Intervention as of right requires an interest that is direct, substantial, and legally protectable; a generalized interest in the outcome of litigation is not enough. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463–66 (5th Cir. 1984) (en banc); *Edwards v. City of Houston,* 78 F.3d 983, 1004 (5th Cir. 1996)

9

(en banc). Jewett's asserted interest does not meet that standard. She identifies a candidate-specific desire to preserve her claimed ballot status and to avoid changes to the First Congressional District, but no candidate has a legally protectable entitlement to run in districts drawn under a congressional map that this Court enjoined and the Supreme Court affirmed as unconstitutional.

Nor does Rule 24 permit intervention based on a contingent interest in the Legislature's future choices. Such crucial questions as whether a new map will alter the First Congressional District, or any election procedure implementing it will affect Jewett's candidacy remain unknown at this point. A contingent interest in avoiding or constraining the scope of a possible future law is not the kind of present, legally protectable interest Rule 24(a)(2) requires.

### C. Disposition of This Proceeding Will Not Impair Jewett's Ability to Protect Any Cognizable Interest.

Jewett also cannot show that disposing of the remedial process without her participation as a party would, as a practical matter, impair her ability to protect any cognizable interest. Fed. R. Civ. P. 24(a)(2). The Middle District transferred *Collins* to this Court in its entirety precisely because Jewett's challenge and this remedial proceeding turn on the same core issue: whether SB8 may lawfully be used and how the State will comply with *Callais*. *See* Ruling & Order 5, 6, *Collins*, No. 3:26-cv-00471 (M.D. La. May 8, 2026), ECF 26. Jewett therefore has, or imminently will have, a vehicle in this Court to present any concrete challenge to the State's final remedial mechanism.

10

That is enough to defeat impairment. Rule 24 protects against practical impairment. It does not guarantee duplicative presentation. Because Jewett can raise any concrete objections in her own transferred case, and because the Court may evaluate any issues after the Legislature acts, denial of intervention here will not foreclose her from protecting whatever legally cognizable interests she may later be able to assert.

### D. The Secretary Adequately Represents the Relevant Interests, and Permissive Intervention Would Only Delay the Remedial Process.

Finally, Jewett cannot overcome Rule 24(a)(2)'s adequate representation requirement. The current Defendants represent the governmental interest in a lawful remedial map and orderly congressional election process. Jewett's distinct candidate-specific interest in preserving her claimed ballot status or preferred district configuration is not a basis for intervention for the reasons above. Intervention of right is unwarranted.

Permissive intervention fares no better. Even if Jewett could identify a common question, Rule 24(b)(3) requires the Court to consider whether intervention would unduly delay or prejudice adjudication of the original parties' rights. This Court is managing a time-sensitive remedial process following the Supreme Court's affirmance of this Court's injunction on the use of SB8. Adding Jewett as a defendant to press premature, candidate-specific objections would complicate and delay that process without aiding resolution of the existing parties' dispute. Permissive intervention is unwarranted.

11

## CONCLUSION

For all these reasons, the Court should deny the motion.


Dated: May 15, 2026                    Respectfully Submitted,

                                       ELIZABETH B. MURRILL
                                       Attorney General of Louisiana

                                       */s/ Morgan Brungard*
                                       MORGAN BRUNGARD (LA 40298)
                                       Deputy Solicitor General

                                       OFFICE OF THE ATTORNEY GENERAL
                                       Louisiana Department of Justice
                                       1885 N. Third St.
                                       Baton Rouge, LA 70802
                                       (225) 326-6705
                                       BrungardM@ag.louisiana.gov

                                       *Counsel for the State of Louisiana*

12