UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

PHILLIP CALLAIS, ET AL

CIVIL DOCKET NO. 3:24-CV-00122
DCJ-CES-RRS

VERSUS

THREE-JUDGE COURT

NANCY LANDRY, in her official
capacity as Louisiana Secretary of
State

## ORDER

Before the Court is a JOINT MOTION FOR STAY (the "Motion") [Doc. 278] filed by the *Robinson* and *Galmon* Intervenors (collectively, "Intervenors"). The Motion requests that this Court stay its April 30, 2024, injunction (the "Injunction") that enjoined the State of Louisiana from using its 2024 congressional districting plan (the "SB8 map"). [Doc. 198]. Intervenors' Motion is opposed by both the Plaintiffs [Doc. 285] and the State of Louisiana [Doc. 284].

Two years ago, on April 30, 2024, this Court ruled that the SB8 map "violates the Equal Protection Clause as an impermissible racial gerrymander" and permanently enjoined the State of Louisiana from using it "for any election." [Doc. 198]. The Supreme Court stayed that Injunction pending appeal. *Robinson v. Callais*, 144 S. Ct. 1171 (2024).

On April 29, 2026, the Supreme Court issued its decision in *Louisiana v. Callais*, affirming that SB8 constituted an unconstitutional racial gerrymander and remanding the case to this three-judge court for further proceedings. 2026 WL 1153054, at *18, 608 U.S. ___. After the Supreme Court's decision, its stay dissolved

and the Injunction barring use of the SB8 map again took effect upon the Supreme Court's issuance of judgment.  [Docs. 261, 265].  This Court thereafter promptly issued an order affording Louisiana "the opportunity to enact a constitutionally compliant map consistent with the Supreme Court's opinion in *Louisiana v. Callais*, 608 U.S. _____ (2026) and this Court's Injunction."  [Doc. 261].

At the time the Supreme Court issued the *Callais* decision, Louisiana had scheduled a closed-party primary for the 2026 election cycle to be held on May 16, 2026.  Following the Supreme Court's ruling, Louisiana Governor Jeff Landry issued an Executive Order that suspended the closed-party primary elections for the House of Representatives.  On May 14, 2026, Louisiana enacted Act 7, which cancelled the closed-party primary election for the House of Representatives and converted the November 3, 2026, election to an open primary with a run-off between the top two candidates in each district scheduled for December 12, 2026.  [Doc. 283].  The State has also represented to this Court that "the [Louisiana] Legislature … is currently in regular session until June 1, 2026, and is already in the process of enacting a constitutionally compliant congressional map."  [Doc. 271].

Given this factual predicate and after due consideration of the current status of Louisiana's congressional elections, the procedural posture of this case, the briefing of the parties, and the Judgment issued by the United States Supreme Court [Doc. 265], the Intervenor's Motion is DENIED.

THUS, DONE AND SIGNED on this 19th day of May 2026.


CARL E. STEWART
UNITED STATES CIRCUIT JUDGE


ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE


DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE