IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

PHILLIP CALLAIS, et al.,                          )
                                                  )        Case No. 3:24-cv-00122-DCJ-CES-RRS
                    Plaintiffs,                   )
                                                  )
v.                                                )        District Judge David C. Joseph
                                                  )        Circuit Judge Carl E. Stewart
NANCY LANDRY, IN HER OFFICIAL                     )        District Judge Robert R. Summerhays
CAPACITY AS LOUISIANA                            )
SECRETARY OF STATE, et al.,                       )        Magistrate Judge Kayla D. McClusky
                                                  )
                    Defendants.                   )

**PLAINTIFFS' MOTION FOR SCHEDULING ORDER
REGARDING REPORTING OF SECRETARY OF STATE'S POSITION**

COME NOW Plaintiffs who respectfully move the Court to order Defendant Secretary of

State Nancy Landry to formally report the operational deadline—and the legal and factual basis

for choosing that deadline—to implement a new congressional districting map for the November

3, 2026, congressional election. The Secretary should make a filing on the docket forthwith and

appear for examination before this Court on or before June 1, 2026. Good cause exists for this

scheduling order.

**I.        The Secretary and Other Officials Have Refused to Disclose the Deadline.**

The Plaintiffs have secured a sweeping win at the U.S. Supreme Court affirming this

Court's decision, but now it is essential to ensure that the State actually provides a constitutionally

compliant remedy. Hard experience teaches that the Secretary's operational deadline is now of

paramount importance. It was the Secretary's and State's insistence on a surprisingly early

operational deadline in May 2024 that made it possible for the State to procure a stay of this Court's

order, forcing Plaintiffs and millions of other voters to vote in unconstitutionally racial

1

gerrymandered districts in November 2024. Here, that deadline will determine whether the Plaintiffs and others are forced to vote in what may be only a partial or imperfect legislative remedy, or whether instead there is time for the Court to review the State Legislature's work. If the State Legislature's efforts by June 1 do not produce "a constitutionally compliant map consistent with the Supreme Court's opinion" (Doc. 261), this Court can institute its own interim remedial plan until the Legislature can convene again.

That is why the Court has monitored legislative progress and noted the State's interim reports. *See* Doc. 290 at 2 (relying on State's representations in its reports). But the Legislature's work is only one half of the story: the other half is the Secretary's operational deadline. The Secretary and other state officials, having begun filing remedial plans in March 2026 even before *Callais* was handed down, are certainly well aware of the Secretary's deadline. But in marked contrast to the State's legislative progress updates, no report has ever been filed disclosing the deadline.

Further, in the month since Plaintiffs prevailed at the Supreme Court, state officials across the board—from the Secretary to those in the Governor's office to state legislators—have kept mum about the actual operational deadline. For example, the Secretary has refused to testify as to such a date before the Legislature. And in the State's filings, it has refused to commit to a date. Instead, it has ambiguously said in a May 15, 2026, status report: "Given that the Legislature is currently in session, the Secretary of State has confirmed her ability to enter a new map in the coming weeks and adhere to Act 7's election administration requirements as well as other deadlines currently in law." Doc. 283 at 2. It is unclear whether "the coming weeks" means as few as two weeks or as many as ten weeks. Given that nearly two weeks have passed since this status report, all parties need a clear answer.

2

Plaintiffs have repeatedly sought an answer from the Secretary through her counsel, including as recently as Friday, May 22, 2026. Plaintiffs finally urged the Secretary to simply file her own report on the docket, as the State has done. But they have yet to receive a response, and it is clear now that no report will be filed without a Court order.

## II.    The State Legislature Has Intentionally Proceeded Slowly.

The desultory pace of state legislative progress provides more reason to believe that official silence on the deadline is deliberate and no mere oversight. State officials have purposefully adopted an extremely slow legislative pace to avoid this Court's remedial authority. As the State touted in a recent filing, in the past, "the Legislature has deliberated and produced congressional maps in as little as seven days." Doc. 271 at 3 (citation omitted). SB8 passed in both Houses in a matter of four days and was signed by the Governor within the week. Doc. 165-10. But the Legislature has now taken almost a month since the Supreme Court issued its April 29, 2026, order. The Legislature has failed to enact a new law notwithstanding the Governor's Executive Order on April 30, 2026, and the expedited mandate from the Supreme Court to this Court mere days later. The Legislature has failed to enact a new law even though it has had the opportunity to review the legislative redistricting bills under consideration since March 2026. SB121, 2026 Leg., Reg. Sess. (La. 2026), https://www.legis.la.gov/Legis/BillInfo.aspx?i=250004. And the Legislature has failed to enact a new law even though it has been in session since the Supreme Court's order came down. (There has been no need for a special session like with SB8.)

The Legislature's delay has not been to accommodate intensive study or policy debate. It has batted around SB121—originally filed back in March 2026—without any other serious contenders. *Id*. It only passed through the Senate and Governmental Affairs Committee on May 13, 2026, and in the full Senate on May 14, 2026—almost two weeks ago and two weeks after the

3

Supreme Court order. *Id*. SB121 went to the House and Governmental Affairs Committee several days later on May 19, 2024, where it passed. *Id*. It was only referred to the Legislative Bureau yesterday, and it has yet to go to the House floor for a vote and back to the Senate for a vote with the latest amendments. *Id*. At each stage over the past several weeks, SB121 has undergone only incremental amendments. The same basic structure, particularly to District 2, where at least one Plaintiff lives and votes, has remained. It appears, in short, that an approach was decided at the outset, and the Legislature has moved slowly to avoid passing SB121 until it judges that the Secretary's operational deadline is imminent.

Such carefully orchestrated maneuvers would be no concern of Plaintiffs and would be no matter for a federal court were it not for the substance of SB121. As sponsor Senator Morris has testified, SB121 is meant to emulate the 2022 map and the 2011 map, which was pre-cleared by the DOJ and intentionally created a majority-Black district—District 2. La. House of Representatives, *House and Governmental Affairs Committee Hearing*, at 8:33–11:33 (May 21, 2026).[1] None of the minor modifications to SB121 have removed these racial markers from District 2. Although the record is not yet complete, there is reason to believe that SB121 does not fully comply with the Supreme Court's *Callais* decision.

Plaintiffs cannot help but recall that these very officials used an earlier deadline—May 15, 2024—to lock Plaintiffs into a racial gerrymander for over two years. Only then, the Secretary was far more forthcoming about her deadline. Plaintiffs have good reason to worry that the slow legislative pace coupled with a surprise deadline could create a *Purcell v. Gonzalez*, 549 U.S. 1

---

[1] https://house.louisiana.gov/H_Video/VideoArchivePlayer?v=house/2026/May/0521_26_hg.

4

(2006), problem this election cycle, too. The first step in smoking out and potentially avoiding this problem is to get the Secretary on record regarding the actual operational timeline.

### III.    Plaintiffs Will Seek Further Relief if the Legislature Fails to Enact a Constitutionally Compliant Map by June 1.

The current legislative session ends on June 1, 2026. Doc. 271 at 2. If the Legislature fails to enact a new map by then or enacts SB121 without any substantial changes to the current structure, Plaintiffs may well ask the Court to schedule proceedings to impose a remedy that fully complies with *Callais*. Plaintiffs seek to examine the Secretary of State now, in advance of June 1, to verify how much time is available to complete the remedial proceedings so Plaintiffs are not left in an unconstitutional gerrymander for the 2026 election. Plaintiffs have already been irreparably harmed; they should be able to resolve the question of timing now so they do not suffer the same fate again.

This Court can order the Secretary to take two steps to head off this problem: (1) filing a report on the docket by 5:00 p.m., May 27, 2026, that specifies the Secretary's true operational deadline for a new map by working backwards from the November 2026 election and describing each intervening step that operates to require the stated deadline; and (2) appearing for examination by the Court and parties to answer any ambiguities or questions raised by the filing.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court:

(1) to order that the Secretary file a report on the docket by 5:00 p.m., May 27, 2026, that specifies the Secretary's true operational deadline for a new map by working backwards from the November 2026 election and describing each intervening step that operates to require the stated deadline;

(2) to order that the Secretary appear for examination by the Court and parties to answer any ambiguities or questions raised by the filing, on or before June 1, 2026; and

(3) to order any other or further relief regarding expedited filings for the remedial phase should the Secretary claim that an operational deadline is immediately approaching.

Dated this 26th day of May, 2026                    Respectfully submitted,

PAUL LOY HURD, APLC                                  GRAVES GARRETT GREIM LLC
*/s/ Paul Loy Hurd*                                  */s/  Edward D. Greim*
Paul Loy Hurd                                        Edward D. Greim,* Mo. Bar No. 54034
Louisiana Bar No. 13909                              Matthew Mueller,* Mo. Bar No. 70263
1896 Hudson Circle, Suite 5                          Katherine E. Mitra,* Mo. Bar No. 74671
Monroe, Louisiana 71201                              Sarah R. Pineau,* Mo. Bar No. 74483
Tel.: (318) 323-3838                                 *Admitted Pro Hac Vice*
paul@paulhurdlawoffice.com                           1100 Main Street, Suite 2700
*Attorney for Plaintiffs*                            Kansas City, Missouri 64105
                                                     Tel.: (816) 256-3181
                                                     Fax: (816) 256-5958
                                                     edgreim@gravesgarrett.com
                                                     mmueller@gravesgarrett.com
                                                     kmitra@gravesgarrett.com
                                                     spineau@gravesgarrett.com
                                                     *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 26th day of May, 2026, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

*/s/ Edward D. Greim*
Edward D. Greim
*Attorney for Plaintiffs*

6