IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| PHILLIP CALLAIS, et al., | ) | |
| | ) | Case No. 3:24-cv-00122-DCJ-CES-RRS |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | District Judge  David C. Joseph |
| | ) | Circuit Judge Carl E. Stewart |
| NANCY LANDRY, IN HER OFFICIAL | ) | District Judge Robert R. Summerhays |
| CAPACITY AS LOUISIANA | ) | |
| SECRETARY OF STATE, et al., | ) | Magistrate Judge Kayla D. McClusky |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO SECRETARY OF STATE'S AFFIDAVIT**

COME NOW Plaintiffs, who respectfully respond to the Secretary of State's Affidavit and request that this Court compel Secretary Landry to comply with the Court's Order of May 27, 2026, that she "file a verified affidavit listing the true operational deadline to implement a new congressional districting map to be used in the November 3, 2026…" Doc. 297. The Affidavit does not provide the true operational deadline.

1. Secretary Landry filed her Affidavit on or about 3:30 p.m. Central Time on the last possible date for compliance, June 1, 2026. Doc. 299.

2. Secretary Landry's Affidavit provides in chart form a schedule of election deadlines between July 8 and 9, 2026, and November 3, 2026. Doc. 299 at 2. The Affidavit then states that 5 weeks of preparation are necessary before coding of SB 121 as a new map into the statewide voter registration system. *Id*. at 3. Finally, the Affidavit estimates that coding will take "approximately three weeks." *Id*. at 4.

1

3.      The Affidavit does not, however, provide (as ordered by this Court), the deadline by which the Secretary must have a constitutionally compliant map. It does not tie the five-week and three-week coding processes to the chart of pre-existing election deadlines.

4.      It appears to Plaintiffs that the deadline could be as early as Wednesday, June 3, 2026, depending on how the Affidavit is read. If the Secretary's five-week preparation period must precede the first deadline for the November 3, 2026 election—which the Secretary says is Wednesday, July 8, 2026—then the operative deadline is no later than Wednesday, June 3, 2026.

5.      If indeed the Secretary and State held their cards throughout the month of May to wait until late on Monday, June 1, 2026, to disclose a June 3, 2026, deadline, then once again it appears that the State and Secretary of State will have worked together to effectively preclude judicial review of a remedy to address Plaintiffs' injuries. These tactics have wasted party and judicial resources.

6.      The potential near-term closure of the remedial period makes it essential that as quickly as possible the Court bring before it the Secretary and any of her knowledgeable staff to determine the true deadline. Plaintiffs respectfully suggest live questioning.

7.      Assuming the deadline is this week, then it may be necessary for the Court to impose SB 121 as a temporary interim remedy to control the 2026 congressional elections. A full business day has not elapsed since its passage, but based on Plaintiffs' review, the map appears to remedy the racial gerrymander involving SB8 District 6. Less certain is whether the map has avoided adopting racial line-drawing around District 2, where at least one Plaintiff still resides. In the event the press of time requires this Court to approve SB 121 as a temporary, interim remedy, this Court should retain jurisdiction to ensure before the 2028 election that District 2 does not sort voters based on race.

8.    Plaintiffs will be prepared to file a motion seeking the relief set forth in Paragraph 7 as soon as it is necessary, but first, they respectfully suggest that this Court should determine with certainty the Secretary's true operational deadline. That determination will provide critical guidance to the parties here and also ensure that the parties and voters are not subjected to unnecessary additional litigation in the months before the November 2026 election.

Dated this 1st day of June 2026.

|  | Respectfully submitted, |
|---|---|
| PAUL LOY HURD, APLC | GRAVES GARRETT GREIM LLC |
| /s/ Paul Loy Hurd | /s/ Edward D. Greim |
| Paul Loy Hurd | Edward D. Greim,* Mo. Bar No. 54034 |
| Louisiana Bar No. 13909 | Matthew Mueller,* Mo. Bar No. 70263 |
| 1896 Hudson Circle, Suite 5 | Katherine E. Mitra,* Mo. Bar No. 74671 |
| Monroe, Louisiana 71201 | Sarah R. Pineau,* Mo. Bar No. 74483 |
| Tel.: (318) 323-3838 | *Admitted Pro Hac Vice |
| paul@paulhurdlawoffice.com | 1100 Main Street, Suite 2700 |
| Attorney for Plaintiffs | Kansas City, Missouri 64105 |
|  | Tel.: (816) 256-3181 |
|  | Fax: (816) 256-5958 |
|  | edgreim@gravesgarrett.com |
|  | mmueller@gravesgarrett.com |
|  | kmitra@gravesgarrett.com |
|  | spineau@gravesgarrett.com |
|  | Attorneys for Plaintiffs |

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 1st day of June, 2026, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

/s/ Edward D. Greim
Edward D. Greim
*Attorney for Plaintiffs*

3