## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Phillip Callais, Lloyd Price, Bruce Odell, Elizabeth Ersoff, Albert Caissie, Daniel Weir, Joyce LaCour, Candy Carroll Peavy, Tanya Whitney, Mike Johnson, Grover Joseph Rees, Rolfe McCollister, <br><br> Plaintiffs, <br><br> v. <br><br> NANCY LANDRY, in her official capacity as Secretary of State of the State of Louisiana. <br><br> Defendant. | Civil Action: 3:24-cv-00122 <br><br> Hon. Carl E. Stewart <br> Hon. Robert R. Summerhays <br> Hon. David C. Joseph |

## THE STATE'S RESEPONSE TO INTERVENOR LAUREN JEWETT'S OPPOSITION TO RESETTING DEADLINES

The Court granted in part the State's Motion to Reset Deadlines, canceled the June 17–18, 2026 hearing, vacated the existing briefing deadlines, and indicated it later will set a status conference to discuss next steps and a schedule. ECF 308. That ruling resolves the immediate matter. Ms. Jewett's Opposition to the State's Motion thus largely argues points that the Court has already considered and rejected. The Court, however, requested that the State respond to her Opposition. Accordingly, the State responds briefly to correct the record and Ms. Jewett's characterizations of the State's position.

## ARGUMENT

### I. THE COURT'S ORDER REFLECTS A SOUND EXERCISE OF ITS SCHEDULING DISCRETION.

Ms. Jewett's Opposition (ECF 306) rests on the premise that the existing schedule should be maintained and the merits of Act 2 adjudicated at the June 17–18 hearing. The Court has determined otherwise. The Court canceled the hearing and vacated the briefing deadlines (ECF 308)—not because the merits of Act 2 will never be addressed, but because a reasoned schedule, developed in consultation with the parties at a future status conference, better serves the orderly administration of this case. This Court's exercise of its discretion to postpone the June 17th hearing adheres to the guidance the Supreme Court handed down earlier this week. *See Allen v. Milligan*, No. 25A1314, 608 U.S. ___ (2026).

Ms. Jewett frames the issue as though any adjustment to this Court's June 17th schedule constitutes an "abdication" of its remedial jurisdiction. ECF 306 at 4. That is not what happened. The State's position is not that Act 2 is unreviewable by any court. Instead, what the State urged, and what the Court agreed, is that there is no need to rush that determination on a compressed timeline that was set before the Supreme Court's intervening guidance in *Allen v. Milligan*.

### II. MS. JEWETT'S EFFORT TO DISTINGUISH *ALLEN V. MILLIGAN* MISSES THE POINT.

Ms. Jewett devotes the majority of her Opposition to arguing that *Allen v. Milligan* is merely a "timing stay" that "governs the ballot, not the merits of a remedial map." ECF 306 at 4. She contends that because Louisiana's congressional

election calendar is less immediate than Alabama's was, *Milligan* has no bearing here. This argument misses the State's point.

The State did not argue that *Milligan* bars a court from ever reviewing Act 2. The State's argument was (and is) that *Milligan* confirms a broader principle: Courts should defer to state legislatures' good-faith efforts to comply with judicial mandates and should not rush to displace enacted maps, particularly when any judicial alteration would likely be stayed in any event. That principle supports a measured schedule, not a headlong rush to a hearing on the compressed timeline originally set before *Milligan* was decided, and after which any changes imposed would fall in the midst of the 2026 election cycle and thus likely be stayed by the Supreme Court.

Ms. Jewett's own argument concedes the point. She acknowledges that the State "already has its answer in the stay posture of this litigation" regarding which map governs the 2026 election. ECF 306 at 4. If Act 2 will govern the 2026 election regardless, as every party appears to agree, then there is no urgency that requires the hearing to proceed on June 17–18 rather than on a schedule the Court sets after consulting with all parties at a later date.

III.    **MS. JEWETT SUFFERS NO COGNIZABLE PREJUDICE FROM A REASONED SCHEDULE.**

Ms. Jewett contends that deferral "prejudices" her and the public interest by "entrenching" an alleged racial gerrymander through another federal election. *Id.* at 6. But this Court's Order does not defer the merits indefinitely; it merely resets the schedule so that the Court and the parties can proceed in an orderly fashion. Ms.

Jewett will have every opportunity to brief her claims and present them at a hearing on a schedule to be determined at the status conference.

Furthermore, Ms. Jewett's standing to raise these claims remains contested. The Court limited her intervention "to the remedial phase of this trial as to any issues that may arise impacting her qualification or candidacy." ECF 296. Her assertion that Act 2 prejudices her candidacy in District 1 does not entitle her to dictate the Court's scheduling decisions over the agreement of the Plaintiffs, the *Robinson* Intervenors, and the *Galmon* Intervenors—none of whom opposed the State's Motion.

Just like every other potentially qualified candidate, Ms. Jewett is welcome and legally able under Act 2 to run for Congress in any district where she chooses and takes the appropriate steps to qualify for the November 2026 election.

## CONCLUSION

The Court properly granted the State's Motion to Reset Deadlines. Ms. Jewett's Opposition offers no basis to reconsider that ruling. This litigation should proceed as this Court has ordered—a status conference to determine next steps on a reasonable timeline.

Dated: June 5, 2026

Respectfully Submitted,

ELIZABETH B. MURRILL
Attorney General of Louisiana

*/s/ Morgan Brungard*
MORGAN BRUNGARD (La 40298)
Deputy Solicitor General
Office of the Attorney General
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6705

4

BrungardM@ag.louisiana.gov

*Counsel for the State of Louisiana*

5