# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| PHILLIP CALLAIS, LLOYD PRICE, BRUCE ODELL, ELIZABETH ERSOFF, ALBERT CAISSIE, DANIEL WEIR, JOYCE LACOUR, CANDY CARROLL PEAVY, TANYA WHITNEY, MIKE JOHNSON, GROVER JOSEPH REES, and ROLFE MCCOLLISTER,<br><br>                    *Plaintiffs,*<br><br>  v.<br><br>NANCY LANDRY, in her official capacity as Secretary of State for Louisiana,<br><br>                    *Defendant.* | Civil Action No. 3:24-cv-00122<br><br><br>Circuit Judge Carl E. Stewart<br><br>Judge David C. Joseph<br><br>Judge Robert R. Summerhays |

## ***ROBINSON* AND *GALMON* INTERVENORS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

## TABLE OF CONTENTS

TABLE OF CONTENTS..........................................................................................i

TABLE OF AUTHORITIES ................................................................................ii

INTRODUCTION ............................................................................................... 1

BACKGROUND................................................................................................. 2

LEGAL STANDARD.......................................................................................... 5

ARGUMENT ...................................................................................................... 6

    I.    The adjudicated claim that District 6 was a racial gerrymander is moot because S.B. 8 has been repealed. .............................................................. 6

    II.    Plaintiffs abandoned any challenge to District 2. ........................................ 7

    III.    This Court's remedial authority is limited to curing the adjudicated violation and does not reach a challenge to District 2 or a claim of intentional discrimination. ..........................................................................................9

    IV.    Plaintiffs' District 2 demand cannot be litigated in the remedial posture of this case. ......................................................................................... 11

CONCLUSION................................................................................................. 12

CERTIFICATE OF SERVICE........................................................................... 15

# TABLE OF AUTHORITIES

**Case**      **Page**

*Ala. Legis. Black Caucus v. Alabama,*
575 U.S. 254 (2015) ................................................................................ 8, 10, 11

*Already, LLC v. Nike, Inc.,*
568 U.S. 85 (2013) ......................................................................................... 11

*Barber v. Wolfgang Puck Worldwide, Inc.,*
No. 1:21-cv-3928, 2022 WL 16841701 (W.D. La. Nov. 9, 2022) ............................ 8

*Boudreaux v. La. State Bar Ass'n,*
86 F.4th 620 (5th Cir. 2023) ................................................................... 5, 7

*Braidwood Mgmt., Inc. v. EEOC,*
70 F.4th 914 (5th Cir. 2023) ......................................................................... 12

*Clark v. Roemer,*
777 F. Supp. 445 (M.D. La. 1990) .................................................................. 11

*Cook v. Luckett,*
735 F.2d 912 (5th Cir. 1984) .......................................................................... 9

*Fantasy Ranch Inc. v. City of Arlington, Tex.,*
459 F.3d 546 (5th Cir. 2006) ........................................................................... 5

*Freedom from Religion Found., Inc. v. Abbott,*
58 F.4th 824 (5th Cir. 2023) ....................................................................... 6, 7

*Hackett v. Hous. Auth. S.A.,*
750 F.2d 1308 (5th Cir. 1985) ........................................................................ 7

*Hill v. Schilling,*
No. 3:07-cv-2020-L, 2026 WL 252099 (N.D. Tex. Jan. 30, 2026) ......................... 7

*Hinkley v. Envoy Air, Inc.,*
968 F.3d 544 (5th Cir. 2020) ........................................................................... 5

*In re Superior Crewboats, Inc.,*
374 F.3d 330 (5th Cir. 2004) ........................................................................... 8

*Lewis v. Continental Bank Corp.,*
494 U.S. 472 (1990) ....................................................................................... 5

*Louisiana v. Callais,*
146 S. 1131 (2026) ................................................................................................... 1

*North Carolina v. Covington,*
138 S. Ct. 2548 (2018) ...................................................................................... 9, 10

*TransUnion LLC v. Ramirez,*
594 U.S. 413 (2021) ...................................................................................... 5, 10, 12

*United States v. Sanchez-Gomez,*
584 U.S. 381 (2018) ................................................................................................. 2

*Upham v. Seamon,*
456 U.S. 37 (1982) ................................................................................................... 9

*Vantage Trailers, Inc. v. Beall Corp.,*
567 F.3d 745 (5th Cir. 2009) ................................................................................ 12

*Veasey v. Abbott,*
888 F.3d 792 (5th Cir. 2018) .................................................................................. 9

*White v. Weiser,*
412 U.S. 783 (1973) ................................................................................................. 9

*Yarls v. Bunton,*
905 F.3d 905 (5th Cir. 2018) .................................................................................. 5

**Statute**

U.S. Const. art. III, § 2 ............................................................................................ 5

## INTRODUCTION

In its April 2024 injunction order, this Court adjudicated the only claim that Plaintiffs pursued at trial: that District 6 of S.B. 8 was an unconstitutional racial gerrymander. Plaintiffs tried that claim, and only that claim, directing their evidence and argument exclusively at District 6. Based on the evidence presented at trial, this Court confined its finding of racial predominance and its strict-scrutiny analysis to District 6 and ruled that District 6 violated the Fourteenth Amendment. The Supreme Court affirmed that decision and likewise confined its ruling to District 6. *See Louisiana v. Callais*, 146 S. Ct. 1131, 1151-52 (2026). After the Supreme Court's decision, the Legislature repealed S.B. 8 and enacted S.B. 121 (Act 2), a map that reconfigured the district that had been held unconstitutional and, as Plaintiffs acknowledge, largely reverted to the 2022 plan (H.B. 1). *See* Pls. Mot. For Scheduling Order at 4 (May 26, 2026), Dkt. No. 294. Plaintiffs concede that Act 2 cures the alleged racial gerrymander in District 6. *See* Pls. Resp. to SOS Affidavit at 2 (June 1, 2026), Dkt. No. 300 ("… based on Plaintiffs' review, the map [SB 121] appears to remedy the racial gerrymander involving SB8 District 6."). Accordingly, this case is now moot: There is no dispute that the sole adjudicated violation has been remedied, and thus, no live controversy remains.

Plaintiffs nonetheless ask this Court to set this case for a remedial hearing. Plaintiffs suggest that this Court keep the case open to consider the constitutionality of District 2, a district that was not part of the case as it was tried and that this Court never adjudged unlawful as a racial gerrymander or under any other theory. But

Plaintiffs abandoned any challenge to District 2 by failing to present evidence and argument on it at trial. And, having previously argued that the 2011 and 2022 maps on which Act 2 was based were *not* racial gerrymanders, they are now estopped from arguing the opposite. Indeed, Plaintiffs concede their claims regarding District 2 are not supported by the trial record. Dkt. No. 294 at 4 (conceding "the record is not yet complete" regarding Act 2's District 2). Considering any claim related to District 2 in the remedial phase of this case would exceed this Court's authority. A federal court's remedial authority is bounded by the violation it found; it does not extend to an unproven violation concerning a different district.

Because the only claim that Plaintiffs pursued at trial and that this Court adjudicated has become moot, this Court lacks jurisdiction to proceed further and should dismiss this action. *See United States v. Sanchez-Gomez*, 584 U.S. 381, 385-86 (2018) ("A case that becomes moot *at any point during the proceedings* is no longer a 'Case' or 'Controversy' for purposes of Article III, and is outside the jurisdiction of the federal courts.") (citation modified) (emphasis added).

## BACKGROUND

Plaintiffs' complaint pleaded two counts: that the districts in S.B. 8 were racial gerrymanders in violation of the Fourteenth Amendment, and that S.B. 8 was enacted with a discriminatory purpose in violation of the Fourteenth and Fifteenth Amendments. Dkt. No. 1 ¶¶ 75-120.

At trial, however, Plaintiffs pursued only the racial gerrymandering claim, and only as to District 6. The expert evidence almost exclusively addressed District 6; it

included essentially no analysis of District 2. For example, Mr. Hefner and Dr. Voss both offered maps showing details of the boundaries of District 6 and testified that they separated precincts on racial lines. *E.g.*, Pls.' Exs. 3, 4, 18 (Apr. 10, 2024), Dkt. No. 182. Neither expert offered such maps for District 2. *Id.* Likewise, Mr. Hefner provided a table showing the Black population of precincts included in District 6, and those excluded from District 6. Pls.' Ex. 19. He provided no such table concerning District 2. *Id.* Although Plaintiffs' opening argument contended that they would prove that both District 2 and District 6 were racial gerrymanders, by their closing argument and post-trial briefing, they had abandoned their claim with respect to District 2, focusing exclusively on District 6. *Compare* Tr. at 16-17 (opening argument asserting that expert testimony would show that District 2 and District 6 were drawn based on race), *with* Tr. at 599-602 (closing argument describing expert evidence concerning District 6, with no mention of District 2); *see also* Trial Br. at 8-13 (Apr. 17, 2024), Dkt. No. 190 (arguing that evidence proves racial predominance in District 6 with no discussion of District 2).

This Court's injunction was congruent with the arguments and evidence presented by the Plaintiffs. Inj. & Reasons for J. at 24 (Apr. 30, 2024), Dkt. No. 198 (framing the question as whether race predominated "in drawing District 6") [hereinafter "Order"]; *id.* at 44 & n.10 (finding race was "the driving force and predominant factor behind the creation of District 6"); *id.* at 58 (holding "S.B. 8 and, more specifically, District 6" fail strict scrutiny). This Court did not adjudicate the intentional discrimination claim and made no finding that District 2 was a racial

gerrymander.[1] The Supreme Court affirmed on that same basis, addressing District 6 and not District 2. *Callais*, 146 S. Ct. at 1151-52 ("A group of plaintiffs (the *Callais* plaintiffs) asserted that SB8, and *specifically District 6*, was a racial gerrymander that violated the Equal Protection Clause" (emphasis added)); *id.* at 1152 (noting that the "intentional creation of a *second* majority-minority district" prompted the question before the Court (emphasis added)); *id.* at 1161 (analyzing the updated *Gingles* framework as applied to the State's decision to "configure[ ] District 6 to achieve black voting-age population over 50%").

To remedy the violation, the Legislature enacted Act 2. As Plaintiffs recognize, Act 2 closely tracks H.B. 1, the 2022 map. Dkt. No. 294 at 4. Plaintiffs concede that Act 2 remedies the adjudicated violation in District 6. Dkt. No. 300 at 2. They now suggest, however, that District 2 of the new map may be a racial gerrymander, basing that assertion on Act 2's resemblance to H.B. 1, which, in turn, resembles Louisiana's 2011 map which was precleared by the Department of Justice under Section 5 of the Voting Rights Act. Dkt. No. 294 at 4 (describing testimony from Legislative hearing that "SB121 is meant to emulate the 2022 map and the 2011 map, which was pre-cleared by the DOJ" (citing La. House of Representatives, *House and Governmental Affairs Committee Hearing*, at 8:33–11:33 (May 21, 2026)). But in their briefing at the Supreme Court, Plaintiffs conceded that H.B. 1 was lawful and was not the product of racial gerrymandering. *See, e.g.*, Appellees' Br. at 31, No. 24-109 (Jan. 21, 2025) ("HB1 showed a non-gerrymandered map could protect all five Republican

---

[1] District 2 references appear in this Court's opinion only twice: a Plaintiff's residence, Order at 15, and a legislator's statement, Order at 11, 43, 46.

4

incumbents."); Appellees' Supp. Br. at 50, No. 24-109 (Sept. 17, 2025) (describing H.B. 1 as "a map free from racial gerrymandering"). Despite that concession, Plaintiffs now ask this Court to order a remedy for this unadjudicated and (as Plaintiffs concede, Dkt. No. 294 at 4) unproven claim.

## LEGAL STANDARD

Article III limits judicial power to live cases and controversies. U.S. Const. art. III, § 2. This Court is permitted "to adjudicate only live disputes." *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 548 (5th Cir. 2020). There "must be a case or controversy through all stages of a case'—not just when a suit comes *into* existence but *throughout* its existence." *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (quoting *K.P. v. LeBlanc*, 729 F.3d 427, 438 (5th Cir. 2013)); *see also Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (explaining that jurisdiction must "subsist[] through all stages of federal judicial proceedings"). "If any set of circumstances eliminates the 'actual controversy' during the duration of the lawsuit, the case becomes moot." *Boudreaux v. La. State Bar Ass'n*, 86 F.4th 620, 629 (5th Cir. 2023) (quoting *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006)).

Mootness, like standing, ensures that federal courts adhere to their limited role. "Federal courts do not exercise general legal oversight of" state legislative enactments. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423-24 (2021). When there is no longer a live controversy, courts must dismiss the case, even if parties desire a resolution of additional issues. "Federal courts do not possess a roving commission to publicly opine on every legal question … [and] do not issue advisory opinions." *Id.*

5

## ARGUMENT

Following the enactment of Act 2, Plaintiffs' claim that District 6 is a racial gerrymander—the only claim they pursued at trial—became moot, and this case must therefore be dismissed. Plaintiffs agree they have obtained the relief they sought on the only claim presented and adjudicated in the April 2024 trial. This Court therefore lacks jurisdiction to take further action with respect to that claim. And this Court's remedial power does not extend to unadjudicated claims and unproven injuries. This Court may not, in the context of remedial proceedings, adjudicate Plaintiffs' abandoned, unproven assertion that District 2 (either as it appears in Act 2 or as it appeared in S.B. 8) is a racial gerrymander. Because no Article III "case or controversy" remains, the case must be dismissed.

## I.   The adjudicated claim that District 6 was a racial gerrymander is moot because S.B. 8 has been repealed.

Act 2 repeals and supersedes S.B. 8, and a challenge to a repealed map no longer presents a live dispute. "[S]tatutory changes that discontinue a challenged practice are usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed." *Fantasy Ranch Inc. v. City of Arlington, Tex.*, 459 F.3d 546, 564 (5th Cir. 2006) (citation modified). Indeed, where "a statute or regulation is amended … mootness is the default." *Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023) (collecting cases).

Here, Plaintiffs concede that Act 2 cures the only legal violation they pursued and the Court found. Plaintiffs have obtained complete relief on the only claim that was adjudicated and that was not abandoned—the racial gerrymandering challenge

6

to District 6—and thus no cognizable injury remains. Dkt. No. 300 at 2; *see infra* Argument, Section II. Because no further relief can be obtained on that claim, Plaintiffs' challenge to District 6 is moot. *Boudreaux*, 86 F.4th at 629.[2]

## II.    Plaintiffs abandoned any challenge to District 2.

By failing to present evidence or make an argument that S.B. 8's District 2 was a racial gerrymander at trial or in their post-trial briefing, Plaintiffs have waived any such claim. A party waives a claim "by failing to present it at trial." *Hackett v. Hous. Auth. of S.A.*, 750 F.2d 1308, 1309 n.1 (5th Cir. 1985); *see also Hill v. Schilling*, No. 3:07-cv-2020-L, 2026 WL 252099, at *11 (N.D. Tex. Jan. 30, 2026) ("The Fifth Circuit has also held that a party abandons a theory of recovery or defense by failing to pursue it or defend it during the course of litigation in the district court." (collecting cases)). Although Plaintiffs' complaint purported to challenge "all six districts" as racial gerrymanders, Dkt. No. 1 ¶ 80, their evidence and argument at trial focused exclusively on District 6. *See* Tr. at 599-602 (closing argument describing expert evidence concerning District 6, with no mention of District 2); Dkt. No. 190, at 8-13 (arguing that evidence proves racial predominance in District 6 with no discussion of District 2). And, in reliance on Plaintiffs' presentation, this Court confined its finding of racial gerrymandering to District 6. Because "[a] racial gerrymandering claim . . . applies to the boundaries of individual districts," *Ala. Legis. Black Caucus v.*

---

[2] To the extent Plaintiffs may argue that their claims are not moot under the voluntary cessation exception to mootness, that exception "does not apply here because nothing in the record suggests [the Legislature] will reimplement [S.B. 8]." *Freedom From Religion Found*, 58 F.4th at 833. "[T]he government's ability to reimplement the statute or regulation at issue is insufficient to prove the voluntary-cessation exception" because "we presume that state actors, as public representatives, act in good faith." *Id.*

*Alabama*, 575 U.S. 254, 262 (2015) [hereinafter "*ALBC*"], Plaintiffs' failure to address District 2 at trial waives that claim.

Plaintiffs are further judicially estopped from raising the precise claim that they attempt to resurrect in remedial proceedings: that Act 2's District 2 is a racial gerrymander because it closely tracks H.B. 1. Plaintiffs previously argued that H.B. 1 was lawful and was not the product of racial gerrymandering. *See, e.g.*, Appellees' Br. at 31 ("HB1 showed a non-gerrymandered map could protect all five Republican incumbents."); Appellees' Supp. Br. at 50 (describing H.B. 1 as "a map free from racial gerrymandering"). Judicial estoppel "prevents a party from assuming inconsistent positions in litigation." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004). It is proper when "(i) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (ii) a court accepted the prior position; and (iii) the party did not act inadvertently." *Barber v. Wolfgang Puck Worldwide, Inc.*, No. 1:21-cv-3928, 2022 WL 16841701, at \*2 (W.D. La. Nov. 9, 2022) (quoting *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011)). All three elements are met here: (1) Plaintiffs' contention that Act 2's District 2 is a racial gerrymander—precisely because of its close resemblance to H.B. 1—is flatly inconsistent with their previous contention that districts in H.B. 1 were *not* racially gerrymandered; (2) Plaintiffs succeeded in persuading the Supreme Court that H.B. 1 was the appropriate benchmark reflecting the State's lawful political goals; and (3) the argument was clearly not inadvertent.

III.   **This Court's remedial authority is limited to curing the adjudicated violation and does not reach a challenge to District 2 or a claim of intentional discrimination.**

A federal court's remedial authority in a redistricting case is defined, and confined, by the violation it found. In *North Carolina v. Covington*, the Supreme Court held that once the adjudicated racial gerrymanders "were remedied," the district court's "proper role … was at an end." 138 S. Ct. 2548, 2553-54 (2018) (per curiam). Because "[t]he only injuries the plaintiffs established … were that they had been placed in their [] districts on the basis of race," the court's remedial authority was "accordingly limited to ensuring that the plaintiffs were relieved of the burden of voting in racially gerrymandered [] districts." *Id.* The plaintiffs' contention that the remedial map violated the Constitution in some new way neither defeated mootness nor authorized the court to remedy an unadjudicated violation. *Id.*

That limitation is well settled. A court's modifications to a State's plan "are limited to those necessary to cure any constitutional or statutory defect." *Upham v. Seamon*, 456 U.S. 37, 43 (1982) (per curiam). "[T]he nature of the violation determines the scope of the remedy," and "[r]elief must be tailored to avoid undue interference with a legislature's judgment in order to appropriately reconcile constitutional requirements and legislative goals." *Veasey v. Abbott*, 888 F.3d 792, 800 (5th Cir. 2018) (citation modified); *see also Cook v. Luckett*, 735 F.2d 912, 918 (5th Cir. 1984); *White v. Weiser*, 412 U.S. 783, 795 (1973) ("a district court should not pre-empt the legislative task nor intrude upon state policy any more than necessary" (citation modified)).

9

These well-established principles preclude Plaintiffs' suggestion that this Court impose an additional remedy related to District 2. The only injury this Court adjudicated was the racial gerrymander in District 6. Order at 24, 44 & n.10, 58. That established injury marks the extent of this Court's remedial authority. District 2 lies outside that authority. Under *Covington*, this Court may determine only whether the racial gerrymander it found in District 6 has been remedied, and it may not consider or impose a remedy for an unproven racial gerrymander in District 2 that it never addressed or adjudicated. *Covington*, 138 S. Ct. at 2555.

The limited scope of the violation found by this Court is a function of what Plaintiffs proved: Their evidence and arguments were directed at District 6, and their experts offered no analyses of District 2. Accordingly, neither this Court nor the Supreme Court made any finding as to District 2. District 2 was never adjudicated a racial gerrymander, and indeed Plaintiffs contended in the Supreme Court that it was *not* a racial gerrymander. There is therefore no violation with respect to District 2 for this Court to remedy. Plaintiffs' intentional discrimination claim likewise provides no basis for this Court to exercise remedial authority over District 2. Plaintiffs offered no evidence that S.B. 8 was enacted with a discriminatory purpose, much less thatthatn any such discriminatory purpose affected District 2, and this Court did not address that claim in its Order.

Racial gerrymandering claims proceed "district-by-district." *ALBC*, 575 U.S. at 262. Thus, review of a legislature's remedial plan asks whether the plan cures the racial gerrymander in the specific district where the violation was adjudicated; it does

10

not authorize a judicial audit of every district in the map and it does not shift to the State the burden of disproving a new violation in a district that was never found to be a racial gerrymander. *See TransUnion*, 594 U.S. at 423-24; *Covington*, 138 S. Ct. at 2553-54. The Court's remedial authority is confined to the established constitutional violation in District 6. Because Plaintiffs concede Act 2 has cured that injury, this Court's role is at an end and the case is moot.

## IV. Plaintiffs' District 2 demand cannot be litigated in the remedial posture of this case.

The remedial posture of this case cannot enlarge this Court's authority to reach District 2. That Plaintiffs' complaint pleaded a statewide intent claim and alleged that race influenced District 2 in S.B. 8 does not extend the Court's remedial authority to cover those alleged violations, because Plaintiffs abandoned that claim at trial, and the only claim this Court adjudicated and the Supreme Court affirmed was the racial gerrymander in District 6. A racial gerrymandering claim "applies to the boundaries of the individual districts. It applies district-by-district. It does not apply to a State considered as an undifferentiated 'whole.'" *ALBC*, 575 U.S. at 262. The corresponding remedy must be equally district specific: It "may be imposed only in those specific districts where violations have been proven." *Clark v. Roemer*, 777 F. Supp. 445, 467 (M.D. La. 1990) (citing *White*, 412 U.S. at 795). No violation has been proven in District 2.

A case cannot be kept alive to litigate a claim "no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Plaintiffs' abandoned and unadjudicated objection to

11

District 2 is not part of the controversy this Court resolved, and it cannot be litigated and proven for the first time in remedial proceedings concerning a different district. That one Plaintiff may reside in District 2 does not change the analysis. Residence may bear on a litigant's standing in a case properly raising a racial gerrymandering challenge, but it does not expand the Court's remedial authority to reach a district a plaintiff has abandoned any challenge to and that has never been found to be unlawful.

Plaintiffs' suggestion that this Court retain jurisdiction to supervise Act 2's District 2 throughout the 2028 election cycle after failing to prove that S.B. 8's District 2 violated the Constitution would compound the error. Asking this Court to hold this case open to entertain future proceedings about an unproven gerrymander that has never been adjudicated seeks precisely the "roving commission" and general legal supervision of legislative enactments that Article III forbids. *Braidwood Mgmt., Inc. v. EEOC*, 70 F.4th 914, 924 (5th Cir. 2023); *TransUnion*, 594 U.S. at 423-24. "Declaratory judgments cannot be used to seek an opinion advising what the law would be on a hypothetical set of facts." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009). An opinion on an alleged but unproven violation would be impermissibly advisory. *See Robinson v. Ardoin*, 731 F. Supp. 3d 711, 720-21 (M.D. La. 2024).

## CONCLUSION

The only violation ever adjudicated in this case has been remedied, and Plaintiffs concede as much. No live controversy remains, and this Court lacks

12

authority to remedy any unproven claims as to District 2. Plaintiffs' claims are moot,

and the Court should grant this motion and dismiss the action.

DATED: June 16, 2026                           Respectfully submitted,


By: /s/ *Tracie L. Washington*                 By: /s/ *John Adcock*
Tracie L. Washington                           John Adcock
LA. Bar No. 25925                              Adcock Law LLC
 Louisiana Justice Institute                   8131 Oak St., Unit 100
8004 Belfast St.                               New Orleans, LA 70118
New Orleans, LA 70125                          Tel: (504) 233-3125
Tel: (504) 872-9134                            jnadcock@gmail.com
tracie.washington.esq@gmail.com


*Counsel for Robinson Intervenors Dorothy*     *Counsel for the Robinson Intervenors*
*Nairne, Martha Davis, Clee Earnest Lowe,*
*and Rene Soule*


Stuart Naifeh (admitted pro hac vice)          Sarah Brannon (admitted pro hac vice)
Victoria Wenger (admitted pro hac vice)        American Civil Liberties Union
John S. Cusick (admitted pro hac vice)         Foundation
Colin Burke (admitted pro hac vice)            915 15th St., N.W.
NAACP Legal Defense and                        Washington, DC 20005
Educational Fund, Inc.                         sbrannon@aclu.org
40 Rector St., 5th Floor
New York, NY 10006                             Sophia Lin Lakin (admitted pro hac vice)
Tel: (212) 965-2200                            American Civil Liberties Union
snaifeh@naacpldf.org                           Foundation
vwenger@naacpldf.org                           125 Broad St., 18th Floor
jcusick@naacpldf.org                           New York, NY 10004
cburke@naacpldf.org                            slakin@aclu.org


I. Sara Rohani (admitted pro hac vice)         Nora Ahmed (admitted pro hac vice)
NAACP Legal Defense and                        ACLU Foundation of Louisiana
Educational Fund, Inc.                         1340 Poydras St., Ste. 2160
700 14th St. N.W. Ste. 600                     New Orleans, LA 70112
Washington, DC 20005                           Tel: (504) 522-0628
Tel: (202) 682-1300                            nahmed@laaclu.org
srohani@naacpldf.org

13

Robert A. Atkins (admitted pro hac vice)
Yahonnes Cleary (admitted pro hac vice)
Amitav Chakraborty (admitted pro hac vice)
Adam P. Savitt (admitted pro hac vice)
Arielle B. McTootle (admitted pro hac vice)
Robert Klein (admitted pro hac vice)
Paul, Weiss, Rifkind, Wharton & Garrison LLP 1285 Ave. of the Americas
New York, NY 10019
Tel: (212) 373-3000
Fax: (212) 757-3990
ratkins@paulweiss.com
ycleary@paulweiss.com
achakraborty@paulweiss.com
asavitt@paulweiss.com
amctootle@paulweiss.com
rklein@paulweiss.com

*Additional counsel for Robinson Intervenors*

J. E. Cullens, Jr. (LA # 23011)
Andrée Matherne Cullens (LA # 23212)
Stephen Layne Lee (LA # 17689)
WALTERS, THOMAS, CULLENS, LLC
12345 Perkins Road, Bldg. One
Baton Rouge, LA 70810
(225) 236-3636
cullens@lawbr.net
acullens@lawbr.net
laynelee@lawbr.net

*Counsel for Galmon Intervenors*

T. Alora Thomas-Lundborg (admitted pro hac vice)
Race and Law Clinic
Harvard Law School
6 Everett St., Ste. 4105
Cambridge, MA 02138
Tel: (617) 495-5202
tthomaslundborg@law.harvard.edu

\* Practice is limited to federal court.

/s/ *Abha Khanna*
Abha Khanna (admitted pro hac vice)
ELIAS LAW GROUP LLP
1700 Seventh Avenue
Suite 2100
Seattle, Washington 98101
(206) 656-0177
AKhanna@elias.law

Lalitha D. Madduri (admitted pro hac vice)
Jacob D. Shelly (admitted pro hac vice)
ELIAS LAW GROUP LLP
250 Massachusetts Ave NW
Suite 400
Washington, D.C. 20001
(202) 968-4490
lmadduri@elias.law
jshelly@elias.law

14

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed a copy of the foregoing with the

Clerk of Court using the CM/ECF system, which provides electronic notice of filing to

all counsel of record, on this sixteenth day of June, 2026.

/s/ *John Adcock*

John Adcock