

PLAINTIFF'S
EXHIBIT

A
_____

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| Lindsay Garcia, a qualified voter and a candidate in the Democratic Party for the 5th congressional district, and on behalf of all others similarly situated; and Eugene Collins, a qualified voter<br><br>     Plaintiffs,<br><br>v.<br><br><br>JEFF LANDRY, in his official capacity as Governor of the State of Louisiana; ELIZABETH B. MURRILL, in her official capacity as Attorney General of the State of Louisiana; and NANCY LANDRY, in her official capacity as Secretary of State of the State of Louisiana.<br><br>     Defendants. | Civil Action: 3:26-cv-00471<br><br>Hon. Shelly D. Dick |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE

Defendants Jeff Landry, in his official capacity as Governor of the State of Louisiana, Elizabeth B. Murrill, in her official capacity as Attorney General of the State of Louisiana, and Nancy Landry, in her official capacity as Secretary of State of the State of Louisiana, respectfully move to transfer this action to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a).

## INTRODUCTION

This action challenges Executive Order JML 26-038, signed by Defendant Governor Jeff Landry on April 30, 2026, which suspends the closed party primary elections for the offices of United States Representative in Congress for the May 16, 2026 and June 27, 2026 election cycles, as well as the predicate certification of emergency issued by Defendant Secretary of State Nancy Landry under La. R.S. § 18:401.1(B)

The Executive Order and the certification were issued in direct response to the Supreme Court's decision in *Louisiana v. Callais*, No. 24-109, 608 U.S. ___ (2026), which invalidated the State's enacted congressional districting plan as an unconstitutional racial gerrymander and remanded the matter to an already empaneled three-judge panel of the United States District Court for the Western District of Louisiana ("Western District")  for further proceedings.

The *Callais* remedial proceedings are pending before that three-judge panel in the Western District. *See Callais v. Landry*, No. 3:24-cv-00122 (W.D. La.). That panel has presided over the presently pending redistricting litigation from its inception, has developed deep institutional familiarity with the record, and is the court to which the Supreme Court expressly remanded the case. As the plaintiffs themselves acknowledge, the claims raised in the present action are inextricably intertwined with the *Callais* remedial proceedings. Transfer to the Western District of Louisiana will comply with the statutory "first-filed" rule, serve the convenience of the parties

and witnesses, promote judicial economy, avoid the risk of inconsistent rulings, , and advance the interest of justice.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises in the immediate aftermath of the Supreme Court's decision in *Louisiana v. Callais*, which invalidated the State's congressional districting plan and remanded the case to an already-empaneled three-judge district court in the Western District for further proceedings. *Louisiana v. Callais*, No. 24-109, 608 U.S. ___ (2026).

At the time, the State was administering its 2026 election cycle, including a closed-party primary scheduled for May 16, 2026, and a second primary scheduled for June 27. The May ballot includes federal, state, and local contests, including elections for Congress and statewide offices.

In response to the decision, the Secretary of State declared an election emergency under La. R.S. § 18:401.1(B), and the Governor issued Executive Order JML 26-038 suspending the congressional primaries while leaving other elections unchanged.

Plaintiffs filed this action asserting federal and state claims and seeking emergency relief that would require the State to conduct congressional elections under the same map the Western District and the Supreme Court have enjoined as unconstitutional. They ask this Court to compel those elections anyway and count the resulting votes.

Meanwhile, on remand in *Callais*, remedial proceedings remain pending before the Western District. Yesterday, the Western District ordered that its prior "permanent Injunction … prohibiting the State of Louisiana 'from using SB8's map of congressional districts for any election' remains in effect." Order, *Callais v. Landry*, No. 3:24-cv-00122 (W.D. La., Apr. 30, 2026), ECF 261 (citation omitted). As Plaintiffs here acknowledge, their claims are "causally and substantively connected" to the *Callais* proceedings—not least because they expressly seek to compel the State to use SB8 in the upcoming election in direct defiance of the Western District's injunction. This case therefore overlaps with, and seeks to interfere with, the Western District's pre-existing and ongoing exercise of remedial authority in *Callais v. Landry*, No. 3:24-cv-00122 (W.D. La.).

**LEGAL STANDARD**

The Fifth Circuit has instructed district courts to decline jurisdiction over a matter when the First-Filed Rule applies: "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). As this Court recently explained:

> The First-Filed Rule is "grounded in principles of comity and sound judicial administration." "The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." This concern applies where related cases have been filed in different districts.

*Robinson v. Ardoin*, No. 22-CV-211-SDD-SDJ, 2024 WL 1637530, at *1 (M.D. La. Apr. 16, 2024) (quoting *Save Power*, 121 F.3d at 50). When two cases "involve substantially overlapping issues," one court should decide both—almost always the one with the first-filed case. *Waguespack v. Medtronic, Inc.*, 185 F. Supp. 3d 916, 923 (M.D. La. 2016) (noting that the Rule does not apply when "the earlier filed anticipatory suit was merely a forum-shopping maneuver"). This Court has interpreted the First-Filed Rule as a "threshold issue" "more closely related to jurisdiction and abstention doctrines than the § 1404(a) analysis on a motion to transfer because [it] involves the Court's authority to hear or dismiss a case." *Id.*

Because this case is a collateral attack on the first-filed Western District's injunction prohibiting the use of the existing congressional map, the First-Filed Rule mandates dismissal. The core issue before this Court and the Western District—whether the existing congressional map can be lawfully used—is thus the same. The Court should dismiss this case so that the first-filed Western District case can proceed. *See* Order, *Callais*, No. 3:24-cv-00122 (W.D. La., Apr. 30, 2026), ECF 261 ("The State of Louisiana shall file a brief outlining how the State intends to comply with the Supreme Court's opinion in *Louisiana v. Callais* and this Court's Injunction within three (3) days of receipt by this Court of a certified copy of the Supreme Court's Judgment.").

In the alternative, the Court thus should exercise its discretion to transfer this case to the Western District. The Western District three-judge court, already

empaneled to address the constitutionality of the congressional map at issue here, remains the proper venue to hear this case.

The federal change-of-venue statute provides that a court "may transfer" a case to another district "[f]or the convenience of parties and witnesses" or "in the interest of justice." 28 U.S.C. § 1404(a). A motion to transfer under § 1404(a) thus calls on the district court to make an individualized, case-by-case determination based on principles of fairness and convenience.. The decision to grant or deny a motion to transfer venue is discretionary and requires a careful balancing of private and public interest factors. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The Fifth Circuit has adopted a "good cause" standard, requiring that the movant show the transferee venue is "clearly more convenient" than the venue in which the case is currently pending. *Id.*

While a plaintiff's choice of forum is ordinarily entitled to deference, that consideration yields where, as here, the plaintiff seeking transfer is moving to a forum more closely connected to the dispute and to the court with institutional familiarity over the underlying proceedings. Moreover, the "interest of justice" component of § 1404(a) is a broad and flexible standard that permits courts to consider factors beyond convenience alone, including the pendency of related proceedings in the transferee forum and the risk of inconsistent rulings. *See Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). Courts have also not hesitated to transfer to or consolidate into the first-filed three-judge court duplicative lawsuits filed over the same map. *See, e.g., Barnett v. Alabama*, 171 F. Supp. 2d 1292, 1296

(S.D. Ala. 2001); *Balderas v. Texas*, No. 6:01-cv-00158 (E.D. Tex. filed Aug. 31, 2001), Document 65 (attached as **Exhibit A**).

## ARGUMENT

### I. THE COURT SHOULD DISMISS THIS ACTION UNDER THE FIRST-FILED RULE.

Plaintiffs' complaint tees up a textbook application of the First-Filed Rule. The first-filed case, *Callais v. Landry*, No. 3:24-cv-00122 (W.D. La.), began well over two years ago. Secretary of State Landry is the sole defendant in that case, and one of three defendants in this one. And the issues presented in this case substantially overlap with those in the Western District case. The *Callais* plaintiffs challenged the State's ability to use its congressional district map, S.B. 8., arguing that using it would be unconstitutional. The "core issue" in both this case and *Callais*, as further elaborated in the subsequent section, is whether the Constitution requires or prohibits the State from using S.B. 8. *Cf. Robinson*, 2024 WL 1637530, at *3. Allowing both cases to proceed in tandem would frustrate judicial economy and could result in "embarrassing inconsistencies." *Id.* at *2. Thus, the First-Filed Rule applies and this case should be dismissed.

### II. THE COURT SHOULD TRANSFER THIS CASE TO THE WESTERN DISTRICT.

#### A. Venue is Proper in the Western District.

As a threshold matter, this action "might have been brought" in the Western District of Louisiana. See 28 U.S.C. § 1404(a). Venue is proper there under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this case occurred

in that district. That court also has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, and personal jurisdiction over Defendants as Louisiana state officials.

The *Callais* proceedings, which form the backdrop for the challenged Executive Order, were litigated before a three-judge court in the Western District, and the Supreme Court remanded the case to that court for further proceedings. The ongoing remedial redistricting process is therefore assigned to the Western District. Indeed, the Western District just yesterday instructed that it will give "[t]he State of Louisiana … the opportunity to enact a Constitutionally compliant map consistent with the Supreme Court's opinion in *Louisiana v. Callais,* 608 U.S. __ (2026) and [that court's prior] Injunction" and that the State will have to explain to that court "how the State intends to comply with the Supreme Court's opinion in *Louisiana v. Callais* and this Court's Injunction within three (3) days of receipt by this Court of a certified copy of the Supreme Court's Judgment." Order, *Callais*, No. 3:24-cv-00122 (W.D. La., Apr. 30, 2026), ECF 261.

### B.    This Case is Inextricably Intertwined with *Callais*

This case is not an independent dispute about ordinary election administration. It is, by Plaintiffs' own framing, a direct response to the Supreme Court's decision in *Callais* and the State's efforts to comply with that decision. The claims that Plaintiffs here assert and the relief they seek are therefore inextricably intertwined with the remedial proceedings now pending on remand before the three-judge court in the Western District. Plaintiffs themselves acknowledge that this

action is 'causally and substantively connected' to the apportionment issues at the heart of *Callais*.

That connection is dispositive for venue purposes. The Supreme Court remanded *Callais* to the Western District for further proceedings, thereby entrusting that court with responsibility for supervising the development and implementation of any remedy for the State's unconstitutional congressional map. The issues raised in this case, including the timing and manner of conducting congressional elections following *Callais*, fall squarely within that remedial framework.

Indeed, Plaintiffs seek relief that would directly dictate how the State conducts congressional elections in light of *Callais*. Specifically, they ask this Court to require the State to proceed with elections under the existing map that the Supreme Court has already invalidated (S.B. 8) and to disregard the State's efforts to pause those elections pending adoption of a constitutional map and process. Granting such relief would not merely address a collateral issue; it would effectively determine a central component of the remedy that the Western District has been tasked to oversee. After all, the Western District has determined that, because the Supreme Court "affirmed" the Western District's "ruling" and "remanded" that matter to the Western District, the Western District's prior "Injunction prohibiting the State of Louisiana 'from using SB8's map of congressional districts for any election' remains in effect." Order, *Callais*, No. 3:24-cv-00122 (W.D. La., Apr. 30, 2026), ECF 261.

Allowing this separate action to proceed in the Middle District would therefore create a substantial risk of conflicting federal directives governing the same elections

and congressional districts. The Western District may be called upon to establish a remedial map, adjust election timing, or otherwise supervise compliance with *Callais*. At the same time, Plaintiffs ask this Court to impose its own, potentially inconsistent requirements concerning those same elections. Federal courts do not operate in parallel to issue competing remedial orders on the same issue.

Principles of comity, judicial economy, and orderly administration of justice strongly counsel against such fragmentation. Where, as here, one three-judge federal district court has already been assigned responsibility for resolving what congressional map the State should use going forward, related actions that would interfere with that court's authority should be heard in the same forum. *See Barnett*, 171 F. Supp. 2d at 1295–96. This is particularly true where the underlying matter is being handled by a three-judge court convened pursuant to 28 U.S.C. § 2284, underscoring the institutional significance of the proceedings and the need for a single, coherent forum. *See id.*; *Balderas*, No. 6:01-cv-00158 (consolidating three judge request cases before the first filed three judge case) .

In short, this action is a collateral attack on the Western District's injunction and also functionally a continuation of the remedial phase of *Callais*. The Western District is the forum with both the closest connection to the dispute and the institutional authority to resolve it without creating conflicting federal rulings. Transfer is therefore necessary to ensure consistent adjudication and to preserve the integrity of the ongoing proceedings on remand.

**C.    This Court Should Not Exercise Parallel Authority Over Issues Entrusted to theWestern District on Remand.**

Even apart from the § 1404(a) factors, principles of judicial comity and orderly federal procedure counsel against  exercising authority over the issues here, which are already committed to the Western District on remand. The Supreme Court has returned *Callais* to the Western District three-judge court for further proceedings, including supervision of the remedy for the State's unconstitutional congressional map. That responsibility necessarily includes decisions regarding the timing and administration of congressional elections.

Plaintiffs seek relief that would directly bear on how those elections proceed in the interim, including requiring elections under a map that has already been invalidated. That request implicates the same remedial questions the Western District has been tasked with resolving. Where a federal court has been specifically charged with overseeing a remedy, parallel litigation in another district addressing those same issues is disfavored. The concern is especially strong here given the involvement of a three-judge court convened under 28 U.S.C. § 2284, which reflects Congress's judgment that redistricting disputes of this kind should be resolved in a single, coordinated forum. Transfering this case to the Western District ensures that all issues bearing on the implementation of *Callais* are addressed together by one court.

### D. The § 1404(a) Private and Public Interest Factors Independently Favor Transfer

The private interest factors favor transfer. The core evidentiary record, including the redistricting materials, legislative history, and expert and demographic

evidence developed in *Callais*, is already before the Western District and has been reviewed on multiple occasions by that three-judge panel. Requiring the Middle District to duplicate that record would be inefficient. The availability of compulsory process and the cost of attendance for witnesses are neutral, as relevant witnesses are located throughout Louisiana. Practical considerations, however, strongly support transfer because the *Callais* remedial proceedings remain pending in the Western District, and Plaintiffs' claims directly challenge the Western District's injunction and so are tied to that process. Resolving related issues in a single forum promotes efficiency and consistency.

The public interest factors likewise favor transfer. The Western District has a strong local interest in resolving this dispute, which centers on the State's congressional map and the ongoing *Callais* remedial proceedings, particularly where the affected voting district lies more within the Western District than the Middle District. That court also has deep familiarity with the relevant facts and legal issues after presiding over the *Callais* trial and remand proceedings. While both courts can apply the governing law, the Western District is better positioned to assess this collateral attack on the Western District's injunction as well as how this dispute fits within the ongoing Callais remedial framework.

Transfer is also necessary to avoid inconsistent federal directives during an active election cycle. The Western District is overseeing the remedial process, while Plaintiffs here seek immediate injunctive relief here governing the same elections, which, if granted, would essentially stay the Western District's injunction. If both

courts proceed, state officials could face incompatible injunctive commands regarding their ability to use SB8 in the upcoming election and incompatible obligations regarding how to conduct congressional elections. That risk is immediate given ongoing election activity and expedited proceedings. The interest of justice therefore strongly favors resolving these issues in a single forum.

## CONCLUSION

For all these reasons, Defendants respectfully request that the Court grant this Motion and transfer this action to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a), and grant such other and further relief as the Court deems just and proper.

Dated: May 1, 2026

Respectfully Submitted,

Elizabeth B. Murrill
Attorney General of Louisiana

*/s/ Carey Tom Jones*
Carey Tom Jones (LA #07474)

Office of the Attorney General
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
jonescar@ag.louisiana.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 1st day of May, 2026, the foregoing has been filed with the Clerk via the CM/ECF system that has sent a Notice of Electronic filing to all counsel of record.

*/s/ Carey Tom Jones*
Carey Tom Jones

Case 3:24-cv-00122-DCJ-CES-RRS    Document 331    Filed 08/04/26    Page 15 of 15 PageID #:  6897