

PLAINTIFF'S
EXHIBIT

C
_____

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| Shawon Bernard, Santrica Pope, Phyllis V. Mercadel, Joyce Davis Sims, Charla Jo Johnson, League of Women Voters of Louisiana, and League of Women Voters of Louisiana Education Fund,<br><br>     Plaintiffs,<br><br>v.<br><br><br>Nancy Landry, in her official capacity as Secretary of State of the State of Louisiana.<br><br>     Defendant. | Civil Action: 3:26-cv-00487-JWD-SDJ<br><br>Hon. John W. deGravelles |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S
### MOTION TO DISMISS OR TRANSFER VENUE

This action cannot proceed in this Court. Plaintiffs ask this Court to intervene in the middle of an ongoing federal election to direct the State to give legal effect to ballots cast under a congressional map that the Supreme Court held unconstitutional and the Western District prohibited the State from using. The First-Filed Rule, principles of comity, and the orderly administration of justice do not permit parallel federal courts to issue competing commands. This Court should dismiss this case or transfer it to the Western District.

1

## BACKGROUND

Plaintiffs' claims are a response to the Supreme Court's decision in *Louisiana v. Callais*, No. 24–109, 2026 WL 1153054 (U.S. Apr. 29, 2026), *judgment entered*, 2026 WL 1209010 (U.S. May 4, 2026). The Supreme Court affirmed the conclusion of the Western District's three-judge court that "the State's use of race-based redistricting … was an unconstitutional racial gerrymander" and "remanded" to the Western District "for proceedings consistent with [the Supreme Court's] opinion." *Id.* at *4, 18.

On remand, the Western District is actively overseeing the State's compliance with the Supreme Court's mandate. The Westen District recently clarified that, in light of the Supreme Court's opinion, its prior "permanent [i]njunction … prohibiting the State of Louisiana 'from using SB8's map of congressional districts for any election' remains in effect." *Callais v. Landry*, No. 3:24-cv-00122 (W.D. La. Apr. 30, 2026), ECF 261. The Western District is giving the State an "opportunity to enact a Constitutionally compliant map consistent with the Supreme Court's opinion" and the Western District's "[i]njunction" and has instructed the State "to file a brief" later this week to explain to the Western District "how the State intends to comply." *Id.* The renewal of that permanent injunction means that the State has no usable congressional map for the 2026 election. And today, the Western District declined a request to vacate that injunction. *See* Order, *Callais v. Landry*, No. 3:24-CV-00122 (W.D. La. May 6, 2025), ECF 269.

In response to the Supreme Court's opinion and the Western District's renewed injunction, the Secretary of State declared an election emergency under Louisiana

Revised Statute § 18:401.1(B). *See* Press Release, La. Sec'y of State Nancy Landry, Louisiana U.S. House of Representatives Races Suspended, Early Voting Begins Saturday for All Other Races (Apr. 30, 2026), https://perma.cc/4DKN-4Y6D. And the Governor issued Executive Order JML 26-038 suspending the closed-party primary elections for the 2026 congressional races while leaving all other elections unchanged. Exec. Order JML 26-038, https://perma.cc/4VWK-LYJK. Early voting for those other races began on May 2, 2026. Get Election Information, La. Sec'y of State, https://perma.cc/QS39-GL4C.

This action followed. It is the latest in a string of similar federal and state lawsuits challenging Executive Order JML 26-038. *See Collins v. Landry*, No. 3:26-cv-00471 (M.D. La.) (motion to dismiss or transfer venue pending before three-judge district court); *Nat'l Council of Jewish Women v. Landry*, No. C-777814 (La. 19th Jud. Dist. Ct.) (TRO denied; PI hearing continued without date); *Sims v. Landry*, No. C-777816 (La. 19th Jud. Dist. Ct.) (TRO denied; no PI hearing scheduled); *Edmund Jordan v. Landry*, No. C-777837 (La. 19th Jud. Dist. Ct.) (hearing scheduled for May 14, 2026). Plaintiffs here seek emergency relief to compel the State to credit their congressional votes (already cast via early or mail-in voting), the effect of which would force the State to use the congressional map that the Supreme Court has declared unconstitutional and the Western District has enjoined.

**ARGUMENT**

This Court should not compel the State to resume the congressional elections that the Western District has prohibited. Voters have already been told the congressional elections are suspended. Forcing the State to disobey the Western

3

District's injunction and restart those elections would be fundamentally unfair to the State, voters, and candidates alike and would risk undermining the integrity and perceived legitimacy of the electoral process. The Court should dismiss this case or transfer it to the Western District.

## I.    THE COURT SHOULD DISMISS THIS CASE.

Plaintiffs' allegations rely in part on the premise that the Supreme Court had not yet issued its judgment and, therefore, its prior stay of the Western District's injunction remained in effect. Compl. ¶ 3. That premise is now gone. On May 4, 2026, the Supreme Court issued its judgment "forthwith," *Callais*, 2026 WL 1209010, and signaled that the State should not hold "2026 congressional elections … under a map that has been held to be unconstitutional," *id.* at *1 & n.* (Alito, J., joined by Thomas and Gorsuch, JJ., concurring) (explaining "[t]hat constitutional question was argued and conferenced nearly seven months ago").

Accordingly, any attempt by the State to proceed with the 2026 congressional elections under an unconstitutional map—or to delay compliance—would run directly contrary to the Supreme Court's instructions and the Western District's now-renewed permanent injunction. Nor should this Court compel the State to do so. Instead, the Court should decline jurisdiction and dismiss this action.

The Fifth Circuit has instructed district courts to decline jurisdiction over a matter when the First-Filed Rule applies: "[T]he court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). As this Court recently explained:

4

> The First-Filed Rule is "grounded in principles of comity and sound judicial administration." "The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." This concern applies where related cases have been filed in different districts.

*Robinson v. Ardoin*, No. 22-CV-211-SDD-SDJ, 2024 WL 1637530, at *1 (M.D. La. Apr. 16, 2024) (quoting *Save Power*, 121 F.3d at 950). When two cases "involve substantially overlapping issues," one court should decide both—almost always the one with the first-filed case. *Waguespack v. Medtronic, Inc.*, 185 F. Supp. 3d 916, 923 (M.D. La. 2016) (noting that the Rule does not apply when "the earlier filed anticipatory suit was merely a forum-shopping maneuver"). This Court has interpreted the First-Filed Rule as a "threshold issue" "more closely related to jurisdiction and abstention doctrines than the § 1404(a) analysis on a motion to transfer because [it] involves the Court's authority to hear or dismiss a case." *Id.* at 922 n.6.

Because this case is a collateral attack on the first-filed Western District's injunction prohibiting the use of the existing congressional map, the First-Filed Rule mandates dismissal. The core issue before this Court and the Western District— whether the existing congressional map can be lawfully used—is the same. *See* Order, *Callais*, No. 3:24-cv-00122 (W.D. La., Apr. 30, 2026), ECF 261 ("The State of Louisiana shall file a brief outlining how the State intends to comply with the Supreme Court's opinion in *Louisiana v. Callais* and this Court's Injunction within

three (3) days of receipt by this Court of a certified copy of the Supreme Court's Judgment."). The Court should dismiss this case to avoid a direct conflict with the first-filed Western District case.

## II.   IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS CASE TO THE WESTERN DISTRICT.

A secondary option for avoiding the direct conflict between the relief Plaintiffs seek here and the Western District's injunction is to transfer this case to the Western District three-judge court, already empaneled to address the constitutionality of the congressional map. The federal change-of-venue statute provides that a court "may transfer" a case to another district "[f]or the convenience of parties and witnesses" or "in the interest of justice." 28 U.S.C. § 1404(a). A motion to transfer under § 1404(a) thus calls on the district court to make an individualized, case-by-case determination based on principles of fairness and convenience. The decision to grant or deny a motion to transfer venue is discretionary and requires a careful balancing of private and public interest factors. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The Fifth Circuit has adopted a "good cause" standard, requiring that the movant show the transferee venue is "clearly more convenient" than the venue in which the case is currently pending. *Id.*

There is good cause for transferring this case to the Western District. While a plaintiff's choice of forum is ordinarily entitled to deference, that consideration yields where, as here, the defendant seeking transfer is moving to a forum more closely connected to the dispute and to the court with institutional familiarity over the underlying proceedings. Moreover, the "interest of justice" component of § 1404(a) is

6

a broad and flexible standard that permits courts to consider factors beyond convenience alone, including the pendency of related proceedings in the transferee forum and the risk of inconsistent rulings. *See Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). Courts have also not hesitated to transfer or consolidate duplicative lawsuits filed over the same map. *See, e.g., Barnett v. Alabama*, 171 F. Supp. 2d 1292, 1296 (S.D. Ala. 2001); *Balderas v. Texas*, No. 6:01-cv-00158 (E.D. Tex. Aug. 31, 2001), ECF 65.

The Court should do that here. To start, this action "might have been brought" in the Western District of Louisiana. *See* 28 U.S.C. § 1404(a). Venue is proper there under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this case occurred in that district. That court also has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, and personal jurisdiction over Defendant as a Louisiana state official. This action thus could have been brought in the Western District.

Next, the § 1404(a) private and public interest factors support transfer. The private factors favor transfer because (A) the evidentiary record—including redistricting materials, legislative history, and expert and demographic evidence—is already before the Western District and has been reviewed on multiple occasions by that three-judge court. Duplicating that record here would waste judicial and party resources. (B) The availability of compulsory process and the cost of attendance for witnesses are neutral, as relevant witnesses are located throughout Louisiana. (C) Practical considerations, however, strongly support transfer because the *Callais*

7

remedial proceedings remain pending in the Western District, and Plaintiffs' claims directly challenge the Western District's injunction and threaten to subject state officials to conflicting injunctions. Resolving related (if not nearly identical) issues in a single forum promotes efficiency and consistency.

The public interest factors likewise favor transfer. The Western District has a strong local interest in resolving this dispute, which centers on the State's congressional map and the ongoing *Callais* remedial proceedings, particularly where the affected voting district lies more within the Western District than the Middle District. That court also has deep familiarity with the relevant facts and legal issues after presiding over the *Callais* trial and remand proceedings. While both courts can apply the governing law, the Western District is better positioned to assess this collateral attack on its own injunction as well as how this dispute fits within the ongoing *Callais* remedial framework.

Transfer is also necessary to avoid inconsistent injunctions requiring state officials to take opposite actions—and during an active election cycle no less. If this Court proceeds, state officials could face incompatible injunctive commands regarding their ability to use SB8 for the 2026 congressional election and the timing and manner of that election. The interests of justice, comity, and stability in the law counsel strongly in favor of resolving these issues in a single forum.

*     *     *

How the 2026 congressional election should proceed in Louisiana in the wake of *Callais*—including what effect, if any, the State should give to already-cast

8

ballots—is not a freestanding question for this Court to decide. It is part of the remedial process now committed to the three-judge court in the Western District on remand from the Supreme Court. Allowing this case to proceed would create a substantial risk of conflicting federal directives, undermine the Western District's jurisdiction, and disrupt the orderly administration of justice at a critical moment for voters, candidates, and election officials alike. The First-Filed Rule, principles of comity, and the interests of justice all point in the same direction: This case should not be litigated here.

### CONCLUSION

For all these reasons, the Court should dismiss this case, or in the alternative, transfer it to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a).

Dated: May 7, 2026

Respectfully Submitted,

ELIZABETH B. MURRILL
Attorney General of Louisiana

*/s/ Carey Tom Jones*
CAREY TOM JONES (LA #07474)
Assistant Attorney General
Office of the Attorney General
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000
jonescar@ag.louisiana.gov

*Counsel for Defendant*

9