UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| PHILLIP CALLAIS et al., | ) | |
| | ) | Case No. 3:24-cv-00122-DCJ-CES-RRS |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | District Judge David C. Joseph |
| | ) | Circuit Judge Carl E. Stewart |
| NANCY LANDRY, IN HER OFFICIAL | ) | District Judge Robert R. Summerhays |
| CAPACITY AS LOUISIANA | ) | |
| SECRETARY OF STATE, et al., | ) | Magistrate Judge Kayla D. McClusky |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' OPPOSITION TO THE STATE'S MOTION FOR EXTENSION OF TIME TO OBJECT TO THE REPORT AND RECOMMENDATION ON ATTORNEY FEES**

The State's Motion (Doc. 348) is labeled as a mere request for "Extension of Time," but in fact asks the Court to reverse its earlier scheduling orders (Docs. 288 and 327) and freeze any remaining attorneys' fee proceedings until 30 days after the conclusion of this litigation. Already a sweeping request, it is all the more audacious because it rests entirely on the State's "vacatur" argument, which is unsupportable in law or fact. Even more unfortunate is the State's conduct in deciding to seek such sweeping relief under the label of an "extension," and the manner in which the State interacted with the Plaintiffs. The State only underscores its intent to avoid or delay payment of fees as long as possible, rather than simply aiding the parties' and Court's efficient resolution of this case. Delay for its own sake is an impermissible basis for seeking judicial relief. Had the State met and conferred with the Plaintiffs in good faith, the Plaintiffs would have noted their agreement to a mutual extension of 7 to 10 days to allow the State's roster of in-house and outside attorneys time to deal with other matters.

The State's Motion for "Extension," in reality, for a complete stay, should be denied for several additional reasons.

First, the State's push for delay is not to resolve the fee issue, but to evade it altogether. The State admits as much in its Motion for an Extension of Time. Specifically, it says: "The Fee R&R's prevailing-party determination rests on the permanent injunction (ECF 345 at 14−17), which, as the Fee R&R itself recognized, remains in effect only 'for now.' ECF 345 at 17." Doc. 348 at 2. The State now seeks to prosecute its Motion to Vacate before this Court decides the Motion for Fees to completely avoid paying attorneys' fees. That position is devoid of merit, as Plaintiffs showed in their Opposition to the State's Motion to Vacate. Doc. 333 at 22-25. The two issues are entirely separate; Plaintiffs are already prevailing parties and cannot lose that status; and the Court can decide the Motion for Fees first. *Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 828, 835-38 (5th Cir. 2023) (noting mootness and vacatur "wholly independent" of prevailing party status (quotation omitted)); Doc. 333 at 20-22; Doc. 340 at 11-12.

Second, the State's references to procedural history are incomplete and incorrect. Contrary to its current position, the State long ago agreed to resolve interim fee issues before final judgment. The Court's 2026 scheduling orders never provided that fee applications would only occur after final judgment; the State is wrong that its proposed freeze would "restore" (Doc. 348 at 2) some earlier schedule. The Court's first fee scheduling order was entered on May 18, 2026, when it seemed there was time for judicial review before the 2026 election cycle. That order simply relieved Plaintiffs, at their request without any objection from the State (Doc. 282 at 3 ¶ 17 ("The State of Louisiana takes no position on Plaintiffs' motion.")), of the possible obligation to file their fee application shortly after remand from the Supreme Court. It allowed Plaintiffs to wait to file their fee application until 21 days after the Court's (then, expected) order approving any 2026 map. It established a due date—not, as the State suggests, a blackout period precluding Plaintiffs' filing of a fee application. Doc. 288 ("Any motion for attorneys' fees shall be due 21 days after the

Court's approval of a remedial plan in the above captioned matter unless such time period is extended by the Court.").

But events overtook that schedule. The State ended up taking weeks longer than expected to pass a new map. Then, in rapid succession, the State was ordered to finally reveal its administrative cut-off deadline; the Secretary of State and State represented that no time remained for remedial proceedings reviewing that map before the 2026 elections; and on June 4, 2026, Plaintiffs accepted the State's representations of fact and its request to reset existing deadlines. Doc. 305. In Plaintiffs' filing, so that there would be no surprise or mistake, Plaintiffs stated that "[i]f the Court grants the State's Motion to Reset Deadlines, Plaintiffs will file their application for attorneys' fees incurred to date within three weeks of that order." *Id*. at 2. No party objected, and the Court approved the State's request on June 4, 2026. Doc. 308. As promised, Plaintiffs filed their fee application on June 25, 2026, three weeks later. Doc. 322. At almost the same time, the State and all parties jointly proposed (Doc. 320) the current schedule and deadlines for the remaining remedial proceedings, which remain in effect. At no point did the State or anyone else object to litigating Plaintiffs' interim fee requests. In fact, the State did the opposite.

On July 1, rather than asking to freeze the fee litigation, the State asked for a 30-day extension of time to respond to Plaintiffs' fee application due to the size of the filing and the press of other business. Doc. 326. As a matter of courtesy, Plaintiffs immediately consented, and the State successfully moved for a new schedule which also gave Plaintiffs more time for a reply. Doc. 326 (Unopposed Motion); Doc. 327 (Order). The State shortly thereafter flipped sides yet again to join the Intervenors in seeking dismissal of Plaintiffs' case (Doc. 328) and even vacatur of this Court's Preliminary Injunction (Doc. 329). But at no point did the State argue that the schedule for resolving Plaintiffs' interim fee request—the schedule the State had just successfully sought from

this Court—should be stayed. *Id*. At no point did the State assert its current position that the fee motion should be frozen until the conclusion of litigation. *Id*. To the contrary, even in seeking dismissal for mootness, the State conceded: "To be sure, the State does not dispute this Court's continuing ancillary jurisdiction to resolve Plaintiffs' pending fees motion." Doc. 329-1 at 11. And so the Plaintiffs, the State, and this Court devoted substantial time and resources to litigating and resolving the fee issue in a timely manner, leading to an expansive and detailed Report and Recommendations on the morning of Tuesday, October 27, 2026. Doc. 345. The Report and Recommendations set a reasonable 14-day period for objections and responses to those objections.

Plaintiffs were prepared to meet the deadline until they received an email on Monday, November 2, 2026, from the State. The email did not reference the relief the State now seeks: a freeze on finalizing the fee proceedings until 30 days after a final judgment. Instead, the State asked the parties only for a pause until dispositive motions are decided:

> All: The State intends to move to hold in abeyance the deadline to file written objections to the Report and Recommendation on attorney fees pending resolution of the motions to dismiss and to vacate. We ask that you please let us know your positions by COB today.

Undisclosed in this email exchange was the State's real position, only revealed in its Motion: that the State plans to rely on its "vacatur" motion to completely avoid fees. Perhaps the State could have been clearer had it agreed to meet and confer with Plaintiffs. But the State dodged this request and instead sent an email suggesting other points, that: "(a) it doesn't make sense for a fees objection and appeal to run ahead of the actual conclusion of litigation" and "(b) insofar as Plaintiffs will request additional fees following imminent additional litigation, it makes sense to defer all consideration of fees so that all such issues can be decided together after a dismissal or

other final judgment." The State cited "trial prep" in declining to make any of the State's roster of inside or outside attorneys on this case available for a clarifying call with Plaintiffs' counsel.

The State then filed its Motion, and the litigants now have the State's true position. It does not seek the courtesy of a little extra time; it did not just discover a new way to efficiently resolve the case. Instead, the State would use vacatur to avoid paying fees to the Plaintiffs for the egregious racial gerrymander it denied for years, running up Plaintiffs' fees along the way by continually reversing its litigating positions. Now the State has reverted to its position of 2024: it seeks to avoid the very judgment this Court entered and the Supreme Court affirmed. This Motion is only one more delay tactic in a long string of offenses dating back to the State's Motion to Stay this Court's permanent injunction in May 2024. This Court should reject it. Instead, the Court could extend the deadline for all parties for 7-10 days to account for the State's suggestion that it has an upcoming trial.

## CONCLUSION

For the foregoing reasons, the Court should deny the State's Motion for Extension of Time to Object to the Report and Recommendation on Attorney Fees, or alternatively, award an extension of 7-10 days for all parties.

Dated this 3rd day of November, 2026

PAUL LOY HURD, APLC
*/s/ Paul Loy Hurd*
Paul Loy Hurd
Louisiana Bar No. 13909
1896 Hudson Circle, Suite 5
Monroe, Louisiana 71201
Tel.: (318) 323-3838
paul@paulhurdlawoffice.com
*Attorney for Plaintiffs*

Respectfully submitted,

GRAVES GARRETT GREIM LLC
*/s/ Edward D. Greim*
Edward D. Greim,* Mo. Bar No. 54034
Matthew Mueller,* Mo. Bar No. 70263
Katherine E. Mitra,* Mo. Bar No. 74671
Sarah R. Pineau,* Mo. Bar No. 74483
**Admitted Pro Hac Vice*
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
Tel.: (816) 256-3181
Fax: (816) 256-5958
edgreim@gravesgarrett.com
mmueller@gravesgarrett.com
kmitra@gravesgarrett.com
spineau@gravesgarrett.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 3rd day of November, 2026, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

*/s/ Edward D. Greim*
Edward D. Greim
*Attorney for Plaintiffs*