# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| PHILLIP CALLAIS, et al., | ) | |
| | ) | Case No. 3:24-cv-00122-DCJ-CES-RRS |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | District Judge David C. Joseph |
| | ) | Circuit Judge Carl E. Stewart |
| NANCY LANDRY, IN HER OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE, et al., | ) | District Judge Robert R. Summerhays |
| | ) | Magistrate Judge Kayla D. McClusky |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF EDWARD D. GREIM IN RESPONSE TO STATE'S**
**<u>OBJECTIONS TO THE REPORT AND RECOMMENDATION</u>**

I, Edward D. Greim, pursuant to 28 U.S.C. § 1746, declare:

1. I have served at all times as lead counsel for Plaintiffs in the above-referenced matter, including as counsel of record in the U.S. Supreme Court.

2. Filed contemporaneously herewith as **Exhibit EG-1** to my declaration and incorporated herein is a true and correct copy of the State's Motion for Divided Argument, *Louisiana v. Callais*, No. 24-109 (U.S., Sept. 2, 2025). Appellees opposed the State's Motion, but before Appellees could file their opposition the State withdrew it. Next, the United States decided to seek argument time and filed its own Motion for Divided Argument. Appellees largely consented to the United States' proposal. However, because a dispute had developed between the Louisiana Attorney General and the Louisiana Secretary of State regarding oral argument time, legal positions on appeal, and the authority of the Secretary to make Supreme Court filings, Appellees suggested a modified proposal in a Response to the United States' Motion.

3. Filed contemporaneously herewith as **Exhibit EG-2** to my declaration and incorporated herein is a true and correct copy of Appellees' Response to the United States' Motion for Divided Argument, *Louisiana v. Callais*, No. 24-109 (U.S., Sept. 24, 2025).

4. Filed contemporaneously herewith as **Exhibit EG-3** to my declaration and incorporated herein is a true and correct copy of emails I exchanged with Louisiana Solicitor General J. Benjamin Aguiñaga, who served as counsel of record in the U.S. Supreme Court for the State of Louisiana.

5. Also filed contemporaneously herewith as **Exhibit EG-4** to my declaration and incorporated herein is a true and correct copy of a spreadsheet detailing by rate (as adjusted by the Report and Recommendation on the Motion for Fees (R&R), Doc. 345), timekeeper, and date the amounts are fees incurred by Plaintiffs' counsel in filing this Response to the State's Objections to the R&R, as well as previously unaccounted for fees in filing their initial Objections on November 10, 2026. These fees have yet to be billed to Plaintiffs. All the time submitted here was reasonably and necessarily spent in representing Plaintiffs in this matter. Based on these calculations, Plaintiffs should recover $8,400 in fees in addition to the amounts awarded by the R&R ($905,586.75 in fees and $103,749.83 in costs and expenses) and sought in Plaintiffs' Objections to the R&R, Doc. 351 ($697,308.30 in fees and $44,308.72 in costs and expenses), for a total of $1,611,295.05 in fees and $148,058.55 in costs and expenses—or $1,759,353.60 altogether.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 24, 2026.

Edward D. Greim

# EXHIBIT EG-1

Nos. 24-109 & 24-110

# In the Supreme Court of the United States

STATE OF LOUISIANA,
*Appellant,*

v.

PHILLIP CALLAIS, ET AL.,
*Appellees.*

PRESS ROBINSON, ET AL.,
*Appellants,*

v.

PHILLIP CALLAIS, ET AL.,
*Appellees.*

## MOTION FOR DIVIDED REARGUMENT

ELIZABETH B. MURRILL
Attorney General
J. BENJAMIN AGUIÑAGA
Solicitor General
*Counsel of Record*
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

*Counsel for Appellant in No. 24-109*

## MOTION

Pursuant to Rules 21 and 28.4 of this Court, the State of Louisiana—appellant in No. 24-109—respectfully moves for divided reargument. The Court restored these consolidated cases to the calendar for reargument, set reargument for October 15, and allotted a total of one hour for oral argument. Louisiana respectfully requests that the allotted time for reargument be divided as follows or as the Court deems appropriate:

- 30 minutes – for appellants in No. 24-110
- 20 minutes – for appellant in No. 24-109
- 10 minutes – for appellees

In support of divided reargument, Louisiana states:

1. The question presented in these consolidated cases is whether S.B. 8—Louisiana's congressional district map—is unconstitutional. All appellants' original briefing argues that S.B. 8 is constitutional under the Court's existing precedents. In anticipation of the original argument in this case, appellants thus requested—and this Court granted—divided argument reflecting the parties' posture: 15 minutes for appellant in No. 24-109, 15 minutes for appellants in No. 24-110, and 30 minutes for appellees.

2. In June 2025, the Court restored these cases to the calendar for reargument. In August 2025, the Court announced the question presented for reargument, set a briefing schedule, and set oral argument for October 15.

3. On August 27, appellants filed their opening supplemental briefs. Relevant here, the supplemental brief of the State of Louisiana—appellant in No. 24-109—"decline[s] to defend" S.B. 8 on the question presented for reargument. Louisiana Supp. Br. 1. On that question, Louisiana instead asks the Court to affirm the district court's injunction against S.B. 8. *Id.* at 47 ("The Court should answer yes to the question presented for reargument—the intentional creation of a second majority-minority district in S.B. 8 is unconstitutional—and affirm the judgment below."). By contrast, the *Robinson* Intervenors—appellants in No. 24-110—maintain their defense of S.B. 8. *See Robinson* Intervenors Supp. Br. 51 ("The judgment of the district court should be reversed.").

4. As that contrast illustrates, the Court's question presented for reargument restored the State and the *Robinson* Intervenors to their original adversarial positions—*i.e.*, the positions they held in *Robinson v. Ardoin*, 86 F.4th 574 (5th Cir. 2023), the original litigation over Louisiana's congressional map that caused Louisiana to enact S.B. 8. Thus, on reargument in this Court, the State and the *Robinson* Intervenors are the true adversarial parties—the *Robinson* Intervenors seek reversal, while the State seeks affirmance.

5. Because the State vehemently opposes S.B. 8 on the question presented for reargument, the State sought to meet and confer with the parties regarding a division of reargument time that reflects the parties' posture on reargument. Specifically, the State proposed a division that would allocate to the State both a

portion of appellants' time and a portion of appellees' time. Counsel for the *Robinson* Intervenors consented.

6. Counsel for appellees advised the State's counsel that he would not consent to the proposed division of time. The State's counsel asked if appellees would consent to any division of time. Counsel for appellees stated that he would not cede any appellee time to the State.

7. Because the State of Louisiana seeks affirmance on the question presented for reargument, it makes little sense for the State to use a portion of the 30 minutes allotted to appellants. Because the State also is the true appellee in this reprise of the *Robinson* litigation, moreover, it will be most constructive for the bulk of the argument to be framed between the original parties to the *Robinson* litigation.

8. The State thus proposes that the Court divide the reargument time as follows or as the Court deems appropriate: 30 minutes for the *Robinson* Intervenors (appellants in No. 24-110); 20 minutes for the State (appellant in No. 24-109); and 10 minutes for appellees. Counsel for the *Robinson* Intervenors consent. As discussed above, counsel for appellees will not cede any appellee time.

Accordingly, the State requests that the Court so divide the reargument time.

Respectfully submitted,

*/s/ J. Benjamin Aguiñaga*
ELIZABETH B. MURRILL
Attorney General
J. BENJAMIN AGUIÑAGA
Solicitor General
*Counsel of Record*
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

*Counsel for Appellant in No. 24-109*

# EXHIBIT EG-2

Nos. 24-109 & 24-110

# In the Supreme Court of the United States

STATE OF LOUISIANA,
*Appellant,*

v.

PHILLIP CALLAIS, ET AL.,
*Appellees.*

PRESS ROBINSON, ET AL.,
*Appellants,*

v.

PHILLIP CALLAIS, ET AL.,
*Appellees.*

## RESPONSE TO MOTION OF UNITED STATES FOR DIVIDED ARGUMENT

EDWARD D. GREIM
*Counsel of Record*
MATTHEW R. MUELLER
KATHERINE E. MITRA
GRAVES GARRETT GREIM LLC
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
edgreim@gravesgarrett.com
(816) 256-3181

PAUL LOY HURD
PAUL LOY HURD, APLC
1896 Hudson Circle, Suite 5
Monroe, Louisiana 71201

*Counsel for Appellees*

The Callais Appellees partially consent to the United States' Motion to Participate in Oral Argument as Amicus Curiae and for Divided Argument: Appellees consent to the United States receiving 10 minutes of their oral argument time and to Appellees retaining at least 10 minutes of their time. However, the United States' request also discussed other matters, including the unresolved dispute between the State of Louisiana and the Secretary of State (the "Louisiana Defendants"). Given the conflict between the Louisiana Defendants over oral argument time, Appellees cannot fully support the United States' views regarding other parties and cannot consent to the United States' proposed allocation of the remaining 10 minutes of Appellees' time to the State of Louisiana.

Instead, Appellees propose three paths to resolve the conflict between the Louisiana Defendants. First, Appellees consent to any agreement the Louisiana Defendants reach that leaves Appellees with at least 10 minutes of oral argument time. Second, if the Louisiana Defendants cannot resolve their conflict, then neither should argue their changed positions using Appellees' time. Third, if this Court is inclined to allow one Louisiana Defendant to use Appellees' time, Appellees respectfully suggest that the Secretary of State is most aligned with the position of an appellee. Unlike the Secretary, whose perspective fully supports Appellees, the State only seeks affirmance on narrow grounds, and it continues to oppose Appellees and seek reversal on the issues originally briefed. In short, the State's original position impacts how the State argues the supplemental issue. If the State argues during Appellees' time, Appellees respectfully ask to argue after the State so

Appellees can respond to the State's arguments that would continue to align with the other Appellants.

The State of Louisiana has authorized Appellees to say: The State of Louisiana's position on divided argument is fully set forth in the U.S. Solicitor General's own motion for divided argument, and the State takes no position on the order in which the parties should present argument.

Respectfully submitted,

/s/ *Edward D. Greim*
EDWARD D. GREIM
*Counsel of Record*
MATTHEW R. MUELLER
KATHERINE E. MITRA
GRAVES GARRETT GREIM LLC
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
edgreim@gravesgarrett.com
(816) 256-3181

PAUL LOY HURD
PAUL LOY HURD, APLC
1896 Hudson Circle, Suite 5
Monroe, Louisiana 71201

*Counsel for Appellees*

September 24, 2025

# EXHIBIT EG-3

**From:** Greim, Edward D.
**To:** "Aguinaga, Ben"
**Cc:** Mitra, Katie
**Subject:** RE: Oral argument
**Attachments:** image001.png

Ben, our proposal to the court is as follows:

1. We consent to any deal you can reach with the SOS that preserves at least 10 minutes of time for Appellees.
2. If the State and SOS can't agree, neither should argue during Appellees' time.
3. If only one state-defendant party can argue during Appellees' time, we believe that only the SOS has taken the position of a true Appellee, and the SOS should therefore be the party that gets to use Appellee time.
4. If the State is going to argue during the Appellees' time, we prefer to go after the State so that we can respond in the event the State must put forward its original arguments, which continue to track the other Appellants.

I believe you have already objected to point 4, and your other comments implicitly object to points 1-3. Please confirm that this is your position. I encourage you to reconsider under point 4. It seems unfair to maintain that not only do you get to argue as an Appellee, but that the Appellees can't respond to your arguments at oral argument.
Eddie

**From:** Aguinaga, Ben
**Sent:** Monday, September 22, 2025 8:39 AM
**To:** Greim, Edward D.
**Subject:** RE: Oral argument

Eddie, if you fully join the motion, we would consent to that order, which the Court would likely approve. Otherwise, we prefer the order outlined in the current draft. Thanks.

**J. Benjamin Aguiñaga**
Solicitor General
Office of Attorney General Liz Murrill
Tel: (225) 506-3746
aguinagab@ag.louisiana.gov
www.AGLizMurrill.com

**From:** Greim, Edward D. <EDGreim@gravesgarrett.com>
**Sent:** Monday, September 22, 2025 12:52 AM
**To:** Aguinaga, Ben <AguinagaJ@ag.louisiana.gov>
**Subject:** Re: Oral argument

Ben, that isn't our position, I am just asking whether you have a preference in the event you have 10 minutes out of our time.
Sent from my iPhone

Edward D. Greim
**Office:** (816) 256-3181 | **Direct:** (816) 256-4144

www.gravesgarrett.com
1100 Main Street, Suite 2700
Kansas City, MO 64105

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments. IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

> On Sep 22, 2025, at 2:25 AM, Aguinaga, Ben <AguinagaJ@ag.louisiana.gov> wrote:
>
> Eddie, if you're proposing a joint motion that says the State of Louisiana 10, Appellees 10, and U.S. 10, in that order, yes we would join that motion. Thanks.
>
> Sent from my iPhone
>
> On Sep 21, 2025, at 4:41 PM, Greim, Edward D. <EDGreim@gravesgarrett.com> wrote:
>
> CAUTION: This email originated outside of Louisiana Department of Justice. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
> Ben, would you agree to go before me if you were to get argument time on the Appellees' side? The Appellees would like to be able to respond to your arguments if necessary.
>
> Eddie
>
> Edward D. Greim
> Office: (816) 256-3181 | Direct: (816) 256-4144
>
> [https://linkprotect.cudasvc.com/url?a=https%3a%2f%2fwww.gravesgarrett.com%2fwp-content%2fuploads%2f2023%2f12%2fGraves-Garrett-Greim_Logo-Primary_Color_RGB.png&c=E,1,_YInqdvMpzh9kqhnl6Ipe2mkUkBEhoDCdQRTMDGhyqRNpgVVsNhX8uoRYSftFfQvI1cZa-0odGQImoOxQPp_hLoB6HzTFq2_uWHPFJyA6e4cKSuhJEqUfEiU&typo=1]
> https://linkprotect.cudasvc.com/url?a=https%3a%2f%2fwww.gravesgarrett.com&c=E,1,Vg2EWAzWU6CmPFOqbf0UbqbMInmoIm4JYDdS6SDHN-3FIrGl7Tc9hzGDzaGCrDr4hJeaGnDEIO2BwlMsMv6WAP9YAdsE46HT9tkXNAsBcsNe3IvwuxB2EPIT8Q,,&typo=1
> 1100 Main Street, Suite 2700
> Kansas City, MO 64105
> This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments. IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
>
>
>
>
> The information contained in this transmission may contain privileged and confidential information. It is intended

only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.
> The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.

# EXHIBIT EG-4

| Date | Timekeeper | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| 11/9/2026 | E. Greim | Review and revise E. Greim declaration to add facts regarding meet-and-confer (.4); review procedural record on the State’s different positions as articulated in briefs, and prepare short outline of State’s arguments as they changed over time, with citations (1.6). | 2 | $600 | $1,200.00 |
| 11/10/2026 | K. Mitra | Work on Objections to Magistrate Judge's Report and Recommendation and other exhibits for filing. | 0.5 | $250 | $125.00 |
| 11/11/2026 | E. Greim | Review K. Mitra’s analysis of the State’s Objections (.4); conf. with legal team and D. Oldham on State’s Objections to the Report & Recommendations (1.0); review State’s assertions about procedural history and facts, and check my own emails with the State and Solicitor General’s office (.6); decide on how to respond to false statements (.2). | 2.2 | $600 | $1,320.00 |
| 11/11/2026 | K. Mitra | Review State's Objections; send update to team; work on Response to State's Objections. | 3.4 | $250 | $850.00 |
| 11/12/2026 | K. Mitra | Work on Response to State's Objections. | 2 | $250 | $500.00 |
| 11/13/2026 | K. Mitra | Work on Response to State's Objections. | 0.3 | $250 | $75.00 |
| 11/16/2026 | K. Mitra | Work on Response to State's Objections. | 3.1 | $250 | $775.00 |
| 11/17/2026 | K. Mitra | Work on Response to State's Objections; send draft to E. Greim. | 1.7 | $250 | $425.00 |
| 11/20/2026 | K. Mitra | Work on Response to State's Objections. | 0.3 | $250 | $75.00 |
| 11/23/2026 | K. Mitra | Work on Response to State's Objections to Report and Recommendation. | 0.6 | $250 | $150.00 |
| 11/23/2026 | L. Bye | Work on Tables for Response to State's Objections. | 0.7 | $100 | $70.00 |
| 11/23/2026 | E. Greim | Review draft of response to State’s Objections to the R&R on fees (1.1); make my own edits and have it sent to the group (1.0); conf. with legal team via phone on suggestions (.5); make responsive changes and send to K. Mitra (.5). | 3.1 | $600 | $1,860.00 |
| 11/24/2026 | L. Bye | Work on Tables for Response to State's Objections. | 0.5 | $100 | $50.00 |
| 11/24/2026 | E. Greim | Make final review of time on Objections; make final approval of today’s filing | 1 | $600 | $600.00 |

| | | | | | |
|---|---|---|---|---|---|
| 11/24/2026 | K. Mitra | Work on Response to State's Objections. | 1.3 | $250 | $325.00 |
| | | **Total** | 22.7 | | $8,400.00 |